# **EXHIBIT A**

Proposed Order

11951767.5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) ) ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | ) ) ) Chapter 11 |
| Debtor. | ) ) ) |

**ORDER AUTHORIZING THE
DIOCESE TO FILE PORTIONS OF SCHEDULE F, THE
STATEMENT OF FINANCIAL AFFAIRS, THE MASTER
CREDITOR MAILING MATRIX, CERTAIN CERTIFICATES OF
SERVICE AND OTHER PLEADINGS AND DOCUMENTS UNDER SEAL**

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") for entry of an order authorizing the Diocese to file under seal portions of Schedule F, the Statement of Financial Affairs, the Master Creditor Mailing Matrix and certain certificates of service, and to seek approval to file under seal any additional pleadings in this Chapter 11 Case

11951767.5

that may contain Confidential Information (as defined below) on an expedited basis [Docket No. ___] (the "Motion");[1] and upon finding that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); that proper and adequate notice of the Motion has been given under the circumstances and no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Diocese is authorized to file under seal those portions of Schedule F, the Statement of Financial Affairs, the Master Creditor Mailing Matrix (the "Confidential Mailing List") and certain certificates of service, including any amendments to the foregoing, that disclose or contain any Confidential Information.

3. The Diocese may also seek approval to file under seal any additional pleadings in this Chapter 11 Case that may contain Confidential Information on an expedited basis, and any such request shall be heard not later than seven (7) business days following the Diocese's filing of a motion requesting such relief and service of same on counsel to any statutory committee appointed in the Chapter 11 Case or, if no such committee has been appointed, to the Diocese's twenty (20) largest unsecured creditors, *provided*, *however*, that the Diocese reserves the right to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

file an application seeking a hearing on less than seven (7) business days' notice pursuant to Bankruptcy Rule 9006(c).

4. The Diocese is authorized to publicly file redacted copies of the Master Creditor Mailing Matrix, Schedule F, the Statement of Financial Affairs and certain certificates of service so as to eliminate Confidential Information from those documents.

5. The Diocese is authorized to identify, schedule and notify Abuse Claimants who have identified counsel representing them, by and through their counsel on Schedule F, the Statement of Financial Affairs and the Master Creditor Mailing Matrix.

6. The Diocese is authorized to provide copies of the sealed portions of any such pleadings, reports or documents to the Office of the United States Trustee, as necessary, and the United States Trustee is authorized to use such documents in the discharge of its duties and obligations, including but not limited to solicitation and appointment of any committee under 11 U.S.C. § 1102 but as protected by 11 U.S.C. § 107(c)(3).

7. The Diocese is authorized to provide copies of any sealed reports, documents and pleadings to counsel for any committee appointed under 11 U.S.C. § 1102 who has been retained pursuant to Court approval, but only after confidentiality procedures are agreed upon between the Diocese and counsel for any such committee.

8. The Diocese is authorized to file a full and complete unredacted copy of the Confidential Mailing List with the Court to be held under seal pending further order of the Court. The Confidential Mailing List may also be provided to any noticing agent retained by the Diocese in this chapter 11 case.

9. Any pleadings which are required to be sent to the parties on the Confidential Mailing List will be sent by the party filing the pleading, *provided however*, that if such party does

not have access to the sealed portion of the Confidential Mailing List, the party may contact counsel for the Diocese and/or any noticing agent retained by the Diocese to coordinate service, and such party filing the pleading shall be responsible for any fees and costs associated with such service.

10.    The clerk of court shall not provide any notices to those creditors on Schedule F filed under seal. The Diocese's counsel, or a claims noticing agent retained by the Diocese shall provide such notices, under Bankruptcy Rule 2002(f) and otherwise, and file a certificate of service certifying that those individuals whose identifying information has been provided under seal have been served.

11.    The Diocese's authorization to file the documents referenced in paragraph 2 of this Order under seal shall be carried out in accordance with the directions of the clerk of court, consistent with Local Bankruptcy Rule 9018-1.

12.    This Order is without prejudice to any future determined confidentiality protocol regarding filing of proofs of claim and objections to proofs of claim.

13.    Nothing contained herein or in the Motion is intended or should be construed as an admission or determination as to the validity of any claim against the Diocese, a waiver of the Diocese's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code, nor does the Diocese waive its rights under the Code of Canon law, or any applicable State or Federal law.

14.    The requirements set forth in Local Rule 9013-1(a) and (b) are satisfied.

15.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Motion or this Order, this Order shall remain in effect until

further order of this Court. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

16. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###