UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) |
| Ogdensburg, New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**MOTION FOR ENTRY OF AN ORDER PURSUANT
TO BANKRUPTCY RULES 1007(c) AND 9006(b)(1) EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES AND STATEMENTS OF FINANCIAL AFFAIRS**

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), by and through its undersigned counsel, hereby files this motion (this "Motion") for entry of an order pursuant to rules 1007(c) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached hereto as ***Exhibit A***, extending the time to file schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases and statements of financial affairs (collectively, the "Schedules and Statements"). In support of this Motion, the Diocese respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (11 U.S.C. § 101 *et seq*., the "Bankruptcy Code"), and Bankruptcy Rules 1007(c), 2003(a) and 9006(b)(1).

11931603.3

5. The Diocese does not, by filing its petition for relief and other documents in this Chapter 11 Case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon law, the First Amendment of the United States Constitution, the Constitution for the State of New York, the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, New York trust law, and the rights to object to disclosure of information and to contend that certain assets which may be discussed in the Motion are not property of the estate.

## BACKGROUND

6. On July 17, 2023 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case").  The Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for a trustee or examiner has been made in this Chapter 11 Case, and as of the date of this filing, no official committees have been appointed or designated.

7. Information regarding the Diocese's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in the *Declaration of Rev. Kevin O'Brien Regarding Structure and Pre-Filing History of The Diocese and in Support of the Chapter 11 Petition and First Day Pleadings* and the *Declaration of Mark Mashaw Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings*, filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

8. By this Motion, the Diocese respectfully requests that the Court enter an order extending the time to file the Schedules and Statements through and including August 31, 2023

(an extension of 31 days, for a total of 45 days from the Petition Date), without prejudice to the Diocese's ability to request additional time should it become necessary.

## BASIS FOR RELIEF

9. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Diocese ordinarily would be required to file the Schedules and Statements within 14 days after the Commencement Date. This Court is authorized to extend the filing deadline "for cause" by Bankruptcy Rules 1007(c) and 9006(b)(1).

10. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested by the Diocese herein. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

11. The Diocese anticipates that there will be more than 300 creditors and interested parties involved in this Chapter 11 Case, including approximately 124 individuals whose claims relate to alleged instances of abuse and whose names and other identifying information will be sought to be filed under seal to protect their privacy in accordance with the *Motion for an Order Authorizing the Diocese to file Portions of Schedule F, the Statement of Financial Affairs, the Master Creditor Mailing Matrix, Certain Certificates of Service and Other Pleadings and Documents Under Seal* filed contemporaneously herewith. Given the need for confidentiality, preparing the Schedules and Statements accurately and with sufficient detail and adherence to confidentiality requires significant attention from the Diocese's personnel and advisors. Further, the Diocese's personnel will be heavily involved with public relations outreach in the days following the Petition Date, to facilitate the stabilization of the Diocese's operations and in support of its mission.

12. In addition to the reasons set forth above, the Diocese respectfully submits that the complexity of its operations, the limited staff available to perform the required internal review of financial records and affairs, the numerous critical operational and mission stabilization matters that the Diocese's personnel must address in the early days of this Chapter 11 Case, the pressure incident to the commencement of this Chapter 11 Case, and the fact that certain prepetition invoices may not be received or entered into the Diocese's accounting system prior to the Petition Date provide ample cause justifying the requested extension of the deadline to file the Schedules and Statements.

13. The Diocese submits that focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of this Chapter 11 Case will help the Diocese make a smoother transition into chapter 11 and, therefore, will ultimately maximize the value of the Diocese's estate for the benefit of creditors and all parties in interest. Consequently, it is in the best interests of the Diocese and its creditors to obtain an extension of the filing deadline set forth under Bankruptcy Rule 1007(c), which would provide the Diocese with a total of 45 days from the Petition Date to file the Schedules and Statements.

14. This Court has previously found cause to extend the filing deadline in other chapter 11 cases. *See, e.g., In re The Roman Catholic Diocese of Albany, New York*, Case No. 23-10244 (Bankr. N.D.N.Y. April 14, 2023) [Docket No. 123]; *In re The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663 (Bankr. N.D.N.Y. June 24, 2020) [Docket No. 29]; *In re Good Samaritan Lutheran Health Care Center*, Case No. 19-12215 (Bankr. N.D.N.Y. Dec. 30, 2019) [Docket No. 59]; *In re Centerstone Linen Services, LLC*, Case No. 18-31754 (Bankr. N.D.N.Y., Dec. 20, 2018) [Docket No. 25]; *In re Carthage Specialty Paperboard, Inc., et al.*, Case No. 18-30226 (Bankr. N.D.N.Y. Mar. 2, 2018) [Docket No. 36]; *In re Titherington Design &*

*Manufacturing, Inc.*, Case No. 16-10705 (Bankr. N.D.N.Y. May 5, 2016) [Docket No. 38]; *In re Northeast Biofuels, LP*, Case No. 09-30057 (Bankr. N.D.N.Y. Jan. 15, 2009) [Docket No. 13]; *In re Highgate Manor Group, LLC*, Case No. 07-11069 (Bankr. N.D.N.Y Apr. 18, 2007) [Docket No. 14].

15. The Diocese submits that this extension should not prevent the Schedules and Statement of Financial Affairs from being filed sufficiently in advance of the initial meeting of creditors.

## **RESERVATION OF RIGHTS**

16. Nothing in this Motion is intended or should be construed as an admission as to the validity, priority or amount of any claim against the Diocese, a waiver of the Diocese's right to dispute any claim or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code, nor does the Diocese waive its rights under the Code of Canon law, or any applicable State or Federal law, and the Diocese expressly reserves its rights with respect thereto.

## **NOTICE**

17. Notice of this Motion will be given to (i) the Office of the United States Trustee for the Northern District of New York, (ii) the Diocese's twenty (20) largest unsecured creditors as set forth in the list filed with the Diocese's petition, (iii) all required governmental agencies and (iv) the Diocese's banks. In light of the nature of the relief requested herein, the Diocese submits that no further notice is required.

## **NO PRIOR REQUEST**

18. The Diocese has not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Diocese respectfully requests that the Court enter an Order, substantially in the form of the proposed order attached hereto as *Exhibit A*, granting the relief requested herein and providing such other and further relief as the Court deems just and proper.

Dated: July 17, 2023

BOND, SCHOENECK & KING, PLLC

By: */s/ Charles J. Sullivan*
Stephen A. Donato (Bar Roll No. 101522)
Charles J. Sullivan (Bar Roll No. 507717)
Sara C. Temes (Bar Roll No. 514148)
Grayson T. Walter (Bar Roll No. 518237)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
sdonato@bsk.com
csullivan@bsk.com
stemes@bsk.com
gwalter@bsk.com

*Proposed Attorneys for The Roman Catholic Diocese of Ogdensburg, New York*