## Exhibit A

Proposed Interim Order

12044615.7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**INTERIM ORDER (A) AUTHORIZING THE USE OF
CASH COLLATERAL, AND (B) GRANTING ADEQUATE PROTECTION**

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") for entry of interim and final orders (a) authorizing the use of cash collateral and (b) granting adequate protection [Docket No. ___] (the "Motion");[1] and upon finding that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

12044615.7

1409; and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

      1.      The Motion is granted on an interim basis as set forth herein.

      2.      The Diocese is authorized, pursuant to section 363(c)(2)(B) of the Bankruptcy Code, to use Cash Collateral through and including [_____, 2023] to pay only (i) reasonable and necessary expenses to be incurred in the ordinary course in connection with the operation of its business and fulfilment of its religious mission, (ii) administrative expenses incurred in connection with this Chapter 11 Case, and (iii) such other payments as may be authorized by separate order of the Court.

      3.      For avoidance of doubt, nothing in this Interim Order shall authorize the Diocese to use any cash or securities held in the Blocked NBT Account without the prior consent of NBT, *provided*, *however*, that the Diocese may continue to manage its investments held in the Blocked NBT Account in accordance with its prepetition practices and the Prepetition Debt Documents.

      4.      As adequate protection for the use of the Cash Collateral, NBT shall receive, pursuant to sections 361 and 363(c)(2) of the Bankruptcy Code, to the extent of any diminution in the value of its interest in the Prepetition Collateral, and effective as of the Petition Date, perfected replacement security interests in, and valid, binding, enforceable and perfected liens (the "<u>NBT Rollover Liens</u>"), on all of the Diocese's cash, deposit accounts, and investment property in the

possession of, or subject to the control of, NBT, and all proceeds of the foregoing, whether in existence on the Petition Date or thereafter created, acquired or arising (collectively, the "Postpetition Collateral") *provided*, *however*, that the Postpetition Collateral shall not include, and the NBT Rollover Liens shall not attach to, any funds or property held by the Diocese (i) for the purpose of administering its insurance programs, (ii) in trust for the benefit of parishes or other Catholic entities within the Diocese, (iii) which represent trust fund taxes or employee payroll deductions, or (iv) which are endowed funds or subject to donor restrictions on use.

5.   This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the NBT Rollover Liens without the necessity of filing or recording any financing statement or other instrument or document (including, without limitation any mortgages or leasehold mortgages), or the taking of any other action whatsoever which may otherwise be required under the law of any jurisdiction to validate or perfect such liens.

6.   This Interim Order shall be without prejudice to NBT's right to seek relief from the automatic stay under section 362 of the Bankruptcy Code at any time upon notice to the Diocese and this Court.  Subject to section 362 of the Bankruptcy Code, this Interim Order does not and shall not constitute a waiver by NBT of any right it may have with respect to the Prepetition Collateral, including, without limitation, its rights as a secured party under the Prepetition Debt Documents or the Uniform Commercial Code.  The automatic stay imposed by section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to effectuate the requirements of this Interim Order.

7.   A final hearing on the Motion shall be held on [August __], 2023 at [__:__] [a.m./p.m.] prevailing Eastern Time (the "Final Hearing").  Any objections or responses to the Motion shall be filed on or before August [__], 2023 at 4:00 p.m. (prevailing Eastern time) and

served on parties in interest as required by the Local Rules.  This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection.  In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter an order granting the Motion on a final basis without need for the Final Hearing.

8. The requirements set forth in Local Rule 9013-5(a) are satisfied.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry.  Notwithstanding any objection to the Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court.  Any subsequent modification or vacatur of this Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior to such modification or vacatur.

11. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###