# Exhibit B

Murray Declaration

12100980.2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) Chapter 11 |
| Ogdensburg, New York, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF ATTORNEY JAMES R. MURRAY IN
SUPPORT OF RETENTION OF BLANK ROME LLP
AS SPECIAL INSURANCE COUNSEL TO THE DIOCESE**

Pursuant to 28 U.S.C. § 1746, I, James R. Murray, declare under penalty of perjury that the following is true and correct to the best of my information, knowledge and belief:

1. I am a partner of the law firm of Blank Rome LLP ("Blank Rome"), with offices at 1825 Eye Street NW, Washington, D.C. 20006. I am an attorney-at-law, duly admitted and in good standing to practice in the State of New York. In addition to myself, Blank Rome is an AM100 law firm with over 600 attorneys and offices in fifteen (15) locations in the United States and around the world.

2. I submit this Declaration in accordance with the Application[1] filed by The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") seeking to retain Blank Rome as its special insurance counsel to assist the Diocese in connection with certain insurance matters.

3. The Diocese's lead bankruptcy counsel, Bond, Schoeneck & King, PLLC ("Bond") is submitting a separate application for its retention in the Diocese's case.

4. Blank Rome is a leading national law firm that offers a full range of legal and advocacy services to clients operating in the United States and around the world. Blank Rome's

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

12100980.2

professionals are widely recognized for their leading knowledge and experience across a broad spectrum of industries and also possess the requisite experience and expertise to manage and resolve complex insurance related issues such as conducting policy audits, litigating coverage disputes, negotiating complex insurance settlements, and analyzing insurance programs and risk profiles.

5.  I have over 30 years of experience representing clients in a variety of insurance coverage matters. I and my team of attorneys and paraprofessionals at Blank Rome have been approved as Special Insurance Counsel to the debtors in twelve Chapter 11 bankruptcy proceedings of Catholic archdioceses, dioceses, or religious orders involving childhood sexual abuse claims. These bankruptcies are: (1) *Archbishop of Agana*, Case No. 19-00010 (Bankr. D. Guam 2019); (2) *Roman Catholic Church of the Archdiocese of Santa Fe*, Case No. 18-13027 (Bankr. D.N.M. 2018); (3) *Diocese of Duluth*, Case No. 15-50792 (Bankr. D. Minn. 2015); (4) *The Diocese of New Ulm,* Case No. 17-30601 (Bankr. D. Minn. 2017); (5) *The Catholic Bishop of Spokane*, Case No. 04-08822 (Bankr. E.D. Wash. 2004); (6) *Roman Catholic Bishop of Helena, Montana,* Case No. 14-60074 (Bankr. D. Mont. 2014); (7) *Society of Jesus, Oregon Province*, Case No. 09-30938 (Bankr. D. Or. 2009); (8) *Archdiocese of New Orleans, Louisiana*, Case No. 20-10846 (Bankr. E.D. La. 2020); (9) *In re The Diocese of Buffalo, N.Y..*, Case No. 20-10322 (Bankr. W.D.N.Y. 2020); (10) *Diocese of Rochester, New York*, Case No. 19-20905 (Bankr. W.D.N.Y. 2019); (11) *The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663 (Bankr. N.D.N.Y. 2020); and (12) *The Roman Catholic Diocese of Albany, New York*, Case No. 23-10244 (Bankr. N.D.N.Y.).[1] Thus, I and my firm have a unique knowledge of and

---

[1] Although I acted as insurance counsel to Debtor's counsel in *The Diocese of St. Cloud,* Case No. 20-60337 (Bankr. D. Minn. 2020), the Debtor confirmed a consensual plan prior to the filing of a retention application.

2

12100980.2

insight into the issues that the Diocese is currently facing as well as the issues that will arise throughout the administration of its case.

6. Blank Rome was retained by the Diocese prior to the Petition Date, and was involved in advising the Diocese regarding (i) the claims that have been asserted against the Diocese, and (ii) the Diocese's insurance policies to establish the maximum coverage possible.

7. Blank Rome's pre-petition invoices are paid in full and Blank Rome therefore constitutes a disinterested person in accordance with 11 U.S.C. § 101(14). During the pre-petition period, Blank Rome was paid the sum of $130,621.86 from the Diocese for pre-petition services rendered to it.

8. Blank Rome has reviewed the schedule of creditors and parties in interest in this case, and other than as disclosed herein, Blank Rome has no connection with the creditors or any other party in interest or their respective attorneys or accountants, except that Blank Rome may have in the past, may currently, and may again in the future, represent certain creditors of the Diocese with respect to matters unrelated to the Diocese. Blank Rome may or may not be general counsel to any such creditor, but often is retained on case-specific matters. Blank Rome has not represented or been requested to represent or consult with any prior or existing client with regard to the Diocese's case. Blank Rome has used its best efforts to determine such representation and will supplement the disclosure if additional information regarding same is discovered. Those creditors that, based on a review of its records, Blank Rome has represented or currently represents are identified on *Schedule 1* attached hereto.

9. Notwithstanding the foregoing, to the best of my knowledge, Blank Rome has no adverse connection with the Diocese, creditors, any other party in interest, their respective

3

12100980.2

attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee in this Chapter 11 Case.

10. There has been no agreement for the sharing or division of compensation earned or to be earned in this proceeding which is prohibited by 18 U.S.C. § 155 or 11 U.S.C. § 504.

11. Blank Rome will undertake the representation of the Diocese relative to all proceedings herein based upon an hourly fee and daily and contemporaneous time records as customarily required by the Court.  Blank Rome customarily charges hourly rates ranging from $525.00 for junior associates' time to $1,350.00 for senior partners' time.  Blank Rome has agreed to a 23% fee reduction for its services in this case.

12. Blank Rome shall charge the Diocese for all disbursements incurred in representing the Diocese in its insurance matters.

13. Blank Rome understands that any fees and expenses awarded in this case will be set by the Court based on application and contemporaneous time records.

14. Blank Rome also respectfully requests that any Order entered by the Court approving the retention of Blank Rome as special insurance counsel to the Diocese be effective as of July 17, 2023, the Petition Date.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 15, 2023

                                            /s/  James R. Murray
                                              James R. Murray, Esq.

# Schedule 1

1. Wal-Mart
2. Casella Waste Systems
3. Federal Express (Federal Express Corp.)
4. Lowes (Lowe's Co.)
5. National Grid
6. Ecolab, Inc.
7. J.D. Power & Associates
8. NBT Bank
9. Pitney Bowes, Inc.
10. Verizon Wireless
11. Blackbaud
12. Charter Communications
13. Gallagher Bassett Services, Inc.
14. Mount St. Mary's University
15. St. Vincent's Seminary