**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Hearing Date: October 3, 2023 at 1:00 pm ET |
| | ) |
| The Roman Catholic Diocese of | ) Hearing Location: Alexander Pirnie |
| Ogdensburg, New York, | ) U.S. Courthouse and Federal Building |
| | ) 10 Broad Street, Utica, New York |
| Debtor. | ) |
| | ) Case No. 23-60507 (PGR) |
| | ) |
| | ) Chapter 11 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE CONTINUED MAINTENANCE OF THE DIOCESE'S INSURANCE PROGRAM; AND (II) AUTHORIZING THE PAYMENT OF OBLIGATIONS IN RESPECT THEREOF**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Roman Catholic Diocese of Ogdensburg, New York (the "**Diocese**" or the "**Debtor**") in the above-captioned case (the "**Case**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), by and through its undersigned proposed counsel, hereby submits this Limited Objection and Reservation of Rights to the Motion for Entry of Interim and Final Orders (I) Authorizing the Continued Maintenance of the Diocese's Insurance Program; and (II) Authorizing the Payment of Obligations in Respect Thereof [Docket No. 17] (the "**Motion**").[1] In support of its Limited Objection and Reservation of Rights, the Committee respectfully states as follows:

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

1. The Committee does not object to the granting of the Motion, provided that nothing in the Interim or Final Orders entered on the Motion shall determine whether or not any of the assets purportedly held by the Diocese for the Protected Self Insurance Program are property of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

Diocese's estate.

2.  Through the Motion, the Diocese seeks the ability to maintain its insurance program, which also provides for payment and coverage for non-debtor entities. The Committee has two concerns regarding this program. First, it is unclear what assets are held by the Diocese for the benefit of its insurance program. And, second, the Committee does not want to see dissipation of assets held by the program.

3.  The Committee is beginning its diligence into the Diocese's operations including its financial relationships with its non-debtor affiliates. In the course of such diligence, the Committee will investigate the self-insurance program to examine whether it holds any assets of the estate or provides a source of liquidity to fund a settlement with sexual abuse survivors.

4.  The Committee also recognizes the need to avoid undue delay or hardship for non-debtor entities that a "freeze" of the insurance program might entail. As such, the Committee requests that the Court condition entry of any order authorizing continuation of the Diocese's insurance program on the following:

    a) No payment to any party on account of sexual abuse claims without notice to the Committee. It would be unfair for a non-debtor entity to settle a case with a survivor and deplete assets that may be available to other survivors through the self-insurance program. It would also be unfair to pay attorneys' fees on behalf of non-debtor entities while the CVA cases are stayed.

    b) No payment for the settlement of any claims without notice to the Committee. The Committee should be provided notice to assess whether a proposed settlement – including for a non-CVA matter – is appropriate under the circumstances.

    c) There should be a reservation of rights regarding whether the assets of the Insurance

2

        Program or PSIP are property of the estate.

5. Any notice should provide for a reasonable time for the Committee to seek Court intervention if it opposes a payment. A proposed revised order is attached hereto as **Exhibit A**.

Dated: New York, New York
       September 26, 2023

                              PACHULSKI STANG ZIEHL & JONES LLP

                              */s/ Ilan D. Scharf*
                              James I. Stang, Esq. (admitted *pro hac vice*)
                              Ilan D. Scharf, Esq.
                              Karen B. Dine, Esq.
                              780 Third Avenue, 34th Floor
                              New York, NY 10017-2024
                              Telephone: (212) 561-7700
                              Facsimile: (212) 561-7777
                              Email: jstang@pszjlaw.com
                              Email: ischarf@pszjlaw.com
                              Email: kdine@pszjlaw.com

                              *Proposed Counsel for the Official Committee*
                              *of Unsecured Creditors of The Roman Catholic Diocese of*
                              *Ogdensburg, New York*

**EXHIBIT A**

Case 23-60507-6-pgr    Doc 128    Filed 09/26/23    Entered 09/26/23 15:59:26    Desc
Main Document    Page 4 of 9

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE:<br><br>The Roman Catholic Diocese of<br>Ogdensburg, New York,<br><br>　　　　　　　　Debtor. | )<br>)　Chapter 11<br>)<br>)　Case No. 23-60507 (PGR)<br>)<br>)<br>) |

**FINAL ORDER (I) AUTHORIZING THE CONTINUED
MAINTENANCE OF THE DIOCESE'S SELF-INSURANCE
PROGRAM; AND (II) AUTHORIZING THE PAYMENT OF
<u>OBLIGATIONS IN RESPECT THEREOF</u>**

