**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>The Roman Catholic Diocese of<br>Ogdensburg, New York,<br><br>       Debtor. | Hearing Date: October 3, 2023 at 1:00 pm ET<br><br>Hearing Location: Alexander Pirnie<br>U.S. Courthouse and Federal Building<br>10 Broad Street, Utica, New York<br><br>Case No.<br>23-60507 (PGR)<br><br>Chapter 11 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. §§ 105(a) AND 362(a) CONFIRMING
THE APPLICABILITY OF THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Roman Catholic Diocese of Ogdensburg, New York (the "**Diocese**" or the "**Debtor**") in the above-captioned case (the "**Case**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), by and through its undersigned proposed counsel, hereby objects (the "**Objection**") to the *Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 362(a) Confirming Applicability of the Automatic Stay* [Docket No. 18] (the "**Motion**").[1] In support of its Objection, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Debtor's Motion seeks an advisory opinion from this Court interpreting and applying the Second Circuit Court of Appeals decision in *Bayview Loan*

---

[1] The Debtor suggested at the August 5, 2023 hearing, that the Committee does not have standing to be heard on this Motion. This is simply incorrect. Section 1109(b) of the Bankruptcy Code confers an unconditional right of the Committee to be heard on this matter. *See* 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter.").

*Servicing LLC v. Fogarty (In re Fogarty)*, 39 F.4th 62 (2d. Cir. 2022) in this case even though there is no existing case or controversy regarding the application of section 362(a) of the Bankruptcy Code (the "**Automatic Stay**") with respect to the Debtor. Moreover, the Debtor seeks to test Fogarty's boundaries in the absence of a case or controversy. For example, it is unsettled at this time whether a motion filed to sever non-debtor defendants in a state court action naming a debtor as a defendant would violate the automatic stay under Fogarty. Testing Fogarty's limits should only be done through a proper contested matter; not through an advisory opinion.

2. The Debtor affectively seeks entry of a preliminary injunction enjoining cases against non-debtor defendants from proceeding. Such an injunction can only be obtained through an adversary proceeding. *See* Fed. R. Bankr. P. 7001. It is not proper to obtain such relief through a motion that bypasses the Debtor's obligation to demonstrate that it can meet all the requirements for the issuance of an injunction.

3. This Court should not provide a determination of the applicability of the Automatic Stay until a case or controversy is properly presented.

4. The Committee does not object to an order that acknowledges that actions naming the Diocese are stayed, but objects to this Court effectively enjoining "any person or entity seeking to commence or continue a Stayed Action, whether against the Diocese *or any codefendant*, including through the issuance or employment of process, or by seeking to sever the Diocese to proceed solely against a non-debtor codefendant." Exhibit A to the Motion ¶ 2 (emphasis added).

5. Remarkably, in its Supplemental Brief in Support of the Motion [Docket No. 68] (the "**Supplemental Brief**"), the Diocese notes that a party has sought to sever the Diocese without seeking relief from the Automatic Stay. The Diocese suggests that demonstrates the need for its proposed order. To the contrary, if the Diocese believes there has been a violation of the Automatic Stay, it can seek relief from this Court in connection with an actual controversy. The Diocese should not be able to get a back door injunction in the guise of an advisory opinion. Parties should have the opportunity to fully brief the matter or otherwise reach resolution of the controversy.

6. The Committee proposes that the Court enter the proposed order attached hereto as Exhibit A[2] that confirms the application of the Automatic Stay with respect to the Debtor but reserves the rights, if any, of parties with respect to any codefendant subject to the ability of the Debtor to challenge that such action is in violation of the Automatic Stay. This proposed form of order preserves the rights of the Diocese and of third parties and leaves any ruling on the specific application of the Automatic Stay to an actual case or controversy.

## OBJECTION

7. The Committee objects to the Motion as it seeks an advisory opinion with respect to the application of the Automatic Stay and effectively seeks a preliminary injunction without initiating an adversary proceeding or making any of the necessary evidentiary showing to justify such drastic relief.

A. **The Court May Not Issue an Advisory Opinion**

8. A dispute may not be adjudicated if there is not a "controversy" sufficient to confer jurisdiction. *Massachusetts v. Envtl. Prot. Agency*, 549 U.S. 497, 516 (2007).

---

[2] Attached as Exhibit B hereto is a redline comparing the Committee's proposed order to the Debtor's proposed order.

