**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Hearing Date: October 3, 2023 at 1:00 pm |
| | ) ET |
| The Roman Catholic Diocese of | ) |
| Ogdensburg, New York, | ) Hearing Location: Alexander Pirnie |
| | ) U.S. Courthouse and Federal Building |
| Debtor. | ) 10 Broad Street, Utica, New York |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| | ) |
| | ) Chapter 11 |
| | ) |

### LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The Official Committee of Unsecured Creditors (the "**Committee**") of The Roman Catholic Diocese of Ogdensburg, New York (the "**Diocese**" or the "**Debtor**") in the above-captioned case (the "**Case**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), by and through its undersigned proposed counsel, hereby submits this Limited Objection to the Motion of the Diocese for entry of an order establishing bar dates for filing proofs of claim and approving the form and manner of notice thereof [Docket No. 75] (the "**Motion**").[1] In support of its Limited Objection:

### LIMITED OBJECTION

1.     The Debtor's Motion seeks not only to establish a Bar Date for filing proofs of claim but approval of (i) the Bar Date Order, (ii) changes to the proof of claim form, (ii) a supplemental abuse claim form (the "**Confidential Abuse Claim Supplement**"), and (iii) notice of the Bar Date (the "**Bar Date Notice**").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2.      The Committee supports setting a bar date, establishing procedures for noticing the bar date to sexual abuse survivors ("**Abuse Claimants**") and other creditors, and approving robust confidentiality provisions for the benefit of sexual abuse survivors.  Moreover, the Committee supports the use of voluntary Confidential Abuse Claim Supplement that requests more information than the standard proof of claim form.  The Confidential Abuse Claim Supplement asks claimants to provide important facts regarding the claimants' abuse, including the identity of the abuser(s), the date(s) of the abuse, the nature of the abuse, the location(s) of the abuse, the frequency of the abuse, and the injuries caused by the abuse.

3.      The Committee submits that January 18, 2024 is an appropriate Bar Date for proofs of claim, including Abuse Claims.  The date provides approximately [70] days from the circulation of the notice for filing claims and appropriately accounts for the delay in filing that could be caused by the November and December holiday season.

4.      The Committee conferred with the Debtor on the form of Bar Date Order, Confidential Abuse Claim Supplement and Notice of Bar Date.  The Committee's proposed changes to the Debtor's forms are attached hereto as **Exhibits A** and **B**.  The Committee is continuing to work with the Debtor on appropriate modifications to those documents and reserves its right to further object to any modifications proposed by the Debtor that are not agreed to by the Committee.

5.      A critical issue for the Committee is that the submission by Abuse Claimants of the Confidential Abuse Claim Supplement be voluntary, and that the only form actually required to be filed by Abuse Claimants by the Bar Date should be the Proof of Claim Form itself.

6.      The Committee appreciates that the information provided by Abuse Claimants in the Confidential Abuse Claim Supplement is important in for the evaluation of Abuse Claims so that the Diocese, the Committee, insurers and other stakeholders can attempt a consensual resolution.

However, Abuse Claimants should not be *required* to meet a higher burden in the submission of their claims than any other creditors in this Bankruptcy Case or any other.

7.      The Committee agrees, however, that the Abuse Claimants should be encouraged to voluntarily submit the Confidential Abuse Claim Supplement by the Bar Date, and that failing to submit the Confidential Abuse Claim Supplement could lead the Diocese to object to a claim based on the lack of information about the claim that would otherwise be provided by the Confidential Abuse Claim Supplement.

8.      The remaining substantive point of disagreement with the Debtor relates to restrictions on use of the Confidential Abuse Claim Supplement.   The Committee submits that the use of the Confidential Abuse Claim Supplement must be limited to purposes of mediation, and the information in the Confidential Abuse Claim Supplement must be protected by any mediation privilege applicable in the Bankruptcy Case.

9.      Permitting the use of the Confidential Abuse Claim Supplement for other purposes, including for objections to Abuse Claims is prejudicial and fundamentally unfair to survivors of childhood sexual abuse.  Abuse Claimants should not be prejudiced for information being requested by the Debtor early on in the process to facilitate resolution.  No other party, including the Debtor or the insurers are providing such substantial information or discovery.   It would be fundamentally unfair to allow the use of this information that is being provided voluntarily now to the disadvantage of the Abuse Claimants.

10.      The Confidential Abuse Claim Supplement requests from people who suffered sexual abuse as children extensive information about the abuse they suffered and its consequences as well as information about their life histories.  The completion of these forms and providing of this information is no small thing.  *See Diocese of Buffalo, N.Y. v. Cont'l Ins. Co. (In re Diocese of*

3

DOCS_NY:48503.2 18493/002

*Buffalo, N.Y.),* 620 B.R. 445, 454 (Bankr. W.D.N.Y. 2020) ("For at least some abuse victims, the

recitation of facts and details may impose emotional challenges…. For some, a mandate to disclose

more particular details may have a chilling effect on their willingness even to file a claim.")

11.     It is critical to keep in mind that these people did not ask to be creditors. These people

were children when they were violated in the most egregious way that they could possibly be violated.

These already traumatized individuals are being asked to provide, in advance of any discovery

process, detailed information about the trauma they suffered.  They are being asked to do so to

facilitate the Diocese being able to emerge from this Bankruptcy Case with a consensual resolution of

the Abuse Claims.  To then turn around and utilize this information to object to claims and otherwise

attempt to deny Abuse Claimants a recovery would be a travesty.  No other creditors in bankruptcy

are asked to provide this level of sensitive, personal, detailed information in order simply to file a

proof of claim.  These most vulnerable of creditors should not be violated again by having this

voluntarily supplied information used to traumatize them again.

12.     Restricting the use of the information in the Confidential Abuse Claim Supplement to

mediation, balances the need of the Diocese, Committee and other stakeholders to have access to the

information necessary to evaluate claims for the purposes of mediating a consensual resolution.  The

Diocese still has the power to object to Abuse Claims on any legitimate basis, including demanding

additional information to support the Abuse Claims asserted in the Proof of Claim form, but the

Abuse Claimant is not placed in the precarious position of being asked to provide discovery (before

receiving discovery from the other side) and then being prejudiced for having provided the additional

information.

**PROPOSED CHANGES TO THE BAR DATE ORDER AND RELATE SCHEDULES**

13.     The Committee submits that that changes should be made to the proposed Bar Date

Order as well as the Schedules attached thereto to ensure the protection of the information being

provided in the Confidential Abuse Claim Forms and to avoid prejudice to Abuse Claimants from the

proof of claim process.   The Committee has met and conferred with respect to the proposed changes

and believes that most of its concerns will be addressed by the Debtor in a revised form of Bar Date

Order.  As of the date hereof, the Diocese has not submitted a revised proposed order and so the

Committee reserves the right to object to any proposed changes to the proposed Bar Date Order or

accompanying Schedules once filed.

14.     Attached as Exhibit A hereto is a proposed revised Bar Date Order and Schedules

thereto with the accompanying Schedules.   Attached as Exhibit B hereto is a redline of the

Committee's proposed Bar Date Order and Schedules against the Debtor's proposed Bar Date Order.

**CONCLUSION**

15.     The Committee respectfully requests that the Court enter the proposed order attached

hereto as Exhibit A to resolve the Motion or the Motion should otherwise be denied.

DOCS_NY:48503.2 18493/002

WHEREFORE, the Committee respectfully requests that the Court enter the order attached hereto and

grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 26, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email: jstang@pszjlaw.com
Email: ischarf@pszjlaw.com
Email: kdine@pszjlaw.com

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors of The Roman Catholic Diocese of*
*Ogdensburg, New York*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 23-60507 (PGR) |
| | ) |
| The Roman Catholic Diocese of | ) Chapter 11 |
| Ogdensburg, New York, | ) |
| | ) |
| Debtor. | ) |
| | ) |

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
## AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"),

for entry of an order (a) establishing bar dates by which proofs of claim against the Diocese's

bankruptcy estate must be filed; (b) approving the proposed form to be used for filing proofs of claim

and the abuse claim supplement; (c) approving procedures for maintaining the confidentiality of certain

claims; (d) approving the form and manner of notice of the deadlines to file proofs of claim; and (e)

granting related relief [Docket No. 75] (the "Motion"); and all objections to the Motion having been

resolved or overruled; and upon finding that this Court has jurisdiction to consider the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this chapter 11 case (the "Chapter 11 Case") and

the Motion in this district is proper pursuant to 28 §§ 1408 and 1409; that this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b); that the relief requested in the Motion is in the best interests

of the Diocese, its estate, creditors and other parties in interest; and that proper and adequate notice of

the Motion has been given and no other or further notice is necessary or required; and after due

deliberation with sufficient cause established,

IT IS HEREBY ORDERED THAT:

1.    The Motion is hereby GRANTED as set forth herein.

### Establishment of General Bar Date

2.      January 18, 2024, at 11:59 P.M. (prevailing Eastern time) is the deadline for all persons

and entities, including Abuse Claimants (as that term is defined in the Bar Date Notice), to file

prepetition claims in this Chapter 11 Case (the "General Bar Date").

### Establishment of Governmental Bar Date

3.      March 18, 2024 at 11:59 P.M. (prevailing Eastern time) is the deadline for all

governmental units to file prepetition claims in this Chapter 11 Case (the "Governmental Bar Date" and,

together with the General Bar Date, the "Bar Date").

### Approval of Proposed Forms

4.      The Proof of Claim Form, the Confidential Abuse Claim Supplement, Confidentiality

Agreement, Bar Date Notice, and Publication Notice, in the forms annexed hereto as **Schedules 1, 2, 3,

4, and 5**, respectively, are hereby approved.

### Who Must File Proofs of Claim

5.      Except as provided in paragraph 8 of this Order, any person or entity holding a

prepetition claim against the Diocese must file a proof of claim in accordance with the procedures

described herein by the applicable Bar Date. The Bar Date applies to all persons and entities that

assert claims (as defined in section 101(5) of the Bankruptcy Code) against the Diocese (whether

secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date,

including, without limitation, all Abuse Claims (as such term is defined in the Bar Date Notice).

6.      **The Bar Date applies to the following persons or entities:**

> (a)      Any person or entity whose prepetition claim is not listed on the Diocese's
> Schedules of Assets and Liabilities filed in this Chapter 11 Case (the
> "Schedules") or any amendment thereto, or whose prepetition claim is listed in
> the Schedules, but is designated as being "contingent," "unliquidated," or
> "disputed," and who may be entitled to any distributions to creditors that may be
> made in this Chapter 11 Case;

(b)     Any person or entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

(c)     Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

7.      **The following persons or entities are not required to file proofs of claim at this time:**

(a)     Any person or entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division;

(b)     Any person or entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c)     Any professionals retained by the Diocese or any Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d)     Any person or entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

(e)     Any person or entity whose claim against the Diocese is allowed by an order of the Court entered on or before the applicable Bar Date; and

(f)     Any person or entity whose claim has been previously settled or paid in full.

