**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>The Roman Catholic Diocese of<br>Ogdensburg, New York,<br><br>                          Debtor. | ) Hearing Date: October 3, 2023 at 1:00 pm ET<br>)<br>) Hearing Location: Alexander Pirnie<br>) U.S. Courthouse and Federal Building<br>) 10 Broad Street, Utica, New York<br>)<br>) Chapter 11<br><br>Case No. 23-60507 (PGR) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S MOTION
AUTHORIZING, BUT NOT DIRECTING, THE DIOCESE TO CONTINUE TO
ADMINISTER THE DEPOSIT AND LOAN FUND
AND DIOCESAN TRUST FUND IN THE ORDINARY COURSE OF
BUSINESS AND CONSISTENT WITH PAST PRACTICE**

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese" or the "Debtor") in the above-captioned case (the "Case") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned proposed counsel, hereby submits this Limited Objection and Reservation of Rights to the Motion of the Diocese for entry of interim and final orders authorizing, but not directing, the Diocese to continue to accept deposits, honor withdrawals, originate loans, and otherwise administer the Diocese of Ogdensburg Deposit & Loan Fund (the "Fund"), and to (b) continue to administer The Roman Catholic Diocese of Ogdensburg, New York, Trust Fund (the "DTF"), in each case in the ordinary course of business and consistent with past practice, and granting related relief  [Docket No. 16] (the "Motion").[1] In support of its Limited Objection and Reservation of Rights, the Committee respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.  In further support of this Limited Objection, the Committee also filed the Declaration of Karen B. Dine ("Dine Declaration").

1

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

1. The Debtor's Motion seeks to continue the ordinary course operation of its deposit and loan fund, the Fund and its trust fund, the DLF. As of the Petition Date, the Diocese estimates that the Fund had $11.2 million dollars in liquid assets,[2] and the DLF had $25 million in assets under management.[3]

2. The Diocese further asserts in the Motion that certain of the funds and assets in the DLF and the Fund are the property of or are held by the Diocese in trust for certain non-debtor affiliates.

3. The DLF and the Fund potentially represent significant and material assets of the Estate. While the Committee does not object to the relief being requested on an interim basis, the Committee requires further information and time in order to analyze the assets held in the Fund and the DLF before a final order on the Motion is granted.

4. The Committee does not object to the granting of the Motion on a continued interim basis subject to the Interim Order including the following:

- No Depositor shall withdraw funds from the Fund or the in excess of $25,000 without providing 15 days' notice (with such notice to include information regarding the parties to, the amount of, and reasons/basis for such transaction) via email to the Committee;

- The Diocese shall provide the Committee with read only online access to the DLS Financials system, and shall provide the Committee with a copy and/or back of the Fund accounting system data every 30 days;

- The Diocese shall provide the Committee with the documents and information requested by the Committee[4] on or before October 4, 2023; and

- The Interim Order on the Motion shall expressly provide that nothing in the Interim

---

[2] Declaration of Mark Mashaw Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings [Docket No. 6] ¶ 97.

[3] Motion ¶ 23.

[4] The Committee's request for information dated September 20, 2023 is attached as **Exhibit A** to the Dine Declaration.

2

        Order shall be deemed to be a finding or holding that any funds, securities, assets or other monies in the DLF or in the Fund are not property of the Estate or that any funds, securities, assets or other monies in the DLF or in the Fund are held in trust for the benefit of any other entity or person.

5. Attached as Exhibit A hereto is a proposed form of Interim Order reflecting these conditions.

6. Attached as Exhibit B hereto is a redlined version of the proposed Interim Order reflecting changes from the version proposed by the Diocese.

7. To the extent that the Diocese does not agree to the proposed conditions to the Interim Order or the Diocese seeks entry of a final order on the Motion, the Committee objects to entry of further Interim Order or Final Order on the Motion.

