**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| The Roman Catholic Diocese of | ) | Case No. 23-60507 |
| Ogdensburg, New York, | ) | (PGR) |
| | ) | |
| Debtor. | ) | |
| | ) | |

*EX PARTE* **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO RETAIN AND EMPLOY BERKELEY RESEARCH GROUP, LLC AS**
**FINANCIAL ADVISOR EFFECTIVE AS OF SEPTEMBER 11, 2023**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Roman Catholic

Diocese of Ogdensburg, New York, the above-captioned debtor and debtor in possession hereby

submits its application (the "**Application**") for entry of an order, pursuant to sections 327 and

1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of

the United States Bankruptcy Court for the Northern District of New York (the "**Local Rules**"),

authorizing and approving the employment of Berkeley Research Group, LLC, as financial advisor

("BRG" or the "Firm") to the Committee in connection with the Debtor's chapter 11 case, effective

as of September 11, 2023. In support of the Application, the Committee submits the declaration of

Matthew K. Babcock (the "**Babcock Declaration**"), a director in the Firm, attached hereto as

**Exhibit A** and incorporated herein by reference for all purposes. In further support of the

Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3.      On July 17, 2023 (the "**Petition Date**"), the Debtor commenced a voluntary case (the "**Case**") under chapter 11 of the Bankruptcy Code.

4.      The Debtor is authorized to continue to operate its business and remain in possession of its property as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

5.      On August 11, 2023, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of seven individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible. *See Appointment of Official Committee of Unsecured Creditors* [Docket No. 65].

6.      Following the Committee's appointment, on or about September 11, 2023, the Committee, subject to Court approval, retained BRG as its financial advisor.

## RELIEF REQUESTED

7.      By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B** pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Committee to employ and retain BRG as its financial advisor in this Case.

## SERVICES TO BE PROVIDED

8.    The Committee desires to retain BRG, at the expense of the Debtor's estate, to render professional services as required by the Committee, including, but not limited to, the following:

a.    assisting the Committee in investigating the assets, liabilities and financial condition of the Debtor or the Debtor's operations and the desirability of the continuance of any portion of those operations, including a review of any donor restrictions on the Debtor's assets;

b.    assisting the Committee in the review of financial related disclosures required by the Court and/or Bankruptcy Code, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

c.    analyzing the Debtor's accounting reports and financial statements to assess the reasonableness of the Debtor's financial disclosures;

d.    providing forensic accounting and investigations with respect to transfers of the Debtor's assets and recovery of property of the estate;

e.    assisting the Committee in evaluating the Debtor's ownership interests of property alleged to be held in trust by the Debtor for the benefit of third parties and/or property alleged to be owned by non-debtor entities;

f.    assisting the Committee in reviewing and evaluating any proposed asset sales and / or and other asset dispositions;

g.    assisting the Committee in the evaluation of the Debtors' organizational structure, including its relationship with the related Catholic non-debtor organizations and parishes that may hold or have received property of the estate;

h.    assisting the Committee in evaluating the Debtor's cash management system, including unrestricted and restricted funds, deposit and loan programs, and pooled income or investment funds;

i.    assisting the Committee in the review of financial information that the Debtor may distribute to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipt and disbursement analyses, analyses of various asset and liability accounts, and analyses of proposed transactions for which Court approval is sought;

j.      attendance at meetings and assistance in discussions with the Debtor, the
Committee, the U.S. Trustee, and other parties in interest and professionals
hired by the above-noted parties as requested;

k.      assisting in the review and/or preparation of information and analyses
necessary for the confirmation of a plan, or for the objection to any plan
filed in this Case which the Committee opposes;

l.      assisting the Committee in its evaluation of the Debtor's solvency;

m.      assisting the Committee with the evaluation and analysis of claims, and on
any litigation matters, including, but not limited to, avoidance actions for
fraudulent conveyances and preferential transfers, and declaratory relief
actions concerning the property of the Debtor's estate;

n.      analyzing the flow of funds in and out of accounts the Debtor contends
contain assets held in trust for others, to determine whether the funds were
commingled with non-trust funds and lost their character as trust funds,
under applicable legal and accounting principles

o.      assisting the Committee with respect to any adversary proceedings that may
be filed in the Debtor's Case and providing such other services to the
Committee as may be necessary in this Case.

In addition to services related to these areas, BRG understands that it may be requested to
render other services and to participate in meetings and discussions with the Committee, the
Debtor and other parties-in-interest and their respective professionals.

