So Ordered.

Signed this 10 day of October, 2023.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | )<br>)<br>) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of<br>Ogdensburg, New York, | )<br>) Chapter 11<br>) |
| Debtor. | )<br>)<br>) |

**FINAL ORDER (I) AUTHORIZING THE CONTINUED
MAINTENANCE OF THE DIOCESE'S SELF-INSURANCE
PROGRAM; AND (II) AUTHORIZING THE PAYMENT OF
<u>OBLIGATIONS IN RESPECT THEREOF</u>**

Upon the motion [Docket No. 17] (the "<u>Motion</u>")[1] of The Roman Catholic Diocese of Ogdensburg, New York  (the "<u>Diocese</u>") for entry of interim and final orders (i) authorizing the Diocese to continue to maintain and operate its Insurance Program for the benefit of the Diocese and the Insurance Program Participants in the ordinary course of business consistent with past practcies; and (ii) authorizing, but not directing, the Diocese to pay any prepetition or postpetition claims, premiums, obligations and other administrative costs of the Insurance Program;  and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

16576248.3

having determined that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and the Court having entered orders granting the relief requested in the Motion on an interim basis on July 19, 2023 [Docket No. 41] and August 29, 2023 [Docket No. 97]; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion on a final basis is in the best interests of the Diocese, its estate, creditor, and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. Any objections to the Motion, or to the relief requested therein, that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled and disallowed on the merits.

3. The Diocese is authorized, but not required, in its sole discretion, to continue to maintain and operate the Insurance Program, and to renew each underlying primary or excess insurance policy, on an uninterrupted basis and in accordance with the same practices and procedures as were in effect prior to the commencement of the Diocese's Chapter 11 Case.

4. The Diocese is authorized and empowered, but not required, in its sole discretion, to settle and pay any prepetition or postpetition claims, premiums, defense costs, obligations and administrative costs related to the Insurance Program (including, but not limited to, the Protected Self-Insurance Program ("PSIP") and related bank accounts) in accordance with the same practices

16576248.3

and procedures as were in effect prior to the commencement of the Diocese's Chapter 11 Case, provided, however, the Diocese shall (1) give the Committee written notice fourteen (14) days prior to entering into any litigation settlement agreement and (2) provide the Committee with a monthly summary of all third-party claims paid from the PSIP, identifying with reasonable specificity the claimant, nature of claim and amount paid. Notwithstanding anything to the contrary herein, except for defense costs not to exceed $10,000 per month, the Diocese shall not make any payment from the PSIP funds or bank accounts for expenses or losses relating to sexual abuse claims against the Diocese without giving the Committee 14 days' prior written notice. Any professional who performs services for the Diocese and who seeks compensation or reimbursement for such services from PSIP funds shall state in their interim and final fee applications that payment is sought from the PSIP.

5. The Diocese is authorized and empowered, but not directed, in its sole discretion, to revise, extend, supplement, or change insurance coverage under the Insurance Program as it deems necessary or advisable, including entering into new insurance policies, and to continue to collect funds from Insurance Program Participants for the purposes of providing continued risk management services and coverage under the Insurance Program.

6. The banks and financial institutions on which checks were drawn or electronic payment requests were made in connection with any prepetition Insurance Program payments or obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (to the extent of funds on deposit), and all such banks and financial institutions are authorized to rely on the Diocese's designation of any particular check or electronic payment request as being approved by this Final Order.

16576248.3

7. The Diocese is authorized, but not directed, in its discretion, to issue new postpetition checks, or to effect new funds transfers, on account of Insurance Program payments and obligations and to replace any prepetition checks or electronic funds transfer requests issued that may be lost or dishonored or rejected as a result of the commencement of this Chapter 11 Case.

8. Nothing in this Final Order alters or amends the terms and conditions of any of the Diocese's insurance policies (whether current or expired) or of any related agreements, or relieves the Diocese or its insurers of any of their respective obligations under such policies and agreements.

9. Nothing in this Final Order or any action taken by the Diocese in furtherance of the implementation hereof shall be deemed an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and the Diocese's rights with respect to such matters are expressly reserved.

10. Nothing in the Motion or this Final Order, nor the Diocese's payment of any amounts pursuant to this Final Order, if any, shall be construed as (i) an admission as to the validity of any claim against the Diocese or any Insurance Program Participant, (ii) a waiver or impairment of the Diocese's or the Insurance Program Participants' rights to contest the validity or amount of any claim on any grounds, (iii) a promise to pay any claim, or (iv) an implication or admission by the Diocese that such claim is payable pursuant to this Final Order.

11. Nothing in this Final Order shall be construed as a finding that assets (including cash and/or investments) of, or held for the benefit of, the Insurance Program or PSIP are or are not property of the Diocese and/or the Diocese's estate.

16576248.3

12. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to allow the Diocese to maintain, operate and administer the Insurance Program as authorized hereby.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Final Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Final Order shall not invalidate or impair any actions taken pursuant to this Final Order prior to such modification or vacatur.

14. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

###

16576248.3