UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) <br> ) <br> ) Case No. 23-60507 (PGR) <br> ) <br> ) Chapter 11 <br> ) <br> ) <br> ) |
| The Roman Catholic Diocese of Ogdensburg, New York, | |
| Debtor. | |

**MOTION FOR ENTRY OF AN ORDER
EXTENDING THE PERIOD WITHIN WHICH THE DIOCESE
MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND
RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), by and through its undersigned counsel, hereby moves the Court (this "Motion") for entry of an order, in substantially the form attached hereto as ***Exhibit A***, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, extending the period within which the Diocese may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 (the "Removal Period") through April 12, 2024.  In support of this Motion, the Diocese respectfully states as follows:

**JURISDICTION**

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  The statutory and rule-based predicates for the relief requested herein are 28 U.S.C. § 1452 ("Section 1452") and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

16649712.2

## BACKGROUND

3. On July 17, 2023 (the "Petition Date"), the Diocese filed a voluntary petition for relief under title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case.

4. On August 11, 2023, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). As of the date of this filing, no request for a trustee or examiner has been made in this Chapter 11 Case, and no other official committees have been appointed or designated.

5. Information regarding the Diocese's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in the *Declaration of Rev. Kevin O'Brien Regarding Structure and Pre-Filing History of the Diocese and in Support of the Chapter 11 Petition and First Day Pleadings* [Docket No. 7], and the *Declaration of Mark Mashaw Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings* [Docket No. 6], and incorporated herein by reference.

## RELIEF REQUESTED

6. The Diocese is a named defendant in approximately 125 pending lawsuits through which plaintiffs seek to establish liability arising from or relating to allegations of child sexual abuse (collectively, the "Abuse Actions"). The Abuse Actions may be subject to removal pursuant to 28 U.S.C. § 1452, and, as of the date of this Motion, the Removal Period has not yet expired.

7. By this Motion, the Diocese seeks the entry of an order, in substantially the form attached hereto as *Exhibit A*, pursuant to Bankruptcy Rule 9006(b) extending the Removal Period by approximately six months, through and including April 12, 2024, to the extent that the time period for filing any notices of removal expires on or before such date.

8. The relief requested in this Motion is without prejudice to the Diocese's right to (i) take any position regarding the applicability of section 362 of the Bankruptcy Code to any given civil action pending against the Diocese and (ii) seek further extensions of the Removal Period from this Court.

## BASIS FOR RELIEF REQUESTED

9. The removal of civil actions pending against a bankruptcy debtor is governed by Bankruptcy Rule 9027 and Section 1452. Section 1452 provides, in relevant part, as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action and provides. With respect to actions pending prepetition, Bankruptcy Rule 9027 provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180

3

16649712.2

>    days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11.  With respect to actions filed post-petition, Bankruptcy Rule 9027 provides, in relevant part:

>    If the claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

12.  Bankruptcy Rule 9006(b) permits a court to extend time periods that are not expired, including the Removal Period established by Bankruptcy Rule 9027, for cause shown, and specifically states:

>    [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

13.  The Court is authorized pursuant to Bankruptcy Rule 9006(b) to extend the Removal Period provided by Section 1452 and Bankruptcy Rule 9027. *See*, *e.g.*, *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665, 692 (S.D.N.Y. 2011) ("Bankruptcy Rule 9006(b)(1)(1) allows the bankruptcy court to enlarge the time for removal before the time for removal expires *sua sponte*."); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (explaining that a motion under Bankruptcy Rule 9006(b) is required to extend the removal period under Bankruptcy Rule 9027.); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) ("Pursuant to Bankr.R.

4

9006(b), this court has the discretion to extend the filing period for an application for removal ...."); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D.W. Va. 2000)(same).

14. The Diocese respectively submits that "cause" exists to grant the Motion and extend the Removal Period as set forth herein. This Chapter 11 Case is in its infancy, and since the Petition Date, the Diocese and its key personnel have been actively engaged in the administration of this complex Chapter 11 Case, including, for example: (a) finalizing and filing the Diocese's extensive Schedules and Statement of Financial Affairs, (b) arguing all of the Diocese's "first day" motions, and negotiating with the United States Trustee and the Committee concerning the terms of proposed interim and final orders concerning same, and (c) extensive and ongoing communications with creditors, including a number of meetings and calls with counsel for the Committee, and preparing for and participating in a nearly three and a half hour section 341 meeting of creditors.

15. Accordingly, the Diocese has not had an adequate opportunity to determine whether to remove any actions that may be subject to removal. However, as of the Petition Date, the Diocese was a named-defendant in the Abuse Actions, and given the significant number of Abuse Actions, as well as the other critical matters the Diocese has been focused on addressing in the early stages of this Chapter 11 Case, the Diocese respectfully submits that it requires additional time to evaluate whether the removal of any action under Section 1452 is appropriate under the circumstances of each individual action.

16. As such, the Diocese is seeking to extend the Removal Period, which would otherwise expire on October 15, 2023, to ensure the Diocese's right to remove is preserved.[1]

---

[1] The Diocese does not believe there are any issues with the Removal Period for post-petition actions in light of the automatic stay, however, the Diocese nevertheless seeks an extension of the Removal Period with respect to post-petitions actions pursuant to Bankruptcy Rule 9027(a)(2) out of an abundance of caution.

16649712.2

17. Additionally, the rights of any party to the Abuse Actions will not be unduly prejudiced by the Diocese's requested extension because (i) the Abuse Actions are stayed pursuant to section 362 of the Bankruptcy Code, and (ii) each party will receive notice of such extension of the Removal Period.  Further if the Diocese does ultimately seek to remove any Abuse Action pursuant to Bankruptcy Rule 9027, any party to such action will retain their right upon a showing of cause to have such action remanded pursuant to Section 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

18. Accordingly, for the reasons set forth herein, the Diocese respectfully submits that cause exists to extend the Removal Period to April 12, 2024.

## NOTICE

19. In accordance with Bankruptcy Rule 4001(d), notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Northern District of New York, (ii) counsel for the Committee, and (iii) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Diocese respectfully submits that no further notice is required.

## NO PRIOR REQUEST

20. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Diocese respectfully requests that this Court: enter an order in substantially the form attached hereto as *Exhibit A*, (i) extending the Removal Period through and including April 12, 2024, and (ii) grant such other relief as the Court may deem just and proper.

Dated: October 13, 2023            BOND, SCHOENECK & KING, PLLC

By: */s/ Charles J. Sullivan*
Stephen A. Donato (Bar Roll No. 101522)
Charles J. Sullivan (Bar Roll No. 507717)
Sara C. Temes (Bar Roll No. 514148)
Andrew S. Rivera (Bar Roll No. 700712)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
sdonato@bsk.com
csullivan@bsk.com
stemes@bsk.com
arivera@bsk.com

*Attorneys for The Roman Catholic Diocese of Ogdensburg, New York*