

PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

W I L M I N G T O N , D E
L O S   A N G E L E S , C A
S A N   F R A N C I S C O , C A
N E W   Y O R K , N Y
H O U S T O N , T X

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302.652.4100
FACSIMILE: 302.652.4400

LOS ANGELES

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

TELEPHONE: 310.277.6910
FACSIMILE: 310.201.0760

SAN FRANCISCO

ONE SANSOME STREET
34th FLOOR, SUITE 3430
SAN FRANCISCO
CALIFORNIA 94104

TELEPHONE: 415.263.7000
FACSIMILE: 415.263.7010

NEW YORK

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212.561.7700
FACSIMILE: 212.561.7777

TEXAS

440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

TELEPHONE: 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Ilan D. Scharf

October 17, 2023

212.561.7721
ischarf@pszjlaw.com

<u>**VIA ELECTRONIC FILING**</u>

Hon. Patrick G. Radel
U.S. Bankruptcy Court
Alexander Pirnie U.S. Courthouse
and Federal Building
10 Broad Street
Utica, NY 13501

>      Re:     **The Roman Catholic Diocese of Ogdensburg, New York, Case No. 23-60507**

Dear Judge Radel:

We are counsel to the Official Committee of Unsecured Creditors (the "**Committee**") in the above-referenced bankruptcy case. We write in response to (i) the Debtor's *Letter Re Proposed Orders Establishing Bar Date and Order Referring Matters to Mediation*, [Doc. No. 194] (the "**Debtor Bar Date Order Letter**"), and (ii) LMI's Letter to the Bankruptcy Court filed on October 16, 2023 [Doc. No. 195] (the "**LMI Letter**").[1]

First, LMI's Letter attaches a proposed Bar Date Order (LMI Letter Exhibit 3, the "**LMI Proposed Bar Date Order**") that substantially expands the definition of "Authorized Parties" entitled to receive the Abuse Claims. Under LMI's proposed definition, the Insurers would effectively be given carte blanche to provide the Abuse Claims to any third party they choose.

It is no wonder that LMI requests this expansive language – which to counsel's knowledge has not been used in any prior Diocesan case. Recently, the Interstate Fire & Casualty Company, National Surety Corporation, and/or Fireman's Fund Insurance Company

---

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the LMI Letter.



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S

(collectively, the "**Interstate Insurers**" or "**Interstate**"), and Allianz Reinsurance America, Inc., dba, Allianz Resolution Management ("**AZRA**") disclosed a breach of the bar date orders in several Diocesan cases based on the Interstate Insurers providing information from sexual abuse claims to a party not authorized under any applicable bar date order who then included such information in a claims database maintained by that unauthorized third party and available to be searched by clients, also not authorized parties, of that third party.[2]

This Court should not permit such an expansion in Authorized Parties under the Bar Date Order. A nebulous and opaque process may chill survivors' desire to file claims if they do not know where their confidential information is going. Further, there is no basis to allow disclosure of sensitive information to any party an insurer deems an appropriate, yet secret, recipient. Finally, it is wholly inappropriate to permit disclosure of the sensitive information in the Abuse Claims to third parties without informing the Committee and the Diocese what specific party is to receive the information. Instead, the Diocese and the Committee should be provided with notice of any specific party that an Insurer requests be an Authorized Party. To the extent that the Diocese or Committee do not agree to the addition of such Authorized Party, the relevant Insurer may seek relief from this Court. At the hearing held on October 3, 2023 (the "**Hearing**"), the insurers expressed concern about the Court's ability to preside over potential perjury if claim forms were subject to a mediation privilege. The insurers now seek to avoid disclosure or oversight by the Court or other parties regarding disclosure of sensitive, personal information. The Court should not countenance the insurers' cynical request.

*Second*, LMI regurgitates arguments it made in its prior filings and at the Hearing for the addition of numerous questions to the Abuse

---

[2] *See Letters of Todd C. Jacobs on Behalf of the Interstate Insurers* filed in the following cases: (i) Roman Catholic Diocese of Syracuse, New York, pending in the U.S. Bankruptcy Court for the Northern District of New York, Case No. 20-30663 [Doc. No. 1439], (ii) The Diocese of Rochester, pending in the Western District of New York, Case No. 19-20905 ("**Rochester**") [Doc. No. 2240], (ii) The Roman Catholic Diocese of Rockville Centre, New York, pending in the Southern District of New York, Case No 20-12345 [Doc. No. 2524], and (iv) the Diocese of Camden, New Jersey pending in the U.S. Bankruptcy Court for the District of New Jersey, Case No. 20-21257 [Docket No. 3385]. A copy of the Letter filed in Rochester is attached hereto as Exhibit A.



Claim Supplement. For the reasons set forth at the Hearing and in the Committee's Response to LMI's Limited Objection to the Bar Date and Century's Objection to the Bar Date [Doc. No. 158] (the "**Committee Bar Date Response**"), the Committee objects to the inclusion of these additional burdensome questions to the Abuse Claim Supplement. Rather than repeat its arguments, the Committee refers to the Committee Bar Date Response.

*Third*, LMI's request for blanket permission to use of Abuse Claim Supplements in depositions should be denied and any such use should be determined on a case-by-case basis.

*Finally*, LMI argues that the Abuse Claim Supplement should not be subject to a mediation privilege. However, based on the Court's comments at the Hearing, the proposed Bar Date Order no longer provides for application of a mediation privilege but, instead, permits Abuse Claimants who are subject to an objection to their Abuse Claim to take discovery.

With respect to the Debtor Bar Date Letter, the Committee agrees that the outstanding issue is the language in Section 12(c)(i). The Committee attaches as Exhibit B hereto, the Committee's proposed Bar Date Order, and the Committee attaches a redline of its proposed order against the one filed with the Debtor's Bar Date Letter as Exhibit C hereto.

Regards,

*Ilan D. Scharf*

Ilan D. Scharf

# Exhibit A



**Todd C. Jacobs**
d: (312) 477-3306
tjacobs@phrd.com

September 28, 2023

**VIA ELECTRONIC FILING**

Hon. Paul R. Warren
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, New York 14614

RE:     **In Re: The Diocese of Rochester, Case No. 19-20905-PRW (Bankr. W.D.N.Y.)**
        **Notification of Disclosure Under Confidentiality Agreement (ECF No. 425)**

Dear Judge Warren:

This firm represents Interstate Fire & Casualty Company and National Surety Corporation (collectively, the "Interstate Insurers") in the above-referenced bankruptcy case.  We write on behalf of the Interstate Insurers and their affiliate and claims handler, Allianz Reinsurance America, Inc., dba, Allianz Resolution Management ("AZRA"), to notify the Court of the limited disclosure of certain information that may be considered confidential under the Order Establishing Deadline For Filing Proof of Claim and Approving the Claim Form and Manner of Notice Thereof ("Order") and the corresponding Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim ("Authorized Party Agreement") (ECF No. 425).  AZRA provides this notice under ¶ 7 of the Authorized Party Agreement.  As discussed more fully below, AZRA believes that the disclosure was for a Permitted Use under the Authorized Party Agreement.

AZRA contracts with Insurance Services Office ("ISO") for access to ISO's "ClaimSearch" product to assist AZRA in processing claims and detecting claims fraud.  ISO is a long-standing and well-regulated manager and provider of insurance claims information.  ClaimSearch is a comprehensive system for improving claims processing and preventing fraud in the property and casualty insurance industry.  It does so by allowing Participating Organizations with a password and login—generally limited to entities in the business of providing insurance, claims administrators, and select law enforcement—to access essential data for researching prior-loss histories, identifying claims patterns, and detecting suspect claims.  When a Participating Organization uses ClaimSearch as it processes a claim a record may be created for that claimant containing certain limited

information such as the claimant's name, the insured on the policy at issue, and general and categorical descriptions of the claimant's alleged injury and claimed loss.  If a second Participating Organization submits or has submitted a claim or inquiry for that claimant, they may receive a match report containing the record created from the prior Participating Organization's claim submission.

ISO has strict confidentiality agreements with each Participating Organization as well as robust Privacy and Security Policies.  It is also regulated and operates consistent with applicable privacy obligations, including those under the Health Insurance Portability and Accountability Act of 1996 (HIPPA); the Gramm-Leach-Bliley Act and similar state or local statute, rule and regulation; and the Federal Drivers Privacy Protection Act.  ISO Participating Organizations are required, among other things, to ensure that ClaimSearch is used exclusively for the purpose of insurance claims processing, investigation and fraud detection and prevention, and that such information is not used for any other purpose.  Participating Organizations and ISO also formally agree to keep ClaimSearch information secure from unauthorized disclosure and to not share the information with anyone other than other Authorized Users of ClaimSearch.  Finally, Participating Organizations agree to comply with credentialing procedures and to institute their own training and procedures to ensure compliance with the ISO Privacy and Security Policies and applicable laws and regulations.

As an automatic part of its claims processing, and to reduce and detect fraud, limited information regarding AZRA's claims are provided to ISO through ISO's ClaimSearch program,  including claimants' names, a categorical description of their alleged injury; a general loss cause description; and the insured on the policy at issue.[1]  As AZRA was processing the claims for this matter, and because of how the claims were provided to AZRA for this matter specifically, the information listed above was automatically sent to ISO for no more than 163 claimants. At the time it was sent, ISO had not been made aware of the Order, and therefore had not signed the Authorized Party Agreement in this case.  For 162 of those claimants, an ISO record was created but there was no match in the ClaimSearch database, meaning the information was not provided to any other Participating Organization, or match reports were created but provided only to AZRA, and not to any other Participating Organization.  Only for 1 claimant was a record created that was later provided to another Participating Organization (i.e., another insurance provider).  AZRA is not aware of any further disclosure of this information and AZRA has contacted ISO and worked with ISO to void the confidential claimant information it received.  This means that the information is only visible to AZRA and ISO and is not available to any other party.  The data was reviewed by ISO only to the extent necessary to void it. Records have been maintained for purposes of this disclosure.

As noted above, the disclosure was for a Permitted Use under the Authorized Party Agreement, i.e., "the evaluation, prosecution, or defense of the claims asserted in such Sexual Abuse Proofs of claim in the Debtor's Chapter 11 Case, any related adversary

---

[1] A mock address is also provided to ISO with the claimant information that does not correspond with the claimant's real address.

proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing . . . ." Authorized Party Agreement ¶ 4.[2] AZRA acknowledges that the disclosure to ISO should not have occurred until ISO was made aware of the Order and signed the Authorized Party Agreement. Although ISO was not aware of the Authorized Party Agreement when it received the confidential claimant information, ISO has now signed the Authorized Party Agreement for this matter (attached hereto) and voided the confidential information from the ClaimSearch database.[3] Accordingly, AZRA has attempted to comply with its obligations under the Order and Agreement and AZRA is not aware of any harm caused by this limited disclosure.

