So Ordered.

Signed this 23rd day of October, 2023



*Wendy A. Kinsella*

Wendy A. Kinsella

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | |
| | Chapter 11 |
| Debtor. | |

**FINAL ORDER (A) AUTHORIZING THE USE OF
CASH COLLATERAL, AND (B) GRANTING ADEQUATE PROTECTION**

Upon the motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), for entry of interim and final orders (a) authorizing the use of Cash Collateral and (b) granting adequate protection [Docket No. 11] (the "Motion");[1] and upon finding that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

16632796.2

1409; and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having entered an orders granting the Motion on an interim basis on July 19, 2023 and August 29, 2023 [Docket Nos. 35, 98]; and this Court having determined that the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and disallowed on the merits.

3. The Diocese is authorized, pursuant to section 363(c)(2)(B) of the Bankruptcy Code, to use Cash Collateral as it shall deem necessary or appropriate in the exercise of its business judgment, subject only to the Bankruptcy Code's limitations on payment of prepetition claims as the same may be modified by any order of this Court authorizing such payments.

4. For avoidance of doubt, nothing in this Final Order shall authorize the Diocese to use any cash or securities held in the Blocked NBT Account without the prior consent of NBT, *provided*, *however*, that the Diocese may continue to manage its investments held in the Blocked NBT Account in accordance with its prepetition practices and the Prepetition Debt Documents.

5. As adequate protection for the use of the Cash Collateral, NBT shall receive, pursuant to sections 361, and 363(c)(2) of the Bankruptcy Code, to the extent of any diminution in the value of its interest in the Prepetition Collateral, and effective as of the Petition Date,

perfected replacement security interests in, and valid, binding, enforceable and perfected liens of the same nature, extent, validity, and priority of the NBT Prepetition Liens (the "NBT Rollover Liens"), on all of the Diocese's cash, deposit accounts, and investment property in the possession of, or subject to the control of, NBT, and all proceeds of the foregoing, whether in existence on the Petition Date or thereafter created, acquired or arising (collectively, the "Postpetition NBT Collateral") *provided*, *however*, that the Postpetition NBT Collateral shall not include, and the NBT Rollover Liens shall not attach to, any funds or property held by the Diocese (i) for the purpose of administering its insurance programs, (ii) in trust for the benefit of parishes or other Catholic entities within the Diocese, (iii) which represent trust fund taxes or employee payroll deductions, or (iv) which are endowed funds or subject to donor restrictions on use.

6. This Final Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the NBT Rollover Liens without the necessity of filing or recording any financing statement or other instrument or document (including, without limitation any mortgages or leasehold mortgages), or the taking of any other action whatsoever which may otherwise be required under the law of any jurisdiction to validate or perfect such liens.

7. This Final Order shall be without prejudice to NBT's right to seek relief from the automatic stay under section 362 of the Bankruptcy Code at any time upon notice to the Diocese and this Court. Subject to section 362 of the Bankruptcy Code, this Final Order does not and shall not constitute a waiver by NBT of any right it may have with respect to the Prepetition Collateral, including, without limitation, its rights as a secured party under the Prepetition Debt Documents or the Uniform Commercial Code. The automatic stay imposed by section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to effectuate the requirements of this Final Order.

8.  The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

9.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Final Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Final Order shall not invalidate or impair any actions taken pursuant to this Final Order prior to such modification or vacatur.

10. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Final Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

###

16632796.2