UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

Debtor.

Case No. 23-60507 (PGR)

Chapter 11

# OBJECTION TO CENTURY'S MOTION FOR RECONSIDERATION OF THE ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), by and through its undersigned counsel, hereby submits this objection (this "Objection"), to the *Motion for Reconsideration of the Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* ("Motion") [Docket No. 237], filed by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), in the above-captioned bankruptcy case, and respectfully states as follows:

## OBJECTION

1. The Motion seeks reconsideration of the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 203] (the "Bar Date Order").[1] Specifically, Century requests that the Bar Date Order be amended to provide that experts and consultants of the insurers also be included as "Authorized Parties", permitted to view confidential proofs of claim filed in this case. The Motion further seeks that the insurers not be required to (i) share copies of confidentiality agreements executed by such experts and

---

[1] Capitalized Terms used but not defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

consultants with the Diocese, or (ii) otherwise disclose the identities of such experts of consultants to the Diocese.

2.     Rule 59 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), governs a motion to reconsider in bankruptcy proceedings.

3.     In order to prevail on a motion for reconsideration under Bankruptcy Rule 9023, "the movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision, and the motion is granted only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Davidson v. AMR Corp. (In re AMR Corp.)*, 566 B.R. 657, 665 (S.D.N.Y. 2017) (internal citations omitted); *see also In re Bird,* 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (*citing Doe v. New York City Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied,* 464 U.S. 864 (1983)); accord *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 56 (2d Cir. 2004).

4.     Although the standard for granting a motion for reconsideration is discretionary, there is a high burden and the "criterion is strictly construed against the moving party." *See In re Bird*, 222 B.R. at 235 (citing *Monaghan v. SZS 33 Assocs., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y.1994); *New York News Inc. v. Newspaper & Mail Deliverers' Union*, 139 F.R.D. 294, 294–95 (S.D.N.Y.1991), aff'd sub nom, *New York News Inc. v. Kheel*, 972 F.2d 482 (2d Cir.1992)).

5.     Further, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a

'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998); *see also In re Best Payphones, Inc.*, 2007 WL 203980, *5 (Bankr. S.D.N.Y. January 24, 2007).

6.      The Diocese respectfully submits that Century has not met the strict burden for the relief tit has requested in the Motion. First, Century raised the argument concerning including its experts and consultants in the definition of Authorized Parties in its objection[2] to the Diocese's *Motion for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 75] (the "Bar Date Motion"). Further, as the Court is aware, the Diocese submitted three forms of proposed orders for the Bar Date Order, one prepared by the Diocese, one prepared by the Committee, and one prepared by one of the Diocese's insurers, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies (collectively "LMI") [Docket No. 194] (the "LMI Proposed Order"). The LMI Proposed Order contained substantially similar language with respect to experts and consultants as requested by Century in the Motion:

> Any insurer that provided insurance or reinsurance to the Debtor (collectively, the "Insurers"), together with their respective claims administrators, reinsurers, retrocessionaires, reinsurance intermediaries, successors, regulators, auditors, counsel, *experts, consultants and other retained professionals*.

*See* LMI Proposed Order, ¶ 12(v)(iv)(redline removed, emphasis added). Furthermore, LMI filed a letter on the docket [Docket No. 195] (the "LMI Letter") that further advocated for experts and consultants of the insurers to be included in the definition of Authorized Parties:

> Paragraph 12(c)(iv) of the proposed order should be revised to clarify that Insurers will receive all POCs and Confidential Abuse Claim Supplements, and that the POCs and Confidential Abuse

---

[2] *See Century's Objection to Motion for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 136], at ¶ 32 ("Century has no objection to consulting experts signing acknowledgements of the confidentiality protocol, but it is enough that this done [sic] and the acknowledgements are held by counsel. It is an invasion of attorney work product and inconsistent with Federal Practice to have to disclose the identity of consulting experts who are not testifying experts.").

3

16805979.1

> Claim Supplements may be provided to the Insurers' experts, consultants, and other retained professionals.

*See* LMI Letter, pg. 3.

7. Notwithstanding the fact that this argument was raised by LMI and Century in at least three separate occasions, the Court entered the Bar Date Order without including experts and consultants of the insurers in the definition of Authorized Parties.

8. Reconsideration under Bankruptcy Rule 9023 is inappropriate where, as here, the party seeking reconsideration is merely seeking to refine and reassert arguments already presented to the Court. *In re Vargas Realty Enterprises Inc.*, 2009 WL 2929258, at *3 (Bankr. S.D.N.Y. July 23, 2009) ("The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered."). Therefore, the Diocese submits that the Motion does not meet the stringent standards under Bankruptcy Rule 9023 and Federal Rule 59. *See In re Kirwan Offs. S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019) (holding that "to the extent [Movant] reiterated prior objections to the bankruptcy court's jurisdiction, this was not a proper basis for a Rule 59 motion").

9. Second, the Bar Date Order does not inequitably affect the claims allowance process as Century suggests. While the Bar Date Order does not automatically include consultants and experts of the insurers as "Authorized Parties" for purposes of the Confidentiality Protocol, the Bar Date Order does allow such consultants and experts to become Authorized Parties:

> Any person with the express written consent of the Diocese and the Committee, upon 14 days' notice, or such other time as the Court may allow, to the affected Abuse Claimant(s).

*See* Bar Date Order, ¶ 12(c)(vii).

10. The above framework does not cede any litigation or strategic advantage to the Diocese. The Bar Date Order does not require the insurers to share any reports or privileged

4

material prepared by non-testifying experts or consultants. The purpose of the Confidentiality Protocol as set forth in the Bar Date Order is to protect the sensitive privacy and other concerns which might otherwise impede an abuse claimant's willingness to assert a claim against the Diocese. The purpose of the Confidentiality Protocol cannot be adequately achieved if the insurers are not required to disclose to whom they are unilaterally granting access to the confidential proofs of claim.

11. For the reasons set forth above, the Diocese respectfully submits that the Motion should be denied because Century has not met the strict standards under Bankruptcy Rule 9023.

**WHEREFORE**, the Diocese respectfully requests that the Court enter an Order (i) denying the Motion; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: November 21, 2023                    BOND, SCHOENECK & KING, PLLC

By: */s/ Charles J. Sullivan*
Stephen A. Donato (Bar Roll No. 101522)
Charles J. Sullivan (Bar Roll No. 507717)
Andrew S. Rivera (Bar Roll No. 700712)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
sdonato@bsk.com
csullivan@bsk.com
stemes@bsk.com
arivera@bsk.com

*Attorneys for The Roman Catholic Diocese of Ogdensburg, New York*