So Ordered.

Signed this 15 day of December, 2023.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) ) ) |
|  | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | ) ) |
|  | ) Chapter 11 |
| Debtor. | ) ) ) |

**FINAL ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF STRETTO AS ADMINISTRATIVE ADVISOR FOR THE DIOCESE
<u>EFFECTIVE AS OF THE PETITION DATE</u>**

Upon the application [Docket No. 20] (the "<u>Application</u>")[1] of The Roman Catholic Diocese of Ogdensburg, New York (the "<u>Diocese</u>"), for entry of an order pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>), authorizing and approving the employment and retention of Stretto ("<u>Stretto</u>") as Administrative Advisor for the Diocese in the above-captioned Chapter 11 Case effective as of the Petition Date pursuant to the terms and

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

1

16911741.1

conditions of that certain engagement agreement between Stretto and the Dioceses (the "Engagement Agreement"); and upon consideration of the *Declaration of Sheryl Betance in Support of the Diocese's Application for Entry of an Order Authorizing the Employment and Retention of Stretto as Administrative Advisor Effective as of the Petition Date* (the "Betance Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409, and the relief requested herein being in the best interests of the Diocese, its estate, creditors and other parties-in-interest, and proper and adequate notice of the Application having been given under the circumstances and that except as otherwise ordered herein, no other or further notice is necessary, and orders granting the relief requested in the Motion on an interim basis having been entered on July 19, 2023 [Docket No. 31] and August 30, 2023 [Docket No. 104], and the Court having determined that, based on the representations in the Application, Stretto neither holds nor represents an interest adverse to the Diocese or its estate and is a "disinterested person" as defined in Bankruptcy Code section 101(14) (as modified by Bankruptcy Code section 1107(b)) and as required by Bankruptcy Code section 327(a), and good and sufficient cause existing for the granting of the relief requested in the Application on an final basis; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted on a final basis as set forth herein.

2. The Diocese is authorized to employ and retain Stretto as its Administrative Advisor effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and the Engagement Agreement, as modified herein.

3. The terms of the Application and the Engagement Agreement are approved except

2

as limited, modified, replaced, or rendered inapplicable to this Chapter 11 Case by this Order.

4. To the extent any of the Application, the declarations in support thereof, or the Engagement Agreement are inconsistent with this Order, the terms of this Order shall govern.

5. This Court shall have exclusive jurisdiction over any and all matters arising under or in connection with Stretto's engagement by the Diocese, including the indemnification provisions outlined in the Engagement Agreement, as modified herein.

6. Stretto is authorized to provide the following bankruptcy administrative services (the "Administrative Services") in its role as Administrative Advisor:

    a. Assist with, among other things, legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders, to the extent that the aforementioned services are not included in the Section 156(c) Application;

    b. Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

    c. Assist with the preparation of any amendments to the Diocese's schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

    d. Provide a confidential data room, if requested;

    e. Manage and coordinate any distributions pursuant to a chapter 11 plan;

    f. Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Diocese, the Court or the Office of the Clerk of the United States Bankruptcy Court for the Northern District of New York; and

    g. Perform any other duty or task that falls within the normal responsibilities of an Administrative Advisor at the direction of the Diocese.

7. To the extent that the Diocese requests Stretto to perform any services other than those detailed in the Engagement Agreement, this Order, or the order granting the Section 156(c)

3

16911741.1

Application (the "Section 156(c) Order"), the Diocese shall, by application, seek further order of approval by the Court for a supplement to the retention and any related modifications to the Engagement Agreement and such application shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

8. Except as set forth in the Section 156(c) Order or any order of this Court establishing interim compensation procedures for the Diocese's professionals, Stretto shall be compensated for its services as Administrative Advisor in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code sections 330 and 331, as the case may be, and the applicable Bankruptcy Rules, local rules and orders of the Court.

9. The indemnification provisions and limitation of liability provisions in the Engagement Letter are hereby modified and restated to give effect to the following:

> All requests of Stretto for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Stretto be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.
>
> In the event that Stretto seeks reimbursement from the Diocese for reasonable attorneys' fees in connection with a request by Stretto for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Stretto's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of Bankruptcy Code sections 330 and 331 without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorneys' services satisfy Bankruptcy Code section 330(a)(3)(C).
>
> Stretto shall not be entitled to reimbursement by the Diocese for any fees, disbursements and other charges of Stretto's counsel other than those incurred in connection with a request of Stretto for payment of indemnity, retention of Stretto and preparation of fee applications.
>
> In no event shall Stretto be entitled to indemnification, contribution, exoneration,

16911741.1

reimbursement of attorneys' fees or expenses, limitation on liability or allocation or apportionment of damages if the Diocese asserts a claim, to the extent the Court determines by final order that such claim for indemnity arose out of Stretto's own bad-faith, self-dealing, breach of fiduciary duty, gross negligence, or willful misconduct.

10. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

11. Prior to implementing any increases in Stretto's rates for any individual providing services in these cases, excluding annual "step increases" historically awarded by Stretto in the ordinary course to employees due to advancing seniority and promotion, Stretto shall file a supplemental affidavit with the Court and provide ten business days' notice to the Diocese, the United States Trustee and counsel to any official committees.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Diocese has consented to the rate increase.  All parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

###

16911741.1