UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

              Debtor.

Case No. 23-60507 (PGR)

Chapter 11

# RESPONSE OF THE DIOCESE TO CERTAIN INSURERS' MOTION FOR CLARIFICATION OF BAR DATE ORDER

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), by and through its undersigned counsel, hereby submits its limited response (this "Response") to the motion of certain insurers for clarification of the bar date order [Docket No. 335] ("Motion for Clarification"). In support of this Response, the Diocese respectfully states as follows:

## LIMITED RESPONSE

1. Through the Motion for Clarification, certain insurers allege that the terms of the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 203] (the "Bar Date Order") are inconsistent with the terms of the *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York and Certain Insurance Carriers* [Docket No. 244] (the "Protective Order"). The Diocese submits that the terms of the Protective Order and Bar Date Order exist in harmony, governing two separate processes in the Chapter 11 Case: (i) formal and informal discovery; and (ii) the submission and review of confidential proofs of claim.

2. The Protective Order does not place an affirmative duty upon the Diocese to produce particular documents. Instead, it contemplates the confidentiality of documents that are produced by the Diocese, whether informally or pursuant to formal discovery. While the definition of "Confidential Information" contained in the Protective Order does include proofs of claim, the

17331658.2 2/27/2024

Diocese respectfully submits that it does not intend to produce any proofs of claim to any insurer in this Chapter 11 Case. The sole means of access to proofs of claim in this Chapter 11 Case should be in accordance with, and subject to, section 12 of the Bar Date Order.

3. The Diocese respectfully submits that insurers are entitled to access to the proofs of claim solely pursuant to section 12 of the Bar Date Order as Authorized Parties, not through formal or informal discovery. As such, the Bar Date Order should control over any perceived inconsistency between the Bar Date Order and the Protective Order.

## **CONCLUSION**

**WHEREFORE**, the Diocese respectfully requests that this Court: enter an order: (i) denying the Motion for Clarification, and (ii) granting such other relief as the Court may deem just and proper.

Dated: February 27, 2024

BOND, SCHOENECK & KING, PLLC

By: */s/ Charles J. Sullivan*
Stephen A. Donato (Bar Roll No. 101522)
Charles J. Sullivan (Bar Roll No. 507717)
Sara C. Temes (Bar Roll No. 514148)
Grayson T. Walter (Bar Roll No. 518237)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
sdonato@bsk.com
csullivan@bsk.com
stemes@bsk.com
gwalter@bsk.com

*Attorneys for The Roman Catholic Diocese of Ogdensburg, New York*

17331658.2 2/27/2024