UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Case No.: 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | Chapter 11 |
| Debtor. | |

---

# CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND LONDON MARKET COMPANIES' JOINDER IN INA'S BRIEF IN SUPPORT OF ENTRY OF AN ORDER ADDRESSING RULE 2004 MOTION

Defendants Certain Underwriters at Lloyd's, London and London Market Companies[1], (collectively "London Market Insurers" or "LMI"), by and through their undersigned counsel, file this joinder (the "Joinder") in the *Brief in Support of Entry of an Order Addressing Rule 2004 Motion* filed by counsel for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("INA"), on March 1, 2024 at ECF No. 393 (the "Brief"). Although the Brief was filed on behalf of the "Moving Insurers", including LMI, who joined the original *Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing*

---

[1] The London Market Companies are: Catalina Worthing Insurance Ltd f/k/a Hartford Financial Products International (as Part VII transferee of Excess Insurance Co. Ltd. and London & Edinburgh Insurance Co. Ltd., as successor to London & Edinburgh General Insurance Co. Ltd.), RiverStone Insurance UK Limited (as successor in interest to Terra Nova Insurance Co. Ltd. and Sphere Drake Insurance Co. PLC), Yasuda Fire & Marine Insurance Co. (UK) Ltd., River Thames Insurance Company Limited (as successor in interest to Unionamerica Insurance Company Limited, which was itself the legal successor to: (i) St Paul Reinsurance Company Limited (formerly known as Mercury Reinsurance Company (UK) Limited and St Paul Fire & Marine Insurance Company (UK) Limited) and (ii) certain business of St Paul Travelers Insurance Company Limited (formerly known as St Katherine Insurance Company Limited, St Katherine Insurance Company Plc and St Paul International Insurance Company Limited), Cavello Bay Reinsurance Limited (as successor by merger to the interests of Harper Insurance Limited, formerly known as Turegum Insurance Company), and Dominion Insurance Co. Ltd.

*the Moving Insurers to Issue Subpoenas to the Debtor for Basic Information Essential to Mediation that Has Been Provided to Individual Plaintiff Lawyers and the Committee*, on September 26, 2023 at ECF No. 138 (the "Motion"), this Joinder is filed by LMI to clarify their position in support of the Brief.

The New York Child Victims Act ("CVA") opened a one-year revival window, effective August 14, 2019, for previously expired child sex abuse claims. N.Y. C.P.L.R. § 214-g. Former Governor Cuomo signed an executive order and subsequently a law extending the window until August 14, 2021. During the two year window period, the Debtor Diocese of Ogdensburg tendered CVA claims, mostly state court complaints, to LMI. Shortly after receiving each tender, LMI responded with a coverage letter that set forth a preliminary coverage position and also requested information, including:

- the exact date(s) of abuse;
- the perpetrator's personnel, secret archive and other files;
- all other claims alleging abuse by the alleged perpetrator;
- information from internal investigations and any internal compensation program or law enforcement investigations;
- how the Diocese, and any of its related entities, first learned of the claimant's claim and when; and
- whether the claimant asserted prior claims and all information pertaining thereto.

The Diocese never provided the requested information, except for one claim.[2]

On July 17, 2023, the Diocese filed for bankruptcy.

On September 26, 2023, INA filed the Motion, wherein the Moving Insurers sought, among other things:

- all of the CVA complaints against the Diocese;
- the document discovery and deposition transcripts in the CVA actions; and

---

[2] The Diocese settled a lawsuit filed by M.G. and provided LMI with limited information about his claim.

- the files maintained by the Diocese on CVA claims and the alleged perpetrators as part of its investigation of the claims and negotiation of a Plan.

On November 3, 2023, LMI received a document production from the Diocese that included approximately 124 CVA complaints.[3] This production did not include answers to the complaints, any document discovery, depositions transcripts, or investigation.[4]

On January 15, 2024, LMI received another document production from the Diocese. This was not provided in an organized or coherent manner, no index of the documents was provided, several documents were heavily redacted, there was no privilege log, there appeared to be a number of missing documents, and it cannot be determined if complete files were produced. On February 28, 2024, LMI received additional documents from the Diocese.

LMI acknowledge that their document requests have been limited to the requests in response to the initial tenders and the requests in the Motion. Nonetheless, the Diocese has not produced all of the documents requested and LMI want to ensure they have the same documents the Diocese and the Committee have.[5] LMI therefore join in the request for the documents set forth in the Proposed Order attached as Exhibit A to INA's Brief.

Further, LMI cannot take a position regarding how the Diocese conducted itself in the discussions summarized in INA's brief as they did not take part in those discussions.

---

[3] LMI and their counsel have executed confidentiality agreements.

[4] As outlined in the Motion, there was discovery, including depositions, in some of the CVA lawsuits. *See, John Doe v. New York State Catholic Conference, Roman Catholic Diocese of Ogdensburg, et. al.,* New York Sup. Ct., Onondaga Co., Index No. 009183/2019 (docket shows answer filed by the Diocese and deposition transcripts of Diocesan employees filed as exhibits with the Court); *Anonymous GF v. Roman Catholic Diocese of Ogdensburg et. al.,* New York Sup. Ct., Clinton Co., Index No. 2020-20390 (docket shows activity through October 26, 2023, but documents were filed under seal).

[5] LMI reserve all rights to seek additional information as necessary.

**WHEREFORE**, LMI respectfully request that this Court enter the Proposed Order, granting the relief requested therein, and such other and further relief as may be equitable and just.

Dated: March 4, 2024

Respectfully submitted,

By: */s/ Catalina J. Sugayan*
Catalina J. Sugayan (*pro hac vice*)
Jordan Russell (*pro hac vice*)
Yongli Yang (*pro hac vice*)
Clyde & Co US LLP
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 635-7000
Email: catalina.sugayan@clydeco.us

-and-

By: */s/ Russell W. Roten*
Russell W. Roten (*pro hac vice*)
Jeff D. Kahane (*pro hac vice*)
Nathan Reinhardt (*pro hac vice*)
Andrew Mina (*pro hac vice*)
Duane Morris LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Email: RWRoten@duanemorris.com

*Attorneys for London Market Insurers*