UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

　　　　　　　　Debtor.

Case No. 23-60507 (PGR)

Chapter 11

**BRIEF IN FURTHER SUPPORT OF AN ORDER
ADDRESSING RULE 2004 MOTION [DKT. NO. 138]**

Counsel for Moving Insurers, Interstate and LMI met and conferred with counsel for the Debtor and Committee after the hearing on March 5, 2024 and thereafter exchanged revised drafts of a proposed order. The Diocese sent us a revised draft on March 6[1], we responded on March 7[2] and the parties exchanged comments today, March 8.[3] The good news is that parties narrowed matters down to just one issue.

A revised proposed order is attached hereto as **Exhibit A** (the "Proposed Order") that we reflects what we believe to be an acceptable form of other to both sides with the exception of one issue. A blackline is attached as **Exhibit B** that shows the difference between our proposed order and the Diocese.

The Syracuse Order, to which a sister diocese agreed, provides that the production would be on behalf of "(a) the Diocese; [and] (b) each of the plaintiff Parishes."[4] The Syracuse Order is formulated this way because the debtor in the *Syracuse* bankruptcy was seeking coverage and third

---

[1] March 8 Declaration of Adam P. Haberkorn ("Haberkorn Decl."), Exh. 1.

[2] Haberkorn Decl., Exh. 2, 3.

[3] Haberkorn Decl., Exh. 4.

[4] *The Roman Catholic Diocese of Syracuse, New York, et al. v. Arrowpoint Capital, et al.*, Adv. Proc. No. 21-50002, *Order Referring This Adversary Proceeding to Mediation*, at ¶ 2, Adv. Dkt. No. 59 (Bankr. N.D.N.Y. Apr. 11, 2021), attached as Exhibit C to *Moving Insurers' Brief in Support of Entry of an Order Addressing Rule 2004 Motion [Dkt. No. 138]* [Dkt. No. 393-3].

1

party injunctive relief for itself and the non-debtor parishes named in CVA complaints in that case. The same is true here.

The same lawyers who are counsel for the Debtor in this case are counsel for the debtor in the *Diocese of Syracuse* bankruptcy. The Diocese here has offered nothing to distinguish its situation from that of the Diocese of Syracuse or any logistical problem posed by compliance. Yes, the parishes have counsel but they have received notice of all the filings in this case. Diocese counsel is attending the mediation and seeking coverage and negotiations injunctions on their behalf. It is untenable for the Diocese to content that any order carve out the parishes in its control as it is seeking coverage and third party injunctions on their behalf.

In an effort to compromise, we further narrowed the scope of the production obligation so it falls just on the Diocese, as the Diocese insisted, and instead included the following text authorizing the issuance of Rule 2004 subpoenas to the limited subset of parishes seeking a limited subset of documents by inclusion of the following text:

> The insurers' are further authorized to issue, pursuant to Rule 2004, subpoenas to the parishes named as defendants in the CVA complaints for which coverage and third party injunctions are sought seeking documents concerning (1) the CVA claims asserted against each such parish, (2) the alleged perpetrators named in such complaints and (3) the parish council minutes for the period that the alleged perpetrator was assigned to the parish during which abuse is alleged to have occurred.

This will allow us to move forward without the delay of having to issue new Rule 2004 motions for each parish which will reset the clock on an issue we have been discussing with the Diocese for some time.

The Diocese is asking to move forward on a schedule it is imposing. It ran searches and collected documents for the Committee, and before that for the New York Attorney General, and before that in accord with directives by the Conference of Bishops. If it had any specific issue with any request its counsel

2

WHEREFOR, the Moving Insurers respectfully request that this Court enter the Proposed Order attached as **Exhibit A** hereto, granting the relief requested herein, and such other and further relief as may be equitable and just.

Dated: March 8, 2024

Respectfully submitted,

By: */s/ Tancred Schiavoni*

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
ADAM P. HABERKORN
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:    (212) 326-2000
Email: tschiavoni@omm.com
          ahaberkorn@omm.com

-and-

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:    (973) 120-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

4885-5810-0139.6