# EXHIBIT B

Exhibit B    Page 2 of 6

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | |
| | Chapter 11 |
| Debtor. | |

**[PROPOSED] ORDER DIRECTING**
**DOCUMENT PRODUCTION**

Upon consideration of the Moving Insurers' 2004 Motion [Dkt. No. 138] (the "2004 Motion"),[1] the Objection to the Moving Insurers' 2004 Motion [Dkt. No. 164] (the "Objection") filed by The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), and the subsequent briefs filed by the parties [Dkt. Nos. 242, 283, 395, 399, 400, 401], and the Court having held an initial hearing to consider the Motion and the Objection on October 3, 2023, and having thereafter adjourned the hearing to November 7, 2023, December 5, 2023, and March 5,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the 2004 Motion.

1

2024 (the "Hearing"); it appearing that this Court has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157 and 1334(b); and this Court having determined that granting the relief set forth herein is in the best interests of the Diocese's estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Hearing given under the circumstances and that no other or further notice is necessary; and after due deliberation and good and sufficient cause appearing for the Court to enter the following relief:

**IT IS HEREBY ORDERED THAT:**

1. Subject to the Moving Insurers executing a confidentiality agreement requested by the Debtor, the form of which is attached as Schedule 1 to the Court's Protective Order [Dkt. No. 244], and subject to the terms of this Order, the Diocese shall produce or otherwise make available to each Moving Insurer the following to the extent within its possession, custody or control:

    (a) A list of the insurance policies under which the Diocese and each of the individual parishes (together with the Diocese, the "Alleged Insureds") seek coverage for the claims at issue in the Chapter 11 Case (the "Implicated Policies"), the claims that the Alleged Insureds contend implicate such insurance policies (the "Asserted Claims"),[2] and identifying to the best of the Alleged Insureds' knowledge and belief, the Implicated Policies which are implicated by each Asserted Claim, provided, however, that the Alleged Insureds shall retain the right to revise, supplement, and amend such list from time to time to include any additional Implicated Policies or Asserted Claims identified by the Alleged Insureds or to correct or supplement any policy information;

    (b) For each Implicated Policy, a copy of the insurance policy and related underwriting file or, in the event of a missing or incomplete insurance policy, a copy of any partial insurance policy or other evidence of the existence or terms and conditions of the insurance policy;

    (c) All documents and data that the Alleged Insureds have produced or subsequently produces to the Committee, together with all documents and/or communications that were exchanged with the Committee that identify the documents the Alleged Insureds have agreed to search for and produce in response to the Committee's requests;

---

[2] Nothing in this Order shall be deemed an admission by any Insurer that any Implicated Policy provides coverage for any Asserted Claim.

(d)     All personnel files for any alleged perpetrator implicated in any Asserted Claim;

(e)     All confidential files maintained pursuant to Canon 489 of the Code of Canon Law for any priest implicated in any Asserted Claim;

(f)     All files of the Diocesan Review Board;

(g)     All documents produced in response to government subpoenas or requests concerning any Asserted Claim or alleged perpetrator implicated in any Asserted Claim;

(h)     All documents and transcripts of sworn testimony that the Diocese of Ogdensburg provided to the Office of Attorney General ("OAG"), including all cover or transmittal letters, in response to the civil subpoena issued by OAG to the Diocese in September 2018 as part of the investigation by the Attorney General's Charities Bureau, concerning the sexual abuse of minors that is referred to in the OAG's Press Release, dated September 6, 2018, and such other documents that produced in response to government subpoenas or requests;

(i)     All documents or correspondence related to any allegation of sexual abuse committed by any individual who is identified as a perpetrator in any Asserted Claim;

(j)     All documents or records reflecting any Alleged Insured's payment for medical or mental health treatment for any victim or alleged perpetrator of sexual abuse asserted in a Asserted Claim;

(k)     Audited or certified financial statements for the last five fiscal years;

(l)     The Diocese will produce to Century Indemnity Company ("Century"), subject to the terms of any applicable confidentiality orders, all documents produced by the Diocese in discovery and transcripts of depositions, if any, given in (a) *John Doe v. New York State Catholic Conference; Diocese of Ogdensburg; Immaculate Heart Central High School; and John Does* (New York Sup. Ct., Onondaga Co., Index No.: 009183/2019), and (b) *Anonymous GF v. Diocese of Ogdensburg et al.* (New York Sup. Ct., Clinton Co., Index No.: 2020-20390). The Diocese will produce to all of the Moving Insurers a list of the CVA cases filed against it and/or the parishes for which it will seek third-party injunctive protection, and for each of those CVA cases will identify the depositions that have been conducted and the written and document discovery exchanges. When identifying the aforementioned depositions and discovery, the Diocese shall use the identity of the producing party(ies), the propounding party(ies) and such deponents, except if the producing party, propounding party, or any such deponent who is a survivor or a survivor's family member who did not publicly utilize his or her name in the CVA case, then the identity can be the pseudonym used in the CVA case. The Diocese shall produce to each Moving Insurer, the deposition transcripts and written discovery from the CVA cases that it and/or the parishes are seeking coverage for from that Moving Insurer. The Diocese agrees to meet and confer in good faith with any applicable Moving Insurer(s) regarding requests for any such document discovery or deposition transcripts, along with information about any motions and/or settlement discussions in the CVA cases;

(m)     All correspondence between representatives of the Diocese of Ogdensburg and any other diocese regarding the inter-diocese transfer of any individual who is identified as a perpetrator in any Asserted Claim;

3

(n) The minutes of meetings (including any agendas and materials distributed at meetings) of the Diocese's College of Consultors from the 1960s;

(o) Any prepetition settlements for settlements made as part of any IRCP and/or any CVA claims; and

(p) A log of any documents redacted or withheld on the basis of privilege or a confidentiality right or obligation, which shall include the nature of the document, the author(s) and recipient(s) of the document, the date of the document, and the basis for the privilege asserted or confidentiality right or obligation asserted.

2. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall require any Alleged Insured to produce documents or information that are subject to attorney-client privilege, attorney work produce or any other legally recognized privilege or confidentiality right or obligation; *provided* that a log of any documents redacted or withheld on the basis of any such privilege, right or obligation shall be produced in accordance with clause 1(p) above.

3. The insurers' are further authorized to issue, pursuant to Rule 2004, subpoenas to the parishes named as defendants in the CVA complaints for which coverage and third party injunctions are sought seeking documents concerning (1) the CVA claims asserted against each such parish, (2) the alleged perpetrators named in such complaints and (3) the parish council minutes for the period that the alleged perpetrator was assigned to the parish during which abuse is alleged to have occurred.

4. ~~3.~~ The Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation and/or enforcement or this Order.

###

4878-9565-0475.6

4

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.3.0.46 Document comparison done on 3/8/2024 2:21:22 PM** | |
| **Style name:** OMM Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Ogdensburg - Proposed Order (3.6.24) - Diocese version per 3.8.24 email.docx | |
| **Modified DMS:** nd://4878-9565-0475/6/Ogdensburg - Proposed Order (3.6.24) - Insurer Comments.docx | |
| **Changes:** | |
| Add | 3 |
| Delete | 1 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 4 |