UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) | |
| Ogdensburg, New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CENTURY'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS REQUIRED BY THE MARCH 11 ORDER REGARDING
CLAIMS AGAINST THE DIOCESE ASSOCIATED WITH
EPISCOPAL VICAR OF THE DIOCESE MSGR. ROBERT AUCOIN
AND TO AUTHORIZE A SUBPOENA**

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:     (212) 326-2000
Email: tschiavoni@omm.com
        mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:     (973) 120-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity
Company, as successor to CCI
Insurance Company, as successor
to Insurance Company of North
America*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

REQUESTED RELIEF.............................................................................................................3

FACTUAL BACKGROUND ....................................................................................................4

    A.    The CVA Complaint and Claim ...........................................................................4

    B.    Century's Offer to Defend Under a Reservation and Requests for Information .............................................................................................................5

    C.    The March 11 Order and Lack of Compliance .......................................................5

    D.    The Diocese's Admission it is Withholding Documents Concerning the Msgr. Aucoin Claim...............................................................................................6

    E.    The Substantial Efforts Made to Obtain the Requested Documents......................6

ARGUMENT ...........................................................................................................................8

    I.    THERE IS NO BASIS FOR WITHHOLDING DUE TO PRIVILEGE ......................8

    II.    THERE IS NO BASIS FOR WITHHOLDING DIOCESE REVIEW BOARD DOCUMENTS.......................................................................................................10

COMPLIANCE WITH BANKRUPTCY LOCAL RULE 7026-2(A) .........................................12

CONCLUSION.......................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*,
499 F. Supp. 2d 475 (S.D.N.Y. 2007) ...................................................................... 10

*Doe v. Liberatore*,
2006 WL 8449290 (M.D. Pa. Feb. 14, 2006) .................................................. 9-10, 11

*In re China Med. Techs., Inc.*,
539 B.R. 643 (Bankr. S.D.N.Y. 2015) .......................................................................... 9

*In re Roman Catholic Archbishop of Portland*,
335 B.R. 815 (D. Or. Dec. 23, 2005) .................................................................. 10, 11

*In re Schick*,
1997 WL 465217 (S.D.N.Y. Aug. 12, 1997) ............................................................. 10

*Schaeffler v. United States*,
806 F.3d 34 (2d Cir. 2015) ........................................................................................... 9

*United States v. Ackert*,
169 F.3d 136 (2d Cir. 1999) ....................................................................................... 10

*United States v. Constr. Prods. Research, Inc.*,
73 F.3d 464 (2d Cir. 1996) .................................................................................... 9, 10

*United States v. Mejia*,
655 F.3d 126 (2d Cir. 2011) ......................................................................................... 9

**Rules**

Fed. R. Bankr. P. 9017 ................................................................................................... 9

Fed. R. Evid. 501 ............................................................................................................ 9

1.      Century Indemnity Company as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century") files this motion to compel (the "Motion") seeking entry of the order attached as Exhibit A (the "Proposed Order"), requiring the Diocese of Ogdensburg to (1) comply with the Court's March 11 Order and produce (a) the documents enumerated by the March 11 Order concerning CVA Case No. EFCV-21-160236 and Msgr. Robert Aucoin that were provided to and generated by Diocese Review Board and (b) enter an order granting Century authority under Rule 2004 to issue a subpoena to the Missionaries of the Sacred Heart for documents about the claim, the claimant and Msgr. Aucoin.

## PRELIMINARY STATEMENT

2.      On March 11, 2024, the Court entered an order requiring the Diocese to produce its personnel files for individuals identified in the CVA complaints against the Diocese as alleged perpetrators, the "confidential" files for these individuals, the files of the Diocesan Review Board for these individuals, and the documents produced in response to governmental subpoenas or requests about abuse claims associated with these individuals.

