## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK

In re:

**THE ROMAN CATHOLIC DIOCESE OF OGDENSBURG, NEW YORK,**

Debtor.

**Chapter 11**

**Case No: 23-60507-PGR**

### OPPOSITION TO CENTURY'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 TO ISSUE SUBPOENAS TO THE NATIONAL CATHOLIC RISK RETENTION GROUP, INC.

The National Catholic Risk Retention Group, Inc. ("National Catholic") hereby opposes Century Indemnity Company's ("Century") *Motion for Entry of an Order pursuant to Bankruptcy Rule 2004 Authorizing Century to Issue Subpoenas to National Catholic* [ECF No. 444][1] (the "Motion" or the "Rule 2004 Motion").[2] In support of its opposition, National Catholic respectfully states as follows:

### BACKGROUND

A.     **Commencement of the Archdiocese's Chapter 11 Case and the Debtor's Adversary Proceeding Against Century.**

1.      On July 17, 2023 (the "Petition Date"), the Roman Catholic Diocese of Ogdensburg, New York, (the "Debtor" or "Archdiocese") commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (the "Court").

---

[1]  By interposing this opposition to the Motion, National Catholic does not waive its right to have any and all final orders in any and all noncore matters entered only after de novo review by a federal district court (or, as applicable, appellate court) and/or its right to trial by jury in any  proceeding as to any and all matters so triable, whether or not the same be designated legal or private rights, or in any case or controversy or proceeding related thereto, and whether such jury trial is pursuant to statute or the United States Constitution.

[2]  Capitalized terms not otherwise defined have the meaning ascribed to them in the Motion.

2.      Contemporaneously with the filing of its petition for chapter 11 relief, the Diocese also commenced an adversary proceeding [Adv Case No. 23-8013] against Century (and others) (the "Adversary Proceeding") asserting claims against Century for breach of contract and declaratory judgment, seeking, among other things, a declaration of the estate's and Century's respective rights and duties under insurances policies issued to the Archdiocese and related parties.

3.      Notably, National Catholic was not sued in the Adversary Proceeding and is not a party to that litigation.

4.      On September 13, 2023, the Court entered an order staying the Adversary Proceeding [ECF No. 18]. On October 18, 2023, the Court entered an order referring the insurance coverage dispute between the Archdiocese and Century to mediation [ECF No. 39].

5.      Notably, like the Adversary Proceeding, National Catholic is not a party to the mediation.

6.      No disclosure statement or plan has been filed in the Diocese's chapter11 case and the exclusivity period for the Debtor to file and solicit acceptances for a plan has been extended to June 11, 2024. [ECF No. 361]

**B.      Century's Rule 2004 Motion.**

7.      On March 28, 2024, Century filed its motion seeking Rule 2004 discovery from National Catholic.  Eleven days later, on April 8, 2024, Century filed its *Application to Shorten Notice Period and for Expediting Hearing on Motion* [ECF No. 458] (the "Application to Shorten Time").

8.      In its Rule 2004 Motion, Century seeks authority to issue a subpoena requiring National Catholic to produce, among other things, all "documents related the claims for sexual

abuse against the Diocese of Ogdensburg" as well as all "documents concerning the bankruptcy

of the Diocese of Ogdensburg." Consequently, Century's proposed discovery could potentially

require the production of thousands of documents of marginal relevance to the Adversary

Proceeding and this chapter 11 case. Compounding matters, the Motion apparently seeks to

deprive National Catholic of the substantive protections afforded to nonparties under Federal

Rule of Civil Procedure 45 and other applicable law.

9.      In support of this relief, Century makes the extraordinary claim that '[d]enial of

Century's Motion would force Century to seek the same document through formal discovery in

the Adversary Proceeding, which would set back the clock months, maybe even years, in this

Chapter 11 case." Motion, p.14.

10.      Equally astoundingly, in its Application to Shorten Notice, Century claims it

needs the information sought in the Motion on an expedited basis to prepare for mediation, even

though mediation in this case began the day *after* Century filed its Application.

## OPPOSITION

**A.      On its Face, the Motion Violates the Prior Pending Proceeding Rule as Well
as the Court's Order Staying Discovery in the Adversary Proceeding.**

11.      "The well recognized rule is that once an adversary proceeding or a contested

matter has been commenced, discovery is made pursuant to Fed. R. Bankr. P. 7026 et seq., rather

than a Fed. R. Bankr. P. 2004 examination." *In re The Bennett Funding Corp, Inc.,* 203 B.R. 24,

28 (N.D. N.Y 1996) (collecting cases), *see also In re National Assessment, Inc.,* 547 B.R. 63, 64

(N.D. N.Y. Bankr. 2016) ("It holds that after the commencement of an adversary proceeding or

other contested matter, the parties to that proceeding or matter may no longer utilize the liberal

provisions of Bankruptcy Rule 2004 but must seek discovery under the more restrictive

standards of Bankruptcy Rule 7026."); 8 COLLIER ON BANKRUPTCY ¶ 2004.03[1] ("[O]nce

an actual adversary proceeding has been initiated, the discovery devices provided for in Rule

7026-7037 . . . apply and Rule 2004 should not be used."); 6 NORTON BANKRUPTCY LAW

AND PRACTICE § 141:35 (2d ed 1998) (when an adversary proceeding is pending Rule 2004

should not be used to avoid the procedural safeguards of Bankruptcy Rules 7026-7037).

