UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) |
| Ogdensburg, New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**OBJECTION OF THE DIOCESE TO CENTURY'S MOTION
FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
RULE 2004 AUTHORIZING CENTURY TO ISSUE SUBPOENAS
TO GREAT AMERICAN, GALLAGHER AND NATIONAL CATHOLIC**

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), by and through its undersigned counsel, hereby submits this objection (this "Objection"), to the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Century to Issue Subpoenas to Great American, Gallagher and National Catholic* ("Motion") [Docket No. 444], filed by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), in the above-captioned bankruptcy case (the "Chapter 11 Case"), and respectfully states as follows:

**OBJECTION**

1. The Motion seeks entry of an order authorizing Century to serve subpoenas (the "Subpoenas") upon Great American Assurance Company ("Great American"), Arthur J. Gallagher and Co. and Gallagher Bassett Services, Inc. (collectively "Gallagher"), and The National Catholic Risk Retention Group, Inc. ("National Catholic" and together with Great American and Gallagher, the "Targeted Insurers").

2. The Diocese asserts it is inappropriate to allow Century to be investigating and pursuing assets of the bankruptcy estate. The Diocese respectfully submits that it will continue its review of this information with the Official Committee of Unsecured Creditors (the "Committee")

17676111.8

to determine if either the Diocese or the Committee should pursue this discovery. Century's request in the Motion is improper because it seeks discovery against parties who are not defendants in the insurance coverage adversary, including requests for claims and insurance coverage documents outside of Century's coverage period (the "Unrelated Coverage Documents"). Century seeks to insert itself into the administration of this Chapter 11 Case, a role which is inappropriate for an insurance carrier in Century's position.

3. According to Century, the Unrelated Coverage Documents "will benefit all parties as it will resolve uncertainty as to what policies [Great American] issued when and for what period, the extent of the self-insurance adopted by the Diocese and information on the sex abuse claims and the alleged perpetrators." *See* Motion, ¶ 8.

4. Century is a defendant in the adversary proceeding commenced by the Diocese in July of 2023 to determine the extent of Century's (among other insurers) obligations to the Diocese and other Catholic entities under certain policies of insurance that they issued. The Diocese respectfully asserts that the Unrelated Coverage Documents bear no relevance to the liability of Century or its predecessors in interest under policies of insurance that they issued to the Diocese. The Diocese, in consultation with the Committee, will determine an appropriate approach to the Targeted Insurers.

A. **Century Has Failed to Demonstrate Its Entitlement to the Requested Discovery**

5. Through the Motion, it appears that Century seeks to usurp the role of the Diocese, as debtor-in-possession, in investigating and determining the insurance assets of the bankruptcy estate. The Diocese respectfully submits that there is a serious question concerning whether

17676111.8

Century has standing to pursue the relief requested in the Motion, particularly because the Motion does not demonstrate any particular need for Century to obtain the discovery it seeks.

6. With respect to insurers of a debtor in bankruptcy, even where they have established that they are a party in interest, which Century has not, standing is limited to those issues that impact the insurer's legal rights. *See In re Diocese of Buffalo, N.Y.*, 655 B.R. 72, 75 (Bankr. W.D.N.Y. 2023) (holding that "[f]or parties in interest, Rule 2004 permits an appropriately comprehensive probe" but that "this right of access is not unlimited."); *see also In re The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663, *Transcript of February 6, 2024 Disclosure Statement Hearing at 60:3-11* [Docket No. 1674] (Bankr. N.D.N.Y. 2024) (WAK) (holding that "the Court will not consider arguments that do not directly impact [insurers'] legal interests"); *In re Quigley Co.*, 391 B.R. 695, 703 (Bankr. S.D.N.Y. 2008) ("A 'party in interest' 'must still satisfy the general requirements of the standing doctrine.'"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 215 (3d Cir. 2004) ("Standing is not dispensed in gross, but rather is determined by the specific claims presented.").