Upon the motion [Docket No. __] (the "<u>Motion</u>")[1] of The Roman Catholic Diocese of Ogdensburg, New York (the "<u>Diocese</u>") for entry of interim and final orders (i) authorizing the Diocese to continue to maintain and operate its Insurance Program for the benefit of the Diocese and the Insurance Program Participants in the ordinary course of business consistent with past practcies; and (ii) authorizing, but not directing, the Diocese to pay any prepetition or postpetition claims,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

premiums, obligations and other administrative costs of the Insurance Program; and having determined that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and the Court having entered an order granting the relief requested in the Motion on an interim basis on July [__], 2023 [Docket No. ___]; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion on a final basis is in the best interests of the Diocese, its estate, creditor, and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Any objections to the Motion, or to the relief requested therein, that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled and disallowed on the merits.

3. The Diocese is authorized, but not required, in its sole discretion, to continue to maintain and operate the Insurance Program, and to renew each underlying primary or excess insurance policy, on an uninterrupted basis and in accordance with the same practices and procedures as were in effect prior to the commencement of the Diocese's Chapter 11 Case.

4. The Diocese is authorized and empowered, but not required, in its sole discretion, to settle and pay any prepetition or postpetition claims, premiums, defense costs, obligations and administrative costs related to the Insurance Program (including but not limited to the Protected Self-Insurance Program ("PSIP") and related bank accounts) in accordance with the same practices and procedures as were in effect prior to the commencement of the Diocese's Chapter 11 Case; provided,

2

however, the Diocese shall (1) give the Committee written notice fourteen (14) days prior to entering any settlement agreement and (2) provided the Committee with a monthly summary of all such third-party claims paid from the PSIP, identifying with reasonable specificity the claimant, nature of claim and amount paid.  Notwithstanding anything to the contrary herein, the Diocese shall not make any payments from the PSIP funds or bank accounts for expenses or losses relating sexual abuse claims against the Diocese without Committee consent.

5. The Diocese is authorized and empowered, but not directed, in its sole discretion, to revise, extend, supplement, or change insurance coverage under the Insurance Program as it deems necessary or advisable, including entering into new insurance policies, and to continue to collect funds from Insurance Program Participants for the purposes of providing continued risk management services and coverage under the Insurance Program.

6. The banks and financial institutions on which checks were drawn or electronic payment requests were made in connection with any prepetition Insurance Program payments or obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (to the extent of funds on deposit), and all such banks and financial institutions are authorized to rely on the Diocese's designation of any particular check or electronic payment request as being approved by this Final Order.

7. The Diocese is authorized, but not directed, in its discretion, to issue new postpetition checks, or to effect new funds transfers, on account of Insurance Program payments and obligations and to replace any prepetition checks or electronic funds transfer requests issued that may be lost or dishonored or rejected as a result of the commencement of this Chapter 11 Case.

8. Nothing in this Final Order alters or amends the terms and conditions of any of the Diocese's insurance policies (whether current or expired) or of any related agreements, or relieves the Diocese or its insurers of any of their respective obligations under such policies and agreements.

3

DOCS_NY:48531.1 18493/002

9. Nothing in this Final Order or any action taken by the Diocese in furtherance of the implementation hereof shall be deemed an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and the Diocese's rights with respect to such matters are expressly reserved.

10. Nothing in the Motion or this Final Order, nor the Diocese's payment of any amounts pursuant to this Final Order, if any, shall be construed as (i) an admission as to the validity of any claim against the Diocese or any Insurance Program Participant, (ii) a waiver or impairment of the Diocese's or the Insurance Program Participants' rights to contest the validity or amount of any claim on any grounds, (iii) a promise to pay any claim, or (iv) an implication or admission by the Diocese that such claim is payable pursuant to this Final Order.

11. Nothing in this Final Order shall be construed as a finding that assets (including cash and/or investments) of, or purportedly held for the benefit of, the Insurance Program or PSIP are or are not property of the Debtor and.or the Debtor's estate.

~~11.~~12. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to allow the Diocese to maintain, operate and administer the Insurance Program as authorized hereby.

~~12.~~13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Final Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Final Order shall not invalidate or impair any actions taken pursuant to this Final Order prior to such modification or vacatur.

~~13.~~14. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

~~14.~~15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

4

###

5