3

9. "[F]ederal judicial power is limited to those disputes ... which are traditionally thought to be capable of resolution through the judicial process." *Doe v. Karadzic*, 866 F.upp 734, 737 (S.D.N.Y. 1994) (quoting *Flast v. Cohen*, 392 U.S. 83, 97, 88 S.Ct. 1942, 1951, 20 L.Ed.2d 947 (1968)). It is also well settled that no justiciable controversy is presented when the parties seek an advisory opinion. *Id*. at 95, 88 S.Ct. at 1949-50. Thus, federal courts, including bankruptcy courts,[3] are limited to "cases" and "controversies" which confine "the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Id.* at 516. It is well settled that federal courts may not issue advisory opinions. *See In re Frye,* 2009 Bankr. LEXIS 4556, at *27-29.

10. Notably, in *Frye*, the Ninth Circuit BAP affirmed the District Court's determination that it could not issue a ruling about future post-judgment activity as any such dispute was "sufficiently prospective and indefinite to fail to constitute a 'controversy.'" *Id.* at *28. The *Frye* Court went on to observe that even if there were a "controversy", "the bankruptcy court was within its discretion to decline to address such a controversy as a declaratory matter, for reasons of prudential ripeness." *Id*. (citing *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)). Courts must decline to adjudicate matters that are "purely hypothetical" and can only issue rulings on issues that present "a real, substantial controversy between the parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *In re McLean Industries, Inc*., 132 B.R. 267, 270 (Bankr. S.D.N.Y. 1991) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979).

---

[33] The power of bankruptcy courts, as units of the district courts, are similarly limited with respect to their jurisdictional authority. *See Frye v. Excelsior Coll. (In re Frye)*, 2009 Bankr. LEXIS 4556, at *27-29 (B.A.P. 9th Cir. Apr. 7, 2009).

4

11. In the Motion, the Diocese asks that this Court enter an order "confirming the applicability of the automatic stay of section 362(a)(1) in any case or proceeding in which the Diocese is a named defendant." Motion ¶ 18. Asking for an order "confirming" applicability is clearly a request for an advisory opinion from this Court on the meaning and reach of Fogarty.

12. The Second Circuit ruled in *Fogarty* that if the debtor is named as a party in proceeding then the automatic stay applies to "the continuation of such a proceeding or action" or to the "enforcement of an earlier judgment in that proceeding or action," *In re Fogarty*, 39 F.4th at 76.

13. Fogarty's application to different situations is far from settled. Notably, Fogarty specifically stated that "if [the debtor] had been dismissed from the case as a defendant before the Sale occurred, then the situation would perhaps be closer to the scenario" that might not have violated the automatic stay. *Fogarty*, 39 F.4th at 76. That statement demonstrates that the Second Circuit allows for the possibility that there may be "scenarios" in which plaintiffs can proceed against non-debtor defendants without violating the automatic stay. Fogarty's breadth can only by fleshed out through Court decisions resolving actual cases on controversies. Issues that may be resolved through future decisions may include the following:

    a.    Can a plaintiff file a motion in the underlying action to dismiss a debtor-defendant without seeking relief from the automatic stay?

    b.    Can a plaintiff file a motion in the underlying action to sever the cases of non-debtor defendants without seeking relief from the automatic stay?

    c.    Can a plaintiff proceed against non-debtor defendants upon a representation that the plaintiff will not seek to enforce any rights against property of the debtor without seeking relief from the automatic stay.

14. The Debtor improperly seeks to shut the door on plaintiffs' rights before an issue is ripe for adjudication. In fact, in its Supplemental Brief, the Diocese makes clear that the

Motion is going beyond a simple "clarification" of a purportedly clear expression of law. The Diocese seeks to extend the "teachings" of *Fogarty* in an advisory opinion that *Fogarty* should be interpreted to mean that a motion to sever a debtor from a state court action is a violation of the Automatic Stay:

> Although some courts have, prior to *Fogarty*, discussed a request to sever a debtor from an action against non-debtor co-defendants as a ministerial or administrative matter, it is not clear in those cases that the Debtor itself perceived any harm from or opposed severance. In light of the teachings of Fogarty, however, the Diocese respectfully submits that granting such relief is in fact a "continuation" of a judicial proceeding which is stayed by section 362(a)(1).

Supplemental Brief ¶ 7.