## Procedure for Filing Proofs of Claim

8.      Proofs of claim may not be filed with the Court or with the Clerk of the Court.  All claimants are directed to submit their proofs of claim to Stretto, the Diocese's Claims and Noticing Agent, as set forth in paragraphs 10 and 11 below.

## General (non-Abuse) Claims

9.      All claimants wishing to submit a claim that is not an Abuse Claim (a "General Claim") shall do so by completing the Proof of Claim Form attached hereto as ***Schedule 1*** (each such completed and timely submitted Proof of Claim Form, a "General Proof of Claim"). In order to be considered valid, each General Proof of Claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Diocese upon request, and (c) be actually received by Stretto, the Diocese's Claims and Noticing Agent, as of the applicable Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. In the event that a General Proof of Claim is mailed to or personally delivered to the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division, the Clerk of the Court is directed to mark the General Proof of Claim with the date and time of receipt, place the General Proof of Claim in a sealed envelope, and transmit the sealed envelope to Stretto at the address for receipt of General Proofs of Claim Forms above. Further, in the event that a General Proof of Claim is mailed to or personally delivered to counsel for the Diocese, counsel for the Diocese is directed to mark the General Proof of Claim with the date and time of receipt, place the General Proof of Claim in a sealed envelope, and transmit the sealed envelope to Stretto at the address for receipt of General Proofs of Claim Forms above.

<u>Abuse Claims</u>

10.    An Abuse Claimant should file an Abuse Claim and may submit a Confidential Abuse

Claim Supplement.  Any other claim should be submitted as a General Claim.  If an Abuse Claimant

submits a General Claim by the Bar Date, such claim shall be deemed timely filed.

11.    All claimants asserting Abuse Claims shall submit their proof of claim using the Proof of

Claim Form, a copy of which is attached hereto as ***Schedule 1*** (each such completed and timely

submitted Proof of Claim Form, an "<u>Abuse Proof of Claim</u>"), and such claimant may also submit a

completed Confidential Abuse Claim Supplement, a copy of which is attached hereto as ***Schedule 2*** (the

"<u>Confidential Abuse Claim Supplement</u>").  In order to be considered valid, each Abuse Proof of Claim

must: (a) be signed by the Abuse Claimant or such Abuse Claimant's counsel (or if such Abuse Claimant

is a minor, legally incapacitated, or deceased, by such Abuse Claimant's parent, legal guardian or

executor or such Abuse Claimant's counsel), and (b) be actually received by Stretto, the Diocese's

Claims and Noticing Agent, as of the General Bar Date either (i) electronically using the interface

available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or by delivering an

original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of

Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. In the event an Abuse Proof

of Claim is mailed to or personally delivered to the Clerk of the Court for the United States Bankruptcy

Court for the Northern District of New York, Utica Division, the Clerk of the Court is directed to mark

the Abuse Proof of Claim with the date and time of receipt, place the Abuse Proof of Claim in a sealed

envelope, and transmit the sealed envelope to Stretto at the address for receipt of Abuse Proofs of Claim

above. In the event that an Abuse Proof of Claim is mailed to or personally delivered to counsel for the

Diocese, counsel for the Diocese is directed to mark the Abuse Proof of Claim with the date and time

of receipt, place the Abuse Proof of Claim in a sealed envelope, and transmit the sealed envelope to

Stretto at the address for receipt of Abuse Proofs of Claim above.

12.     Additionally, Abuse Claimants may, and are encouraged to, file the Confidential Abuse

Claim Supplement in the form attached as Schedule 2 to the Proposed Order.   The submission of the

Confidential Abuse Claim Supplement is voluntary, but the information provided is important for the

Diocese, Committee, applicable insurance companies and other parties in interest to analyzing the

claims.   The Confidential Abuse Claim Supplement is subject to the same confidentiality provisions

as the Abuse Proof of Claim, and the use of information in the Confidential Abuse Claim Supplements

is strictly limited to any Bankruptcy Court approved ongoing mediation in the Debtor's bankruptcy

case and may not be used for any other purpose at any time and shall not be used or provided to any

creditors or third parties other than as expressly set forth herein.  The Confidential Abuse Claim

Supplements will also be subject to any confidentiality or other restrictions pursuant to any order

relating to mediation in this Bankruptcy Case.

13.     Confidential Abuse Claims Supplements should be submitted to Stretto either (i)

electronically using the interface available on Stretto's website at

https://case.stretto.com/dioceseofogdensburg  or by delivering an original thereof by hand delivery,

first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims

Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.  Confidential Abuse Claim

Supplements sent by facsimile, telecopy, or e-mail will not be accepted. In the event a Confidential

Abuse Claim Supplement is mailed to or personally delivered to the Clerk of the Court for the United

States Bankruptcy Court for the Northern District of New York, Utica Division, the Clerk of the Court

is directed to mark the Confidential Abuse Claim Supplement with the date and time of receipt, place

the Confidential Abuse Claim Supplement in a sealed envelope, and transmit the sealed envelope to

Stretto at the address for receipt of Confidential Abuse Claim Supplements above. In the event that an Confidential Abuse Claim Supplement is mailed to or personally delivered to counsel for the Diocese, counsel for the Diocese is directed to mark the Confidential Abuse Claim Supplement with the date and time of receipt, place the Confidential Abuse Claim Supplement in a sealed envelope, and transmit the sealed envelope to Stretto at the address for receipt of Confidential Abuse Claim Supplement above.

**Establishment of Confidentiality Protocol**

14.     The following confidentiality protocol ("Confidentiality Protocol") shall apply  to all Abuse Proofs of Claim and Confidential Abuse Claim Supplements submitted by Abuse Claimants:

(a)     All claimants asserting an Abuse Claim are directed to submit such claims directly to Stretto, the Diocese's Claims and Noticing Agent, using the Proof of Claim Form and, if they elect to do so, the Confidential Abuse Claim Supplement. Abuse Claims and Confidential Abuse Claim Supplements should not be filed with the Court.

(b)     Abuse Proofs of Claim and Confidential Abuse Claim Supplements received by Stretto will be treated as confidential and will be made available only to Authorized Parties (as defined below) unless an Abuse Claimant affirmatively elects to have their Abuse Proof of Claim and Confidential Abuse Claim Supplement disclosed publicly.  Any claim that appears to be an Abuse Claim that is filed as a General Claim shall be treated by Stretto as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim. The Confidentiality Protocol is for the sole and exclusive benefit of the Abuse Claimants. Accordingly, any Abuse Claimant may elect to make information contained in his or her personal Abuse Proof of Claim or Confidential Abuse Claim Supplement public, even if he or she does not elect to have his or her personal Abuse Proof of Claim disclosed publicly. For the avoidance of doubt, Abuse Claimants are not bound by the confidentiality provisions of this Order with respect to disclosures regarding their own abuse or any information disclosed by an Abuse Claimant in his or her Abuse Claim or Confidential Abuse Claim Supplement.

(c)     Abuse Proofs of Claim and Confidential Abuse Claim Supplements received by Stretto shall be held and treated as confidential by Stretto, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

i.    The Bishop of the Diocese, officers of the Diocese, and such other current or former employees and representatives of the Diocese or its parishes, or other persons who are necessary to assist the Diocese in reviewing and analyzing the Abuse Proofs of Claim and in effectuating and observing the Diocese's safe environment policies. For the avoidance of doubt, any person that was disclosed to the Debtor as an individual who had committed an act of sexual abuse, as well as any person identified as an abuser in a Sexual Abuse Proof of Claim Form or who is otherwise acknowledged by the Debtor[1] as someone who committed Sexual Abuse, shall not be an Authorized Person, *provided*, *however*, the Diocese is authorized to discuss the contents of any Sexual Abuse Proof of Claim with a person identified as an alleged abuser who was not previously disclosed to the Diocese as an individual who had committed an act of sexual abuse for the purpose of conducting an internal investigation and assessing the actual claim by providing any affected Sexual Abuse Claimant, such affected Sexual Abuse Claimant's counsel (if any), and counsel to the Committee, with notice delivered via overnight delivery and e-mail of such planned disclosure (a "Disclosure Notice") and an opportunity to object to such disclosure. If the Diocese receives a written objection to such disclosure (an "Objection Notice") on or before 5 p.m. (Eastern) on the fifth (5th) business day following its receipt of the Disclosure Notice (the "Objection Deadline"), (a) the Diocese may not make the disclosure set forth in the Disclosure Notice until such time as the Court permits such disclosure or the Committee consents to such disclosure, and (b) the Diocese may makes an application to the Court on no less than five (5) business days' notice (or such other time as the Court may allow) seeking authorization to make such disclosure over the Committee's objection. In the event that no Objection Notice is received prior to the Objection Deadline, the Diocese may make the disclosure set forth in the Disclosure Notice.

ii.    Counsel and other professionals to the Diocese, the Committee, or any other official committee, retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel or professionals, who are necessary to assist the Debtor or the Committee in reviewing and analyzing the Survivor Claims;

iii.    Members of any Committee and their individual counsel (after the Abuse Proof of Claim has been redacted by the Diocese (including through Stretto) to remove (a) the claimant's name, address, and other

---

[1] Individuals acknowledged by the Debtor as someone who has committed an act of Sexual Abuse include, but are not limited to, those individuals identified by the Debtor on its website at https://www.dor.org/protecting-our-children/dispositions-2002-present/ (last visited January 31, 2020).

information identified in Parts 1 and 2(a) of the Confidential Abuse Claim Supplement, the signature block and any other information which could reasonably be used to personally identify an Abuse Claimant and (b) the personally identifying information of any other person identified as someone who was the subject of Abuse;

iv.   Any Insurer that provided insurance or reinsurance that may cover the claims described in any Abuse Proof of Claim, together with their respective successors, reinsurers and counsel;

v.   Any person appointed pursuant to an order of the Bankruptcy Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Abuse Claims, in this Chapter 11 Case or any adversary proceeding filed in this Chapter 11 Case;

vi.   Any trustee, or functional equivalent thereof, appointed to administer payments to Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

vii.   Any person with the express written consent of the Diocese and the Committee, upon 14 days' notice, or such other time as the court may allow, to the affected Abuse Claimant(s);

viii.   Such other persons as the Court may authorize to access one or more of the Abuse Proofs of Claim pursuant to subsequent order; *provided*, *however*, that any such determination shall be made on no less than seven (7) days' notice to the affected Abuse Claimant(s), the Committee, and the Diocese; and

ix.   Counsel of record to any Authorized Party upon execution of a Confidentiality Agreement by such counsel.