8. According to the Motion, the Diocese seeks to withdraw funds up to certain amounts in accordance with the Fund Budget and the DTF Budget. Motion ¶ 33. Additionally, according to the Diocese, the Fund Budget and the DTF Budget are its basis for seeking to be able to withdraw up to $1,500,000 and make up to $750,000 of loans from the Fund and principal distributions from the DTF of up to $400,000. *Id.* However, when asked by the Committee for copies of the Fund Budget and the DTF Budget, counsel for the Diocese responded that no such Budgets actually exist and that the numbers provided in the Motion are based on prior experience and practice.[5]

9. While the Diocese has provided some information relating to historical performance of the Fund and of the DTF, the Committee requires substantially more information regarding the DTF and the Fund in order to fully evaluate the request in the Motion and to analyze the DTF and the Fund to determine what amounts may be available from the Fund and the DTF to compensate survivors.

---

[5] **Exhibit B** to the Dine Declaration (Email dated August 30, 2023 from Walter Grayson to proposed Committee counsel) ("[T]he Diocese does not have a detailed breakout of specific projected disbursements from the DLF and DTF. The reference in the motion to a "Fund Budget" is simply intended to impose an aggregate limit of $1.5M in anticipated withdrawals from the DLF and $750k in new loans anticipated for the current fiscal year, based upon parish budgets and prior experience. Similarly, the "DTF Budget" refers to a limit on anticipated distributions of principal in the amount of $400k and a return of $875k in investment dividends, in both cases consistent with prior practice.")

3

10. Given the lack of either a DTF Budget or a Fund Budget, the Committee also requires advance written notice of transactions greater than $25,000 as well as current information from the accounting systems relating to the DLF and to the Fund in order to monitor the use of the assets and monies of the DLF and the Fund and to object, if necessary, before these potential Estate assets are depleted.

11. The Committee reserves all of its rights with respect to the Motion and the treatment of any funds, securities, assets or other monies held by the DLF or the Fund.

## CONCLUSION

12. The Committee respectfully requests that the Court enter the proposed order attached hereto as Exhibit A to resolve the Motion or the Motion should otherwise be denied.

WHEREFORE, the Committee respectfully requests that the Court enter the order attached hereto and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         September 26, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
780 Third Avenue, 34th Floor
New York, NY  10017-2024
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email: jstang@pszjlaw.com
Email: ischarf@pszjlaw.com
Email: kdine@pszjlaw.com

*Proposed Counsel for the Official Committee
of Unsecured Creditors of The Roman Catholic Diocese of
Ogdensburg, New Yo*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 23-60507 (PGR) |
| | ) |
| The Roman Catholic Diocese of Ogdensburg, New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING, THE DIOCESE TO CONTINUE TO ADMINISTER THE DEPOSIT AND LOAN FUND AND DIOCESAN TRUST FUND IN THE ORDINARY COURSE OF <u>BUSINESS AND CONSISTENT WITH PAST PRACTICE</u>**

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "<u>Diocese</u>") for entry of interim and final orders authorizing, but not directing, the Diocese to continue to accept deposits, honor withdrawals, originate loans, and otherwise administer the Diocese of Ogdensburg Deposit & Loan Fund (the "<u>Fund</u>"), and to (b) continue to administer The Roman Catholic Diocese of Ogdensburg, New York, Trust Fund (the "<u>DTF</u>"), in each case in the ordinary course of business and consistent with past practice, and granting related relief [Docket No. 16] (the "<u>Motion</u>");[1] and upon finding that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and upon finding that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that proper and adequate notice of the Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion on an interim basis is in the best interests of the Diocese, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. The Diocese is authorized, but not required, to: (a) to continue to accept deposits, honor withdrawals, and otherwise administer the Fund for the benefit of the Depositors, and (b) administer the DTF for the benefit of the Beneficiaries, in each case in the ordinary course of business and consistent with past practices.