9.      BRG will coordinate all tasks with counsel to achieve case efficiencies and avoid
duplication of efforts. The Committee believes it is necessary to employ BRG as its financial
advisor to render the foregoing professional services. In light of BRG's substantial experience and
expertise and the complex nature of the Debtor's business and financial affairs, the Committee
believes that BRG is well qualified to provide advice in this case.

## BRG'S QUALIFICATIONS

10.      The Committee is familiar with the professional standing and reputation of BRG
and understands and recognizes that BRG's professionals have a wealth of experience in providing
financial advisory services in restructurings and reorganizations, and have an excellent reputation

4

for services they have rendered in Chapter 11 cases on behalf of debtors, creditors, trustees, examiners and other parties in interest throughout the United States.

11.    Moreover, the Committee is aware that the principal BRG advisors who will be working on this Case have prior experience in other not-for-profit cases with similar complex issues (including a number of diocesan or religious order bankruptcy cases), including appointment as (i) consultants for the bankruptcy court's expert appointed pursuant to Federal Rule of Evidence 706 in *In re The Roman Catholic Bishop of San Diego* (Bankr. S.D. Cal., Case No. 07-00939) [1] and (ii) financial advisor to the official committees of unsecured creditors in *In re Boy Scouts of America and Delaware BSA, LLC* (Bankr. D. Del., Case No. 20-10343); *In re Society of Jesus, Oregon Province* (Bankr. D. Or., Case No. 09-30938); *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. Del., Case No. 09-13560); *In re Archdiocese of Milwaukee* (Bankr. E.D. Wis., Case No 11-20059); *In re The Christian Brothers' Institute* (Bankr. S.D.N.Y., Case No. 11-22820); *In re The Roman Catholic Bishop of Stockton* (Bankr. E.D. Cal., Case No. 14-20371-C-11); *In re Roman Catholic Bishop of Great Falls – Billings* (Bankr D. Mon., Case No. 17-60271-11); In re Diocese of Rochester (Bankr. W.D.N.Y., Case No. 19-20905); *In re The Roman Catholic Church of the Archdiocese of New Orleans* (Bankr. E.D. Lou. Case No. 20-10846); *In re The Roman Catholic Diocese of Rockville Centre* (Bankr. S.D.N.Y., Case No. 20-12345); *In re The Roman Catholic Diocese of Camden* (Bankr. D. N.J., Case No. 20-21257); *In re The Roman Catholic Diocese of Syracuse, New York* (Bankr. N.D.N.Y., Case No. 20-30663); *In re The Roman Catholic Diocese of Santa Rosa* (Bankr. N.D. Cal., Case No. 23-10113); *In re The Roman Catholic Diocese of Albany*

---

[1] R. Todd Neilson, a member of BRG, was appointed as the court's expert in the San Diego Case to, among other things, examine the debtor's financial condition.

(Bankr. N.D.N.Y., Case No. 23-10244); and *In re The Roman Catholic Bishop Of Oakland* (Bankr. N.D Cal., Case No. 23-40523).

<u>**TERMS OF RETENTION**</u>

12.     The Committee understands that BRG will seek compensation from the Debtor's estate and reimbursement of expenses incurred on the Committee's behalf, subject to Court approval after notice and a hearing. BRG has advised the Committee that it agreed to charge reduced hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG. For purposes of this engagement, BRG has agreed to a 17% rate concession from its standard hourly rates. The professional fees shall be calculated by multiplying the hours worked by the reduced standard hourly billing rates in effect for specific personnel involved. The hourly rates charged by BRG for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided. In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

13.     For professional services, fees are based on BRG's hourly rates (less the agreed upon rate concession discussed above). The proposed rates of compensation, subject to final Court approval, are the hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The current standard hourly rates for BRG personnel that may work on this engagement (before the rate concession) are as follows:

6

| POSITION | 2023 HOURLY RATE |
|---|---|
| Managing Director | $725 - $1,130 |
| Director & Associate Director | $450 - $725 |
| Professional Staff | $225 - $450 |
| Support Staff | $150 - $225 |

14.     These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised dates become effective. The standard hourly rates for BRG professionals anticipated to lead this engagement (before the rate concession) are as follows: Matthew Babcock ($725), Ray Strong ($780), and Paul Shields ($815).

15.     BRG will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

16.     Consistent with BRG's policy with respect to its other clients, BRG will charge for all services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged

7

for separately. BRG has acknowledged that the Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to BRG.