AZRA has specially retained outside counsel to advise on this matter, Steven D. Allison and Samrah R. Mahmoud (applications for admission *pro hac vice* will be forthcoming shortly) of Troutman Pepper Hamilton Sanders LLP. They are happy to answer any additional questions, whether at a hearing or by written submission, that the Court may have.

Respectfully submitted,

/s/ *Todd C. Jacobs*

Todd C. Jacobs
Harris Winsberg
PARKER, HUDSON, RAINER & DOBBS LLP

cc:     Steven D. Allison (steven.allison@troutman.com)
        Samrah R. Mahmoud (samrah.mahmoud@troutman.com)
        All Parties Receiving Notice via ECF

---

[2] Although ISO did not sign the Authorized Party Agreement prior to the disclosures to ISO referenced above, ISO's agreement with AZRA contains confidentiality provisions that note that most of the information provided by AZRA consists of confidential information, and the agreement restricts ISO from using such confidential information other than for the performance of its obligations under the agreement. Likewise, ISO's Privacy and Security Policies bind AZRA and ISO, and apply here.
[3] Further, the disclosure to ISO, a consultant of AZRA, is contemplated under ¶ 2(d) of a Confidentiality Agreement between the Debtor and various insurance carriers.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

In re:

The Diocese of Rochester,

Case No.: 19-20905
Chapter 11 Case

Debtor,

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
## REGARDING SEXUAL ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 2020.

By [ ISO _____ ] (the "Recipient"), an Authorized Party pursuant to paragraph [12(c)] of the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ___ ] entered by the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____], 2020.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Sexual Abuse Proof of Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent that the Sexual Abuse Claimant elects to permit disclosure of the information contained in the Sexual Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Sexual Abuse Proof of Claim Form.

3. Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim Forms or Confidential Information in violation of this Agreement.

4. Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Committee and the Debtor.

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8. Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Sexual Abuse Proof of Claim Forms, *provided, however,* that (a) any motion for such modification shall be on notice to all Sexual Abuse Claimants, the Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is

restricted to the Bankruptcy Court, the Debtor, the Committee, the affected claimant(s) and made under seal.

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: ___9/19___, 2020

By: ___Eamon Allbee___
Signature

___Eamon Allbee___
Print Name

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

In re:

The Diocese of Rochester,

Case No.: 19-20905
Chapter 11 Case

Debtor,

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
## REGARDING SEXUAL ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 2020.

By [____ISO_____] (the "Recipient"), an Authorized Party pursuant to paragraph [12(c)] of the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ____ ] entered by the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____], 2020.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Sexual Abuse Proof of Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent that the Sexual Abuse Claimant elects to permit disclosure of the information contained in the Sexual Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Sexual Abuse Proof of Claim Form.

3. Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim Forms or Confidential Information in violation of this Agreement.

4. Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Committee and the Debtor.

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8. Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Sexual Abuse Proof of Claim Forms, *provided, however*, that (a) any motion for such modification shall be on notice to all Sexual Abuse Claimants, the Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is

restricted to the Bankruptcy Court, the Debtor, the Committee, the affected claimant(s) and made under seal.

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: 9/19/23_____, 2020~~2020~~    By: _____Nancy E Chayka_____
                                              Signature

                                                 _____Nancy E Chayka_____
                                                 Print Name

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

In re:

The Diocese of Rochester,

Case No.: 19-20905
Chapter 11 Case

Debtor,

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
## REGARDING SEXUAL ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 2020.

By [     ISO                                                                    ] (the "Recipient"), an Authorized Party pursuant to paragraph [12(c)] of the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ___ ] entered by the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____], 2020.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Sexual Abuse Proof of Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.  Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2.  For purposes of this Agreement, the term "Confidential Information" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent that the Sexual Abuse Claimant elects to permit disclosure of the information contained in the Sexual Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Sexual Abuse Proof of Claim Form.

3.  Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim Forms or Confidential Information in violation of this Agreement.

4.  Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5.  Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Committee and the Debtor.

6.  Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7.  Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8.  Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Sexual Abuse Proof of Claim Forms, *provided, however*, that (a) any motion for such modification shall be on notice to all Sexual Abuse Claimants, the Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is

restricted to the Bankruptcy Court, the Debtor, the Committee, the affected claimant(s) and made under seal.

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: _9 / 15_____, 2020

By: _Lynn Roberts_____
Signature

_Lynn Roberts_____
Print Name

# Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) | |
| Ogdensburg, New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
## AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), for entry of an order (a) establishing bar dates by which proofs of claim against the Diocese's bankruptcy estate must be filed; (b) approving the proposed form to be used for filing proofs of claim and the abuse claim supplement; (c) approving procedures for maintaining the confidentiality of certain claims; (d) approving the form and manner of notice of the deadlines to file proofs of claim; and (e) granting related relief [Docket No. 75] (the "Motion");[1] and all

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

objections to the Motion having been resolved or overruled; and upon finding that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this chapter 11 case (the "Chapter 11 Case") and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); that the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors and other parties in interest; and that proper and adequate notice of the Motion has been given and no other or further notice is necessary or required; and after due deliberation with sufficient cause established,

IT IS HEREBY ORDERED THAT:

1.      The Motion is hereby GRANTED as set forth herein.

**Establishment of Bar Date**

2.      January 18, 2024, at 11:59 P.M. (prevailing Eastern time) is the deadline for all persons and entities, including Abuse Claimants (as that term is defined in the Abuse Claim Supplement) and governmental units, to file prepetition claims in this Chapter 11 Case (the "Bar Date").

**Approval of Proposed Forms**

3.      The Official Form 410 (the "Proof of Claim Form"), Abuse Claim Supplement, Confidentiality Agreement, Bar Date Notice, and Publication Notice, in the forms annexed hereto as *Schedules 1*, *2*, *3*, *4*, **and** *5*, respectively, are hereby approved.

**Who Must File Proofs of Claim**

4.      Except as provided in paragraph 7 of this Order, any person or entity holding a prepetition claim against the Diocese must file a proof of claim in accordance with the procedures described herein by the applicable Bar Date.  The Bar Date applies to all persons and entities that

2

assert claims (as defined in section 101(5) of the Bankruptcy Code) against the Diocese (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date, including, without limitation, all Abuse Claims (as such term is defined in the Abuse Claim Supplement).

5. Any person or entity who is required to file a proof of claim pursuant to this Order but fails to do so on or before the applicable Bar Date set forth herein (i) may not be treated as a creditor with respect to such Claim and may not be entitled to vote to accept or reject, or to share in any distribution under, any chapter 11 plan proposed and/or confirmed in this Chapter 11 Case.

6. **The following persons or entities must file a proof of claim on or before the applicable Bar Date:**

(a) Any person or entity whose prepetition claim is not listed on the Diocese's Schedules of Assets and Liabilities filed in this Chapter 11 Case (the "<u>Schedules</u>") or any amendment thereto, or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who may be entitled to any distributions to creditors that may be made in this Chapter 11 Case;

(b) Any person or entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

(c) Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

7. **The following persons or entities are not required to file proofs of claim at this time:**

(a) Any person or entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division; *except that* any person who has asserted a Sexual Abuse Claim should submit a completed Abuse Claim Supplement;

3

(b)     Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto; and (ii) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c)     Any professionals retained by the Diocese or any Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d)     Any person or entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

(e)     Any person or entity whose claim against the Diocese is allowed by an order of the Court entered on or before the applicable Bar Date; and

(f)     Any person or entity whose claim has been previously settled or paid in full.

**Procedure for Filing Proofs of Claim**

8.      **Proofs of claim may not be filed with the Court** or with the Clerk of the Court.

**All claimants are directed to submit their proofs of claim to Stretto**, the Diocese's Claims and Noticing Agent, as set forth in paragraphs 9 and 10 below.

9.      In order to be considered valid, each proof of claim submitted in this Chapter 11 Case must: (a) conform substantially to Official Form 410, (b) be denominated in lawful currency of the United States as of the Petition Date, (c) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Diocese and/or the Committee upon request, and (d) be actually received by Stretto, the Diocese's Claim and Noticing Agent, as of the Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original copy by

hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. Notwithstanding the foregoing, in the event that a completed proof of claim is mailed to or personally delivered to the Clerk of Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division, the Clerk of Court shall: (i) mark the document with a date and time of receipt; (ii) maintain a copy of the proof of claim and Abuse Claim Supplement under seal pursuant to Local Bankruptcy Rules; and (iii) place the proof of claim and any Abuse Claim Supplement in a sealed envelope marked confidential, and transmit the sealed envelope via overnight delivery to Stretto at the address for receipt of proofs of claim above.

10.     All claimants shall submit their proofs of claim in substantial conformance with Official Form 410. Any proof of claim asserting a Sexual Abuse Claim (each, an "Abuse Proof of Claim") should be accompanied by a completed Abuse Claim Supplement. Where an Abuse Claim Form is accompanied by an Abuse Claim Supplement, such Abuse Claim Supplement shall be treated as a portion of such Abuse Proof of Claim for purposes of confidentiality, as is set forth further in paragraph 12 of this Order. A copy of the Abuse Claim Supplement is attached hereto as *Schedule 2*. **The failure to submit a completed Abuse Claim Supplement with any proof of claim asserting an Abuse Claim may be the basis for a valid objection to such claim.**

11.     If a claimant submits a proof of claim that appears to assert an Abuse Claim prior to the Bar Date but without including a completed Abuse Claim Supplement, such claim will be treated as timely filed, and the Diocese shall make a written request to such claimant to submit a completed Abuse Claim Supplement. The failure to submit an Abuse Claim Supplement prior to

5

the later of (i) the Bar Date or (ii) ten (10) business days following the date of the Diocese's written

notice may be grounds to disallow an Abuse Claim.

## **Establishment of Confidentiality Protocol**

12.     The following confidentiality protocol ("Confidentiality Protocol") shall apply to

all Abuse Proofs of Claim submitted by Abuse Claimants:

(a)     All claimants asserting an Abuse Claim should submit such claims directly to Stretto, the Diocese's Claims and Noticing Agent, using the Proof of Claim Form with a completed Abuse Claim Supplement.  Abuse Proofs of Claim should not be filed with the Court.

(b)     Abuse Proofs of Claim, including any attachments thereto, received by Stretto will be treated as confidential and will be made available only to Authorized Parties (as defined below) unless an Abuse Claimant affirmatively elects to have their Abuse Proof of Claim disclosed publicly. Any claim that appears to be an Abuse Claim that is filed without an Abuse Claim Supplement or as a General Claim shall be treated by Stretto as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim.  The Confidentiality Protocol is for the sole and exclusive benefit of the Abuse Claimants.  Accordingly, any Abuse Claimant may elect to make information contained in his or her personal Abuse Claim Supplement public, even if he or she does not elect to have his or her personal Abuse Proof of Claim disclosed publicly.  For the avoidance of doubt, Abuse Claimants are not bound by the confidentiality provisions of this Order with respect to disclosures regarding their own abuse or any information disclosed by an Abuse Claimant in his or her Abuse Proof of Claim.