3.      In *Michael Eaton v. The Roman Catholic Diocese of Ogdensburg, New York, Inc. et al.*, No. EFCV-21-160236 (Sup. Ct. St. Lawrence Cty.) [NYSCEF No. 1], the plaintiff asserts claims against the Diocese and Missionaries of the Sacred Heart alleging that Msgr. Aucoin abused him when he was 12-13 years old. As the Episcopal Vicar of the Diocese and a member of the College of Consultors, Msgr. Aucoin is in a senior position of authority in the Diocese, listed on the diocesan website as second only to the Bishop. Among other things, he is in charge of education and Director of Dean Formation.

4.      The allegations against the Diocese with regard to Msgr. Aucoin are serious. The plaintiff states that Msgr. Aucoin "was consistent in his sexual abuse of Plaintiff and perpetrated

said abuse over twenty (20) times over the course of Plaintiff's grade nine (9) school year" with

the abuse occurring "in the basement and library" at Sacred Heart Prep Seminary.

5.      The CVA complaint for this case was filed on August 8, 2021. The Diocese waited

more than 2 months to tender it to Century.  In a letter dated November 18, 2021, Century offered

to participate in the defense of the Diocese in this lawsuit subject to a reservation of rights and the

terms and conditions of the policies and asked for documents as part of its investigation of the

claim.  No response was provided.

6.      When we learned that Msgr. Aucoin remains in active service in the Diocese

without apparent limitation on his dealing with minors, Century followed up with a letter on March

27, 2024, requesting again information on the claim and asked whether the Diocese intends to

object to this proof of claim and offered its help.  This letter went unanswered, as did our letter as

of April 9, 2024, requesting documents about Msgr. Aucoin before the mediation session.  In

letters, emails and calls between March 27 and today, we conveyed our concern about addressing

the withheld documents associated with this claim promptly given that Msgr. Aucoin remains in

active service, holds a senior position of authority and the imminency of the mediation.

7.      Nothing was produced before the mediation or since and no explanation was

provided for why Msgr. Aucoin remains in service.  On April 15, the Diocese told us that it will

produce Msgr. Aucoin's personnel file and one letter sent to the District Attorney but has written

us that it will not produce the documents provided to and generated by the Diocese Review Board

about the claim. The Diocese is withholding the Diocese Review Board documents despite not

objecting to paragraph (f) of the March 11 Order requiring the production of the files of the

Diocesan Review Board with respect to sexual abuse claims.

8.    By this motion, Century respectfully requests that the Court direct the Diocese to comply with the March 11 Order and, pursuant to sub-paragraph (f) of the Order, produce the documents provided to and generated by Diocese Review Board about Msgr. Aucoin and CVA Case No. EFCV-21-160236.  The Diocesan Review Board documents are subject to production and not privileged under exotic unrecognized church doctrines and have been ordered to be produced by other courts.

9.    Century also seeks entry of an order granting it authority under Rule 2004 to issue a narrowly tailored subpoena to the Missionaries of the Sacred Heart for documents about the claim, the claimant and Msgr. Aucoin.   In its first day declaration, the Diocese states that it intends to seek protections through a plan for claims against non-debtor Catholic entities.  The Diocese alleges in its answer to CVA Case No. EFCV-21-160236 that the plaintiff's damages in this case, if any, were brought about by its co-defendant, Missionaries of the Sacred Heart, which it suggests employed Msgr. Aucoin at the time.

10.    This claim is of particular concern given how these sorts of allegations against a senior cleric, whether accurate or not, might be leveraged by plaintiffs in plan discussions that are taking place to our exclusion.

### **REQUESTED RELIEF**

11.    Century respectfully requests that the Court enter the Proposed Order substantially in the form as Exhibit A, requiring the Diocese to produce the documents enumerated by the March 11 Order concerning CVA Case No. EFCV-21-160236, and Msgr. Robert Aucoin that were provided to and generated by Diocese Review Board. Century also respectfully requests entry of an order granting it authority under Rule 2004 to issue a subpoena to the Missionaries of the Sacred Heart for documents about the claim, the claimant and Msgr. Aucoin.