12.     Here, on the Petition Date, the Diocese commenced the Adversary Proceeding

against Century and on September 12, 2023, the Court stayed the Adversary Proceeding. Put

simply, Century's Rule 2004 Motions runs headlong into the "well recognized" prior pending

proceeding rule and Century should not be allowed to use Rule 2004 to bypass the stay of

discovery in the Adversary Proceeding.

**B.     As a Threshold Matter, Century has not Demonstrated "Good Cause" for
         Rule 2004 Relief.**

13.     Century, the party seeking discovery under Rule 2004 has the burden to show

"good cause" for the relief it seeks.  *See In re ACG Entertainment, Inc,* 558 B.R. 98, 108109

(S.D. N.Y. Bankr. 2016). To establish good cause, Century must show that the "requested

documents, are necessary to establish the moving party's claim or that denial of production

would cause undue hardship or injustice." *In re Drexel Barnham Lauber Group, Inc.,* 123 B.R.

702, 712 (citations omitted). Additionally, in determining whether good cause has been

established, the Court must balance the competing interests of the parties weighing the relevance

of and necessity of the information sought . . . ." *Drexel*, 123, B.R. at 712. Importantly, the mere

fact that the "documents meet the requirements of relevance does not alone demonstrate good

cause requiring their production." *Id*.

14.     In its Motion, Century has not even attempted to demonstrate a sufficient cause

under this familiar standard. Century cannot demonstrate undue hardship or injustice. To the

contrary, the discovery sought in this Motion is, on information and belief, available from the

4

Debtor and is largely, if not entirely, duplicative of discovery requests already propounded on the

Debtor, months ago. *See, e.g., In re Symington,* 209 B.R. 678,688 (Bankr. D. Md. 1997) (noting

Rule 2004 discovery is not justified "where the information purportedly sought is either already

well-known or within the would-be examiner's possession.")

### C.    Century's Proposed Order is Overbroad and Procedurally Improper.

15.    Paragraph 3 of Century's proposed order provides:

> Except as otherwise agreed to by Century, . . . National Catholic *shall* furnish all
> documents Century requests in the subpoena and shall produce the same to Century's
> counsel within thirty (30) days of service the subpoena upon entry of this Order.

(emphasis supplied)

16.    While Rules 2004 and 9016 provide for the issuance of subpoenas to nonparties

such as National Catholic in accordance with Rule 45, Century's proposed order appears to

require the production of privileged and other protected documents in accordance with a

schedule unilaterally determined by Century rather than this Court and foreclose objections to

Century's subpoena under Rule 45 and other applicable law.

17.    Compounding matters, Century's proposed subpoena is overbroad and unduly

burdensome. Among other things, Century seeks all documents in National Catholic's custody

related in any way to this chapter 11 case or the sexual abuse claims that have been asserted

against the Debtor. If the subpoena is not properly narrowed through the familiar process

contemplated by Rule 45, National Catholic potentially could be required to produce thousands

of documents of marginal relevance on an expedited schedule determined by Century.

18.    In short, paragraph 3 of the proposed order is entirely improper and, on its face,

could be construed to strip National Catholic of the substantive protections afforded in Federal

Rule of Civil Procedure 45. Consequently, should the Court grants the Rule 2004 Motion, in

5

whole or in part, National Catholic respectfully requests that this Court strike paragraph 3 of Century's proposed order in its entirety.

**<u>CONCLUSION</u>**

**WHEREFORE**, National Catholic respectfully requests that the Court deny the Rule 2004 Motion in its entirety and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

The National Catholic Risk Retention Group, Inc.,
By its counsel,


/s/ *Bruce F. Smith*         ___         
Bruce F. Smith
D. Ethan Jeffery*
Murphy & King Professional Corporation
28 State Street, Suite 3101
Boston, Massachusetts  02109
(617) 423-0400
bsmith@murphyking.com
ejeffery@murphyking.com

and


/s/ *Francis C. Morrissey*    
Francis C. Morrissey
MORRISSEY WILSON &
ZAFIROPOULOS, LLP
45 Braintree Hill Office Park, Suite 304
Braintree, MA 02184
Tel: (781) 353-5500
Email:  fcm@mwzllp.com

Dated: April 15, 2024

* Motion to appear pro hac vice will be filed.