7. Accordingly, Century should not be permitted to use Rule 2004 to conduct its own independent fishing expedition into matters that don't affect its legal rights, especially because the Diocese is still conducting its own investigation into available insurance assets and the abuse claims asserted against the Diocese.

8. In light of the forgoing, the Diocese respectfully submits that Century should not be permitted to seek the broad, sweeping discovery sought through the Motion.

**B.    Century has not Demonstrated Good Cause under Rule 2004**

9. Setting aside whether the Motion was appropriately brought by Century, the substance of the Motion does not meet the requirements of Federal Rule of Bankruptcy Procedure

3

17676111.8

2004 ("Rule 2004"), which provides that on the "motion of any party in interest, the court may order the examination of any entity." FED. R. BANK. P. 2004(a). Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANK. P. 2004(b).

10. A party seeking discovery under Rule 2004 "has the burden to show good cause" for such relief, and the determination of good cause lies with the Court. *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017). To establish "good cause," the movant must show that the "requested documents are *necessary* to establishment of the moving party's claim or that denial of production would cause undue hardship or injustice." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. at 712 (citations omitted) (emphasis added); *see also In re Diocese of Buffalo, N.Y.*, 655 B.R. at 76 ("A showing of good cause requires both a demonstration of need for information and some reason to believe that the respondent might possess that information.").

11. The Diocese respectfully submits that Century fails to articulate in the Motion why *Century* needs the documents sought by the proposed subpoenas. Put simply, the information sought through the Motion is not relevant to Century. For example, the claim and insurance policy information sought are from the 1940s, 1950s and 1960s, and not limited to claims within Century's policy periods.

12. Even if this Court found cause to grant the Motion, the examination under Rule 2004 must be reasonable in scope, and there is no reason Century should be permitted to obtain claim information for claims asserted outside of their coverage period. *See In re Diocese of Buffalo, N.Y.*, 655 B.R. at 76 (holding that with respect to a rule 2004 application seeking claim information, there is "no obvious purpose for such an investigation at this time.").

17676111.8

13. The Diocese respectfully submits that Century fails to articulate in the Motion why *Century* needs the Unrelated Coverage Documents. The information sought by the Motion is not relevant to Century, or its role in this chapter 11 case.

**C.    The Diocese asks the Court to Condition any Relief Granted Pursuant to the Motion**.

14. In the event the Court considers granting any relief sought by Century in the Motion, which the Diocese respectfully asserts would be inappropriate, the Diocese requests that the Court provide appropriate conditions and protections in any order granting the Motion. Specifically, the Diocese requests that any such order direct that:

(a) the Diocese shall be provided simultaneously with copies of anything that is produced through discovery, and shall receive notice of, and shall fully participate in, any discovery that takes place, including any discovery disputes, or any proceedings in furtherance of such discovery;

(b) the relief granted herein is limited to the specific relief sought by Century through the Motion and if Century seeks to modify the requested relief, Century shall seek an appropriate court order;

(c) counsel for the Diocese shall be copied on all communications between and among Century and the Targeted Insurers (and their respective counsel) relating to the discovery sought pursuant to the Motion, the Diocese or the captioned chapter 11 case; and

(d) any materials produced through discovery shall be treated as Confidential Information pursuant to the terms of the *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York and Certain Insurance Carriers* [Docket No. 244].

**WHEREFORE**, the Diocese respectfully requests that the Court enter an Order (i) denying the Motion; and (ii) granting such other and further relief as the Court may deem just and proper.

5

17676111.8

| | |
|---|---|
| Dated:  April 17, 2024 | BOND, SCHOENECK & KING, PLLC |

By: */s/ Stephen A. Donato*
Stephen A. Donato (Bar Roll No. 101522)
Charles J. Sullivan (Bar Roll No. 507717)
Sara C. Temes (Bar Roll No. 514148)
Andrew S. Rivera (Bar Roll No. 700712)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
sdonato@bsk.com
csullivan@bsk.com
stemes@bsk.com
arivera@bsk.com

*Attorneys for The Roman Catholic Diocese of Ogdensburg, New York*

17676111.8