15. The Debtor cites to ***no*** case where a motion to sever a debtor as a defendant was found to violate the Automatic Stay. Rather, as the Debtor concedes, there are cases permitting the severance of the debtor from an action without a plaintiff first seeking relief from the Automatic Stay to do so. *See Broad. Music, Inc. v. N. Lights, Inc.,* 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) (finding that it would be "manifestly unjust to allow [a non-debtor co-defendant] to shield himself behind the protection afforded [a debtor] as a defendant in bankruptcy. In similar circumstances numerous courts have come to the same conclusion, granting motions to sever claims against bankrupt co-defendants as long as they were not indispensable parties."); *Sanchez v. El Rancho Sports Bar Corp.*, No. 13-CV-5119 (RA), 2015 U.S. Dist. LEXIS 85309, at *5 (S.D.N.Y. June 30, 2015) (holding that "if severance is not permitted, Plaintiffs will be unable to obtain relief until the bankruptcy stay is lifted, and will be significantly prejudiced. Moreover, granting the motion for severance will not unduly prejudice the corporate Defendant, El Rancho, because it is not entitled to benefit from the Ortega Defendants' bankruptcy stay."); *LG 37 Doe v. Nail*, No. 1:20-cv-00217-FPG, 2021 U.S. Dist.

6

LEXIS 9838, at *12 (W.D.N.Y. Jan. 19, 2021) (finding that, notwithstanding that bankrupt co-defendant Boy Scouts of America ("**BSA**") had filed a removal notice requesting that no further action be taken in the case, the court could exercise its discretion to sever a co-defendant who was not subject to either the automatic stay or a consensual stay order protecting certain third parties in the BSA bankruptcy case);[4] *Tel. Sci. Corp. v. Pizzo*, No. CV 15-1702 (LDW)(AYS), 2016 U.S. Dist. LEXIS 54956 at *11-19 (E.D.N.Y. Apr. 22, 2016) (finding defendants not protected by automatic stay in co-defendant's bankruptcy and that severance was warranted in light of the severe prejudice to the plaintiff if not permitted to proceed with the action until lifting of the bankruptcy stay.) *Sheet Metal Workers' Nat'l Pension Fund v. Collins & Walton Plumbing & Heating Contractors, Inc.*, No. 12-CV-6611, 2013 U.S. Dist. LEXIS 84812, at *3 (W.D.N.Y. June 17, 2013) ("As Crane is not protected by the automatic stay pursuant to 11 U.S.C. § 362 (a), the failure to sever the alleged claims against the bankrupt corporation would be unjust, unless it was an indispensable party to this action.").

16. While the Second Circuit ruled in *Fogarty* that if the debtor is named as a party in proceeding then the automatic stay applies to "the continuation of such a proceeding or action" or to the "enforcement of an earlier judgment in that proceeding or action," the Second Circuit did not delineate or rule on precisely find what actions would constitute the continuation or proceeding of such action. *See In re Fogarty*, 39 F.4th at 76

17. In the guise of "clarification," the Diocese is now seeking an advisory ruling interpreting and extending the Second Circuit's decision in *Fogarty* in a manner that would overturn the decisions permitting litigants to sever a bankrupt party without seeking relief from

---

[4] While the Automatic Stay protected BSA, action against the other co-defendant was stayed by a consent order in the BSA bankruptcy. BSA did not take a position on the motion to sever the remaining defendant.

the stay. This Court should not indulge the Diocese and should not issue any ruling until presented with an actual case or controversy.

B.  **The Diocese Should Not Be Granted a Back Door Preliminary Injunction**

18. Moreover, the Diocese goes well beyond "confirmation" or "clarification" of the application of *Fogarty* and seeks to enjoin parties from taking action. The proposed order asks the Court for the following injunction:

> Any person or entity seeking to commence or continue a Stayed Action, whether against the Diocese ***or any codefendant***, including through the issuance or employment of process, or by seeking to sever the Diocese to proceed solely against a non-debtor codefendant, is hereby directed to first make an application to this Court showing cause, pursuant to section 362(d)(1), or otherwise showing that one or more provisions of sections 362(d)(2)-(4) apply, to justify modification of the automatic stay.

Exhibit A (Proposed Order) ¶ 3.