(d)   Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Abuse Proof of Claim or Confidential Abuse Claim Supplement prior to the execution of a confidentiality agreement substantially in the form attached hereto as ***Schedule 3*** (the "Confidentiality Agreement"); provided, however that a mediator appointed in the case shall not be required to execute a confidentiality agreement if such mediator is currently a Bankruptcy Judge, a U.S. Magistrate Judge, or U.S. District Court Judge. Counsel of record to any Authorized Party shall only be required to execute a single Confidentiality Agreement, which shall be deemed binding on their entire firm. Access to the Abuse Proofs of Claim and Confidential Abuse Claim Supplements for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Abuse Proofs of Claim or Confidential Abuse Claim Supplement

on behalf of an Authorized Party. Copies of all Confidentiality Agreements shall be provided to the Diocese and the Committee through their respective counsel.

(e)     Authorized Parties in possession of any Abuse Proof(s) of Claim and Confidential Abuse Claim Supplements shall keep such Abuse Proof(s) of Claim and Confidential Abuse Claim Supplements confidential and shall not use or disclose any information provided in any Abuse Proof(s) of Claim or Confidential Abuse Claim Supplements except in accordance with the terms of this Order, the Confidentiality Agreement or pursuant to an order of this Court, unless the Abuse Claimant has elected to make his or her Abuse Proof of Claim or Confidential Abuse Claim Supplement public by indicating such consent in Part 1 of the Confidential Abuse Claim Supplement.

(f)     Stretto shall assign to each claimant asserting an Abuse Claim a unique identifier code and shall maintain a confidential list of the identities of the Abuse Claimants, their corresponding identifier code, and their respective Abuse Proof(s) of Claim and Confidential Abuse Claim Supplements. The confidential list of the identities of Abuse Claimants shall be provided only to such parties that are Authorized Parties entitled to the personally identifying information of Abuse Claimants pursuant to this Order.

**Notice of Bar Date**

15.     Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice and (ii) a copy of the Proof of Claim Form (together with the Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) all parties that have filed a notice of appearance in the Diocese's Chapter 11 Case; (c) all creditors listed in the Diocese's Schedules (except those creditors listed on the portions of Schedule F filed under seal relating to Abuse Claimants); (d) all parties to executory contracts and unexpired leases of the Diocese; (e) all persons or entities that have previously filed proofs of claim in the Diocese's Chapter 11 Case; and (f) such additional persons and entities as the Diocese may deem appropriate or advisable.

16.     Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice, (ii) a copy of this Order (without exhibits or schedules), and (iii) a copy of the Proof of Claim Form and Confidential Abuse

Claim Supplement (together with the Bar Date Notice and Bar Date Order, the "Abuse Claim Notice Package"), upon each person, or their respective counsel, who is listed on that portion of the Diocese's Schedule F filed under seal. The Diocese shall not be required to send an Abuse Claim Notice Package to any person who has previously entered into a settlement with the Diocese regarding an Abuse Claim if the Diocese has performed all of its monetary obligations under the terms of such settlement.

17.     In addition to providing direct notice to known creditors as set forth above, subject to applicable publication guidelines and submission deadlines, the Diocese shall cause a notice in substantially the form attached hereto as *Schedule 5* (the "Publication Notice") to be published as follows:

    a.    Once, no later than twenty-one (21) days after the entry of this Order, in *USA Today*, and

    *b.*    Twice, with the first publication no later than twenty-one (21) days after entry of this Order and the second publication no later than fourteen (14) days prior to the Bar Date, in *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, *North Country This Week*, and the *North Country Catholic.*

18.     In addition to the foregoing publication, the Diocese shall use reasonable efforts to take the following additional measures to disseminate information relating to the Bar Date as soon as practicable following entry of this Order:

    i.    Beginning no later than five (5) business days after entry of the Bar Date Order and at least through the General Bar Date, the Diocese will cause prominent, one-click links to the General Claim Notice Package and the Abuse Claim Notice Package to be posted on the case management website maintained by Stretto.

    ii.    The Diocese will establish and maintain, or cause Stretto to establish and maintain, a telephone number which may be used by claimants to ask questions or to request copies of the General Claim Notice Package, the Abuse Claim Notice Package, or parts thereof;

iii.  Beginning within ten (10) business days of the entry of this Order and at least through the General Bar Date, the Diocese will cause links to the General Claim Notice Package and the Abuse Claims Notice Package to be posted on the Diocese's website homepage.

iv.  Within ten (10) business days of entry of this Order, the Diocese will issue a press release regarding the Bar Date and including the Bar Date Notice to the news departments of *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, and *North Country This Week*.

v.  The Diocese will provide a copy of the Publication Notice to each parish and ministry (except primary and secondary schools) overseen by the Bishop of the Diocese with a request to display the Publication Notice in a prominent place until the General Bar Date.

19.  The Court finds that the form and manner of giving notice of the Bar Date as approved herein fulfills the notice requirements of the Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Bar Date and the need to file a proof of claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012). Accordingly, the Diocese is authorized and directed to serve and/or publish notice of the Bar Date in the manner described herein.

20.  Nothing contained in this Order is intended or should be construed as a finding as to the validity of any claim against the Diocese, and all parties retain all rights to dispute any claim on any grounds.  All parties retain the right to dispute, or to assert offsets or defenses to, any claim (whether or not reflected on the Schedules or any amendments thereto) as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed.

21.  The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

Committee Comments 9/26/23

## Schedule 2

(To Bar Date Order)

**Form of Confidential Abuse
Claim Supplement**

1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60507 (PGR) |
| | ) | |
| The Roman Catholic Diocese of | ) | Chapter 11 |
| Ogdensburg, New York, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>CONFIDENTIAL ABUSE CLAIM SUPPLEMENT</u>

**The filing of this Confidential Abuse Claim Supplement is voluntary, but each Abuse Claimant is encouraged to submit this form. The information provided is important for the Diocese, Committee, applicable insurance companies and other parties in interest to analyzing the Abuse Claims. Submitting this Confidential Abuse Claim Supplement at the outset will help streamline the process of identifying claims and all applicable insurance coverage and expedite a distribution to creditors.**

**The Information you share will be kept strictly confidential. This form and the information in it may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court in the Bar Date Order, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors, the United States Trustee, and to such other persons as the Bankruptcy Court may authorize. Please be assured that these parties have agreed and are required to keep your information strictly confidential. Additionally, the use of the information in the Confidential Abuse Claim Supplement is strictly limited to any Bankruptcy Court approved ongoing mediation in the Debtor's bankruptcy case and for no other purpose at any time and shall not be used or provided to any creditors or third parties other than as expressly approved by the Bankruptcy Court.**

**Please read all questions and instructions carefully, and answer to the best of your ability. If you do not complete and include this Confidential Abuse Claim Supplement as an attachment to your filed claim, your failure to do so may be the basis for an objection to your claim.**

**If you have an attorney, you should complete this form with the assistance of counsel.**

**Knowingly and fraudulently submitting false information to this court is a crime punishable by fine, imprisonment, or both. 18 U.S.C. §§ 152, 157, 3571.**

For purposes of this Confidential Abuse Claim Supplement, an "<u>Abuse Claim</u>" is any claim (as defined in section 101(5) of the Bankruptcy Code) against The Roman Catholic Diocese of Ogdensburg, New York. (the "<u>Diocese</u>") resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation,

indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible. An "Abuse Claimant" is the person asserting an Abuse Claim against the Diocese. If the Abuse Claimant is a minor, a parent or legal guardian may complete this Abuse Claim Supplement on the minor's behalf. If the Abuse Claimant is deceased or incapacitated, the Abuse Claimant's legal representative or executor of the decedent's estate may complete this Abuse Claim Supplement on their behalf.

**THIS ABUSE CLAIM SUPPLEMENT IS FOR ABUSE CLAIMS ONLY.**

DOCS_LA:350745.4 18493/001

**THIS CONFIDENTIAL ABUSE CLAIM SUPPLEMENT SHOULD:**

(A)     Provide responses that are complete and accurate to the best of your knowledge;

(B)     Be signed by the Abuse Claimant or their counsel of record, except that if the Abuse Claimant is a minor, incapacitated or deceased, this Abuse Claim Supplement may be signed by the Abuse Claimant's parent, legal guardian, or executor, as applicable; and

(C)     Be received by Stretto, the Diocese's claims and noticing agent, on or prior to the Bar Date, either:

    (i)     electronically using the interface available at: https://case.stretto.com/dioceseofogdensburg; or

    (ii)     via hand delivery, U.S. Mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**CONFIDENTIAL ABUSE CLAIM SUPPLEMENTS SENT BY FACSIMILE, TELECOPY, OR E-MAIL WILL NOT BE ACCEPTED.**

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

**ANSWER THESE QUESTIONS TO THE BEST OF YOUR KNOWLEDGE AND ABILITY AT THE TIME YOU COMPLETE THIS FORM.**

4

**PART 1: CONFIDENTIALITY**

The Abuse Claimant's identity will be kept strictly confidential, under seal, and outside the public record pursuant to an Order of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court"). However, this Confidential Abuse Claim Supplement and your Proof of Claim Form may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors (the "Committee"), their respective counsel, the United States Trustee, and such other persons as the Bankruptcy Court may authorize.

DOCS_LA:350745.4 18493/001

## PART 2: IDENTIFYING INFORMATION

### a.    Abuse Claimant

_____

First Name                    Middle Initial              Last Name              Suffix (if any)


_____

Mailing Address (If party is incapacitated, is a minor or is deceased, please provide the address of the legal representative submitting the claim. If you are in jail or prison, your current address).


_____

City                              State/Prov.              Zip Code (Postal Code)

Telephone No(s):
Home:_____              Cell:_____
**If you are represented by counsel, you may provide your attorney's work phone number instead of your own.**

Email address: _____
**If you are represented by counsel, you may provide your attorney's email address instead of your own.**

Social Security Number (last four digits only): _____


If you are **not** represented by counsel and are in jail or prison, your identification number and location of incarceration.  If you are represented by counsel and such counsel's contact information is provided, then this information is not necessary:


_____


Birth Date: _____
            Month            Day        Year

Any other name, or names, by which the Abuse Claimant has been known (including maiden name, if applicable):


If you are **not** represented by counsel, may the Diocese, the Committee, and their respective

counsel of record in this chapter 11 case leave voicemails for you regarding your claim?

                                    ☐Yes            ☐ No

Committee Comments 9/26/23

If you are **not** represented by counsel, may the Diocese, the Committee, and their respective

counsel of record in this chapter 11 case send confidential information to your email?

☐Yes            ☐ No

      **a.**    **Abuse Claimant's Attorney (if any):**

_____

Law Firm Name

_____

Attorney's        First Name              Middle Initial              Last Name

_____

Street Address

_____

City                          State/Prov.      Zip Code (Postal Code)        Country
                                                                            (if other than U.S.A.)

_____

Telephone No.              Fax No.                      E-mail address

7

**PART 3:  NATURE OF COMPLAINT**

**(Attach additional separate sheets if necessary)**

**NOTE: IF YOU HAVE PREVIOUSLY FILED A LAWSUIT AGAINST THE DIOCESE IN STATE OR FEDERAL COURT, PLEASE ATTACH THE COMPLAINT AND RESPOND TO THE QUESTIONS BELOW.**

      a.    **Who committed the acts of abuse against you?** Individuals identified in this section will be referred to as the "abuser" in questions below. If applicable, you may identify more than one abuser. Please provide the complete name(s) of each abuser to the best of your recollection. If you do not know the name(s) of each abuser, please identify them by title, position or other description.