3. Notwithstanding the foregoing, except as may be authorized in a subsequent interim or final order of the Court, between the Petition Date and _____, 2023, the Diocese shall not (i) originate new loans from the Fund, (ii) make disbursements from the DTF, or (iii) allow Depositors to withdraw more than $150,000 from the Fund, *provided, further* no Depositor shall withdraw funds from the DTF or from the Fund in excess of [$25,000] without providing 15 days' written notice via electronic mail to proposed counsel to the Committee, Ilan Scharf (ischarf@pszjlaw.com) and Karen Dine (kdine@pszjlaw.com). Such notice shall include information regarding the parties to, the amount of, and reasons/basis for the proposed transaction.

4. The Diocese shall provide the Committee with read only online access to the DLS Financials system, and shall provide the Committee with a copy and/or back of the Fund accounting system data every 30 days.

5. The Diocese shall provide the Committee with the documents and information requested on Exhibit B to the Declaration of Karen B Dine [Docket No. __] on or before October 4, 2023.

6. Nothing in this Order shall be deemed to be a finding or holding that any funds, securities, assets or other monies in the DLF or in the Fund are not property of the Estate or that any

funds, securities, assets or other monies in the DLF or in the Fund are held in trust for the benefit of any other entity or person. The rights of all parties with respect to the ownership of any funds, securities, assets or other monies in the DLF or in the Fund are expressly reserved.

7. To the extent the implementation of this Order does not comply with the applicable requirements under section 345 of the Bankruptcy Code, the U.S. Trustee Guidelines, or otherwise, such requirements are hereby waived.

8. The requirements set forth in Local Bankruptcy Rule 9013-5(a) are satisfied by the contents of the Motion or are otherwise deemed waived.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court. Any subsequent modification or vacatur of this Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior to such modification or vacatur.

11. Nothing in the Motion or this Interim Order, nor the Diocese's payment of any amounts pursuant to this Interim Order, if any, shall be construed as (i) an admission as to the validity of any claim against the Diocese, (ii) a waiver or impairment of the Diocese's rights to contest the validity or amount of any claim on any grounds, (iii) a promise to pay any claim, or (iv) an implication or admission by the Diocese that such claim is payable pursuant to this Interim Order.

12. The Diocese shall serve a copy of the Motion and this Interim Order on all parties identified in paragraph 42 of the Motion within three business days of the entry of this Interim Order.

13.            A final hearing on the Motion (the "Final Hearing") shall be held on [_____], 2023 at [ : ] [a.m./p.m.] (prevailing Eastern time). Any objections or responses to the Motion shall be filed and served as required by the Local Rules on or before on [_____], 2023 at 4:00 p.m. (prevailing Eastern time). This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection. In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter an order granting the relief requested in the Motion on a final basis without holding a Final Hearing.

14.     The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###

**EXHIBIT B**

Case 23-60507-6-pgr    Doc 131    Filed 09/26/23    Entered 09/26/23 17:11:58    Desc
Main Document    Page 10 of 16

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Case No. 23-60507 (PGR) |
| ) | |
| The Roman Catholic Diocese of ) | Chapter 11 |
| Ogdensburg, New York, ) | |
| ) | |
| Debtor. ) | |
| ) | |

### INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING, THE DIOCESE TO CONTINUE TO ADMINISTER THE DEPOSIT AND LOAN FUND AND DIOCESAN TRUST FUND IN THE ORDINARY COURSE OF BUSINESS AND CONSISTENT WITH PAST PRACTICE

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") for entry of interim and final orders authorizing, but not directing, the Diocese to continue to accept deposits, honor withdrawals, originate loans, and otherwise administer the Diocese of Ogdensburg Deposit & Loan Fund (the "Fund"), and to (b) continue to administer The Roman Catholic Diocese of Ogdensburg, New York, Trust Fund (the "DTF"), in each case in the ordinary course of business and consistent with past practice, and granting related relief [Docket No. 16] (the "Motion");[1] and upon finding that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and upon finding that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that proper and adequate notice of the Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion on an interim basis is in the best interests of the Diocese, its estate, creditors

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

DOCS_LA:351193.2 18493/002

and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. The Diocese is authorized, but not required, to: (a) to continue to accept deposits, honor withdrawals, and otherwise administer the Fund for the benefit of the Depositors, and (b) administer the DTF for the benefit of the Beneficiaries, in each case in the ordinary course of business and consistent with past practices.