17.     Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in this Case, pass-through the costs of Contractors to the Debtor at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

18.     In an abundance of caution, BRG hereby discloses that R. Todd Neilson, one of the potential BRG professionals that may have involvement in the case, is an exclusive independent contractor and Managing Director of BRG. BRG regards Mr. Neilson to qualify as a "member, partner, or regular associate in a professional association, corporation, or partnership" under 11 U.S.C. § 504(b)(1), therefore meeting the standard for the exception regarding the sharing of compensation.

19.     BRG has also advised the Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in this Case. BRG's compensation for services rendered on behalf of the Committee shall be fixed by the Court after due application.

## DISINTERESTEDNESS

20.     BRG has conferred with its professionals, and, to the best of its knowledge and except to the extent disclosed in the Babcock Declaration, each of BRG's professionals (a) is a "disinterested" person within the meaning of § 101(14) of the Bankruptcy Code, (b) does not hold

8

or represent an interest adverse to the Debtor, or other parties in interest in the Case. In addition, BRG is not a creditor or equity security holder of the Debtor.

21.     BRG may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to this Case. However, those matters do not present a conflict in this Case.

22.     BRG has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this Case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve as professionals to committee members.

23.     BRG will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exit or arise. If any new material facts or relationships are discovered or arise, BRG will supplement its disclosure to the Court.

## NOTICE

24.     Notice of this Application has been provided to: (i) the Debtor, The Roman Catholic Diocese of Ogdensburg, New York, 622 Washington Street, Ogdensburg, NY 13669; (ii) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, NY 13202-1355 (Attn: Charles J. Sullivan and Grayson T. Walter); (iii) the United States Trustee, 10 Broad Street, Suite 105, Utica, NY 13501 (Attn: Erin P. Champion); and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made by the Committee to this or any other court.

9

**WHEREFORE,** the Official Committee of Unsecured Creditors respectfully requests that

the Court enter the proposed order submitted herewith: (a) granting this Application,

(b) authorizing it to retain and employ Berkeley Research Group, LLC as financial advisor,

effective as of September 11, 2023, and (c) for such other relief as this Court may deem just and

proper.

Dated: October 7, 2023

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF THE ROMAN
CATHOLIC DIOCESE OF OGDENSBURG,
NEW YORK**

Charles Nadeau

Solely in his capacity as Chair of the Official
Committee of Unsecured Creditors of The Roman
Catholic Diocese of Ogdensburg, New York, and
not in any other capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*

James I. Stang (*pro hac vice*)
Ilan D. Scharf
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:     jstang@pszjlaw.com
               ischarf@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

## Declaration of Matthew K. Babcock

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| The Roman Catholic Diocese of | ) Case No. 23-60507 (PGR) |
| Ogdensburg, New York, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF MATTHEW K. BABCOCK IN SUPPORT OF APPLICATION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN
AND EMPLOY BERKELEY RESEARCH GROUP, LLC AS FINANCIAL
<u>ADVISOR EFFECTIVE AS OF SEPTEMBER 11, 2023</u>**

Pursuant to 28 U.S.C. § 1746, I, Matthew K. Babcock, hereby submit this declaration

(this "<u>Declaration</u>") under penalty of perjury:

1.      I am a Director with Berkeley Research Group, LLC ("<u>BRG</u>"). My business

address is Berkeley Research Group, LLC, 201 S. Main, Suite 450, Salt Lake City, UT 84111. I

am authorized to make this Declaration on behalf of BRG and the Declaration is submitted

pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure in support

of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ*

*Berkeley Research Group, LLC as Financial Advisor Effective as of September 11, 2023* (the

"<u>Application</u>").[2]

2.      Unless otherwise stated in this Declaration, I have personal knowledge of the

facts set forth herein and, if called as a witness, I would testify thereto.

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

**BRG'S Qualifications**

3.      BRG's professionals have a wealth of experience in providing financial advisory

services in restructurings and reorganizations and have an excellent reputation for services they

have rendered in Chapter 11 cases on behalf of debtors, creditors, trustees, examiners and other

parties in interest throughout the United States.

4.      The principal BRG advisors who will be working on this Case have prior

experience in other not-for-profit cases with similar complex issues (including a number of

diocesan or religious order bankruptcy cases), including appointment as (i) consultants for the

bankruptcy court's expert appointed pursuant to Federal Rule of Evidence 706 in *In re The

Roman Catholic Bishop of San Diego* (Bankr. S.D. Cal., Case No. 07-00939)[3] and (ii) financial

advisor to the official committees of unsecured creditors in *In re Boy Scouts of America and

Delaware BSA, LLC* (Bankr. D. Del., Case No. 20-10343); In re Society of Jesus, Oregon

Province (Bankr. D. Or., Case No. 09-30938); *In re Catholic Diocese of Wilmington, Inc*.