(c)     Abuse Proofs of Claim and Abuse Claim Supplements received by Stretto shall be held and treated as confidential by Stretto, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

i.     The Bishop of the Diocese, officers of the Diocese, and such other current or former employees and representatives of the Diocese or its parishes, or other persons who are necessary to assist the Diocese in reviewing and analyzing the Abuse Proofs of Claim and in effectuating and observing the Diocese's safe environment policies. For the avoidance of doubt, any person that was disclosed to the Diocese as an individual who allegedly committed an act of sexual abuse, as well as any person identified as an alleged abuser in an Abuse Proof of Claim shall not be an Authorized Person with respect to any Abuse Proof of Claim, and any person who is

acknowledged by the Diocese as someone who committed acts of abuse shall not be an Authorized Person with respect to any Abuse Proof of Claim, *provided*, *however*, that the Diocese is authorized to discuss the contents of any Abuse Proof of Claim with a person identified as an alleged abuser who was not previously acknowledged by the Diocese as an individual who had committed an act of abuse for the purpose of conducting an internal investigation and assessing the actual claim by providing any affected Sexual Abuse Claimant, such affected Sexual Abuse Claimant's counsel (if any), and counsel to the Committee, with notice delivered via overnight delivery and e-mail of such planned disclosure (a "Disclosure Notice") and an opportunity to object to such disclosure. If the Diocese receives a written objection to such disclosure (an "Objection Notice") on or before 5 p.m. (Eastern) on the fifth (5th) business day following its receipt of the Disclosure Notice (the "Objection Deadline"), (a) the Diocese may not make the disclosure set forth in the Disclosure Notice until such time as the Court permits such disclosure or the Committee consents to such disclosure, and (b) the Diocese may make an application to the Court on no less than five (5) business days' notice (or such other time as the Court may allow) seeking authorization to make such disclosure over the Committee's objection. In the event that no Objection Notice is received prior to the Objection Deadline, the Diocese may make the disclosure set forth in the Disclosure Notice;

ii. Counsel to the Diocese, the Committee, or any other official committee, retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel;

iii. Members of any Committee and their individual counsel (after the Abuse Proof of Claim has been redacted to remove (a) the claimant's name, address, and other information identified in Parts 1 and 2(a) of the Abuse Claim Supplement, the signature block and any other information which could reasonably be used to personally identify an Abuse Claimant) and (b) the personally identifying information of any other person identified as someone who was the subject of abuse;

iv. Any Insurer that provided insurance or reinsurance that may cover the claims described in any Abuse Proof of Claim, together with their respective successors, reinsurers and counsel; provided, however, that affiliates of any Insurer, and any officer, employee, agent or representative of such Insurer, that did not provide insurance or reinsurance to the Diocese shall not be an Authorized Person, subject to further order of the Court;

7

v. Any person appointed pursuant to an order of the Bankruptcy Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Abuse Claims, in this Chapter 11 Case or any adversary proceeding filed in this Chapter 11 Case;

vi. Any trustee, or functional equivalent thereof, appointed to administer payments to Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

vii. Any person with the express written consent of the Diocese and the Committee, upon 14 days' notice, or such other time as the Court may allow, to the affected Abuse Claimant(s);

viii. Such other persons as the Court may authorize to access one or more of the Abuse Proofs of Claim pursuant to subsequent order; *provided*, *however*, that any such determination shall be made on no less than seven (7) days' notice to the affected Abuse Claimant(s), the Committee, and the Diocese; and

ix. Counsel of record to any Authorized Party upon execution of a Confidentiality Agreement by such counsel.

(d) Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Abuse Proof of Claim prior to the execution of a confidentiality agreement substantially in the form attached hereto as **Schedule 3** (the "Confidentiality Agreement"); provided, however that a mediator appointed in the case shall not be required to execute a confidentiality agreement if such mediator is currently a Bankruptcy Judge, Magistrate Judge, or District Court Judge. Counsel of record to any Authorized Party shall only be required to execute a single Confidentiality Agreement, which shall be deemed binding on their entire firm. Access to the Abuse Proofs of Claim for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Abuse Proofs of Claim on behalf of an Authorized Party. Copies of all Confidentiality Agreements shall be provided to the Diocese and the Committee through their respective counsel.

(e) Authorized Parties in possession of any Abuse Proof(s) of Claim shall keep such Abuse Proof(s) of Claim confidential and shall not use or disclose any information provided in any Abuse Proof(s) of Claim except in accordance with the terms of this Order, the Confidentiality Agreement or pursuant to an order of this Court, unless the Abuse Claimant has elected to make his or her Abuse Proof of Claim public by indicating such consent in Part 1 of the Abuse Claim Supplement.

8

    (f)    Stretto shall assign to each claimant asserting an Abuse Claim a unique identifier code and shall maintain a confidential list of the identities of the Abuse Claimants, their corresponding identifier code, and their respective Abuse Proof(s) of Claim and/or Abuse Claim Supplement. The confidential list of the identities of Abuse Claimants shall be provided only to such parties that are Authorized Parties entitled to the personally identifying information of Abuse Claimants pursuant to this Order.

## Notice of Bar Date

13.    Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice and (ii) a copy of the Proof of Claim Form (together with the Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) all parties that have filed a notice of appearance in the Diocese's Chapter 11 Case; (c) all creditors listed in the Diocese's Schedules (except those creditors listed on the portions of Schedule F filed under seal relating to Abuse Claimants); (d) all parties to executory contracts and unexpired leases of the Diocese; (e) all persons or entities that have previously filed proofs of claim in the Diocese's Chapter 11 Case; and (f) such additional persons and entities as the Diocese may deem appropriate or advisable.

14.    Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice, (ii) a copy of this Order (without exhibits or schedules), and (iii) a copy of the Proof of Claim Form and Abuse Claim Supplement (together with the Bar Date Notice and Bar Date Order, the "Abuse Claim Notice Package"), upon each person, or their respective counsel, who is listed on that portion of the Diocese's Schedule F filed under seal. The Diocese shall not be required to send an Abuse Claim Notice Package to any person who has previously entered into a settlement with the Diocese regarding an Abuse Claim if the Diocese has performed all of its monetary obligations under the terms of such settlement.

15. In addition to providing direct notice to known creditors as set forth above, subject to applicable publication guidelines and submission deadlines, the Diocese shall cause a notice in substantially the form attached hereto as *Schedule 5* (the "Publication Notice") to be published as follows:

    a. Once, no later than twenty-one (21) days after the entry of this Order, in *USA Today*, and

    b. Twice, with the first publication no later than twenty-one (21) days after entry of this Order and the second publication no later than fourteen (14) days prior to the Bar Date, in *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, *North Country This Week*, and the *North Country Catholic*.

16. In addition to the foregoing publication, the Diocese shall use reasonable efforts to take the following additional measures to disseminate information relating to the Bar Date as soon as practicable following entry of this Order:

    i. Beginning no later than five (5) business days after entry of the Bar Date Order and at least through the General Bar Date, the Diocese will cause prominent, one-click links to the General Claim Notice Package and the Abuse Claim Notice Package to be posted on the case management website maintained by Stretto.

    ii. The Diocese will establish and maintain, or cause Stretto to establish and maintain, a telephone number which may be used by claimants to ask questions or to request copies of the General Claim Notice Package, the Abuse Claim Notice Package, or parts thereof;

    iii. Beginning within ten (10) business days of the entry of this Order and at least through the General Bar Date, the Diocese will cause links to the General Claim Notice Package and the Abuse Claims Notice Package to be posted on the Diocese's website homepage.

    iv. Within ten (10) business days of entry of this Order, the Diocese will issue a press release regarding the Bar Date and including the Bar Date Notice to the news departments of *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, and *North Country This Week*.

    v. The Diocese will provide a copy of the Publication Notice to each parish and ministry (except primary and secondary schools) overseen by the

Bishop of the Diocese with a request to display the Publication Notice in a prominent place until the General Bar Date.

17.     The Court finds that the form and manner of giving notice of the Bar Date as approved herein fulfills the notice requirements of the Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Bar Date and the need to file a proof of claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012). Accordingly, the Diocese is authorized and directed to serve and/or publish notice of the Bar Date in the manner described herein.

18.     Nothing contained in this Order is intended or should be construed as a finding as to the validity of any claim against the Diocese, and all parties retain all rights to dispute any claim on any grounds. All parties retain the right to dispute, or to assert offsets or defenses to, any claim (whether or not reflected on the Schedules or any amendments thereto) as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed.

19.     In the event that an objection is filed to a Sexual Abuse Proof of Claim, the Abuse Claimant shall have the right to conduct discovery concerning the basis of the objection to the Sexual Abuse Proof of Claim.

20.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

**<u>Schedule 1</u>**

(To Bar Date Order)

**Official Form 410**

## **Schedule 2**

(To Bar Date Order)

**Form of Abuse Claim Supplement**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | )  | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) | |
| Ogdensburg, New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CONFIDENTIAL ABUSE CLAIM SUPPLEMENT

**THIS FORM MUST BE *RECEIVED* NO LATER THAN JANUARY 18, 2024
AT 11:59 P.M. (PREVAILING EASTERN TIME) (THE "<u>BAR DATE</u>")**

**When submitting your Abuse Proof of Claim in this case, the Court strongly encourages you to complete this supplemental form, which the Court has approved, and include it as an attachment to your Abuse Proof of Claim. Submitting this supplemental form at the outset will help streamline the process of identifying claims and all applicable insurance coverage and expedite a distribution to creditors.**

Carefully read the instructions that are included with this **CONFIDENTIAL ABUSE CLAIM SUPPLEMENT** and complete all applicable questions.

For purposes of this Abuse Claim Supplement, an "<u>Abuse Claim</u>" is any claim (as defined in section 101(5) of the Bankruptcy Code) against The Roman Catholic Diocese of Ogdensburg, New York. (the "<u>Diocese</u>") resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible. An "<u>Abuse Claimant</u>" is the person asserting an Abuse Claim against the Diocese. If the Abuse Claimant is a minor, a parent or legal guardian may complete this Abuse Claim Supplement on the minor's behalf. If the Abuse Claimant is deceased or incapacitated, the Abuse

Claimant's legal representative or executor of the decedent's estate may complete this Abuse Claim Supplement on their behalf.