## FACTUAL BACKGROUND

### A.    The CVA Complaint and Claim

12.    On August 8, 2021, the plaintiff filed a complaint, *Michael Eaton v. The Roman Catholic Diocese of Ogdensburg, New York, Inc. et al*., No. EFCV-21-160236 (Sup. Ct. St. Lawrence Cty.) [NYSCEF No. 1], naming the Diocese, two non-debtor entities associated with the Diocese,[1] two Catholic orders[2] and Msgr. Aucoin as defendants.[3]

13.    The plaintiff alleges that when he was 12-13 years old and in ninth grade Msgr. Aucoin raped or sexually abused him over twenty times in the basement and library of Sacred Heart Prep Seminary.[4]   This lawsuit was publicly filed with the claimant choosing to publicly reveal his identity and specifics of his allegations of sexual abuse by Msgr. Aucoin.

14.    Msgr. Aucoin is the Episcopal Vicar of the Diocese, a member of the College of Consultors of the Diocese, Director of Dean Formation and in charge of Education.[5] Msgr. Aucoin previously served as president of Mater Dei College and as Chancellor of the Diocese.[6]

15.    In the roles in which he presently serves, Msgr. Aucoin deals with minors and oversees others in the Diocese who deal with minors.[7]

---

[1] Our Lady of the Sacred Heart Parish and Sacred Heart Prep Seminary.

[2] Missionaries of the Sacred Heart of Watertown, New York, and Northeastern Province of the Missionaries of the Sacred Heart.

[3] The plaintiff alleges claims against Msgr. Aucoin for intentional acts of battery and assault.  Compl. ¶¶ 272-285.

[4] Compl. ¶¶ 61-63, 77-80.

[5] Declaration of Michael Klotz ("Klotz Decl.") Exh. A (Diocese of Ogdensburg website page titled "Other Offices").

[6] The Diocese's newspaper, *North Country Catholic*, featured Msgr. Aucoin in an article in 2020 describing the many parish and other roles he has occupied in the Diocese.  Klotz Decl. Exh. B (Darcy Fargo, "Three priests hit 50th jubilee milestone," *North Country Catholic* (May 27, 2020)).

[7] *Id*. (Msgr. Aucoin has "spen[t] a significant portion of his priesthood in education.").

**B.    Century's Offer to Defend Under a Reservation and Requests for Information**

16.    In a letter dated November 18, 2021, Century agreed to defend the Diocese in this lawsuit subject to a reservation of rights and asked for information and documents about the claim.[8] On November 2, 2021, the Missionaries of the Sacred Heart filed an answer and plaintiff's deposition was noticed.[9]

**C.    The March 11 Order and Lack of Compliance**

17.    On March 11, 2024, the Court entered its order requiring the Diocese to produce: (i) "[a]ll personnel files for any alleged perpetrator implicated in [a sexual abuse claim]"; (ii) "[a]ll confidential files maintained pursuant to Canon 489 of the Code of Canon Law for any priest implicated in [ a sexual abuse claim]"; (iii) "[a]ll files of the Diocesan Review Board" which reflect the Diocese's investigation of sexual abuse claims; (iv) "[a]ll documents produced in response to government subpoenas or requests concerning any [sexual abuse claim] or alleged perpetrator implicated in any [such claim]"; and (v) "[a]ll documents or correspondence related to any allegation of sexual abuse committed by any individual who is identified as a perpetrator."[10]

---

[8] DOO_CVA00000322 (coverage correspondence agreeing to provide a defense and reserving all rights) [the Diocese has designated this document as "Confidential"].