19. The Debtor asks for this injunction, yet it has brought no adversary proceeding and offers no evidence supporting the issuance of any injunction. While the Debtor tacitly admits that it is requesting an injunction and speaks of "real and permanent harm" (Motion ¶ 22), the Diocese offer no evidence to support its extraordinary request.

20. The Automatic Stay protects the Debtor and the Debtor's property, it does not protect non-debtor third parties. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (holding "[t[he automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate."); *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 208 (2d Cir. 2014) (holding that the Automatic Stay's application to non-debtors is limited, to actions with "an adverse impact on a debtor that occurs by operation of law."); *Windstream Holdings, Inc. v. Charter Commc'ns Inc. (In re Windstream Holdings, Inc.)*, No. 21-CV-4552 (CS), 2022 U.S. Dist. LEXIS

8

183574, at *9 (S.D.N.Y. Oct. 6, 2022) (citing *Fogarty* and holding "[t]he Bankruptcy Code's automatic stay provisions, set forth in Section 362, protect bankruptcy estates" by automatically staying "any act to obtain possession of property *of the estate* or of *property from the estate* or to exercise control over *property of the estate*…") (emphasis added).  The automatic stay does not bar "actions taken against third parties that are only factually likely, as opposed to legally certain, to impact estate property." *Picard*, 762 F.3d at 208.[5]

21. The Debtor argues that the relief it seeks here is simply confirmation of the existing Automatic Stay.  However, to the extent that the Diocese attempts explicitly to enjoin actions against non-debtor third parties, the Debtor goes beyond the reach of the Automatic Stay.

22. To the extent that the Diocese is seeking an injunction to protect non-debtor third parties, it must do so pursuant to Section 105(a) of the Bankruptcy Code or Rule 7065 of the Federal Rules of Bankruptcy Procedure.  *See generally Roman Cath. Diocese of Rockville Ctr. v. Ark320 Doe (In re Roman Cath. Diocese of Rockville Ctr.)*, 651 B.R. 622, 637 (Bankr. S.D.N.Y. 2023).

23. The Debtor has not presented argument or any evidence of its entitlement to an injunction under either Section 105(a) or Bankruptcy Rule 7065.[6]  It should not be permitted to

---

[5] *Fogarty* cites to *Picard* and *Queenie* with approval but distinguishes them from the case at bar (*Fogarty*, 39 F.4th at 75) demonstrating the importance of applying the law to specific facts and circumstances and not ruling in a vacuum.

[6] An injunction pursuant to Bankruptcy Rule 7065, as noted by the Debtor in its Supplemental Brief, requires an adversary proceeding.  Supplemental Brief ¶¶ 10-12.  Even if the Diocese had brought this matter before the court as an adversary proceeding seeking an injunction, the Committee would have the clear right to intervene and be heard.  The Second Circuit has held that the language of Section 1109(b) grants to all parties in interest—including creditors' committees—an *unconditional* right to intervene.  *See In re Caldor Corp.*, 303 F.3d 161, 176 (2d Cir. 2002); *see also In re Smart World Techs., LLC*, 423 F.3d 166, 181 (2d Cir. 2005) ("In *Caldor,* this court held that § 1109(b) provides parties in interest with 'an unconditional right to intervene' in adversary proceedings under chapter 11, pursuant to Fed. R. Civ. P. 24(a)(1)."); *In re Calpine Corp.*, 354 B.R. 45, 48 (Bankr. S.D.N.Y. 2006), *aff'd*, 365 B.R. 401 (S.D.N.Y. 2007) ("[*Caldor*] found that pursuant to section 1109(b) of the Bankruptcy Code parties in interest have 'an unconditional right to intervene' in adversary proceedings. . . .").

9

circumvent the procedural and substantive protections and effectively obtain an injunction in the guise of an order for "clarification." The relief as requested by the Diocese should be denied.

## **CONCLUSION**

24. To the extent Debtor's Motion seeks an (i) advisory opinion, and (ii) an injunction to protect non-debtor third parties, it should be denied. The Committee respectfully requests that the Court enter the proposed order attached hereto as Exhibit A to resolve the Motion or the Motion should otherwise be denied.