_____

_____

_____

_____

_____

      b.    **How did you know the abuser?** For example, was the abuser at your church, school or part of another group with which you were involved? Was the abuser a relative or family friend?

_____

_____

      c.    **If the abuser was affiliated with a church, parish, school, or Diocesan organization, please identify such church, parish, school or organization.**

_____

_____

      d.    **Where did the abuse take place?** Please be specific and complete all relevant information to the best of your recollection, including the names of locations and addresses, if known.

_____

_____

DOCS_LA:350745.4 18493/001

e.      **When did the abuse take place?** Please be as specific as possible. If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

f.      **Do you know how old you were at the time the abuse began and ended?** Please be as specific as possible.  If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

g.      **Please describe the nature of the abuse.** If you are able, please specify what happened (e.g., the circumstances, approximate number of occurrences, frequency, duration, and type(s) of abuse):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

h.    **Have you experienced injury and/or damages because of the act or acts of abuse described above?** Please provide as much detail as possible. For example, describe any injuries or damages, as well as any effect on your emotions, education, employment, personal relationships, health, or faith.

_____

_____

_____

_____

_____

_____

_____

**Counsel for the Abuse Claimant or the Abuse Claimant should sign below.  If being signed by counsel, please indicate that you are counsel.  If you are signing the claim on behalf of a minor, decedent or incapacitated person, state your relationship to the Abuse Claimant.**

**I declare the foregoing statements to be true and correct.**

Date: _____

Signature:_____

Print Name: _____

10

## **<u>Schedule 4</u>**

(To Bar Date Order)

### **Form of Proposed Notice**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60507 (PGR) |
| | ) | |
| The Roman Catholic Diocese | ) | Chapter 11 |
| of Ogdensburg, New York, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

### <u>NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ROMAN CATHOLIC DIOCESE OF OGDENSBURG, NEW YORK:

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU HAVE A CLAIM OR WHETHER YOU MUST FILE A PROOF OF CLAIM. YOU MAY ALSO OBTAIN INFORMATION FROM THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS BY CALLING [_____].**

PLEASE TAKE NOTICE that on July 17, 2023 (the "<u>Petition Date</u>") The Roman Catholic Diocese of Ogdensburg, New York (the "<u>Diocese</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Northern District of New York (the "<u>Bankruptcy Court</u>"). Information regarding the Diocese, its business, and other relevant information related to this chapter 11 case (the "<u>Chapter 11 Case</u>") may be obtained at the case management website maintained by Stretto, the Diocese's Claims and Noticing Agent at: https://case.stretto.com/dioceseofogdensburg.

PLEASE TAKE FURTHER NOTICE that on [_____], 2023, the Bankruptcy Court entered an order (the "<u>Bar Date Order</u>")[1] establishing **January 18, 2024 at 11:59 p.m.** (prevailing Eastern time), as the deadline for all persons and Entities other than Governmental Units, including persons asserting Abuse Claims, to file prepetition claims in this Chapter 11 Case (the "<u>General Bar Date</u>"), and establishing **March 18, 2024 at 11:59 p.m.** (prevailing Eastern time), as the deadline for all Governmental Units to file prepetition claims in this Chapter 11 Case (the "<u>Governmental Bar Date</u>" and together with the General Bar Date, the "<u>Bar Date</u>").

Except as described below, the Bar Date Order requires all persons or Entities, including Governmental Units, that have or may assert prepetition claims of any nature against the Diocese, including Abuse Claims, to submit proofs of claim so that they are received by Stretto on or before the Bar Date. Please note that the terms "Entity," "Governmental Unit," "Claim," and "Abuse Claim" are defined below.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bar Date Order.

PLEASE TAKE FURTHER NOTICE that all claimants are directed to use the Proof of Claim Form approved in the Bar Date Order to submit their claim. A copy of the Proof of Claim Form is enclosed with this Notice. All claimants wishing to assert Abuse Claims are also encouraged to complete and submit the Confidential Abuse Claim Supplement in addition to their Proof of Claim Form. If the Diocese has identified you as having a potential Abuse Claim, a copy of the Confidential Abuse Claim Supplement is also enclosed with this Notice. If no Proof of Claim Form accompanies this Notice, or if you wish to assert an Abuse Claim and did not receive an Confidential Abuse Claim Supplement, copies of both the Proof of Claim Form and the Confidential Abuse Claim Supplement may be obtained online by visiting https://case.stretto.com/dioceseofagdensburg, or may be requested by calling (844) 634- 0003.

## KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, States, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Diocese and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "Abuse Claim" shall mean any Claim against the Diocese resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible.

## I.  WHO MUST FILE A PROOF OF CLAIM

a.  *__General Bar Date__*: The Bar Date Order establishes **January 18, 2024 at 11:59 p.m.** (prevailing Eastern time) as the General Bar Date. All persons or Entities other than Governmental Units, including, without limitation, any person wishing to assert an Abuse Claim, must file their proofs of claim on or before the General Bar Date.

b.  *__Governmental Bar Date__*. The Bar Date Order establishes **March 18, 2024 at 11:59 p.m.** (prevailing Eastern time) as the Governmental Bar Date. All Governmental Units must file their proofs of claim on or before the Governmental Bar Date.

c.  *The Following Persons or Entities Must File a Proof of Claim on or Before the Applicable Bar Date:*

  i.  Any person or Entity whose prepetition claim was not listed in the Diocese's Schedules of Assets and Liabilities filed in this Chapter 11 Case (the "Schedules"), or any amendment thereto, or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who desires to participate in this Chapter 11 Case or to share in any distributions to creditors that may be made in this Chapter 11 Case;

  ii.  Any person or Entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

  iii.  Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

d.  *The Following Persons or Entities are Not Required to File Proofs of Claim at this Time:*

  i.  Any person or Entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division;

  ii.  Any person or Entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

iii.    Any professionals retained by the Diocese or the Committee pursuant to orders of the Bankruptcy Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

iv.    Any person or Entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

v.    Any person or Entity whose claim against the Diocese is allowed by an order of the Bankruptcy Court entered on or before the applicable Bar Date; and

vi.    Any person or Entity whose claim has been previously settled or paid in full.

## II.    CONFIDENTIALITY OF ABUSE CLAIMS

Pursuant to the Bar Date Order, filed Abuse Proofs of Claim and Confidential Abuse Claim Supplements will be treated confidentially in this Chapter 11 Case. Any Abuse Proof of Claim or Confidential Abuse Claim Supplement that you file will not be available to the general public, and will be kept confidential, except that information will be provided to Authorized Parties under the Bar Date Order, all of whom will agree to keep the information provided by you confidential pursuant to the Bar Date Order.

The filing of the Confidential Abuse Claim Supplement is voluntary, but the information provided is important for the Diocese, Committee, applicable insurance companies and other parties in interest to analyzing the claims.   The Confidential Abuse Claim Supplement is subject to the same confidentiality provisions as the Abuse Proof of Claim, and the use of information in the Confidential Abuse Claim Supplements is strictly limited to any Bankruptcy Court approved ongoing mediation in the Debtor's bankruptcy case and may not be used for any other purpose at any time and shall not be used or provided to any creditors or third parties other than as expressly set forth in the Bar Date Order and herein.  The Confidential Abuse Claim Supplements will also be subject to any confidentiality or other restrictions pursuant to any order relating to mediation in this Bankruptcy Case.

## III.    CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any person or Entity that is required to file a proof of claim, but fails to do so on or before the applicable Bar Date shall may be treated as a creditor with respect to such Claim and may not be entitled to vote to accept or reject, or to share in any distribution under, any Chapter 11 plan proposed and/or confirmed in this Chapter 11 Case. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you may be required to file a proof of claim on or before the applicable Bar Date in order to preserve or assert your claim against the Debtor. Any party that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

## **RESERVATION OF RIGHTS**

Nothing in the Bar Date Order shall be construed as limiting any party's rights to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude any party from objecting to any Claim, whether scheduled or filed, on any grounds.

## **PROCEDURE FOR FILING PROOFS OF CLAIM**

**Proofs of claim should not be filed with the Court or with the Clerk of the Court. All claimants are directed to submit their proofs of claim to Stretto**, the Diocese's Claims and Noticing Agent, as set forth below:

To be considered valid, each General Proof of Claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected), and (c) be actually received by Stretto, the Diocese's Claims and Noticing Agent, on or prior to the applicable Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original copy by hand mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.

In order to be considered valid, each Abuse Proof of Claim must: (a) be signed by the Abuse Claimant or such Abuse Claimant's counsel of record (or if such Abuse Claimant is a minor, legally incapacitated, or deceased, by such Abuse Claimant's parent, legal guardian or executor) and (b) be actually received by Stretto, the Diocese's Claims and Noticing Agent, as of the General Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.  An Abuse Claim may only be made on account an individual upon whom abuse was inflicted.  Any other claim may be asserted as General Claim.

Abuse Claimants may also submit Confidential Abuse Claim Supplements.  The Confidential Abuse Claim Supplement may be submitted with the Abuse Proof of Claim and should (a) be signed by the Abuse Claimant or such Abuse Claimant's counsel (or if such Abuse Claimant is a minor, legally incapacitated, or deceased, by such Abuse Claimant's parent, legal guardian or executor) and (b) be received by Stretto, the Diocese's Claims and Noticing Agent, as of the General Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.  If you do not complete and include the Confidential Abuse Claim Supplement as an attachment to your filed claim, your failure to do so may be the basis for an objection to your claim.

Proofs of claim will be deemed filed only when actually received by Stretto. Proofs of claim submitted electronically will be acknowledged via electronic mail or confirmation number from Stretto at the time of submission. If you wish to receive acknowledgement of Stretto's receipt of a proof of claim submitted in paper format, you must also submit with your original proof of claim: (i) one additional copy of your original proof of claim; and (ii) a self-addressed, postage pre-paid return envelope.

## ADDITIONAL INFORMATION

You may be listed as the holder of a Claim in the Diocese's Schedules. If you hold or assert a Claim that is not listed in the Schedules, or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of Court, United States Bankruptcy Court for the Northern District of New York, Utica Division. In addition, copies of the Diocese's Schedules and the Bar Date Order are available on the Stretto

case management website at https://case.stretto.com/dioceseofogdensburg, or on the Court's website (http://nynb.uscourts.gov/) by following the directions for accessing the ECF system on such website (a PACER password is required).

Requests for copies of the Proof of Claim Form and/or Confidential Abuse Claim Supplement should be directed to Stretto, the Diocese's Claims and Noticing Agent at (844) 634-0003. Stretto is not permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the contents of this notice or the completion or filing of a proof of claim.