3. Notwithstanding the foregoing, except as may be authorized in a subsequent interim or final order of the Court, between the Petition Date and ~~August 15~~_____, 2023, the Diocese shall not (i) originate new loans from the Fund, (ii) make disbursements from the DTF, or (iii) allow Depositors to withdraw more than $150,000 from the Fund~~.~~*, provided, further* no Depositor shall withdraw funds from the DTF or from the Fund in excess of [$25,000] without providing 15 days' written notice via electronic mail to proposed counsel to the Committee, Ilan Scharf (ischarf@pszjlaw.com) and Karen Dine (kdine@pszjlaw.com). Such notice shall include information regarding the parties to, the amount of, and reasons/basis for the proposed transaction.

4. The Diocese shall provide the Committee with read only online access to the DLS Financials system, and shall provide the Committee with a copy and/or back of the Fund accounting system data every 30 days.

5. The Diocese shall provide the Committee with the documents and information requested on Exhibit B to the Declaration of Karen B Dine [Docket No. ___] on or before October 4, 2023.

6. Nothing in this Order shall be deemed to be a finding or holding that any funds, securities, assets or other monies in the DLF or in the Fund are not property of the Estate or that any funds, securities, assets or other monies in the DLF or in the Fund are held in trust for the benefit of any other entity or person. The rights of all parties with respect to the ownership of any funds, securities, assets or other monies in the DLF or in the Fund are expressly reserved.

7. 4. To the extent the implementation of this Order does not comply with the applicable requirements under section 345 of the Bankruptcy Code, the U.S. Trustee Guidelines, or otherwise, such requirements are hereby waived.

8. 5. The requirements set forth in Local Bankruptcy Rule 9013-5(a) are satisfied by the contents of the Motion or are otherwise deemed waived.

9. 6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

10. 7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court. Any subsequent modification or vacatur of this Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior to such modification or vacatur.

11. 8. Nothing in the Motion or this Interim Order, nor the Diocese's payment of any amounts pursuant to this Interim Order, if any, shall be construed as (i) an admission as to the validity of any claim against the Diocese, (ii) a waiver or impairment of the Diocese's rights to contest the validity or amount of any claim on any grounds, (iii) a promise to pay any claim, or (iv) an implication or admission by the Diocese that such claim is payable pursuant to this Interim Order.

DOCS_LA:351193.2 18493/002

12. ~~9.~~ The Diocese shall serve a copy of the Motion and this Interim Order on all parties identified in paragraph 42 of the Motion within three business days of the entry of this Interim Order.

13. ~~10.~~ A final hearing on the Motion (the "Final Hearing") shall be held on [_____], 2023 at [ : ] [a.m./p.m.] (prevailing Eastern time). Any objections or responses to the Motion shall be filed and served as required by the Local Rules on or before on [_____], 2023 at 4:00 p.m. (prevailing Eastern time). This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection. In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter an order granting the relief requested in the Motion on a final basis without holding a Final Hearing.

14. ~~11.~~ The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

15. ~~12.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###

Document comparison by Workshare Compare on Tuesday, September 26, 2023 12:38:09 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_LA/351193/1 |
| Description | DOCS_LA-#351193-v1-DOO_Proposed_Interim_Order_for_the_DLF_and_Trust |
| Document 2 ID | PowerDocs://DOCS_LA/351193/2 |
| Description | DOCS_LA-#351193-v2-DOO_Proposed_Interim_Order_for_the_DLF_and_Trust |
| Rendering set | Standard no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---:|
| | Count |
| Insertions | 22 |
| Deletions | 11 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 33 |