(Bankr. D. Del., Case No. 09-13560); *In re Archdiocese of Milwaukee* (Bankr. E.D. Wis., Case

No 11-20059); In re The Christian Brothers' Institute (Bankr. S.D.N.Y., Case No. 11-22820); *In

re The Roman Catholic Bishop of Stockton* (Bankr. E.D. Cal., Case No. 14-20371-C-11); *In re

Roman Catholic Bishop of Great Falls – Billings* (Bankr D. Mon., Case No. 17-60271-11); In re

Diocese of Rochester (Bankr. W.D.N.Y., Case No. 19-20905); *In re The Roman Catholic Church

of the Archdiocese of New Orleans* (Bankr. E.D. Lou. Case No. 20-10846); *In re The Roman

Catholic Diocese of Rockville Centre* (Bankr. S.D.N.Y., Case No. 20-12345); *In re The Roman

Catholic Diocese of Camden* (Bankr. D. N.J., Case No. 20-21257); *In re The Roman Catholic

---

[3] R. Todd Neilson, a member of BRG, was appointed as the court's expert in the San Diego Case to, among other things, examine the debtor's financial condition.

*Diocese of Syracuse, New York* (Bankr. N.D.N.Y., Case No. 20-30663*); In re The Roman*

*Catholic Diocese of Santa Rosa* (Bankr. N.D. Cal., Case No. 23-10113); *In re The Roman*

*Catholic Diocese of Albany* (Bankr. N.D.N.Y., Case No. 23-10244); and *In re The Roman*

*Catholic Bishop Of Oakland* (Bankr. N.D Cal., Case No. 23-40523).

## SERVICES TO BE RENDERED

5.      The Committee has requested that BRG render services to the Committee in

connection with this case including, *inter alia*:

<blockquote>

a.      assisting the Committee in investigating the assets, liabilities and financial condition of the Debtor or the Debtor's operations and the desirability of the continuance of any portion of those operations, including a review of any donor restrictions on the Debtor's assets;

b.      assisting the Committee in the review of financial related disclosures required by the Court and/or Bankruptcy Code, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

c.      analyzing the Debtor's accounting reports and financial statements to assess the reasonableness of the Debtor's financial disclosures;

d.      providing forensic accounting and investigations with respect to transfers of the Debtor's assets and recovery of property of the estate;

e.      assisting the Committee in evaluating the Debtor's ownership interests of property alleged to be held in trust by the Debtor for the benefit of third parties and/or property alleged to be owned by non-debtor entities;

f.      assisting the Committee in reviewing and evaluating any proposed asset sales and / or and other asset dispositions;

g.      assisting the Committee in the evaluation of the Debtors' organizational structure, including its relationship with the related Catholic non-debtor organizations and parishes that may hold or have received property of the estate;

h.      assisting the Committee in evaluating the Debtor's cash management system, including unrestricted and restricted funds, deposit and loan programs, and pooled income or investment funds;

i.      assisting the Committee in the review of financial information that the Debtor may distribute to creditors and others, including, but not limited to,

</blockquote>

cash flow projections and budgets, cash receipt and disbursement analyses, analyses of various asset and liability accounts, and analyses of proposed transactions for which Court approval is sought;

j.      attendance at meetings and assistance in discussions with the Debtor, the Committee, the U.S. Trustee, and other parties in interest and professionals hired by the above-noted parties as requested;

k.      assisting in the review and/or preparation of information and analyses necessary for the confirmation of a plan, or for the objection to any plan filed in this Case which the Committee opposes;

l.      assisting the Committee in its evaluation of the Debtor's solvency;

m.      assisting the Committee with the evaluation and analysis of claims, and on any litigation matters, including, but not limited to, avoidance actions for fraudulent conveyances and preferential transfers, and declaratory relief actions concerning the property of the Debtor's estate;

n.      analyzing the flow of funds in and out of accounts the Debtor contends contain assets held in trust for others, to determine whether the funds were commingled with non-trust funds and lost their character as trust funds, under applicable legal and accounting principles.

o.      assisting the Committee with respect to any adversary proceedings that may be filed in the Debtor's Case and providing such other services to the Committee as may be necessary in this Case.

6.      Subject to this Court's approval of the Application, BRG is willing to serve as the Committee's financial advisor and to perform the services described above.