**THIS ABUSE CLAIM SUPPLEMENT IS FOR ABUSE CLAIMS ONLY. TO BE VALID, THIS ABUSE CLAIM SUPPLEMENT MUST:**

(A)     Provide responses that are complete and accurate to the best of your knowledge;

(B)     Be signed by the Abuse Claimant or their counsel of record, except that if the Abuse Claimant is a minor, incapacitated or deceased, this Abuse Claim Supplement may be signed by the Abuse Claimant's parent, legal guardian, or executor, as applicable; and

(C)     Be actually received by Stretto, the Diocese's claims and noticing agent, on or prior to the Bar Date, either:

(i)     electronically using the interface available at: https://case.stretto.com/dioceseofogdensburg; or

(ii)     via hand delivery, U.S. Mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**ABUSE CLAIM SUPPLEMENTS SENT BY FACSIMILE, TELECOPY, OR E-MAIL WILL NOT BE ACCEPTED.**

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

**FAILURE TO COMPLETE AND RETURN THIS FORM IN A TIMELY MANNER MAY RESULT IN YOUR INABILITY TO VOTE ON A PLAN OF REORGANIZATION AND INELIGIBILITY TO RECEIVE A DISTRIBUTION IN THE ABOVE-CAPTIONED CHAPTER 11 CASE.**

**THIS ABUSE CLAIM SUPPLEMENT IS NOT SUFFICIENT TO ASSERT AN ABUSE CLAIM AGAINST ANY ENTITY OTHER THAN THE DIOCESE.**

**ANSWER THESE QUESTIONS TO THE BEST OF YOUR KNOWLEDGE AND ABILITY AT THE TIME YOU COMPLETE THIS FORM.**

> **A PERSON WHO FILES A FRAUDULENT CLAIM COULD BE FINED UP TO $500,000, IMPRISONED FOR UP TO 5 YEARS, OR BOTH.  18 U.S.C. §§ 152, 157, and 3571.**

## PART 1: CONFIDENTIALITY

Unless the Abuse Claimant indicates below that the Abuse Claimant wants this document to be part of the public record, the Abuse Claimant's identity will be kept strictly confidential, under seal, and outside the public record pursuant to an Order of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court"). However, this Abuse Claim Supplement and your Proof of Claim Form may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors (the "Committee"), their respective counsel, the United States Trustee, and such other persons as the Bankruptcy Court may authorize.

**ONLY THE ABUSE CLAIMANT MAY WAIVE THE CONFIDENTIALITY OF THEIR INFORMATION PROVIDED HEREIN.**

| Please select **only one** option below: | |
|---|---|
| ☐ I wish to keep my identity and all information herein CONFIDENTIAL. | ☐ I authorize my name, identity and this Abuse Claim Supplement (together with any exhibits and attachments) to be made PUBLICLY AVAILABLE AND PART OF THE PUBLIC RECORD. |
| **Signature:** | |
| **Print Name:** | |

**IF YOU DO NOT CHECK EITHER BOX, IF YOU CHECK BOTH BOXES, OR IF YOU DO NOT PROVIDE YOUR NAME AND SIGNATURE ABOVE, YOUR CLAIM WILL REMAIN CONFIDENTIAL.**

## PART 2: IDENTIFYING INFORMATION

a. **Abuse Claimant**

_____

First Name                Middle Initial                Last Name                Suffix (if any)


_____

Mailing Address (If party is incapacitated, is a minor or is deceased, please provide the address of the legal representative submitting the claim. If you are in jail or prison, your current address).


_____

City                                State/Prov.                Zip Code (Postal Code)

Telephone No(s):
Home: _____ Work: _____ Cell: _____
If you are represented by counsel, you may provide your attorney's work phone number instead of your own.

Email address: _____
If you are represented by counsel, you may provide your attorney's email address instead of your own.

Social Security Number (last four digits only): _____

If you are in jail or prison, your identification number and location of incarceration:

_____

May the Diocese, the Committee, and their respective counsel of record in this chapter 11 case

leave voicemails for you regarding your claim?                ☐ Yes                ☐ No

May the Diocese, the Committee, and their respective counsel of record in this chapter 11 case

send confidential information to your email?                ☐ Yes                ☐ No

Birth Date: _____
                Month                Day                Year

Any other name, or names, by which the Abuse Claimant has been known (including maiden name, if applicable):

_____

b.    **Abuse Claimant's Attorney (if any):**

_____
Law Firm Name

_____
Attorney's      First Name           Middle Initial              Last Name

_____
Street Address

_____
City                          State/Prov.     Zip Code (Postal Code)        Country
                                                                            (if other than U.S.A.)

_____
Telephone No.              Fax No.                         E-mail address

## PART 3:  NATURE OF COMPLAINT

**(Attach additional separate sheets if necessary)**

**NOTE: IF YOU HAVE PREVIOUSLY FILED A LAWSUIT AGAINST THE DIOCESE IN STATE OR FEDERAL COURT, PLEASE ATTACH THE COMPLAINT AND RESPOND TO THE QUESTIONS BELOW.**

a.   **Who committed the acts of abuse against you?**  Individuals identified in this section will be referred to as the "abuser" in questions below.  If applicable, you may identify more than one abuser.  Please provide the complete name(s) of each abuser to the best of your recollection.  If you do not know the name(s) of each abuser, please identify them by title, position or other description.

_____

_____

_____

_____

_____

b.   **How did you know the abuser?**  For example, was the abuser at your church, school or part of another group with which you were involved?  Was the abuser a relative or family friend?

_____

_____

c.   **If the abuser was affiliated with a church, parish, school, or Diocesan organization, please identify such church, parish, school or organization.**

_____

_____

d.   **Where did the abuse take place?**  Please be specific and complete all relevant information to the best of your recollection, including the names of locations and addresses, if known.

_____

_____

e.  **When did the abuse take place?**  Please be as specific as possible.  If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

f.  **Do you know how old you were at the time the abuse began and ended?**  Please be as specific as possible.  If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

g.  **Please describe the nature of the abuse.**  If you are able, please specify what happened (e.g., the circumstances, approximate number of occurrences, frequency, duration, and type(s) of abuse):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

h.   **Have you experienced injury and/or damages because of the act or acts of abuse described above?**  Please provide as much detail as possible.  For example, describe any injuries or damages, as well as any effect on your emotions, education, employment, personal relationships, health, or faith.

_____

_____

_____

_____

_____

_____

_____

i.   **Have you ever asserted a claim against the Diocese, or against any entity or individual other than the Diocese (including, but not limited to, any parish, church, school, the Boy Scouts of America or any local council thereof, or any other organization) relating to the abuse described in this claim?**  If you have, please state when you asserted the claim, against whom the claim was asserted, the manner in which the claim was asserted (for example, a complaint made to law enforcement, a lawsuit or demand letter, participation in the Diocese's Independent Reconciliation and Compensation Program (IRCP) or a similar program sponsored by an entity other than the Diocese, an informal request for compensation, etc.), and the result of such claim (including, for example, whether such claim resulted in a settlement or was adjudicated and, if so, the terms of any non-confidential settlement or the outcome of such adjudication).

_____

_____

_____

_____

_____

_____

_____

j.  **Did you tell anyone about the abuse and, if so, whom did you tell?**  If you did tell anyone, what did you tell that person and when?  You do not need to disclose any communications you had with an attorney.

_____

_____

_____

_____

_____

---

Counsel for the Abuse Claimant or the Abuse Claimant should sign below. If being signed by counsel, please indicate that you are counsel.

**If you are signing the claim on behalf of a minor, decedent or incapacitated person, state your relationship to the Abuse Claimant.**

**Under penalty of perjury, I declare the foregoing statements to be true and correct.**

Date: _____

Signature: _____

Print Name: _____

Relationship to the Sexual Abuse Claimant: _____

---

**<u>Schedule 3</u>**

(To Proposed Order)

**Confidentiality Agreement**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | )<br>)<br>) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese<br>of Ogdensburg, New York, | )<br>) Chapter 11 |
| Debtor. | )<br>) |

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
## REGARDING ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 20[___].

By [_____] (the "Recipient"), an Authorized Party pursuant to the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ____] entered by the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____], 2023.

WHEREAS, the Recipient will be granted access to Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Abuse Claim Supplements extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.  Recipient agrees that the Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2.  For purposes of this Agreement, the term "Confidential Information" means each Abuse Proof of Claim itself, and any information contained in a Abuse Proof of Claim, except that Confidential Information shall not include any information (a) that the Abuse Claimant elects to permit disclosure of the information contained in the Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Abuse Claim Supplement or (b) information that (i) was known to the Recipient prior to being disclosed in an Abuse Proof of Claim, (ii) is or becomes generally available to the public through no act or failure to act on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Abuse Proof of Claim.

3.  Recipient agrees to not to use or distribute any Abuse Proofs of Claim or Confidential Information in violation of this Agreement.

4.  Recipient may use Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, investigation, prosecution, or defense of the claims asserted in such Abuse Proofs of Claim in the Diocese's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, for the carrying out of the Diocese's safe environment policies, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5.  Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal or made *in camera*, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s) and the Diocese.

6.  Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7.  Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Diocese and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8. Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in any Abuse Proof of Claim, *provided*, *however*, that (a) any motion for such modification shall be on notice to all Abuse Claimants and the Diocese and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court, the Diocese, the Committee, the affected claimant(s) and made under seal.

9. This Agreement shall become effective as of the date it is delivered to counsel for the Diocese.

Dated: _____, 202__

By: _____
Signature

_____
Print Name

## **Schedule 4**

(To Proposed Order)

**Form of Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese | ) | |
| of Ogdensburg, New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ROMAN CATHOLIC DIOCESE OF OGDENSBURG, NEW YORK:

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU HAVE A CLAIM OR WHETHER YOU MUST FILE A PROOF OF CLAIM. YOU MAY ALSO OBTAIN INFORMATION FROM THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS BY CALLING [_____].**

PLEASE TAKE NOTICE that on July 17, 2023 (the "Petition Date") The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court"). Information regarding the Diocese, its business, and other relevant information related to this chapter 11 case (the "Chapter 11 Case") may be obtained at the case management website maintained by Stretto, the Diocese's Claims and Noticing Agent at: https://case.stretto.com/dioceseofogdensburg.

PLEASE TAKE FURTHER NOTICE that on [_____], 2023, the Bankruptcy Court entered an order (the "Bar Date Order")[1] establishing **January 18, 2024 at 11:59 p.m.** (prevailing Eastern time), as the deadline for all persons and Entities including persons asserting Abuse Claims and Governmental Units, to file prepetition claims in this Chapter 11 Case (the "Bar Date").

Except as described below, the Bar Date Order requires all persons or Entities, including Governmental Units, that have or may assert prepetition claims of any nature against the Diocese, including Abuse Claims, to submit proofs of claim so that they are received by Stretto on or before the Bar Date. Please note that the terms "Entity," "Governmental Unit," "Claim," and "Abuse Claim" are defined below.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bar Date Order.

PLEASE TAKE FURTHER NOTICE that all claimants are directed to use the Proof of Claim Form approved in the Bar Date Order to submit their claim. A copy of the Proof of Claim Form is enclosed with this Notice. All claimants wishing to assert Abuse Claims are directed to complete and submit the Abuse Claim Supplement in addition to their Proof of Claim Form. If the Diocese has identified you as having a potential Abuse Claim, a copy of the Abuse Claim Supplement is also enclosed with this Notice. If no Proof of Claim Form accompanies this Notice, or if you wish to assert an Abuse Claim and did not receive an Abuse Claim Supplement, copies of both the Proof of Claim Form and the Abuse Claim Supplement may be obtained online by visiting https://case.stretto.com/dioceseofagdensburg, or may be requested by calling (844) 634-0003.

## KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, States, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Diocese and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "Abuse Claim" shall mean any Claim against the Diocese resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible.

## I.    WHO MUST FILE A PROOF OF CLAIM

a. *Bar Date*: The Bar Date Order establishes **January 18, 2024 at 11:59 p.m.** (prevailing Eastern time) as the Bar Date.  All persons or Entities, including, without limitation, any person wishing to assert an Abuse Claim and Governmental Units, must file their proofs of claim on or before the General Bar Date.

b. ***The Following Persons or Entities Must File a Proof of Claim on or Before the Applicable Bar Date:***

   i.   Any person or Entity whose prepetition claim was not listed in the Diocese's Schedules of Assets and Liabilities filed in this Chapter 11 Case (the "Schedules"), or any amendment thereto, or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who desires to participate in this Chapter 11 Case or to share in any distributions to creditors that may be made in this Chapter 11 Case;

   ii.  Any person or Entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

   iii. Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

c. ***The Following Persons or Entities are Not Required to File Proofs of Claim at this Time:***

   i.   Any person or Entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division, except that any person who has asserted an Abuse Claim must submit a completed Abuse Claim Supplement in accordance with the requirements of the Bar Date Order;

   ii.  Any person or Entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

   iii. Any professionals retained by the Diocese or the Committee pursuant to orders of the Bankruptcy Court, who assert administrative claims for payment

of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

iv. Any person or Entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

v. Any person or Entity whose claim against the Diocese is allowed by an order of the Bankruptcy Court entered on or before the applicable Bar Date; and

vi. Any person or Entity whose claim has been previously settled or paid in full.

## II. CONFIDENTIALITY OF ABUSE CLAIMS

Pursuant to the Bar Date Order, where an Abuse Claim Form is accompanied by an Abuse Claim Supplement, such Abuse Claim Supplement shall be treated as a portion of such Abuse Proof of Claim for purposes of confidentiality. All filed Abuse Proofs of Claim will be treated confidentially in this Chapter 11 Case unless the Abuse Claimant elects to have his or her claim publicly disclosed. Any Abuse Proof of Claim that you file will not be available to the general public, and will be kept confidential, except that information will be provided to Authorized Parties under the Bar Date Order, all of whom will agree to keep the information provided by you confidential pursuant to the Bar Date Order.

## III. CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any person or Entity that is required to file a proof of claim, but fails to do so on or before the applicable Bar Date may not be treated as a creditor with respect to such Claim and may not be entitled to vote to accept or reject, or to share in any distribution under, any Chapter 11 plan proposed and/or confirmed in this Chapter 11 Case. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any party that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

## RESERVATION OF RIGHTS

Nothing in the Bar Date Order shall be construed as limiting any party's rights to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude any party from objecting to any Claim, whether scheduled or filed, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

**Proofs of claim should not be filed with the Court or with the Clerk of the Court. All claimants are directed to submit their proofs of claim to Stretto**, the Diocese's Claims and Noticing Agent, as set forth below:

To be considered valid, each General Proof of Claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected), and (c) be actually received by Stretto, the Diocese's Claims and Noticing Agent, on or prior to the applicable Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original copy by hand mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.

In order to be considered valid, each Abuse Proof of Claim must: (a) be signed by the Abuse Claimant or such Abuse Claimant's counsel of record (or if such Abuse Claimant is a minor, legally incapacitated, or deceased, by such Abuse Claimant's parent, legal guardian or executor) and (b) be actually received by Stretto, the Diocese's Claims and Noticing Agent, as of the General Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. All claimants asserting an Abuse Claim should submit a completed Abuse Claim Supplement with their completed Abuse Claim Form. **The failure to include the Abuse Claim Supplement with your Abuse Claim Form may be the basis for a valid objection to your Abuse Proof of Claim.** An Abuse Claim may only be made on account an individual upon whom abuse was inflicted. Any other claim may be asserted as General Claim.

Proofs of claim will be deemed filed only when actually received by Stretto. Proofs of claim submitted electronically will be acknowledged via electronic mail or confirmation number from Stretto at the time of submission. If you wish to receive acknowledgement of Stretto's receipt of a proof of claim submitted in paper format, you must also submit with your original proof of claim: (i) one additional copy of your original proof of claim; and (ii) a self-addressed, postage pre-paid return envelope.

## ADDITIONAL INFORMATION

You may be listed as the holder of a Claim in the Diocese's Schedules. If you hold or assert a Claim that is not listed in the Schedules, or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of Court, United States Bankruptcy Court for the Northern District of New York, Utica Division. In addition, copies of the Diocese's Schedules and the Bar Date Order are available on the Stretto case management website at https://case.stretto.com/dioceseofogdensburg, or on the Court's website (http://nynb.uscourts.gov/) by following the directions for accessing the ECF system on such website (a PACER password is required).

Requests for copies of the Proof of Claim Form and/or Abuse Claim Supplement should be directed to Stretto, the Diocese's Claims and Noticing Agent at (844) 634-0003. Stretto is not permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the contents of this notice or the completion or filing of a proof of claim.

Dated: _____ ____, 2023

BY ORDER OF THE HONORABLE PATRICK G. RADEL
UNITED STATES BANKRUPTCY JUDGE

**Schedule 5**

(To Proposed Order)

**Form of Publication Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

***In re The Roman Catholic Diocese of Ogdensburg, New York***
**Case No. 23-60507**

**PLEASE TAKE NOTICE THAT,** On July 17, 2023, The Roman Catholic Diocese of Ogdensburg, New York, ("<u>Diocese</u>") filed for protection under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**The Bankruptcy Court has established January 18, 2024 at 11:59 p.m. (prevailing Eastern time) as the deadline all claimants (including governmental units) to file proofs of claim against the Diocese (the "<u>Bar Date</u>").**

**If you have a claim against the Diocese, including, without limitation, a claim related to abuse committed by any person connected with the Diocese, you must file a claim on or before the applicable Bar Date.**

Please visit https://case.stretto.com/dioceseofogdensburg or call (844) 634-0003 for more information on how to file your proof of claim.

**IF YOU DO NOT TIMELY FILE A PROOF OF CLAIM, YOU MAY FORFEIT YOUR RIGHT TO VOTE ON ANY PLAN OF REORGANIZATION AND TO SHARE IN ANY DISTRIBUTIONS TO CREDITORS IN CONNECTION WITH THE DIOCESE'S CHAPTER 11 CASE.**

# Exhibit C

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) |
| Ogdensburg, New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), for entry of an order (a) establishing bar dates by which proofs of claim against the Diocese's bankruptcy estate must be filed; (b) approving the proposed form to be used for filing proofs of claim and the abuse claim supplement; (c) approving procedures for maintaining the confidentiality of certain claims; (d) approving the form and manner of notice of the deadlines to file proofs of claim; and (e) granting related relief [Docket No. 75] (the "Motion");[1] and all

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

16619698.6
16619698.4
DOCS_DE:245379.1 18493/002

objections to the Motion having been resolved or overruled; and upon finding that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that venue of this chapter 11 case (the "Chapter 11 Case") and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); that the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors and other parties in interest; and that proper and adequate notice of the Motion has been given and no other or further notice is necessary or required; and after due deliberation with sufficient cause established,

IT IS HEREBY ORDERED THAT:

1.      The Motion is hereby GRANTED as set forth herein.

**Establishment of Bar Date**

2.      January 18, 2024, at 11:59 P.M. (prevailing Eastern time) is the deadline for all persons and entities, including Abuse Claimants (as that term is defined in the Abuse Claim Supplement) and governmental units, to file prepetition claims in this Chapter 11 Case (the "Bar Date").

**Approval of Proposed Forms**

3.      The Official Form 410 (the "Proof of Claim Form"), Abuse Claim Supplement, Confidentiality Agreement, Bar Date Notice, and Publication Notice, in the forms annexed hereto as *Schedules 1*, *2*, *3*, *4*, **and** *5*, respectively, are hereby approved.

**Who Must File Proofs of Claim**

4.      Except as provided in paragraph 7 of this Order, any person or entity holding a prepetition claim against the Diocese must file a proof of claim in accordance with the procedures described herein by the applicable Bar Date. The Bar Date applies to all persons and

16619698.6
16619698.4
DOCS_DE:245379.1 18493/002

entities that assert claims (as defined in section 101(5) of the Bankruptcy Code) against the Diocese (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date, including, without limitation, all Abuse Claims (as such term is defined in the Abuse Claim Supplement).

5.      Any person or entity who is required to file a proof of claim pursuant to this Order but fails to do so on or before the applicable Bar Date set forth herein (i) may not be treated as a creditor with respect to such Claim and may not be entitled to vote to accept or reject, or to share in any distribution under, any chapter 11 plan proposed and/or confirmed in this Chapter 11 Case.

6.      **The following persons or entities must file a proof of claim on or before the applicable Bar Date:**

(a)      Any person or entity whose prepetition claim is not listed on the Diocese's Schedules of Assets and Liabilities filed in this Chapter 11 Case (the "Schedules") or any amendment thereto, or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who may be entitled to any distributions to creditors that may be made in this Chapter 11 Case;

(b)      Any person or entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

(c)      Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

7.      **The following persons or entities are not required to file proofs of claim at this time:**

(a)      Any person or entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division;

*except that* any person who has asserted a Sexual Abuse Claim should submit a completed Abuse Claim Supplement;

(b)     Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto; and (ii) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c)     Any professionals retained by the Diocese or any Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d)     Any person or entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

(e)     Any person or entity whose claim against the Diocese is allowed by an order of the Court entered on or before the applicable Bar Date; and

(f)     Any person or entity whose claim has been previously settled or paid in full.

## Procedure for Filing Proofs of Claim

8.     **Proofs of claim may not be filed with the Court** or with the Clerk of the Court.

**All claimants are directed to submit their proofs of claim to Stretto**, the Diocese's Claims and Noticing Agent, as set forth in paragraphs 9 and 10 below.

9.     In order to be considered valid, each proof of claim submitted in this Chapter 11 Case must: (a) conform substantially to Official Form 410, (b) be denominated in lawful currency of the United States as of the Petition Date, (c) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Diocese and/or the Committee upon request, and (d) be actually received by

4

Stretto, the Diocese's Claim and Noticing Agent, as of the Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original copy by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. Notwithstanding the foregoing, in the event that a completed proof of claim is mailed to or personally delivered to the Clerk of Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division, the Clerk of Court shall: (i) mark the document with a date and time of receipt; (ii) maintain a copy of the proof of claim and Abuse Claim Supplement under seal pursuant to Local Bankruptcy Rules; and (iii) place the proof of claim and any Abuse Claim Supplement in a sealed envelope marked confidential, and transmit the sealed envelope via overnight delivery to Stretto at the address for receipt of proofs of claim above.