[9] The Diocese and Our Lady of Sacred Heart Parish asserted that plaintiff's "damages, if any, were brought about either in whole or in part by the culpable conduct of others over whom [the Diocese and Our Lady of Sacred Heart Parish] had no authority, control or dominion." *Michael Eaton v. The Roman Catholic Diocese of Ogdensburg, New York, Inc. et al.*, No. EFCV-21-160236 (Sup. Ct. St. Lawrence Cty.) [NYSCEF No. 12 ¶ 11]. The Missionaries of the Sacred Heart of Watertown, New York, and Northeastern Province of the Missionaries of the Sacred Heart asserted in their answer that if they are "are liable to the Plaintiff at all, their liability is 50% or less than the other tortfeasor(s)." *Michael Eaton v. The Roman Catholic Diocese of Ogdensburg, New York, Inc. et al.*, No. EFCV-21-160236 (Sup. Ct. St. Lawrence Cty.) [NYSCEF No. 10 ¶ 42]. Msgr. Aucoin asserted that the "alleged injuries suffered by the Plaintiff were not proximately caused by any actions of [his]." *Michael Eaton v. The Roman Catholic Diocese of Ogdensburg, New York, Inc. et al.*, No. EFCV-21-160236 (Sup. Ct. St. Lawrence Cty.) [NYSCEF No. 13 ¶ 28]. Msgr. Aucoin admitted that he was an adult between 1968-1970 but denied knowledge or information sufficient to form a belief as to whether plaintiff was a minor at that time and denied all of the allegations related to the alleged abuse. *Id.* ¶¶ 6-8. Msgr. Aucoin specifically denied that he was under the control and supervision of the Missionaries of the Sacred Heart of Watertown, New York. *Id.* ¶ 4.

[10] *Order Directing Document Production*, Mar. 11, 2024 [ECF No. 416].

18.     The March 11 Order required that the Diocese provide a "log of any documents redacted or withheld on the basis of privilege."[11] No log has been provided and no privilege identified for any of documents about this claim against the Diocese concerning Msgr. Aucoin.

**D.      The Diocese's Admission it is Withholding Documents Concerning the Msgr. Aucoin Claim**

19.     The Diocese acknowledges that the Diocesan Review Board was provided information about the allegations against Msgr. Aucoin, but states that these documents will be withheld.[12]  The Diocese acknowledged that it sent a letter to the Jefferson County District Attorney on September 13, 2021, regarding the allegations against the Diocese concerning Msgr. Aucoin, and on April 15, 2024 the Diocese stated that this letter, and Msgr. Aucoin's personnel file will be produced.[13]

**E.      The Substantial Efforts Made to Obtain the Requested Documents**

20.     In a letter to Steven Donato issued on March 27, 2024, Century's counsel asked whether the Diocese had investigated Msgr. Aucoin, what conclusions it had reached regarding the allegations against him, and requested documents including "copies of the documents reflecting the results of the investigations undertaken on behalf of the Diocese into the allegations."[14]  Century also asked the Diocese whether it intended to object to the claim brought against Msgr. Aucoin and, if it did not intend to, if it would consent to Century filing an objection.[15]

---

[11] *Id.*

[12] Klotz Decl. Exh. C (E-mail from B. Sheehan (Diocese counsel) to T. Schiavoni and M. Klotz (Century counsel), Apr. 11, 2024, 8:00 p.m.) ("[W]e can confirm the Review Board considered his case on September 16, 2021, and the minutes of that meeting will be reflected in the aforementioned [privilege] log.")

[13] *Id.* ("Our collection and review of materials relating to Msgr. Aucoin, including but not necessarily limited to the Sept. 13, 2021 letter notifying the Jefferson County DA of the allegation against Msgr. Aucoin, and Msgr. Aucoin's personnel file, is ongoing, and we will be producing any such non-privileged materials in this matter.").

[14] Klotz Decl. Exh. D (Mar. 27, 2024 letter).

[15] *Id.*

21.     On April 3, 2024, counsel for the Diocese and Century met-and-conferred regarding the overall deficiency in the production and the lack of information about the claim involving Msgr. Aucoin.[16]  Century conveyed its concerns about addressing the claims with regard to Msgr. Aucoin now given that he remained in service.