WHEREFORE, the Committee respectfully requests that the Court enter the order attached hereto and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       September 26, 2023

                PACHULSKI STANG ZIEHL & JONES LLP

                */s/Ilan D. Scharf*
                James I. Stang, Esq. (admitted *pro hac vice*)
                Ilan D. Scharf, Esq.
                Karen B. Dine, Esq.
                780 Third Avenue, 36th Floor
                New York, NY  10017-2024
                Telephone:  (212) 561-7700
                Facsimile:   (212) 561-7777
                Email: jstang@pszjlaw.com
                Email: ischarf@pszjlaw.com
                Email: kdine@pszjlaw.com

                *Proposed Counsel for the Official Committee
                of Unsecured Creditors of The Roman Catholic
                Diocese of Ogdensburg, New York*

# EXHIBIT A

Committee Comments 9/26/2023

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60507 (PGR) |
| | ) | |
| The Roman Catholic Diocese of | ) | Chapter 11 |
| Ogdensburg, New York, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER CONFIRMING APPLICATION OF AUTOMATIC STAY

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") for entry of an order confirming the applicability of the automatic stay of section 362(a)(1) of the Bankruptcy Code [Docket No.  ] (the "Motion");[1] and upon finding that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); that proper and adequate notice of the Motion has been

given under the circumstances and no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any judicial, administrative, or other action or proceeding in which the Diocese is named as a party defendant is, effective as of the Petition Date, automatically stayed in its entirety (each, a "<u>Stayed Action</u>").

3. The rights, if any, of any person or entity seeking to commence or continue a Stayed Action, whether against the Diocese or any codefendant, including through the issuance or employment of process, or by seeking to sever the Diocese to proceed solely against a non-debtor codefendant, are hereby reserved subject to the right of (i) the Diocese to assert that any such action is a violation of the automatic stay pursuant to one or more provisions of sections 362(a), and (ii) the rights of any party to assert that such action is not a violation of the automatic stay pursuant to one or more provisions of section 362(a).

4. The Diocese is hereby authorized to file a copy of this order on the docket of any judicial, administrative, or other action or proceeding in which the Diocese is named as a party Defendant.

5. This order shall be effective and enforceable immediately upon its entry.

6. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

###

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60507 (PGR) |
| | ) | |
| The Roman Catholic Diocese of | ) | Chapter 11 |
| Ogdensburg, New York, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER CONFIRMING APPLICATION OF AUTOMATIC STAY

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "<u>Diocese</u>") for entry of an order confirming the applicability of the automatic stay of section 362(a)(1) of the Bankruptcy Code [Docket No.  ] (the "<u>Motion</u>");[1] and upon finding that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that this matter is a core

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:350703.1 18493/001350704.2 18493/001                    3

proceeding pursuant to 28 U.S.C. § 157(b); that proper and adequate notice of the Motion has been given under the circumstances and no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. ~~Pursuant to 11 U.S.C. § 362(a)(1), any~~Any judicial, administrative, or other action or proceeding in which the Diocese is named as a party defendant is, effective as of the Petition Date, automatically stayed in its entirety (each, a "Stayed Action").

3. ~~Any~~The rights, if any, of any person or entity seeking to commence or continue a Stayed Action, whether against the Diocese or any codefendant, including through the issuance or employment of process, or by seeking to sever the Diocese to proceed solely against a non-debtor codefendant, ~~is~~are hereby ~~directed to first make an application to this Court showing cause,~~reserved subject to the right of (i) the Diocese to assert that any such action is a violation of the automatic stay pursuant to ~~section 362(d)(1), or otherwise showing that~~ one or more provisions of sections 362(~~d~~a)~~(2)-(4) apply, to justify modification~~, and (ii) the rights of any party to assert that such action is not a violation of the automatic stay pursuant to one or more provisions of section 362(a).

4. The Diocese is hereby authorized to file a copy of this order on the docket of any judicial, administrative, or other action or proceeding in which the Diocese is named as a party Defendant.

5. This order shall be effective and enforceable immediately upon its entry.

DOCS_LA:~~350703.1 18493/001~~350704.2 18493/001        3

6. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

###

Document comparison by Workshare Compare on Wednesday, September 13, 2023 10:55:39 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_LA/350704/1 |
| Description | DOCS_LA-#350704-v1-Ogdensburg_-_Proposed_Order_Regarding_Stay |
| Document 2 ID | PowerDocs://DOCS_LA/350704/2 |
| Description | DOCS_LA-#350704-v2-Ogdensburg_-_Proposed_Order_Regarding_Stay |
| Rendering set | Standard no moves |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 16 |