Dated:_____, 2023

BY ORDER OF THE HONORABLE PATRICK G. RADEL
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60507 (PGR) |
| | ) | |
| The Roman Catholic Diocese of | ) | Chapter 11 |
| Ogdensburg, New York, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
## AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"),

for entry of   an order (a) establishing bar dates by which proofs of claim against the Diocese's

bankruptcy estate must be filed; (b) approving the proposed form to be used for filing proofs of claim

and the abuse claim supplement; (c) approving procedures for maintaining the confidentiality of certain

claims; (d) approving the form and manner of notice of the deadlines to file proofs  of  claim; and  (e)

granting related relief [Docket  No.    75] (the "Motion");  and   all objections to the Motion having

been resolved or overruled; and upon finding that this Court  has  jurisdiction to consider the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this chapter 11 case (the "Chapter 11 Case") and

the Motion in this district is proper pursuant to 28 §§ 1408 and 1409; that this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b); that the relief requested in the Motion is in the best interests

of the Diocese, its estate, creditors and other parties in interest; and that proper and adequate notice of

the Motion has been given and no other or further notice is necessary or required; and after due

deliberation with sufficient cause established,

IT IS HEREBY ORDERED THAT:

1.    The Motion is hereby GRANTED as set forth herein.

**Establishment of General Bar Date**

2.    ~~November 23~~January 18, ~~2023~~2024, at 11:59 P.M. (prevailing Eastern time) is the deadline for all persons and entities, including Abuse Claimants (as that term is defined in the ~~Abuse Claim Supplement~~Bar Date Notice), to file prepetition claims in this Chapter 11 Case (the "General Bar Date").

**Establishment of Governmental Bar Date**

3.    ~~January 13~~March 18, 2024 at 11:59 P.M. (prevailing Eastern time) is the deadline for all governmental units to file prepetition claims in this Chapter 11 Case (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Date").

**Approval of Proposed Forms**

4.    The Proof of Claim Form, the Confidential Abuse Claim Supplement, Confidentiality Agreement, Bar Date Notice, and Publication Notice, in the forms annexed hereto as **Schedules 1, 2, 3, 4, and 5**, respectively, are hereby approved.

**Who Must File Proofs of Claim**

5.    Except as provided in paragraph 8 of this Order, any person or entity holding a prepetition claim against the Diocese must file a proof of claim in accordance with the procedures described herein by the applicable Bar Date. The Bar Date applies to all persons and entities that assert claims (as defined in section 101(5) of the Bankruptcy Code) against the Diocese (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date, including, without limitation, all Abuse Claims (as such term is defined in the ~~Abuse Claim Supplement).~~

~~6.    Any person or entity who is required to file a proof of claim pursuant to this Order but fails to do so on or before the applicable~~ Bar Date ~~set forth herein (i) shall not be treated as a creditor~~

with respect to such Claim and shall not be entitled to vote to accept or reject, or to share in any distribution under, any chapter 11 plan proposed and/or confirmed in this Chapter 11 Case Notice).

6.    7. **The Bar Date applies to the following persons or entities** must file a proof of claim on or before the applicable Bar Date**:

(a)      Any person or entity whose prepetition claim is not listed on the Diocese's Schedules of Assets and Liabilities filed in this Chapter 11 Case (the "Schedules") or any amendment thereto, or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who may be entitled to any distributions to creditors that may be made in this Chapter 11 Case;

(b)      Any person or entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

(c)      Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

7.    8. **The following persons or entities are not required to file proofs of claim at this time**:

(a)      Any person or entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division, except that, any person who wishes to assert an Abuse Claim must submit a completed Abuse Claim Supplement in accordance with paragraph 13 of this Order;

(b)      Any person or entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c)      Any professionals retained by the Diocese or any Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d)      Any person or entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

(e)     Any person or entity whose claim against the Diocese is allowed by an order of the Court entered on or before the applicable Bar Date; and

(f)     Any person or entity whose claim has been previously settled or paid in full.

**Procedure for Filing Proofs of Claim**

8.     9. Proofs of claim may not be filed with the Court or with the Clerk of the Court.  All claimants are directed to submit their proofs of claim to Stretto, the Diocese's Claims and Noticing Agent, as set forth in paragraphs 10 and 11 below.

**General (non-Abuse) Claims**

9.     10. All claimants wishing to submit a claim that is not an Abuse Claim (a "General Claim") shall do so by completing the Proof of Claim Form attached hereto as ***Schedule 1*** (each such completed and timely submitted Proof of Claim Form, a "General Proof of Claim"). In order to be considered valid, each General Proof of Claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Diocese upon request, and (c) be actually received by Stretto, the Diocese's Claims and Noticing Agent, as of the applicable Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. In the event that a General Proof of Claim is mailed to or

personally delivered to the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division, the Clerk of the Court is directed to mark the General Proof of Claim with the date and time of receipt, place the General Proof of Claim in a sealed envelope, and transmit the sealed envelope to Stretto at the address for receipt of General Proofs of Claim Forms above. Further, in the event that a General Proof of Claim is mailed to or personally delivered to counsel for the Diocese, counsel for the Diocese is directed to mark the General Proof of Claim with the date and time of receipt, place the General Proof of Claim in a sealed envelope, and transmit the sealed envelope to Stretto at the address for receipt of General Proofs of Claim Forms above.

Abuse Claims

10.    11. An Abuse Claimant should file an Abuse Claim and may only be made on account an individual upon whom abuse was inflicted submit a Confidential Abuse Claim Supplement.  Any other claim may should be asserted submitted as a General Claim.  If an Abuse Claimant submits a General Claim by the Bar Date, such claim shall be deemed timely filed.

11.    (a) All claimants asserting Abuse Claims shall submit their proof of claim using the Proof of Claim Form, a copy of which is attached hereto as *Schedule 1*, together with (each such completed and timely submitted Proof of Claim Form, an "Abuse Proof of Claim"), and such claimant may also submit a completed Confidential Abuse Claim Supplement, a copy of which is attached hereto as *Schedule 2* (each such completed and timely submitted Proof of Claim Form submitted with an accompanying the "Confidential Abuse Claim Supplement, an "Abuse Proof of Claim"").  In order to be considered valid, each   Abuse Proof of Claim must: (a) include a completed Abuse Claim Supplement that contains responses to all requests for information set forth therein to the best of the Abuse Claimant's knowledge at the time the form is signed, (b) be signed by the Abuse Claimant or such Abuse Claimant's counsel of record (or if such Abuse Claimant is a minor, legally incapacitated, or deceased, by such Abuse Claimant's

parent, legal guardian or executor or such Abuse Claimant's counsel), and (eb) be actually received by

Stretto, the Diocese's Claims and Noticing Agent, as of the General Bar Date either (i) electronically using

the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or by delivering

an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese

of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. In the event an Abuse Proof of

Claim is mailed to or personally delivered to the Clerk of the Court for the United States Bankruptcy Court

for the Northern District of New York, Utica Division, the Clerk of the Court is directed to mark the

Abuse Proof of Claim with the date and time of receipt, place the Abuse Proof of Claim in a sealed

envelope, and transmit the sealed envelope to Stretto at the address for receipt of Abuse Proofs of Claim

above. In the event that  an Abuse Proof of Claim is mailed to or personally delivered to counsel for the

Diocese, counsel for the Diocese is directed to mark the Abuse Proof of Claim with the date and time of

receipt,  place the Abuse Proof of Claim in a sealed envelope, and transmit the sealed envelope to Stretto at

the address for receipt of Abuse Proofs of Claim above.

12.    If a claimant submits a proof of claim that appears to assert an Abuse Claim prior to

the General Bar Date but without including a completed Abuse Claim Supplement, such claim will be

treated as timely filed, and the Diocese shall make a written request to such claimant to submit a

completed Abuse Claim Supplement. The failure to submit an Abuse Claim Supplement prior to the

later of (i) the General Bar Date or (ii) ten (10) business days following the date of the Diocese's

written notice shall be grounds to disallow an Abuse Claim. Additionally, Abuse Claimants may, and

are encouraged to, file the Confidential Abuse Claim Supplement in the form attached as Schedule 2

to the Proposed Order.   The submission of the Confidential Abuse Claim Supplement is voluntary,

but the information provided is important for the Diocese, Committee, applicable insurance

companies and other parties in interest to analyzing the claims.   The Confidential Abuse Claim

Supplement is subject to the same confidentiality provisions as the Abuse Proof of Claim, and the use

of information in the Confidential Abuse Claim Supplements is strictly limited to any Bankruptcy

Court approved ongoing mediation in the Debtor's bankruptcy case and may not be used for any other

purpose at any time and shall not be used or provided to any creditors or third parties other than as

expressly set forth herein.  The Confidential Abuse Claim Supplements will also be subject to any

confidentiality or other restrictions pursuant to any order relating to mediation in this Bankruptcy

Case.

13.    Confidential Abuse Claims Supplements should be submitted to Stretto either (i)

electronically using the interface available on Stretto's website at

https://case.stretto.com/dioceseofogdensburg or by delivering an original thereof by hand delivery,

first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York,

Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.  Confidential Abuse

Claim Supplements sent by facsimile, telecopy, or e-mail will not be accepted. In the event a

Confidential Abuse Claim Supplement is mailed to or personally delivered to the Clerk of the Court

for the United States Bankruptcy Court for the Northern District of New York, Utica Division, the

Clerk of the Court is directed to mark the Confidential Abuse Claim Supplement with the date and

time of receipt, place the Confidential Abuse Claim Supplement in a sealed envelope, and transmit the

sealed envelope to Stretto at the address for receipt of Confidential Abuse Claim Supplements above.

In the event that an Confidential Abuse Claim Supplement is mailed to or personally delivered to

counsel for the Diocese, counsel for the Diocese is directed to mark the Confidential Abuse Claim

Supplement with the date and time of receipt, place the Confidential Abuse Claim Supplement in a

sealed envelope, and transmit the sealed envelope to Stretto at the address for receipt of Confidential

Abuse Claim Supplement above.

**Establishment of Confidentiality Protocol**

14.   13. The following confidentiality protocol ("Confidentiality Protocol") shall apply to all

Abuse Proofs of Claim and Confidential Abuse Claim Supplements submitted by Abuse Claimants:

(a)   All claimants asserting an Abuse Claim are directed to submit such claims directly to Stretto, the Diocese's Claims and Noticing Agent, using the Proof of Claim Form and, if they elect to do so, the Confidential Abuse Claim Supplement. Abuse Claims and Confidential Abuse Claim Supplement should not be filed with the Court.