## **TERMS OF RETENTION**

7.      The Committee understands that BRG will seek compensation from the Debtor's estate and reimbursement of expenses incurred on the Committee's behalf, subject to Court approval after notice and a hearing. BRG has advised the Committee that it agreed to charge reduced hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG. For purposes of this engagement, BRG has agreed to a 17% rate concession from its standard hourly rates. The professional fees shall be calculated by multiplying the hours worked by the reduced standard hourly billing rates in effect for specific

DOCS_DE:245246.2 18493/002

personnel involved. The hourly rates charged by BRG for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided. In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

8.      For professional services, fees are based on BRG's hourly rates (less the agreed upon rate concession discussed above). The proposed rates of compensation, subject to final Court approval, are the hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The current standard hourly rates for BRG personnel that may work on this engagement (before the rate concession) are as follows:

| POSITION | 2023 HOURLY RATE |
|----------|------------------|
| Managing Director | $725 - $1,130 |
| Director & Associate Director | $450 - $725 |
| Professional Staff | $225 - $450 |
| Support Staff | $150 - $225 |

9.      These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised dates become effective. The standard hourly rates for BRG professionals anticipated to lead this engagement (before the rate concession) are as follows: Matthew Babcock ($725), Ray Strong ($780), and Paul Shields ($815).

DOCS_DE:245246.2 18493/002

10.      BRG will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

11.      Consistent with BRG's policy with respect to its other clients, BRG will charge for all services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately. BRG has acknowledged that the Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to BRG.

12.      Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in this Case, pass-through the costs of Contractors to the Debtor at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

13.      In an abundance of caution, BRG hereby discloses that R. Todd Neilson, one of the potential BRG professionals that may have involvement in the case, is an exclusive independent contractor and Managing Director of BRG. BRG regards Mr. Neilson to qualify as a

6

"member, partner, or regular associate in a professional association, corporation, or partnership"

under 11 U.S.C. § 504(b)(1), therefore meeting the standard for the exception regarding the

sharing of compensation.

14.    BRG intends to make application to this Court for allowance of its compensation

and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures

for interim compensation that may be entered in this Case. BRG's compensation for services

rendered on behalf of the Committee shall be fixed by the Court after due application.

15.    I understand that the court's approval of the application is not approval of any

proposed terms of compensation and under § 328(a) the court may allow compensation on terms

different from those proposed.

16.    BRG has not received any retainer from the Debtor, the Committee, or any

member of the Committee, nor has BRG received any payment or promise of payment. No

compensation has been paid or promised to be paid from a source other than the Debtor's estate

in this case. No promises have been received by the Firm nor by any partners, of counsel or

associate thereof as to compensation in connection with this case other than in accordance with

the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share

with such entity any compensation received by the Firm in connection with this case, except

among the partners, of counsel, and associates of the Firm. Neither the Committee nor any of its

representatives are or will be liable for fees or costs incurred by the Firm in its representation of

the Committee.

## **DISINTEREDNESS**

17.    Neither I, BRG, nor any member or associate thereof, insofar as I have been able

to ascertain, has any connection with the Committee, the Debtor, its creditors or any other parties

in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

18.    BRG has made the following investigation of disinterestedness prior to submitting this Declaration. BRG has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. BRG requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through BRG's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of BRG, under my supervision, entered the names of the Debtor and its related affiliates, creditors of the Debtor as disclosed by it in filings with the Court, counsel to the creditors of the Debtor as disclosed by the Debtor in Court filings, and the U.S. Trustee through BRG's database. See **Schedule 1** attached hereto, which provides a complete listing of potential parties in interest reviewed as part of the conflicts check process.

19.    Based on the results of BRG's search of its database, and with the exception of representations noted in **Schedule 2**, it appears that BRG does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtor herein, its creditors, the Committee, the U.S. Trustee or any party in interest herein in the matters upon which BRG is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20.    BRG and certain of its members and associates represented, represent and, in the future, may represent creditors of the Debtor or other parties in interest in connection with

8

matters unrelated to the Debtor and this Case. Other than those identified in **Schedule 2**, BRG is unaware of any such representations. If BRG identifies any further such representations, BRG shall make further disclosures as may be appropriate at that time. At the Court's request, BRG can provide the names of these clients to the Court for in-camera review.

21.     BRG has represented, may represent, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this Case wherein one or more of the law firms representing the members of the Committee or other parties in interest serve as or will serve as professionals to members of those committees.

22.     I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

23.     I agree to immediately disclose any actual conflict of which I become aware during the course of BRG's representation as financial advisor to the Committee.

24.     I am not aware of anyone who objects to BRG's employment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on October 9, 2023 at Salt Lake City, Utah.