10.     All claimants shall submit their proofs of claim in substantial conformance with Official Form 410. Any proof of claim asserting a Sexual Abuse Claim (each, an "<u>Abuse Proof of Claim</u>") should be accompanied by a completed Abuse Claim Supplement.  Where an Abuse Claim Form is accompanied by an Abuse Claim Supplement, such Abuse Claim Supplement shall be treated as a portion of such Abuse Proof of Claim for purposes of confidentiality, as is set forth further in paragraph 12 of this Order.  A copy of the Abuse Claim Supplement is attached hereto as *Schedule 2*. **<u>The failure to submit a completed Abuse Claim Supplement with any proof of claim asserting an Abuse Claim may be the basis for a valid objection to such claim.</u>**

16619698.6
16619698.4
DOCS_DE:245379.1 18493/002

11.     If a claimant submits a proof of claim that appears to assert an Abuse Claim prior to the Bar Date but without including a completed Abuse Claim Supplement, such claim will be treated as timely filed, and the Diocese shall make a written request to such claimant to submit a completed Abuse Claim Supplement.  The failure to submit an Abuse Claim Supplement prior to the later of (i) the Bar Date or (ii) ten (10) business days following the date of the Diocese's written notice may be grounds to disallow an Abuse Claim.

**Establishment of Confidentiality Protocol**

12.     The following confidentiality protocol ("Confidentiality Protocol") shall apply to all Abuse Proofs of Claim submitted by Abuse Claimants:

(a)     All claimants asserting an Abuse Claim should submit such claims directly to Stretto, the Diocese's Claims and Noticing Agent, using the Proof of Claim Form with a completed Abuse Claim Supplement.  Abuse Proofs of Claim should not be filed with the Court.

(b)     Abuse Proofs of Claim, including any attachments thereto, received by Stretto will be treated as confidential and will be made available only to Authorized Parties (as defined below) unless an Abuse Claimant affirmatively elects to have their Abuse Proof of Claim disclosed publicly. Any claim that appears to be an Abuse Claim that is filed without an Abuse Claim Supplement or as a General Claim shall be treated by Stretto as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim.   The Confidentiality Protocol is for the sole and exclusive benefit of the Abuse Claimants. Accordingly, any Abuse Claimant may elect to make information contained in his or her personal Abuse Claim Supplement public, even if he or she does not elect to have his or her personal Abuse Proof of Claim disclosed publicly.  For the avoidance of doubt, Abuse Claimants are not bound by the confidentiality provisions of this Order with respect to disclosures regarding their own abuse or any information disclosed by an Abuse Claimant in his or her Abuse Proof of Claim.

(c)     Abuse Proofs of Claim and Abuse Claim Supplements received by Stretto shall be held and treated as confidential by Stretto, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

i.      The Bishop of the Diocese, officers of the Diocese, and such other current or former employees and representatives of the Diocese or

its parishes, or other persons who are necessary to assist the Diocese in reviewing and analyzing the Abuse Proofs of Claim and in effectuating and observing the Diocese's safe environment policies. For the avoidance of doubt, any person that was disclosed to the Diocese as an individual who allegedly committed an act of sexual abuse, as well as any person identified as an alleged abuser in an Abuse Proof of Claim shall not be an Authorized Person with respect to any Abuse Proof of Claim, and any person who is acknowledged by the Diocese as someone who committed acts of abuse shall not be an Authorized Person with respect to any Abuse Proof of Claim, *provided*, *however*, that the Diocese is authorized to discuss the contents of any Abuse Proof of Claim with a person identified as an alleged abuser who was not previously acknowledged by the Diocese as an individual who had committed an act of abuse for the purpose of ~~assessing the claim,~~ conducting an internal investigation~~, and complying with the Diocese's safe environment policies~~ assessing the actual claim by providing any affected Sexual Abuse Claimant, such affected Sexual Abuse Claimant's counsel (if any), and counsel to the Committee, with notice delivered via overnight delivery and e-mail of such planned disclosure (a "Disclosure Notice") and an opportunity to object to such disclosure. If the Diocese receives a written objection to such disclosure (an "Objection Notice") on or before 5 p.m. (Eastern) on the fifth (5th) business day following its receipt of the Disclosure Notice (the "Objection Deadline"), (a) the Diocese may not make the disclosure set forth in the Disclosure Notice until such time as the Court permits such disclosure or the Committee consents to such disclosure, and (b) the Diocese may make an application to the Court on no less than five (5) business days' notice (or such other time as the Court may allow) seeking authorization to make such disclosure over the Committee's objection. In the event that no Objection Notice is received prior to the Objection Deadline, the Diocese may make the disclosure set forth in the Disclosure Notice;

ii.   Counsel to the Diocese, the Committee, or any other official committee, retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel;

iii.   Members of any Committee and their individual counsel (after the Abuse Proof of Claim has been redacted to remove (a) the claimant's name, address, and other information identified in Parts 1 and 2(a) of the Abuse Claim Supplement, the signature block and any other information which could reasonably be used to personally identify an Abuse Claimant) and (b) the personally

identifying information of any other person identified as someone who was the subject of abuse;

iv.   Any Insurer that provided insurance or reinsurance that may cover the claims described in any Abuse Proof of Claim, together with their respective successors, reinsurers and counsel; provided, however, that affiliates of any Insurer, and any officer, employee, agent or representative of such Insurer, that did not provide insurance or reinsurance to the Diocese shall not be an Authorized Person, subject to further order of the Court;

v.   Any person appointed pursuant to an order of the Bankruptcy Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Abuse Claims, in this Chapter 11 Case or any adversary proceeding filed in this Chapter 11 Case;

vi.   Any trustee, or functional equivalent thereof, appointed to administer payments to Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

vii.   Any person with the express written consent of the Diocese and the Committee, upon 14 days' notice, or such other time as the Court may allow, to the affected Abuse Claimant(s);

viii.   Such other persons as the Court may authorize to access one or more of the Abuse Proofs of Claim pursuant to subsequent order; *provided*, *however*, that any such determination shall be made on no less than seven (7) days' notice to the affected Abuse Claimant(s), the Committee, and the Diocese; and

ix.   Counsel of record to any Authorized Party upon execution of a Confidentiality Agreement by such counsel.

(d)   Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Abuse Proof of Claim prior to the execution of a confidentiality agreement substantially in the form attached hereto as ***Schedule 3*** (the "Confidentiality Agreement"); provided, however that a mediator appointed in the case shall not be required to execute a confidentiality agreement if such mediator is currently a Bankruptcy Judge, Magistrate Judge, or District Court Judge. Counsel of record to any Authorized Party shall only be required to execute a single Confidentiality Agreement, which shall be deemed binding on their entire firm. Access to the Abuse Proofs of Claim for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Abuse Proofs of Claim on behalf

of an Authorized Party. Copies of all Confidentiality Agreements shall be provided to the Diocese and the Committee through their respective counsel.

(e) Authorized Parties in possession of any Abuse Proof(s) of Claim shall keep such Abuse Proof(s) of Claim confidential and shall not use or disclose any information provided in any Abuse Proof(s) of Claim except in accordance with the terms of this Order, the Confidentiality Agreement or pursuant to an order of this Court, unless the Abuse Claimant has elected to make his or her Abuse Proof of Claim public by indicating such consent in Part 1 of the Abuse Claim Supplement.

(f) Stretto shall assign to each claimant asserting an Abuse Claim a unique identifier code and shall maintain a confidential list of the identities of the Abuse Claimants, their corresponding identifier code, and their respective Abuse Proof(s) of Claim and/or Abuse Claim Supplement. The confidential list of the identities of Abuse Claimants shall be provided only to such parties that are Authorized Parties entitled to the personally identifying information of Abuse Claimants pursuant to this Order.

**Notice of Bar Date**

13. Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice and (ii) a copy of the Proof of Claim Form (together with the Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) all parties that have filed a notice of appearance in the Diocese's Chapter 11 Case; (c) all creditors listed in the Diocese's Schedules (except those creditors listed on the portions of Schedule F filed under seal relating to Abuse Claimants); (d) all parties to executory contracts and unexpired leases of the Diocese; (e) all persons or entities that have previously filed proofs of claim in the Diocese's Chapter 11 Case; and (f) such additional persons and entities as the Diocese may deem appropriate or advisable.

14. Within ten (10) business days following entry of this Order, the Diocese shall serve by United States mail, first-class postage prepaid: (i) the Bar Date Notice, (ii) a copy of this

9

Order (without exhibits or schedules), and (iii) a copy of the Proof of Claim Form and Abuse Claim Supplement (together with the Bar Date Notice and Bar Date Order, the "Abuse Claim Notice Package"), upon each person, or their respective counsel, who is listed on that portion of the Diocese's Schedule F filed under seal. The Diocese shall not be required to send an Abuse Claim Notice Package to any person who has previously entered into a settlement with the Diocese regarding an Abuse Claim if the Diocese has performed all of its monetary obligations under the terms of such settlement.

15. In addition to providing direct notice to known creditors as set forth above, subject to applicable publication guidelines and submission deadlines, the Diocese shall cause a notice in substantially the form attached hereto as *Schedule 5* (the "Publication Notice") to be published as follows:

    a.    Once, no later than twenty-one (21) days after the entry of this Order, in *USA Today*, and

    b.    Twice, with the first publication no later than twenty-one (21) days after entry of this Order and the second publication no later than fourteen (14) days prior to the Bar Date, in *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, *North Country This Week*, and the *North Country Catholic.*

16. In addition to the foregoing publication, the Diocese shall use reasonable efforts to take the following additional measures to disseminate information relating to the Bar Date as soon as practicable following entry of this Order:

    i.    Beginning no later than five (5) business days after entry of the Bar Date Order and at least through the General Bar Date, the Diocese will cause prominent, one-click links to the General Claim Notice Package and the Abuse Claim Notice Package to be posted on the case management website maintained by Stretto.

    ii.    The Diocese will establish and maintain, or cause Stretto to establish and maintain, a telephone number which may be used by claimants to ask

questions or to request copies of the General Claim Notice Package, the Abuse Claim Notice Package, or parts thereof;

iii.   Beginning within ten (10) business days of the entry of this Order and at least through the General Bar Date, the Diocese will cause links to the General Claim Notice Package and the Abuse Claims Notice Package to be posted on the Diocese's website homepage.

iv.   Within ten (10) business days of entry of this Order, the Diocese will issue a press release regarding the Bar Date and including the Bar Date Notice to the news departments of *The Post Standard, The Times Union*, *The Watertown Daily Times*, the *Plattsburgh Press-Republican*, and *North Country This Week.*

v.   The Diocese will provide a copy of the Publication Notice to each parish and ministry (except primary and secondary schools) overseen by the Bishop of the Diocese with a request to display the Publication Notice in a prominent place until the General Bar Date.