22.     On April 4, 2024, Century asked the Diocese to provide any "exculpatory evidence" it had identified regarding the allegations against Msgr. Aucoin and conveyed its concern about being provided with this information promptly given that Msgr. Aucoin remained in service and the importance of providing the information promptly.[17]  Among other things, Century reiterated its request for documents provided to the Diocesan Review Board and its determinations regarding the allegations against the Diocese about Msgr. Aucoin.[18]

23.     On April 9, 2024, Century again wrote to the Diocese to request the documents that are the subject of the March 11 Order.[19]  Century requested this information urgently given that Msgr. Aucoin remained in service and a mediation was scheduled for the following day in Albany.[20]  On April 11, 2024, Century wrote to Mr. Donato and Mr. Sullivan to renew its request.[21]

24.     On April 13, 2024, Century reiterated to the Diocese that it had not produced "a single page" about the sexual abuse claims against Monsignor Aucoin and that it "did not timely disclose[] any privilege that would warrant anything being withheld with regard to Msgr. Aucoin."[22]

---

[16] Klotz Decl. Exh. E (E-mail from B. Sheehan (Diocese counsel) to T. Schiavoni and M. Klotz (Century counsel) Apr. 3, 2024 12:03 p.m.).

[17] Klotz Decl. Exh. F (E-mail from T. Schiavoni (Century counsel) to B. Sheehan (Diocese counsel) et al. Apr. 4, 2024 6:33 p.m.)

[18] *Id*.

[19] Klotz Decl. Exh. G (Apr. 9, 2024 letter)

[20] *Id*.

[21] Klotz Decl. Exh. H (Correspondence from M. Klotz (Century counsel) to C. Sullivan and S. Donato (Diocese counsel), Apr. 11, 2024).

[22] Klotz Decl. Exh. I (E-mail from T. Schiavoni (Century Counsel) to B. Sheehan (Diocese counsel) et al., Apr. 13, 2024 2:44 p.m.).

25.    The following subparts of the March 11 Order call for the Diocese to produce the documents at issue concerning Msgr. Aucoin:

(d) "[a]ll personnel files for any alleged perpetrator implicated in [a sexual abuse claim]";

(e) "[a]ll confidential files maintained pursuant to Canon 489 of the Code of Canon Law for any priest implicated in [ a sexual abuse claim]";\

(f) "[a]ll files of the Diocesan Review Board" which reflect the Diocese's investigation of sexual abuse claims;

(g) "[a]ll documents produced in response to government subpoenas or requests concerning any [sexual abuse claim] or alleged perpetrator implicated in any [such claim]"; and

(i) "[a]ll documents or correspondence related to any allegation of sexual abuse committed by any individual who is identified as a perpetrator."[23]

26.    The Diocese acknowledges it has Diocesan Review Board documents concerning the claim against Msgr. Aucoin and documents exchanged pursuant to government requests with respect to him.[24]  As it was alleged that Msgr. Aucoin was a member of a Catholic order at the time of the alleged abuse, it must also have correspondence exchanged with the order about the allegation of abuse.[25].

## **ARGUMENT**

## **I.  THERE IS NO BASIS FOR WITHHOLDING DUE TO PRIVILEGE**

27.    The Diocese has not asserted a privilege or offered anything to meet its burden to show that the documents withheld are subject to a legally recognized privilege.  The party asserting privilege bears the burden of establishing all of its elements with respect to any information

---

[23] *Order Directing Document Production*, Mar. 11, 2024 [ECF No. 416].

[24] Klotz Decl. Exh. C (E-mail from B. Sheehan (Diocese counsel) to T. Schiavoni and M. Klotz (Century counsel), Apr. 11, 2024, 8:00 p.m.) ("[W]e can confirm the Review Board considered his case on September 16, 2021, and the minutes of that meeting will be reflected in the aforementioned [privilege] log").