(b)   Abuse Proofs of Claim and Confidential Abuse Claim Supplements received by Stretto will be treated as confidential and will be made available only to Authorized Parties (as defined below) unless an Abuse Claimant affirmatively elects to have their Abuse Proof of Claim and Confidential Abuse Claim Supplement disclosed publicly. Any claim that appears to be an Abuse Claim that is filed as a General Claim shall be treated by Stretto as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim. The Confidentiality Protocol is for the sole and exclusive benefit of the Abuse Claimants. Accordingly, any Abuse Claimant may elect to make information contained in his or her personal Abuse Proof of Claim or Confidential Abuse Claim Supplement public, even if he or she does not elect to have his or her personal Abuse Proof of Claim disclosed publicly. For the avoidance of doubt, Abuse Claimants are not bound by the confidentiality provisions of this Order with respect to disclosures regarding their own abuse or any information disclosed by an Abuse Claimant in his or her Abuse Claim or Confidential Abuse Claim Supplement.

(c)   Abuse Proofs of Claim and Confidential Abuse Claim Supplements received by Stretto shall be held and treated as confidential by Stretto, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

i.   The Bishop of the Diocese, officers of the Diocese, and such other current or former employees and representatives of the Diocese or its parishes, or other persons who are necessary to assist the Diocese in reviewing and analyzing the Abuse Proofs of Claim and in effectuating and observing the Diocese's safe environment policies. For the avoidance of doubt, any person that was disclosed to the Debtor as an individual who had committed an act of sexual abuse, as well as any

person identified as an ~~alleged~~ abuser in a Sexual Abuse Proof of Claim ~~shall not be an Authorized Person with respect to such Abuse Proof of Claim, and any person~~Form or who is otherwise acknowledged by the ~~Diocese~~Debtor[1] as someone who committed ~~acts of abuse~~Sexual Abuse, shall not be an Authorized Person ~~with respect to any Abuse Proof of Claim~~, *provided*, *however*, ~~that~~ the Diocese is authorized to discuss the contents of any Sexual Abuse Proof of Claim with a person identified as an alleged abuser who ~~has~~was not previously ~~been acknowledged by~~disclosed to the Diocese as ~~someone~~an individual who had committed an act of ~~sexual~~ abuse for the purpose of ~~assessing the claim,~~ conducting an internal investigation and assessing the actual claim by providing any affected Sexual Abuse Claimant, such affected Sexual Abuse Claimant's counsel (if any), and counsel to the Committee, with notice delivered via overnight delivery and e-mail of such planned disclosure (a "Disclosure Notice") and an opportunity to object to such disclosure. If the Diocese receives a written objection to such disclosure (an "Objection Notice") on or before 5 p.m. (Eastern) on the fifth (5th) business day following its receipt of the Disclosure Notice (the "Objection Deadline"), (a) the Diocese may not make the disclosure set forth in the Disclosure Notice until such time as the Court permits such disclosure or the Committee consents to such disclosure, and ~~complying with~~(b) the Diocese~~'s safe environment policies;~~ may makes an application to the Court on no less than five (5) business days' notice (or such other time as the Court may allow) seeking authorization to make such disclosure over the Committee's objection. In the event that no Objection Notice is received prior to the Objection Deadline, the Diocese may make the disclosure set forth in the Disclosure Notice.

ii. Counsel and other professionals to the Diocese, the Committee, or any other official committee, retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel or professionals, who are necessary to assist the Debtor or the Committee in reviewing and analyzing the Survivor Claims;

iii. Members of any Committee and their individual counsel (after the Abuse Proof of Claim has been redacted by the Diocese (including through Stretto) to remove (a) the claimant's name, address, and other information identified in Parts 1 and 2(a) of the Confidential Abuse Claim Supplement, the signature block and any other information which could reasonably be used to personally identify an Abuse Claimant~~)~~ and

---

[1] Individuals acknowledged by the Debtor as someone who has committed an act of Sexual Abuse include, but are not limited to, those individuals identified by the Debtor on its website at https://www.dor.org/protecting-our-children/dispositions-2002-present/ (last visited January 31, 2020).

(b) the personally identifying information of any other person identified as someone who was the subject of Abuse;

iv.  Any Insurer that provided insurance or reinsurance that may cover the claims described in any Abuse Proof of Claim, together with their respective successors, reinsurers and counsel;

v.  Any person appointed pursuant to an order of the Bankruptcy Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Abuse Claims, in this Chapter 11 Case or any adversary proceeding filed in this Chapter 11 Case;

vi.  Any trustee, or functional equivalent thereof, appointed to administer payments to Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

vii.  Any person with the express written consent of the Diocese and the Committee, upon ~~10 business~~14 days' notice, or such other time as the court may allow, to the affected Abuse Claimant(s);

viii.  Such other persons as the Court may authorize to access one or more of the Abuse Proofs of Claim pursuant to subsequent order; *provided*, *however*, that any such determination shall be made on no less than seven (7) days' notice to the affected Abuse Claimant(s), the Committee, and the Diocese; and

ix.  Counsel of record to any Authorized Party upon execution of a Confidentiality Agreement by such counsel.

(d)  Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Abuse Proof of Claim or Confidential Abuse Claim Supplement prior to the execution of a confidentiality agreement substantially in the form attached hereto as *Schedule 3* (the "Confidentiality Agreement"); provided, however that a mediator appointed in the case shall not be required to execute a confidentiality agreement if such mediator is currently a Bankruptcy Judge, a U.S. Magistrate Judge, or U.S. District Court Judge. Counsel of record to any Authorized Party shall only be required to execute a single Confidentiality Agreement, which shall be deemed binding on their entire firm. Access to the Abuse Proofs of Claim and Confidential Abuse Claim Supplements for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Abuse Proofs of Claim or Confidential Abuse Claim Supplement on behalf of an Authorized Party. Copies of all Confidentiality Agreements shall be provided to the Diocese and the Committee through their respective counsel.

(e) Authorized Parties in possession of any Abuse Proof(s) of Claim and Confidential Abuse Claim Supplements shall keep such Abuse Proof(s) of Claim and Confidential Abuse Claim Supplements confidential and shall not use or disclose any information provided in any Abuse Proof(s) of Claim or Confidential Abuse Claim Supplements except in accordance with the terms of this Order, the Confidentiality Agreement or pursuant to an order of this Court, unless the Abuse Claimant has elected to make his or her Abuse Proof of Claim or Confidential Abuse Claim Supplement public by indicating such consent in Part 1 of the Confidential Abuse Claim Supplement.

(f) Stretto shall assign to each claimant asserting an Abuse Claim a unique identifier code and shall maintain a confidential list of the identities of the Abuse Claimants, their corresponding identifier code, and their respective Abuse Proof(s) of Claim and Confidential Abuse Claim Supplements. The confidential list of the identities of Abuse Claimants shall be provided only to such parties that are Authorized Parties entitled to the personally identifying information of Abuse Claimants pursuant to this Order.

**Notice of Bar Date**

15. ~~14.~~ Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice and (ii) a copy of the Proof of Claim Form (together with the Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) all parties that have filed a notice of appearance in the Diocese's Chapter 11 Case; (c) all creditors listed in the Diocese's Schedules (except those creditors listed on the portions of Schedule F filed under seal relating to Abuse Claimants); (d) all parties to executory contracts and unexpired leases of the Diocese; (e) all persons or entities that have previously filed proofs of claim in the Diocese's Chapter 11 Case; and (f) such additional persons and entities as the Diocese may deem appropriate or advisable.

16. ~~15.~~ Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice, (ii) a copy of this Order (without exhibits or schedules), and (iii) a copy of the Proof of Claim Form and Confidential Abuse

Claim Supplement (together with the Bar Date Notice and Bar Date Order, the "Abuse Claim Notice Package"), upon each person, or their respective counsel, who is listed on that portion of the Diocese's Schedule F filed under seal. The Diocese shall not be required to send an Abuse Claim Notice Package to any person who has previously entered into a settlement with the Diocese regarding an Abuse Claim if the Diocese has performed all of its monetary obligations under the terms of such settlement.

17.    16. In addition to providing direct notice to known creditors as set forth above, subject to applicable publication guidelines and submission deadlines, the Diocese shall cause a notice in substantially the form attached hereto as *Schedule 5* (the "Publication Notice") to be published as follows:

a.      Once, no later than twenty-one (21) days after the entry of this Order, in *USA Today*, and

*b.*     Twice, with the first publication no later than twenty-one (21) days after entry of this Order and the second publication no later than fourteen (14) days prior to the Bar Date, in *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, *North Country This Week*, and the *North Country Catholic.*

18.    17. In addition to the foregoing publication, the Diocese shall use reasonable efforts to take the following additional measures to disseminate information relating to the Bar Date as soon as practicable following entry of this Order:

i.      Beginning no later than five (5) business days after entry of the Bar Date Order and at least through the General Bar Date, the Diocese will cause prominent, one-click links to the General Claim Notice Package and the Abuse Claim Notice Package to be posted on the case management website maintained by Stretto.

ii.     The Diocese will establish and maintain, or cause Stretto to establish and maintain, a telephone number which may be used by claimants to ask questions or to request copies of the General Claim Notice Package, the Abuse Claim Notice Package, or parts thereof;

iii.    Beginning within ten (10) business days of the entry of this Order and at least through the General Bar Date, the Diocese will cause links to the General Claim Notice Package and the Abuse Claims Notice Package to be posted on the Diocese's website homepage.

*iv.*    Within ten (10) business days of entry of this Order, the Diocese will issue a press release regarding the Bar Date and including the Bar Date Notice to the news departments of *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, and *North Country This Week.*

v.    The Diocese will provide a copy of the Publication Notice to each parish and ministry (except primary and secondary schools) overseen by the Bishop of the Diocese with a request to display the Publication Notice in a prominent place until the General Bar Date.

19.   ~~18.~~ The Court finds that the form and manner of giving notice of the Bar Date as approved herein fulfills the notice requirements of the Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Bar Date and the need to file a proof of claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012). Accordingly, the Diocese is authorized and directed to serve and/or publish notice of the Bar Date in the manner described herein.

20.   ~~19.~~ Nothing contained in this Order is intended or should be construed as a finding as to the validity of any claim against the Diocese, and all parties retain all rights to dispute any claim on any grounds. All parties retain the right to dispute, or to assert offsets or defenses to, any claim (whether or not reflected on the Schedules or any amendments thereto) as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed.