By: */s/ Matthew K. Babcock*
    Matthew K. Babcock

# <u>Schedule 1</u>

**Potential Parties-in-Interest**

**Committee Members**

Amos Ackerman
Michael Barcomb
Camille Gibeau
Kari Kozak
Stephen R. LeClair
Charles Nadeau
Christopher Wiley


**Counsel To Committee Members**

Marc J. Bern & Partners LLP
LaFave Wein & Frament, PLLC
Slater Slater Schulman LLP
Pfau Cochran Vertetis Amala PLLC
Marsh Law Firm
Jeff Anderson & Associates, P.A.


**Counsel To The Official Committee Of Unsecured Creditors**

Pachulski Stang Ziehl & Jones


**US Trustee**

William Harrington
Erin Champion


**Bankruptcy Judge**

Honorable Patrick G. Radel


**Debtor**

The Roman Catholic Diocese of Ogdensburg, New York


**Officers Of The Debtor**

Terry R. LaValley
Joseph A. Morgan

James D. Crowley
Mark Mashaw
Michael J. Tooley
Kevin O'Brien


**Debtor's Professionals**

Bond Schoeneck & King
Blank Rome LLP
Pinto Mucenski Hooper Vanhouse & Co.
Schwerzmann & Wise
Costello Cooney & Fearon


**Parishes (Non-Debtor Affiliates)**

St. Cecilia's Church of Adams, New York
St. Cyril Church of Alexandria Bay
Church of the Holy Angels of Altona, N.Y.
Church of the Holy Name of Au Sable Forks
St. Paul's Church of Black River
St. Mary's and St. Paul's Parish
St. Patrick's Church of Brasher Falls
Immaculate Conception Church of Brownville
St. Mary's Church of Brushton, N.Y.
St. James Church of Cadyville, N.Y.
The Roman Catholic Church of St. Mary in Canton, New York
St. Vincent of Paul Church of Cape Vincent
Society of St. James Minor Church of Carthage
Church of St. Mary of Champlain
St. Andre Bessette Roman Catholic Parish, Malone, New York
St. Patrick's Church of Chateaugay
Sacred Heart Church of Chazy, N.Y.
St. Mary's Church of Clayton
St. Patrick's Church of Colton, N.Y.
St. Francis of Assisi Church of Constable
St. Mary's Church of Constableville
St. Mary's Church, Copenhagen, New York
St. Stephen's Church, Croghan, New York
Church of the Sacred Heart of Jesus of Crown Point
St. Joseph's Church of Dannemora
Sacred Heart Church of Edwards
St. Elizabeth Roman Catholic Church of Elizabethtown
St. Bernard's and St. Edmund's Parish of Ellenburg
St. Joseph's Church of Essex

St. Mary's Roman Catholic Church of Evans Mills, New York
St. Mary's of the Fort Church, Fort Covington, N.Y.
Church of the Assumption of Gabriels (n/k/a St. Bernard's Church, Saranac Lake)
St. Mary's Church of Glenfield
St. James Church of Gouverneur
Our Lady of Grace of Hammond
St. Francis Solanus Church of Harrisville, New York
Queen of Heaven Church, Henderson, N.Y.
St. Raphael's Church of Heuvelton
Roman Catholic Community Center, Inc. of Hogansburg
Church of the Holy Cross of Hopkinton, N.Y.
St. Mary's and St. Paul's Parish of Indian Lake,
St. Anthony of Padua Parish of Inlet and Raquette Lake
St. Brendan's Roman Catholic Church of Keene, Church of the Immaculate Conception of
Keeseville
St. Agnes Church of Lake Placid, N.Y.
Church of St. James Major of Lake Pleasant, Hamilton County
Ss. Philip & James Church of Lisbon Center
St. Henry's Church of Long Lake
St. Peter's Parish of Lowville
St. Bernard's and St. Edmund's Parish
St. John's Church of Lyons Falls
Church of St. John the Baptist Madrid
Church of All Saints of Mineville
St. Ann's Church of Mooers Forks
St. Alexander's Church of Morrisonville
St. Therese Church of Newcomb, N.Y.
Parish of the Visitation and St. Raymond
St. Augustine Church of North Bangor
St. Andrew's Church, Norwood
St. Mary's Church of Ogdensburg
St. Bartholomew's Church of Old Forge
St. Joseph's Church Minerva
St. Augustine's Church of Peru, N.Y.
Holy Cross Parish of Plattsburgh
St. Patrick's Church of Port Henry
St. Martin's Church, Port Leyden
The Roman Catholic Church of St. Mary of Potsdam, New York,
Church of the Assumption, Redford
St. Patrick's Church, Rouses Point
St. Andrew's Church, Sackets Harbor
St. Bernard's Church, Saranac Lake
Our Lady of Lourdes Church, Schroon Lake, N.Y.
St. Ann's Church, St. Regis Falls, New York
Roman Catholic Church of St. Hubert in Star Lake, New York
St. Mary's Church, Ticonderoga, N.Y.