17.   The Court finds that the form and manner of giving notice of the Bar Date as approved herein fulfills the notice requirements of the Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Bar Date and the need to file a proof of claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012).  Accordingly, the Diocese is authorized and directed to serve and/or publish notice of the Bar Date in the manner described herein.

18.   Nothing contained in this Order is intended or should be construed as a finding as to the validity of any claim against the Diocese, and all parties retain all rights to dispute any claim on any grounds.  All parties retain the right to dispute, or to assert offsets or defenses to, any claim (whether or not reflected on the Schedules or any amendments thereto) as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed.

19.     In the event that an objection is filed to a Sexual Abuse Proof of Claim, the Abuse Claimant shall have the right to conduct discovery concerning the basis of the objection to the Sexual Abuse Proof of Claim.

20.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

12

**<u>Schedule 1</u>**

(To Bar Date Order)

**Official Form 410**

**Schedule 2**

(To Bar Date Order)

**Form of Abuse Claim Supplement**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) | |
| Ogdensburg, New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CONFIDENTIAL ABUSE CLAIM SUPPLEMENT

**THIS FORM MUST BE *RECEIVED* NO LATER THAN JANUARY 18, 2024
AT 11:59 P.M. (PREVAILING EASTERN TIME) (THE "<u>BAR DATE</u>")**

**When submitting your Abuse Proof of Claim in this case, the Court strongly
encourages you to complete this supplemental form, which the Court has
approved, and include it as an attachment to your Abuse Proof of Claim.
Submitting this supplemental form at the outset will help streamline the
process of identifying claims and all applicable insurance coverage and
expedite a distribution to creditors.**

Carefully read the instructions that are included with this **CONFIDENTIAL ABUSE CLAIM
SUPPLEMENT** and complete all applicable questions.

For purposes of this Abuse Claim Supplement, an "<u>Abuse Claim</u>" is any claim (as defined in
section 101(5) of the Bankruptcy Code) against The Roman Catholic Diocese of Ogdensburg,
New York. (the "<u>Diocese</u>") resulting or arising in whole or in part, directly or indirectly from any
actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault
and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related
psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature
between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual
battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other
conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such
terms are defined in the New York Penal Law), and seeking monetary damages or any other
relief, under any theory of liability, including vicarious liability, any negligence-based theory,
contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or
any other person or entity for whose acts or failures to act the Diocese is or was allegedly
responsible. An "<u>Abuse Claimant</u>" is the person asserting an Abuse Claim against the Diocese.
If the Abuse Claimant is a minor, a parent or legal guardian may complete this Abuse Claim
Supplement on the minor's behalf. If the Abuse Claimant is deceased or incapacitated, the

Abuse Claimant's legal representative or executor of the decedent's estate may complete this Abuse Claim Supplement on their behalf.

**THIS ABUSE CLAIM SUPPLEMENT IS FOR ABUSE CLAIMS ONLY.**
**TO BE VALID, THIS ABUSE CLAIM SUPPLEMENT MUST:**

(A)    Provide responses that are complete and accurate to the best of your knowledge;

(B)    Be signed by the Abuse Claimant or their counsel of record, except that if the Abuse Claimant is a minor, incapacitated or deceased, this Abuse Claim Supplement may be signed by the Abuse Claimant's parent, legal guardian, or executor, as applicable; and

(C)    Be actually received by Stretto, the Diocese's claims and noticing agent, on or prior to the Bar Date, either:

    (i)    electronically using the interface available at:
    https://case.stretto.com/dioceseofogdensburg; or

    (ii)    via hand delivery, U.S. Mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**ABUSE CLAIM SUPPLEMENTS SENT BY FACSIMILE, TELECOPY, OR E-MAIL WILL NOT BE ACCEPTED.**

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

**FAILURE TO COMPLETE AND RETURN THIS FORM IN A TIMELY MANNER MAY RESULT IN YOUR INABILITY TO VOTE ON A PLAN OF REORGANIZATION AND INELIGIBILITY TO RECEIVE A DISTRIBUTION IN THE ABOVE-CAPTIONED CHAPTER 11 CASE.**

**THIS ABUSE CLAIM SUPPLEMENT IS NOT SUFFICIENT TO ASSERT AN ABUSE CLAIM AGAINST ANY ENTITY OTHER THAN THE DIOCESE.**

**ANSWER THESE QUESTIONS TO THE BEST OF YOUR KNOWLEDGE AND ABILITY AT THE TIME YOU COMPLETE THIS FORM.**

---

**A PERSON WHO FILES A FRAUDULENT CLAIM COULD BE FINED UP TO $500,000, IMPRISONED FOR UP TO 5 YEARS, OR BOTH.  18 U.S.C. §§ 152, 157, and 3571.**

---

**PART 1: CONFIDENTIALITY**

Unless the Abuse Claimant indicates below that the Abuse Claimant wants this document to be part of the public record, the Abuse Claimant's identity will be kept strictly confidential, under seal, and outside the public record pursuant to an Order of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court").  However, this Abuse Claim Supplement and your Proof of Claim Form may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors (the "Committee"), their respective counsel, the United States Trustee, and such other persons as the Bankruptcy Court may authorize.

**ONLY THE ABUSE CLAIMANT MAY WAIVE THE CONFIDENTIALITY OF THEIR INFORMATION PROVIDED HEREIN.**

| | |
|---|---|
| Please select **only one** option below: | |
| ☐    I wish to keep my identity and all information herein CONFIDENTIAL. | ☐   I authorize my name, identity and this Abuse Claim Supplement (together with any exhibits and attachments) to be made PUBLICLY AVAILABLE AND PART OF THE PUBLIC RECORD. |
| **Signature:** | |
| **Print Name:** | |

**IF YOU DO NOT CHECK EITHER BOX, IF YOU CHECK BOTH BOXES, OR IF YOU DO NOT PROVIDE YOUR NAME AND SIGNATURE ABOVE, YOUR CLAIM WILL REMAIN CONFIDENTIAL.**

## PART 2: IDENTIFYING INFORMATION

### a. **Abuse Claimant**

_____

First Name                Middle Initial                Last Name                Suffix (if any)

_____

Mailing Address (If party is incapacitated, is a minor or is deceased, please provide the address of the legal representative submitting the claim. If you are in jail or prison, your current address).

_____

City                                State/Prov.                Zip Code (Postal Code)

Telephone No(s):
Home: _____ Work: _____ Cell: _____
If you are represented by counsel, you may provide your attorney's work phone number instead of your own.

Email address: _____
If you are represented by counsel, you may provide your attorney's email address instead of your own.

Social Security Number (last four digits only): _____

If you are in jail or prison, your identification number and location of incarceration:

_____

May the Diocese, the Committee, and their respective counsel of record in this chapter 11 case

leave voicemails for you regarding your claim?            ☐ Yes            ☐ No

May the Diocese, the Committee, and their respective counsel of record in this chapter 11 case

send confidential information to your email?            ☐ Yes            ☐ No

Birth Date: _____
                    Month            Day            Year

Any other name, or names, by which the Abuse Claimant has been known (including maiden name, if applicable):

_____

b. **Abuse Claimant's Attorney (if any):**

_____

Law Firm Name

_____

Attorney's        First Name           Middle Initial            Last Name

_____

Street Address

_____

City                        State/Prov.        Zip Code (Postal Code)          Country
                                                                    (if other than U.S.A.)


_____

Telephone No.              Fax No.                    E-mail address

## PART 3:  NATURE OF COMPLAINT

**(Attach additional separate sheets if necessary)**

**NOTE: IF YOU HAVE PREVIOUSLY FILED A LAWSUIT AGAINST THE DIOCESE IN STATE OR FEDERAL COURT, PLEASE ATTACH THE COMPLAINT AND RESPOND TO THE QUESTIONS BELOW.**

a. **Who committed the acts of abuse against you?**  Individuals identified in this section will be referred to as the "abuser" in questions below.  If applicable, you may identify more than one abuser.  Please provide the complete name(s) of each abuser to the best of your recollection.  If you do not know the name(s) of each abuser, please identify them by title, position or other description.

_____

_____

_____

_____

_____

b. **How did you know the abuser?**  For example, was the abuser at your church, school or part of another group with which you were involved?  Was the abuser a relative or family friend?

_____

_____

c. **If the abuser was affiliated with a church, parish, school, or Diocesan organization, please identify such church, parish, school or organization.**

_____

_____

d. **Where did the abuse take place?** Please be specific and complete all relevant information to the best of your recollection, including the names of locations and addresses, if known.

_____

_____

e. **When did the abuse take place?**  Please be as specific as possible.  If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

f. **Do you know how old you were at the time the abuse began and ended?**  Please be as specific as possible.  If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

g. **Please describe the nature of the abuse.**  If you are able, please specify what happened (e.g., the circumstances, approximate number of occurrences, frequency, duration, and type(s) of abuse):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

h.  **Have you experienced injury and/or damages because of the act or acts of abuse described above?**  Please provide as much detail as possible.  For example, describe any injuries or damages, as well as any effect on your emotions, education, employment, personal relationships, health, or faith.

_____

_____

_____

_____

_____

_____

_____

i.  **Have you ever asserted a claim against the Diocese, or against any entity or individual other than the Diocese (including, but not limited to, any parish, church, school, the Boy Scouts of America or any local council thereof, or any other organization) relating to the abuse described in this claim?**  If you have, please state when you asserted the claim, against whom the claim was asserted, the manner in which the claim was asserted (for example, a complaint made to law enforcement, a lawsuit or demand letter, participation in the Diocese's Independent Reconciliation and Compensation Program (IRCP) or a similar program sponsored by an entity other than the Diocese, an informal request for compensation, etc.), and the result of such claim (including, for example, whether such claim resulted in a settlement or was adjudicated and, if so, the terms of any non-confidential settlement or the outcome of such adjudication).

_____

_____

_____

_____

_____

_____

_____

j.  **Did you tell anyone about the abuse and, if so, whom did you tell?**  If you did tell anyone, what did you tell that person and when?  You do not need to disclose any communications you had with an attorney.

_____

_____

_____

_____

_____

---

Counsel for the Abuse Claimant or the Abuse Claimant should sign below. If being signed by counsel, please indicate that you are counsel.

**If you are signing the claim on behalf of a minor, decedent or incapacitated person, state your relationship to the Abuse Claimant.**

**Under penalty of perjury, I declare the foregoing statements to be true and correct.**

Date: _____

Signature: _____

Print Name: _____

Relationship to the Sexual Abuse Claimant: _____

## Schedule 3

(To Proposed Order)

**Confidentiality Agreement**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese | ) | |
| of Ogdensburg, New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
### REGARDING ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 20[___].

By [_____] (the "Recipient"), an Authorized Party pursuant to the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ____] entered by the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____], 2023.