[25] *Michael Eaton v. The Roman Catholic Diocese of Ogdensburg, New York, Inc. et al.*, No. EFCV-21-160236 (Sup. Ct. St. Lawrence Cty.) [NYSCEF No. 1 ¶ 76] (asserting that Msgr. Aucoin was an "employee, agent, servant, or volunteer" and Missionaries of the Sacred Heart of Watertown, New York and Northeastern Province of the Missionaries of the Sacred Heart from 1968-1970); Exh. B (Darcy Fargo, "Three priests hit 50th jubilee milestone," *North Country Catholic* (May 27, 2020) (Msgr. Aucoin "studied for the priesthood . . . with the Missionaries of the Sacred Heart").

withheld from disclosure.[26] *See, e.g., United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996).

28.     The documents that the Diocese received from the plaintiff alleging that Msgr. Aucoin abused him, and the documents that the Diocese Review Board generated are not privileged.  The inclusion of a third-party on a communication waives any privilege.  *See United States v. Mejia,* 655 F.3d 126, 134 (2d Cir. 2011) ("the presence of a third party counsels against finding that the communication was intended to be, and actually was, kept confidential"); *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015) (disclosure negates claim that "communications were intended to be confidential.").

29.     The Diocese Review Board is by design independent of the Diocese.[27]  Most of its members are not employees of the Diocese.  In order to have left Msgr. Aucoin in service, the Review Board should have been presented with exculpatory evidence about the claim.  No explanation has been offered by the Diocese for how this type of material and its review by people who do not represent the Diocese might be privileged.  Only confidential communications "between [an] attorney and [a] client" are typically privileged.  *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) ("[T]he attorney-client privilege generally applies only to communications between the attorney and the client.").

30.     Claims that diocesan review board minutes are either privileged or protected from disclosure under the First Amendment to the U.S. Constitution has been squarely rejected.  *See*

---

[26] Privilege determinations in a bankruptcy case are made under the Federal Rules of Evidence. *See* Fed. R. Bankr. P. 9017. Under Federal Rule of Evidence 501, "[t]he common law—as interpreted by United States courts in light of reason and experience—governs a claim of privilege." Fed. R. Evid. 501. In connection with a 2004 examination in bankruptcy, federal law generally governs even where discovery is being taken concerning claims as to which state law supplies the rule of decision. *See, e.g., In re China Med. Techs., Inc.*, 539 B.R. 643, 648 (Bankr. S.D.N.Y. 2015).

[27] Klotz Decl. Exh. J (Diocese of Ogdensburg webpage titled "Safe Environment" (identifying Diocese Review Board members)).

*Doe v. Liberatore,* 2006 WL 8449290, at *1 (M.D. Pa. Feb. 14, 2006) (concluding that "minutes

of the Scranton Diocesan Review Board . . . are not privileged and are discoverable"); *see also In*

*re Roman Catholic Archbishop of Portland,* 335 B.R. 815 (D. Or. Dec. 23, 2005) (concluding that

tort claimants were not precluded from asking questions regarding debtor's internal patterns and

practices regarding abuse claims).

31.    If the Diocese concluded that the allegations against Msgr. Aucoin are not credible

(or that they are credible but excusable on some basis) then the documents reflecting that

assessment should promptly be produced.

32.    When, as here, a purported privilege holder fails to adequately describe the nature

of the withheld documents and the grounds for asserting privilege, the privilege may be waived.

*See Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 479

(S.D.N.Y. 2007) ("Failure to furnish an adequate privilege log is grounds for rejecting a claim of

attorney client privilege."); *United States v. Constr. Prods. Research, Inc*., 73 F.3d 464 473-74 (2d

Cir. 1996) (affirming order compelling production of allegedly privileged documents where party

failed to adequately describe privileged nature on privilege log); *In re Schick*, 1997 WL 465217,

at *4 (S.D.N.Y. Aug. 12, 1997)  ("The failure to assert a timely privilege objection, and provide a

privilege log, may result in a waiver of the privilege.") (citing cases).