21.   ~~20.~~ The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

Document comparison by Workshare Compare on Tuesday, September 26, 2023 11:31:51 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_LA/350701/1 |
| Description | DOCS_LA-#350701-v1-Proposed_Bar_Date_Order_-Ogdensburg |
| Document 2 ID | PowerDocs://DOCS_LA/350701/3 |
| Description | DOCS_LA-#350701-v3-Proposed_Bar_Date_Order_-Ogdensburg |
| Rendering set | Standard no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 85 |
| Deletions | 51 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 136 |

**<u>Schedule 2</u>**

(To Bar Date Order)

**Form of Confidential Abuse
Claim Supplement**

1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | **)** | Case No. 23-60507 (PGR) |
| | **)** | |
| The Roman Catholic Diocese of | **)** | Chapter 11 |
| Ogdensburg, New York, | **)** | |
| | **)** | |
| Debtor. | **)** | |
| | **)** | |

## CONFIDENTIAL ABUSE CLAIM SUPPLEMENT

**THIS FORM MUST BE *RECEIVED* NO LATER THAN NOVEMBER 23, 2023 AT 11:59 P.M. (PREVAILING EASTERN TIME) (THE "BAR DATE")**

Carefully read the instructions that are included with this **CONFIDENTIAL ABUSE CLAIM SUPPLEMENT** and complete all applicable questions

**The filing of this Confidential Abuse Claim Supplement is voluntary, but each Abuse Claimant is encouraged to submit this form.  The information provided is important for the Diocese, Committee, applicable insurance companies and other parties in interest to analyzing the Abuse Claims. Submitting this Confidential Abuse Claim Supplement at the outset will help streamline the process of identifying claims and all applicable insurance coverage and expedite a distribution to creditors.**

**The Information you share will be kept strictly confidential. This form and the information in it may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court in the Bar Date Order, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors, the United States Trustee, and to such other persons as the Bankruptcy Court may authorize. Please be assured that these parties have agreed and are required to keep your information strictly confidential.  Additionally, the use of the information in the Confidential Abuse Claim Supplement is strictly limited to any Bankruptcy Court approved ongoing mediation in the Debtor's bankruptcy case and for no other purpose at any time and shall not be used or provided to any creditors or third parties other than as expressly approved by the Bankruptcy Court.**

**Please read all questions and instructions carefully, and answer to the best of your ability. If you do not complete and include this Confidential Abuse Claim Supplement as an attachment to your filed claim, your failure to do so may be the basis for an objection to your claim.**

**If you have an attorney, you should complete this form with the assistance of counsel.**

**Knowingly and fraudulently submitting false information to this court is a**

**crime punishable by fine, imprisonment, or both. 18 U.S.C. §§ 152, 157, 3571.**

For purposes of this Confidential Abuse Claim Supplement, an "Abuse Claim" is any claim (as defined in section 101(5) of the Bankruptcy Code) against The Roman Catholic Diocese of Ogdensburg, New York. (the "Diocese") resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible. An "Abuse Claimant" is the person asserting an Abuse Claim against the Diocese. If the Abuse Claimant is a minor, a parent or legal guardian may complete this Abuse Claim Supplement on the minor's behalf. If the Abuse Claimant is deceased or incapacitated, the Abuse Claimant's legal representative or executor of the decedent's estate may complete this Abuse Claim Supplement on their behalf.

**THIS ABUSE CLAIM SUPPLEMENT IS FOR ABUSE CLAIMS ONLY.**

DOCS_LA:350745.1 18493/001350745.4 18493/001

~~TO BE VALID,~~ THIS **CONFIDENTIAL** ABUSE CLAIM SUPPLEMENT ~~MUST~~**SHOULD**:

(A)     Provide responses that are complete and accurate to the best of your knowledge;

(B)     Be signed by the Abuse Claimant or their counsel of record, except that if the Abuse Claimant is a minor, incapacitated or deceased, this Abuse Claim Supplement may be signed by the Abuse Claimant's parent, legal guardian, or executor, as applicable; and

(C)     Be ~~actually~~ received by Stretto, the Diocese's claims and noticing agent, on or prior to the Bar Date, either:

  (i)     electronically using the interface available at: https://case.stretto.com/dioceseofogdensburg; or

  (ii)    via hand delivery, U.S. Mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**CONFIDENTIAL ABUSE CLAIM SUPPLEMENTS SENT BY FACSIMILE, TELECOPY, OR E-MAIL WILL NOT BE ACCEPTED.**

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

~~**FAILURE TO COMPLETE AND RETURN THIS FORM IN A TIMELY MANNER MAY RESULT IN YOUR INABILITY TO VOTE ON A PLAN OF REORGANIZATION AND INELIGIBILITY TO RECEIVE A DISTRIBUTION IN THE ABOVE-CAPTIONED CHAPTER 11 CASE.**~~

~~**THIS ABUSE CLAIM SUPPLEMENT IS NOT SUFFICIENT TO ASSERT AN ABUSE CLAIM AGAINST ANY ENTITY OTHER THAN THE DIOCESE.**~~

**ANSWER THESE QUESTIONS TO THE BEST OF YOUR KNOWLEDGE AND ABILITY AT THE TIME YOU COMPLETE THIS FORM.**

| |
|---|
| ~~**A PERSON WHO FILES A FRAUDULENT CLAIM COULD BE FINED UP TO $500,000, IMPRISONED FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 157, and 3571.**~~ |

**PART 1: CONFIDENTIALITY**

Unless the Abuse Claimant indicates below that the Abuse Claimant wants this document to be part of the public record, theThe Abuse Claimant's identity will be kept strictly confidential, under seal, and outside the public record pursuant to an Order of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court"). However, this Confidential Abuse Claim Supplement and your Proof of Claim Form may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors (the "Committee"), their respective counsel, the United States Trustee, and such other persons as the Bankruptcy Court may authorize.

**ONLY THE ABUSE CLAIMANT MAY WAIVE THE CONFIDENTIALITY OF THEIR INFORMATION PROVIDED HEREIN.**

| Please select only one option below: | |
|---|---|
| ☐      I wish to keep my identity and all information herein CONFIDENTIAL. | ☐      I authorize my name, identity and this Abuse Claim Supplement (together with any exhibits and attachments) to be  made PUBLICLY AVAILABLE AND PART OF THE PUBLIC RECORD. |
| **Signature:** | |
| **Print Name:** | |

**IF YOU DO NOT CHECK EITHER BOX, IF YOU CHECK BOTH BOXES, OR IF YOU DO NOT PROVIDE YOUR NAME AND SIGNATURE ABOVE, YOUR CLAIM WILL REMAIN CONFIDENTIAL.**

**PART 2: IDENTIFYING INFORMATION**

    a.     **Abuse Claimant**

First Name                      Middle Initial               Last Name         Suffix (if any)

Mailing Address (If party is incapacitated, is a minor or is deceased, please provide the address of the legal representative submitting the claim. If you are in jail or prison, your current address).

City                           State/Prov.         Zip Code (Postal Code)

Telephone No(s):
Home:_____ ~~Work:~~          Cell:_____ **If you are re**

Email address: _____
**If you are represented by counsel, you may provide your attorney's email address instead of your own**.

Social Security Number (last four digits only): _____

If you are **not** represented by counsel and are in jail or prison, your identification number and location of incarceration.  If you are represented by counsel and such counsel's contact information is provided, then this information is not necessary:

~~May~~

_____

Birth Date: _____
                Month         Day       Year

6

Any other name, or names, by which the Abuse Claimant has been known (including maiden name, if applicable):

If you are **not** represented by counsel, may the Diocese, the Committee, and their respective counsel of record in this chapter 11 case leave voicemails for you regarding your claim?

☐Yes                                                    ☐ No

~~May~~If you are **not** represented by counsel, may the Diocese, the Committee, and their respective counsel of record in this chapter 11 case send confidential information to your email?                                        ☐Yes          ☐ No

~~Birth Date:~~ _____

~~Month~~ _____          ~~Day~~          ~~Year~~

~~Any other name, or names, by which the Abuse Claimant has been known (including maiden name, if applicable):~~

**a. Abuse Claimant's Attorney (if any):**

_____
Law Firm Name

_____
Attorney's         First Name          Middle Initial              Last Name

_____
Street Address

_____
City                          State/Prov.       Zip Code (Postal Code)          Country
                                                                             (if other than U.S.A.)

7

Telephone No.                Fax No.                        E-mail address

Committee Comments 9/26/23

**PART 3:  NATURE OF COMPLAINT**

**(Attach additional separate sheets if necessary)**

**NOTE: IF YOU HAVE PREVIOUSLY FILED A LAWSUIT AGAINST THE DIOCESE IN STATE OR FEDERAL COURT, PLEASE ATTACH THE COMPLAINT AND RESPOND TO THE QUESTIONS BELOW.**

a.      **Who committed the acts of abuse against you?** Individuals identified in this section will be referred to as the "abuser" in questions below. If applicable, you may identify more than one abuser. Please provide the complete name(s) of each abuser to the best of your recollection. If you do not know the name(s) of each abuser, please identify them by title, position or other description.

_____

_____

_____

_____

_____

b.      **How did you know the abuser?** For example, was the abuser at your church, school or part of another group with which you were involved? Was the abuser a relative or family friend?

_____

_____

c.      **If the abuser was affiliated with a church, parish, school, or Diocesan organization, please identify such church, parish, school or organization.**

_____

_____

      d.    **Where did the abuse take place?** Please be specific and complete all relevant information to the best of your recollection, including the names of locations and addresses, if known.

_____

_____

e.    **When did the abuse take place?** Please be as specific as possible. If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

f.    **Do you know how old you were at the time the abuse began and ended?** Please be as specific as possible. If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

g.    **Please describe the nature of the abuse.** If you are able, please specify what happened (e.g., the circumstances, approximate number of occurrences, frequency, duration, and type(s) of abuse):

_____

_____

_____

_____

11

_____

_____

_____

_____

_____

_____

DOCS_LA:350745.1 18493/001350745.4 18493/001

h.    **Have you experienced injury and/or damages because of the act or acts of abuse described above?** Please provide as much detail as possible. For example, describe any injuries or damages, as well as any effect on your emotions, education, employment, personal relationships, health, or faith.

i.    ~~**Have you ever asserted a claim against the Diocese, or against any entity or individual other than the Diocese (including, but not limited to, any parish, church, school, the Boy Scouts of America or any local council thereof, or any other organization) relating to the abuse described in this claim?** If you have, please state when you asserted the claim, against whom the claim was asserted, the manner in which the claim was asserted (for example, a complaint made to law enforcement, a lawsuit or demand letter, participation in the Diocese's Independent Reconciliation and Compensation Program (IRCP) or a similar program sponsored by an entity other than the Diocese, an informal request for compensation, etc.), and the result of such claim (including, for example, whether such claim resulted in a settlement or was adjudicated and, if so, the terms of any non-confidential settlement or the outcome of such adjudication).~~

~~j.     **Did you tell anyone about the abuse and, if so, whom did you tell?** If you did tell anyone, what did you tell that person and when? You do not need to disclose any communications you had with an attorney.~~

<table>
<tr><td>_____</td></tr>
<tr><td>_____</td></tr>
<tr><td>_____</td></tr>
<tr><td>_____</td></tr>
<tr><td>_____</td></tr>
<tr><td>_____</td></tr>
<tr><td>_____</td></tr>
</table>

~~Sign and print your name~~**Counsel for the Abuse Claimant or the Abuse Claimant should sign below.  If being signed by counsel, please indicate that you are counsel.  If you are signing the claim on behalf of a minor, decedent or incapacitated person, state your relationship to the Abuse Claimant.**

~~Under penalty of perjury,~~ I declare the foregoing statements to be true and correct.