St. Alphonsus – Holy Name of Jesus Parish of Tupper Lake
St. Mary's Church, Waddington
Church of the Holy Family of Watertown
The Church of Our Lady of Sacred Heart of Watertown
St. Anthony's Church of Watertown
Society of St. Patrick's Church of Watertown
St. Ann's Church of Wells, Hamilton County
St. Joseph's Church West Chazy, N.Y.
St. Mary's Nativity Church of West Leyden (Church of the Nativity, B.M.V.)
St. Philip Neri Roman Catholic Church of Westport, NY
St. Margaret's Roman Catholic Church of Wilmington
Catholic Community of St. Philip of Jesus and St. Joseph of Willsboro, New York

## Parish Schools (Non-Debtor Affiliates)

Immaculate Heart Central Academy (Watertown, NY)
Augustinian Academy (Carthage, NY)
St. James School (Gouvernor, NY)
St. Agnes Elementary School (Lake Placid NY)
Trinity Catholic School (Massena, NY)
Seton Catholic Central School (Plattsburgh, NY)
St. Bernard's Grade School (Saranac Lake, NY)

## Cemeteries (Non-Debtor Affiliates)

St. James Cemetery Corporation
Mount Carmel Cemetery of Plattsburgh, N.Y.
Calvary Cemetery, Inc.
Notre Dame Cemetery of Malone, N.Y., Inc.
St. Joseph's Cemetery of Malone, N.Y., Inc.

## Other (Non-Debtor Affiliates)

Wadhams Hall
Our Lady of the Adirondacks, Inc.
St. Mary's Mission Center, Inc.
Guggenheim Center for Religious Programs
Catholic Charities of the Diocese of Ogdensburg, Inc.
The Roman Catholic Community Center
The Foundation of the Roman Catholic Diocese of Ogdensburg, New York, Inc.
St. Joseph's Home
The Pontifical Mission Societies of the Diocese of Ogdensburg, New York, Inc.
The Roman Catholic Diocese of Ogdensburg, New York Lay Employees Retirement Trust

The Roman Catholic Diocese of Ogdensburg, New York Diocesan Investment and Loan Trust

## Secured Creditors

NBT Bank, National Association

## Priority Unsecured Creditors

Internal Revenue Service
New York State Corporation Tax
NYS Department of Taxation and Finance

## Trade Creditors

AAA Membership
AFLAC
American Bedding Mfg., Inc.
Angelo Pietropaoli
Anita Soltero
Archdiocese of Newark
Benefactor Funding Corp.
Breast Cancer Prevention Institute
Carcuzzi Car Care Center
Carlin Media
Casella Waste Systems
Catholic Charities
Catholic Purchasing Service
Charter Communications
Consolidated Electrical Distributors Inc.
County of Franklin
Curtis Lumber Co. Inc.
Ecolab, Inc.
Elan Financial Services
Ellen McBride
FDLC
Frank J. Walters Associates, Inc.
Gallagher Bassett Services, Inc.
Gardner's Floorcovering & Furniture
Gellert Scali Busenkell & Brown, LLC
Giroux's Poultry Farm, Inc.
Grainger
Grand Union 707
Hulbert Supply Saranac Lake

Hyde Fuel
Ignatius Press
Jodi Brunner
John Fehlner
Kiera T. Johnson, c/o Myra Pitcher
Kinney Drug's, Inc.
Lena Mather
Liberty Utilities of New York
Life Giving Wounds
Little Miss Florist
Loremans'
Mark Mashaw
Marla T. Holden, PsyD
Michael Farkas
Michelle Martin
National Grid
New York State Department of Labor
NYCYM
Northern Extinguisher & Fire Safety LLC
Northern New York Newspapers Corp.
Pepsi Cola Ogdensburg Bottlers
Pitney Bowes Global Financial Services
Pontifical Mission Societies, Inc.
Price Chopper Operation Co., Inc.
Renzi
Rev. Christopher Carrara
Rev. Martin E. Cline
Roman Catholic Community Morrisonville
Section.com
Servants of the Paraclete
Spectrum Reach
St. Bernard's Church
St. Peter's Parish
Sturdy Supply & Rental
The Roman Catholic Diocese of Ogdensburg as Trustee of the Deposit and Loan Fund
The Washboard
TK Elevator Corporation
TL Refrigeration
Verizon
Verizon Wireless
Vianney Vocations LLC
W. B. Mason Co., Inc.
Walmar
Woodchop Shop, Inc.
Ecolab, Inc.
National Grid