WHEREAS, the Recipient will be granted access to Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Abuse Claim Supplements extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Abuse Proof of Claim itself, and any information contained in a Abuse Proof of Claim, except that Confidential Information shall not include any information (a) that the Abuse Claimant elects to permit disclosure of the information contained in the Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Abuse Claim Supplement or (b) information that (i) was known to the Recipient prior to being disclosed in an Abuse Proof of Claim, (ii) is or becomes generally available to the public through no act or failure to act on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Abuse Proof of Claim.

3. Recipient agrees to not to use or distribute any Abuse Proofs of Claim or Confidential Information in violation of this Agreement.

4. Recipient may use Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, investigation, prosecution, or defense of the claims asserted in such Abuse Proofs of Claim in the Diocese's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, for the carrying out of the Diocese's safe environment policies, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal or made *in camera*, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s) and the Diocese.

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Diocese and the Committee and shall cooperate with

efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8.      Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in any Abuse Proof of Claim, *provided*, *however*, that (a) any motion for such modification shall be on notice to all Abuse Claimants and the Diocese and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court, the Diocese, the Committee, the affected claimant(s) and made under seal.

9.      This Agreement shall become effective as of the date it is delivered to counsel for the Diocese.

Dated: _____, 202__

By: _____
    Signature

    _____
    Print Name

**Schedule 4**

(To Proposed Order)

**Form of Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese | ) | |
| of Ogdensburg, New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## **NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ROMAN CATHOLIC DIOCESE OF OGDENSBURG, NEW YORK:

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU HAVE A CLAIM OR WHETHER YOU MUST FILE A PROOF OF CLAIM. YOU MAY ALSO OBTAIN INFORMATION FROM THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS BY CALLING [_____].**

PLEASE TAKE NOTICE that on July 17, 2023 (the "Petition Date") The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court"). Information regarding the Diocese, its business, and other relevant information related to this chapter 11 case (the "Chapter 11 Case") may be obtained at the case management website maintained by Stretto, the Diocese's Claims and Noticing Agent at: https://case.stretto.com/dioceseofogdensburg.

PLEASE TAKE FURTHER NOTICE that on [_____], 2023, the Bankruptcy Court entered an order (the "Bar Date Order")[1] establishing **January 18, 2024 at 11:59 p.m.** (prevailing Eastern time), as the deadline for all persons and Entities including persons asserting Abuse Claims and Governmental Units, to file prepetition claims in this Chapter 11 Case (the "Bar Date").

Except as described below, the Bar Date Order requires all persons or Entities, including Governmental Units, that have or may assert prepetition claims of any nature against the Diocese, including Abuse Claims, to submit proofs of claim so that they are received by Stretto on or before the Bar Date. Please note that the terms "Entity," "Governmental Unit," "Claim," and "Abuse Claim" are defined below.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bar Date Order.

PLEASE TAKE FURTHER NOTICE that all claimants are directed to use the Proof of Claim Form approved in the Bar Date Order to submit their claim. A copy of the Proof of Claim Form is enclosed with this Notice. All claimants wishing to assert Abuse Claims are directed to complete and submit the Abuse Claim Supplement in addition to their Proof of Claim Form. If the Diocese has identified you as having a potential Abuse Claim, a copy of the Abuse Claim Supplement is also enclosed with this Notice. If no Proof of Claim Form accompanies this Notice, or if you wish to assert an Abuse Claim and did not receive an Abuse Claim Supplement, copies of both the Proof of Claim Form and the Abuse Claim Supplement may be obtained online by visiting https://case.stretto.com/dioceseofagdensburg, or may be requested by calling (844) 634-0003.

## KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, States, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Diocese and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "Abuse Claim" shall mean any Claim against the Diocese resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible.

## I.   WHO MUST FILE A PROOF OF CLAIM

a. ***Bar Date***: The Bar Date Order establishes **January 18, 2024 at 11:59 p.m.** (prevailing Eastern time) as the Bar Date. All persons or Entities, including, without limitation, any person wishing to assert an Abuse Claim and Governmental Units, must file their proofs of claim on or before the General Bar Date.

b. ***The Following Persons or Entities Must File a Proof of Claim on or Before the Applicable Bar Date:***

    i. Any person or Entity whose prepetition claim was not listed in the Diocese's Schedules of Assets and Liabilities filed in this Chapter 11 Case (the "Schedules"), or any amendment thereto, or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who desires to participate in this Chapter 11 Case or to share in any distributions to creditors that may be made in this Chapter 11 Case;

    ii. Any person or Entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

    iii. Any person who wishes to assert an Abuse Claim against the Diocese, regardless of whether such person has previously filed a lawsuit against the Diocese or otherwise has given formal or informal notice of such claims to the Diocese, including any person whose claim may be subject to a statute of limitations.

c. ***The Following Persons or Entities are Not Required to File Proofs of Claim at this Time:***

    i. Any person or Entity that has already properly filed a proof of claim against the Diocese with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Utica Division, except that any person who has asserted an Abuse Claim must submit a completed Abuse Claim Supplement in accordance with the requirements of the Bar Date Order;

    ii. Any person or Entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

    iii. Any professionals retained by the Diocese or the Committee pursuant to orders of the Bankruptcy Court, who assert administrative claims for

payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

iv.  Any person or Entity that asserts an administrative expense claim against the Diocese pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

v.  Any person or Entity whose claim against the Diocese is allowed by an order of the Bankruptcy Court entered on or before the applicable Bar Date; and

vi.  Any person or Entity whose claim has been previously settled or paid in full.

## II.  CONFIDENTIALITY OF ABUSE CLAIMS

Pursuant to the Bar Date Order, where an Abuse Claim Form is accompanied by an Abuse Claim Supplement, such Abuse Claim Supplement shall be treated as a portion of such Abuse Proof of Claim for purposes of confidentiality. All filed Abuse Proofs of Claim will be treated confidentially in this Chapter 11 Case unless the Abuse Claimant elects to have his or her claim publicly disclosed. Any Abuse Proof of Claim that you file will not be available to the general public, and will be kept confidential, except that information will be provided to Authorized Parties under the Bar Date Order, all of whom will agree to keep the information provided by you confidential pursuant to the Bar Date Order.

## III.  CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any person or Entity that is required to file a proof of claim, but fails to do so on or before the applicable Bar Date may not be treated as a creditor with respect to such Claim and may not be entitled to vote to accept or reject, or to share in any distribution under, any Chapter 11 plan proposed and/or confirmed in this Chapter 11 Case. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date in order to preserve your claim against the Diocese. Any party that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

## RESERVATION OF RIGHTS

Nothing in the Bar Date Order shall be construed as limiting any party's rights to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude any party from objecting to any Claim, whether scheduled or filed, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

**Proofs of claim should not be filed with the Court or with the Clerk of the Court. All claimants are directed to submit their proofs of claim to Stretto**, the Diocese's Claims and Noticing Agent, as set forth below:

To be considered valid, each General Proof of Claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected), and (c) be actually received by Stretto, the Diocese's Claims and Noticing Agent, on or prior to the applicable Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original copy by hand mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.

In order to be considered valid, each Abuse Proof of Claim must: (a) be signed by the Abuse Claimant or such Abuse Claimant's counsel of record (or if such Abuse Claimant is a minor, legally incapacitated, or deceased, by such Abuse Claimant's parent, legal guardian or executor) and (b) be actually received by Stretto, the Diocese's Claims and Noticing Agent, as of the General Bar Date either (i) electronically using the interface available on Stretto's website at https://case.stretto.com/dioceseofogdensburg or (ii) by delivering an original thereof by hand delivery, first class mail or overnight courier to The Roman Catholic Diocese of Ogdensburg, New York, Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. All claimants asserting an Abuse Claim should submit a completed Abuse Claim Supplement with their completed Abuse Claim Form. **The failure to include the Abuse Claim Supplement with your Abuse Claim Form may be the basis for a valid objection to your Abuse Proof of Claim.** An Abuse Claim may only be made on account an individual upon whom abuse was inflicted. Any other claim may be asserted as General Claim.

Proofs of claim will be deemed filed only when actually received by Stretto. Proofs of claim submitted electronically will be acknowledged via electronic mail or confirmation number from Stretto at the time of submission. If you wish to receive acknowledgement of Stretto's receipt of a proof of claim submitted in paper format, you must also submit with your original proof of claim: (i) one additional copy of your original proof of claim; and (ii) a self-addressed, postage pre-paid return envelope.

## ADDITIONAL INFORMATION

You may be listed as the holder of a Claim in the Diocese's Schedules. If you hold or assert a Claim that is not listed in the Schedules, or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of Court, United States Bankruptcy Court for the Northern District of New York, Utica Division.

In addition, copies of the Diocese's Schedules and the Bar Date Order are available on the Stretto case management website at https://case.stretto.com/dioceseofogdensburg, or on the Court's website (http://nynb.uscourts.gov/) by following the directions for accessing the ECF system on such website (a PACER password is required).

Requests for copies of the Proof of Claim Form and/or Abuse Claim Supplement should be directed to Stretto, the Diocese's Claims and Noticing Agent at (844) 634-0003. Stretto is not permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the contents of this notice or the completion or filing of a proof of claim.

Dated: _____ ___, 2023

BY ORDER OF THE HONORABLE PATRICK G. RADEL
UNITED STATES BANKRUPTCY JUDGE

**Schedule 5**

(To Proposed Order)

**Form of Publication Notice**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

*In re The Roman Catholic Diocese of Ogdensburg, New York*
**Case No. 23-60507**

**PLEASE TAKE NOTICE THAT,** On July 17, 2023, The Roman Catholic Diocese of Ogdensburg, New York, ("Diocese") filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**The Bankruptcy Court has established January 18, 2024 at 11:59 p.m. (prevailing Eastern time) as the deadline all claimants (including governmental units) to file proofs of claim against the Diocese (the "Bar Date").**

**If you have a claim against the Diocese, including, without limitation, a claim related to abuse committed by any person connected with the Diocese, you must file a claim on or before the applicable Bar Date.**

Please visit https://case.stretto.com/dioceseofogdensburg or call (844) 634-0003 for more information on how to file your proof of claim.

**IF YOU DO NOT TIMELY FILE A PROOF OF CLAIM, YOU MAY FORFEIT YOUR RIGHT TO VOTE ON ANY PLAN OF REORGANIZATION AND TO SHARE IN ANY DISTRIBUTIONS TO CREDITORS IN CONNECTION WITH THE DIOCESE'S CHAPTER 11 CASE.**

Document comparison by Workshare Compare on Tuesday, October 17, 2023
6:31:46 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/245380/1 |
| Description | DOCS_DE-#245380-v1-DOO_Bar_Date_Order_as_filed_BSK |
| Document 2 ID | PowerDocs://DOCS_DE/245379/1 |
| Description | DOCS_DE-#245379-v1-DOO_Committee_Bar_Date_Order |
| Rendering set | Standard no moves |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 34 |
| Deletions | 16 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 50 |