33.    At no point has the Diocese identified any legal privilege for the documents relating

to Msgr. Aucoin.


## II.    THERE IS NO BASIS FOR WITHHOLDING DIOCESE REVIEW BOARD DOCUMENTS

34.    In *Doe v. Liberatore,* the court overruled objections by the debtor and ordered that

it produce the minutes of a Diocese Review Board finding that there could be no confidentiality

obligation precluding production since the members of the Board were all mandatory reporters who are obligated to report evidence of sexual abuse to governmental officials.  2006 WL 8449290, at *2.  The *Liberatore* court concluded that no recognized privilege applies to Diocesan Review Board documents and observed that the "concealment of sexual abuse behavior toward minors cannot be justified by the need for confidentiality between the Board and the Bishop."  *Id.*

35.     In *In re Roman Catholic Archbishop of Portland,* the bankruptcy court similarly overruled the objections by the debtor in that case to discovery into diocesan groups responsible for clergy sexual abuse holding that while communications to clergy "in the furtherance of obtaining spiritual advice" are confidential, communications regarding sexual abuse are not afforded protection.  335 B.R. at 830-31.  The Court observed that although the "church autonomy doctrine might insulate the church from the dictates of a secular court regarding liturgy and leadership . .  it does not permit a church, as a general matter, to cloak its decisions and actions in secrecy when the law requires compliance with the requirements of civil law."  *Id*. at 825.

36.     Moreover, here, the Diocese agreed in entering into the Confidentiality Agreement that it "contains the entire agreement and understanding of the Parties with respect to [confidentiality], and supersedes all prior agreements, negotiations, and statements."[28]  It cannot now invoke confidentiality having insisted upon these terms.  The release employed by the Diocese Review Board states that notwithstanding any confidentiality obligations it may produce documents about claims of abuse "pursuant to a validly issued subpoena or order."[29]  The Court's production order satisfies this because it legally requires the Diocese to produce the requested documents.

---

[28] *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York and Certain Insurance Carriers*, Nov. 6, 2023 [ECF No. 244 at § J].
[29] *See, e.g.,* Klotz Decl. Exh. K (form of IRCP release).

37.    Nor has the Diocese articulated any basis for withholding the documents provided to, or generated by, the Diocese Review Board as privileged.    The Board is by definition independent from the Diocese because the majority of its members are outside of the Diocese.[30]  It is made up of a super-majority of lay members.    None serve as counsel to the Diocese.

## COMPLIANCE WITH BANKRUPTCY
## LOCAL RULE 7026-2(a)

38.    Pursuant to Bankruptcy Local Rule 7026-2(a), and as set forth in the accompanying Affidavit of Michael Klotz, the movants met and conferred with the Debtor in an attempt to resolve issues regarding the requested information and were unable to do so.[31]

## CONCLUSION

*39.*    WHEREFORE, Century respectfully requests that this Court grant the Motion to Compel the Diocese to produce the requested documents regarding Msgr. Aucoin and enter the Proposed Order attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein, and such other and further relief as may be equitable and just.

---

[30] Klotz Decl. Exh. J (Diocese of Ogdensburg webpage titled "Safe Environment").

[31] This filing does not constitute a waiver of the Century's right to have any and all final orders in any and all non-core matters entered only after *de novo* review by a Federal district court (or, as applicable, appellate court) and/or the Century's right to trial by jury in any proceeding as to any and all matters so triable, whether or not the same be designated legal or private rights, or in any case or controversy or proceeding related thereto, and whether such jury trial is pursuant to statute or the United States Constitution.