Date: _____

Signature:

_____

Print Name: _____

Relationship to the Sexual Abuse Claimant: _____

14

Document comparison by Workshare Compare on Tuesday, September 26, 2023 11:47:43 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_LA/350745/1 |
| Description | DOCS_LA-#350745-v1-Ogdensburg_Proof_of_Claim_Supplement |
| Document 2 ID | PowerDocs://DOCS_LA/350745/4 |
| Description | DOCS_LA-#350745-v4-Ogdensburg_Proof_of_Claim_Supplement |
| Rendering set | Standard no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 24 |
| Deletions | 37 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 61 |

## <u>Schedule 4</u>

(To Bar Date Order)

**Form of Proposed Notice**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | )Case No. 23-60507 (PGR) |
| | ) |
| The Roman Catholic Diocese | )Chapter 11 |
| of Ogdensburg, New York, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ROMAN CATHOLIC
DIOCESE OF OGDENSBURG, NEW YORK:

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS,
INCLUDING WHETHER YOU HAVE A CLAIM OR WHETHER YOU MUST FILE A
PROOF OF CLAIM. YOU MAY ALSO OBTAIN INFORMATION FROM THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS BY CALLING [_____].**

PLEASE TAKE NOTICE that on July 17, 2023 (the "Petition Date") The Roman Catholic
Diocese of Ogdensburg, New York (the "Diocese") filed a voluntary petition for relief under
chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy
Code") in the United States Bankruptcy Court for the Northern District of New York (the
"Bankruptcy Court"). Information regarding the Diocese, its business, and other relevant
information related to this chapter 11 case (the "Chapter 11 Case") may be obtained at the case
management website maintained by Stretto, the Diocese's Claims and Noticing Agent at:
https://case.stretto.com/dioceseofogdensburg.

PLEASE TAKE FURTHER NOTICE that on [_____], 2023, the Bankruptcy
Court entered an order (the "Bar Date Order")[1] establishing ~~November 23~~January 18, ~~2023~~2024
at 11:59 p.m. (prevailing Eastern time), as the deadline for all persons and Entities other than
Governmental Units, including persons asserting Abuse Claims, to file prepetition claims in this
Chapter 11 Case (the "General Bar Date"), and establishing ~~January 13~~March 18, **2024 at
11:59 p.m.** (prevailing Eastern time), as the deadline for all Governmental Units to file
prepetition claims in this Chapter 11 Case (the "Governmental Bar Date" and together with the
General Bar Date, the "Bar Date").

Except as described below, the Bar Date Order requires all persons or Entities, including
Governmental Units, that have or may assert prepetition claims of any nature against the
Diocese, including Abuse Claims, to submit proofs of claim so that they are received by Stretto
on or before the Bar Date. Please note that the terms "Entity," "Governmental Unit," "Claim,"
and "Abuse Claim" are defined below.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bar Date Order.

PLEASE TAKE FURTHER NOTICE that all claimants are directed to use the Proof of Claim Form approved in the Bar Date Order to submit their claim. A copy of the Proof of Claim Form is enclosed with this Notice. All claimants wishing to assert Abuse Claims are ~~directed~~also encouraged to complete and submit the Confidential Abuse Claim Supplement in addition to their Proof of Claim Form. If the Diocese has identified you as having a potential Abuse Claim, a copy of the Confidential Abuse Claim Supplement is also enclosed with this Notice. If no Proof of Claim Form accompanies this Notice, or if you wish to assert an Abuse Claim and did not receive an Confidential Abuse Claim Supplement, copies of both the Proof of Claim Form and the Confidential Abuse Claim Supplement may be obtained online by visiting https://case.stretto.com/dioceseofagdensburg, or may be requested by calling (844) 634- 0003.

## KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, States, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Diocese and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "Abuse Claim" shall mean any Claim against the Diocese resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible.

## I.    WHO MUST FILE A PROOF OF CLAIM

a. ***General Bar Date***: The Bar Date Order establishes ~~November 23~~**January 18**, ~~2023~~**2024** **at 11:59 p.m.** (prevailing Eastern time) as the General Bar Date. All persons or Entities other than Governmental Units, including, without limitation, any person wishing to assert an Abuse Claim, must file their proofs of claim on or before the General Bar Date.

b. ***Governmental Bar Date***. The Bar Date Order establishes ~~January 13~~**March 18**, **2024 at 11:59 p.m.** (prevailing Eastern time) as the Governmental Bar Date. All Governmental Units must file their proofs of claim on or before the Governmental Bar Date.

c. *The Following Persons or Entities Must File a Proof of Claim on or Before the Applicable Bar Date:*

   i.    Any person or Entity whose prepetition claim was not listed in the Diocese's Schedules of Assets and Liabilities filed in this Chapter 11 Case (the "Schedules"), or any amendment thereto, or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who desires to participate in this Chapter 11 Case or to share in any distributions to creditors that may be made in this Chapter 11 Case;

   ii.   Any person or Entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

   iii.  Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

d. *The Following Persons or Entities are Not Required to File Proofs of Claim at this Time:*

   i.    Any person or Entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division~~, except that any person who has asserted an Abuse Claim must submit a completed Abuse Claim Supplement in accordance with the requirements of the Bar Date Order~~;

   ii.   Any person or Entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute

the amount or classification of its claim as set forth in the Schedules;

iii.   Any professionals retained by the Diocese or the Committee pursuant to orders of the Bankruptcy Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

iv.   Any person or Entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

v.   Any person or Entity whose claim against the Diocese is allowed by an order of the Bankruptcy Court entered on or before the applicable Bar Date; and

vi.   Any person or Entity whose claim has been previously settled or paid in full.

## II.   CONFIDENTIALITY OF ABUSE CLAIMS

Pursuant to the Bar Date Order, filed Abuse Proofs of Claim and Confidential Abuse Claim Supplements will be treated confidentially in this Chapter 11 Case unless the Abuse Claimant elects to have his or her claim publicly disclosed. Any Abuse Proof of Claim or Confidential Abuse Claim Supplement that you file will not be available to the general public, and will be kept confidential, except that information will be provided to Authorized Parties under the Bar Date Order, all of whom will agree to keep the information provided by you confidential pursuant to the Bar Date Order.

The filing of the Confidential Abuse Claim Supplement is voluntary, but the information provided is important for the Diocese, Committee, applicable insurance companies and other parties in interest to analyzing the claims.   The Confidential Abuse Claim Supplement is subject to the same confidentiality provisions as the Abuse Proof of Claim, and the use of information in the Confidential Abuse Claim Supplements is strictly limited to any Bankruptcy Court approved ongoing mediation in the Debtor's bankruptcy case and may not be used for any other purpose at any time and shall not be used or provided to any creditors or third parties other than as expressly set forth in the Bar Date Order and herein.  The Confidential Abuse Claim Supplements will also be subject to any confidentiality or other restrictions pursuant to any order relating to mediation in this Bankruptcy Case.

## III.   CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any person or Entity that is required to file a proof of claim, but fails to do so on or before the applicable Bar Date shall not may be treated as a creditor with respect to such Claim and shall may not be entitled to vote to accept or reject, or to share in any distribution under, any Chapter 11 plan proposed and/or confirmed in this Chapter 11 Case. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must may be required to file a proof of claim on or before the applicable Bar Date in order to preserve or assert your claim against the Debtor.  Any party that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

## <u>RESERVATION OF RIGHTS</u>

Nothing in the Bar Date Order shall be construed as limiting any party's rights to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude any party from objecting to any Claim, whether scheduled or filed, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

**Proofs of claim should not be filed with the Court or with the Clerk of the Court. All claimants are directed to submit their proofs of claim to Stretto**, the Diocese's Claims and Noticing Agent, as set forth below:

To be considered valid, each General Proof of Claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected), and (c) be actually received by Stretto, the Diocese's Claims and Noticing Agent, on or prior to the applicable Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original copy by hand mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.

In order to be considered valid, each Abuse Proof of Claim must: (a) include a completed Abuse Claim Supplement that contains responses to all requests for information set forth therein to the best of the Abuse Claimant's knowledge at the time the form is signed, (b) be signed by the Abuse Claimant or such Abuse Claimant's counsel of record (or if such Abuse Claimant is a minor, legally incapacitated, or deceased, by such Abuse Claimant's parent, legal guardian or executor) and (cb) be actually received by Stretto, the Diocese's Claims and Noticing Agent, as of the General Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. An Abuse Claim may only be made on account an individual upon whom abuse was inflicted. Any other claim may be asserted as General Claim.

Abuse Claimants may also submit Confidential Abuse Claim Supplements.  The Confidential Abuse Claim Supplement may be submitted with the Abuse Proof of Claim and should (a) be signed by the Abuse Claimant or such Abuse Claimant's counsel (or if such Abuse Claimant is a minor, legally incapacitated, or deceased, by such Abuse Claimant's parent, legal guardian or executor) and (b) be received by Stretto, the Diocese's Claims and Noticing Agent, as of the General Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.  If you do not complete and include the Confidential Abuse Claim Supplement as an attachment to your filed claim, your failure to do so may be the basis for an objection to your claim.

Proofs of claim will be deemed filed only when actually received by Stretto. Proofs of claim submitted electronically will be acknowledged via electronic mail or confirmation number from Stretto at the time of submission. If you wish to receive acknowledgement of Stretto's receipt of a proof of claim submitted in paper format, you must also submit with your original proof of

claim:

(i) one additional copy of your original proof of claim; and (ii) a self-addressed, postage pre-paid return envelope.

## <u>ADDITIONAL INFORMATION</u>

You may be listed as the holder of a Claim in the Diocese's Schedules. If you hold or assert a Claim that is not listed in the Schedules, or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of Court, United States Bankruptcy Court for the Northern District of New York, Utica Division. In addition, copies of the Diocese's Schedules and the Bar Date Order are available on the Stretto

case management website at https://case.stretto.com/dioceseofogdensburg, or on the Court's website (http://nynb.uscourts.gov/) by following the directions for accessing the ECF system on such website (a PACER password is required).

Requests for copies of the Proof of Claim Form and/or Confidential Abuse Claim Supplement should be directed to Stretto, the Diocese's Claims and Noticing Agent at (844) 634-0003. Stretto is not permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the contents of this notice or the completion or filing of a proof of claim.

Dated:_____, 2023

BY ORDER OF THE HONORABLE PATRICK G. RADEL
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Compare on Tuesday, September 26, 2023 11:55:22 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_LA/350775/1 |
| Description | DOCS_LA-#350775-v1-Ogdensburg_Notice_of_Bar_Dates_for_Filing_Proofs_of_Claim |
| Document 2 ID | PowerDocs://DOCS_LA/350775/5 |
| Description | DOCS_LA-#350775-v5-Ogdensburg_Notice_of_Bar_Dates_for_Filing_Proofs_of_Claim |
| Rendering set | Standard no moves |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 33 |
| Deletions | 26 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 59 |