## Counterparties To Executory Contracts

ADP
Blackbaud, Inc.
CREG Systems Corp.
Holy Cross Parish
Immaculate Heart Central Schools
IONOS
Pitney Bowes
SimpliSafe
Symquest Group, Inc.
The Computer Department, Inc.
TK Elevator Corporation
Wadhams Hall

## Insurance Companies

Certain Underwriters at Lloyd's of London
Certain London Market Companies
Employers Insurance Company of Wausau
Evanston Insurance Company as successor-in-interest to Associated International Insurance
Company
Granite State Insurance Company
Insurance Company of North America
International Insurance Company
Interstate Fire & Casualty Company

## Counsel To The 20 Largest Unsecured Creditors (Litigation Claims)

Trevett Cristo
Jeff Anderson & Associates
James, Vernon and Weeks, P.A.
LaFave, Wein & Frament, PLLC
Marc J. Bern & Partners, LLP
Law Office of Ellie Silverman, PC
Matthews & Associates
Tim K. Goss, Esq.
Peter de la Cerda, Esq.
D'Arcy Johnson Day, PC
Sweeney, Reich & Bolz, LLP
Michael G. Dowd, Esq.
Powers & Santola, LLP
Simpson Tuegel Law Firm

Seeger Weiss LLP
Laffey, Bucci & Kent, LLP
Slater Slater Schulman LLP
Simmons Hanly Conroy LLC
Marsh Law Firm PLLC
Pfau Cochran Vertetis Amala PLLC
Reich & Binstock
Herman Law

# Schedule 2

**Exceptions**

## Active BRG Clients

Automatic Data Processing, Inc.
Gallagher Bassett Services Pty, Ltd.
Internal Revenue Service
Lloyds Banking Group PLC
Nalco Water, an Ecolab Company
W.W. Grainger, Inc.
Wal-Mart Stores, Inc.

## Close Pending BRG Clients

Designer Brands, Inc. and Certain Underwriters at Lloyd's of London
New York State Department of Labor

## Closed BRG Clients

Blank Rome
Charter Communications, LLC
Ecolab, Inc.
Lloyd's of London
National Grid, Inc
NBT Bank, National Association
Verizon Business Network Services Group, Inc.
Verizon Wireless

# EXHIBIT B

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| The Roman Catholic Diocese of | ) | Case No. 23-60507 (PGR) |
| Ogdensburg, New York, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR EFFECTIVE AS OF SEPTEMBER 11, 2023

Upon consideration of the *Application of the Official Committee of Unsecured Creditors of the Debtor to Retain and Berkeley Research Group, LLC as Financial Advisors Effective as of September 11, 2023* (the "**Application**"),[4] pursuant to sections 327 and 1103(a) Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of New York (the "**Local Rules**"), for an order authorizing and approving the retention and employment of Berkeley Research Group, LLC ("**BRG**") as financial advisors for the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtor (the "**Debtor**") in this chapter 11 case; and upon consideration of the declaration of Matthew K. Babcock in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

DOCS_DE:245246.2 18493/002

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested

in the Application is in the best interests of the Debtor's estate, its creditors and other parties in

interest; and the Committee having provided adequate and appropriate notice of the Application

under the circumstances; and after due deliberation and good and sufficient cause appearing

therefor;

IT IS HEREBY ORDERED THAT:

1.    The Application is GRANTED as set forth herein.

2.    The Committee is authorized to retain and employ BRG as financial

advisors to the Committee effective as of September 11, 2023. In the alternative, to the extent

retention of BRG as of September 11, 2023 is not permitted under applicable law, BRG shall

be retained as of the earliest date permitted under law; provided, however, that BRG may seek

compensation for work performed and expenses incurred as of and after September 11, 2023

even where the effective date of its retention occurs thereafter. Subject to Court approval, BRG

may be compensated for services rendered and reimbursed for expenses incurred beginning on

September 11, 2023.

3.    BRG shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtor's case as set forth in the

Application and in compliance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this

Court.

4.    The Committee and BRG are authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

5.      No fees will be paid to BRG including the use of any retainer received for

post-petition services, without prior approval of the Court.

6.      The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this

Order shall be immediately effective and enforceable upon its entry.


Dated: _____, 2023
      Utica, New York


                              _____
                              THE HONORABLE PATRICK G. RADEL
                              UNITED STATES BANKRUPTCY JUDGE