Dated:  April 16, 2024

Respectfully submitted,

By:  _/s/ Tancred Schiavoni_____

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:    (212) 326-2000
Email: tschiavoni@omm.com
          mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:    (973) 120-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity Company,*
*as successor to CCI Insurance Company, as*
*successor to Insurance Company of North*
*America*

**<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) |
| Ogdensburg, New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

## ORDER GRANTING CENTURY'S MOTION TO COMPEL

**THIS MATTER** having been brought before the Court upon the motion (the "Motion")[1] of Century, by and through its counsel, to compel the Diocese of Ogdensburg to produce certain categories of documents relating to Msgr. Robert Aucoin, and due notice having been properly provided; and the Court having considered the papers submitted and the arguments presented; and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is hereby GRANTED in its entirety.

2.     The Diocese is ordered to produce to produce the documents enumerated by the Court's March 11 Order concerning CVA Case No. EFCV-21-160236, and Msgr. Robert Aucoin that were provided to and generated by Diocese Review Board, including its minutes; and such other documents responsive to the March 11 Order regarding CVA Case No. EFCV-21-160236 and the allegations against Msgr. Aucoin, if any, that have not been produced.

3.     Century is authorized to issue a subpoena under Rule 2004 to the Missionaries of the Sacred Heart substantially in the form attached hereto as Exhibit B.

4.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**\*\*END OF ORDER\*\***

---

[1] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60507 (PGR) |
| | ) | |
| The Roman Catholic Diocese of | ) | Chapter 11 |
| Ogdensburg, New York, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CENTURY'S SUBPOENA TO THE MISSIONARIES OF
## THE SACRED HEART

**PLEASE TAKE NOTICE THAT** Century Indemnity Company ("Century"), by and through its undersigned counsel, hereby request that the Missionaries of the Sacred Heart of Watertown, New York and the Northeastern Province of the Missionaries of the Sacred Heart ("Missionaries of the Sacred Heart") produce the following documents, as follows:

## **DEFINITIONS**

1.      "Chapter 11 Case" means the chapter 11 case filed by the Debtor in the Bankruptcy Court for the Northern District of New York, assigned Case No. 23-60507 (PGR).

2.      "Document(s)" means, without limitation, the original and all copies, prior drafts, and translations of information in any written, typed, printed, recorded, or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all Electronically Stored Information, The term "Document(s)" is intended to be at least as broad in meaning and scope as the usage of this term in or pursuant to the Federal Rules of Civil Procedure.

**<u>INSTRUCTIONS</u>**

1.      The obligation to produce Documents responsive to these Document Requests shall be continuing in nature, and a producing party is required to promptly produce any Document requested herein that it locates or obtains after responding to these Document Requests, up to the date on which the Chapter 11 Case is closed by an order of the Court.

2.      Where an objection is made to any Document Request, the objection shall state with specificity all grounds for an objection.

3.      If Your response to a particular request is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control.

4.      Each requested Document should be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other Documents at any time affixed thereto.  Documents attached to each other shall not be separated. If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

5.      Where a claim of privilege is asserted in objecting to the production of any Document and a Document called for by these Document Requests is withheld on the basis of such assertion, the objecting party shall identify the extent and nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state privilege rule being invoked.  In addition, the objecting party shall provide the following information with respect to any Document so withheld:  (i) the type of Document, *e.g.*, letter or memorandum; (ii) the general subject matter of the Document; (iii) the date of the Document; and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*,

including, where appropriate, the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

6.      All words, terms, and phrases not defined herein are to be given their normal and customary meaning in the context in which they are used.

7.      If You believe that any request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the request in order to frame Your response.

8.      If there are no Documents responsive to a particular request, please provide a written response so stating.

## DOCUMENT REQUESTS

1.      The personal or similar files maintained by the Missionaries of the Sacred Heart regarding Robert Aucoin.

2.      All documents regarding *Michael Eaton v. The Roman Catholic Diocese of Ogdensburg, New York, Inc. et al*., No. EFCV-21-160236 (Sup. Ct. St. Lawrence Cty.) the claims asserted in this case and or the plaintiff in this case.

3.      All documents regarding any sexual abuse claim that has been made involving Robert Aucoin.

By: _____

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:    (212) 326-2000
Email: tschiavoni@omm.com
        mklotz@omm.com
*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*