**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>The Roman Catholic Diocese of<br>Ogdensburg, New York,<br><br>                    Debtor. | Hearing Date:  May 7, 2024<br>at 1:00 pm ET<br>Hearing Location: Alexander Pirnie<br>U.S. Courthouse and Federal Building 10<br>Broad Street, Utica, New York<br><br>Objection Deadline:   April 30, 2024<br><br>Chapter 11<br><br>Case No. 23-60507 (PGR) |

**LIMITED OBJECTION TO CENTURY'S MOTION FOR APPROVAL OF PROPOSED
FORM OF THIRD-PARTY PROTECTIVE ORDER**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned

debtor and debtor in possession (the "Debtor" or the "Estate") in this Chapter 11 Case (the

"Bankruptcy Case"), by and through its undersigned counsel, hereby files this Limited Objection

(the "Limited Objection") to the motion of Century Indemnity Company as successor to CCI

Insurance Company, as successor to Insurance Company of North America ("Century") for

Approval of Proposed Form of Third-Party Protective Order [Docket No. 473] (the "Motion").[1]

In support of this Limited Objection, the Committee respectfully submits as follows:

**LIMITED OBJECTION**

1.      The Committee is not opposed to the approval of a form of protective order for third

parties who are producing documents in this Bankruptcy Case (the "Third-Party Protective

Order").  However, the application of any such form of protective order must be clearly limited to

third parties not already subject to protective orders or confidentiality agreements in this

---

[1] All capitalized terms used but not defined herein have the meanings ascribed thereto in the Motion.

Bankruptcy Case, and it must also be clear that the Bar Date Order[2] controls over any conflict with such Third-Party Protective Order.

2.      The Diocese already has a form of confidentiality agreements applicable to certain insurers,[3] including Century, and with the Committee.[4]  There should be no question that the Third Party Protective Order does not impact the obligations of the Diocese, any of the insurers subject to the Insurer Confidentiality Agreement or the Committee with respect to the Existing Confidentiality Agreements.

3.      This is no imaginary concern.  Certain insurers already sought, under the guise of a conflict between confidentiality agreements, to have the Insurer Confidentiality Agreement control over the Bar Date Order.[5]  Additionally, Century moved for reconsideration of the Bar Date Order in an effort to undermine the confidentiality protections provided in the Bar Date Order.[6]

4.      The form of Third-Party Protective Order attached to the Motion is not at all clear as to whether it impacts the application of Existing Confidentiality Agreements or the Bar Date Order.  This Court should not approve a form of Third-Party Protective Order that will lead to

---

[2] *Order Establishing Bar Dates for Filing Proofs of Claim Bar Date Order* [Docket No. 203].

[3] *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York And Certain Insurance Carriers* [Docket No. 244] (the "Insurer Confidentiality Agreement").

[4] *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York and the Official Committee of Unsecured Creditors* [Docket No. 219] (the "Committee Confidentiality Agreement," together with the Insurer Confidentiality Agreement, the "Existing Confidentiality Agreements").

[5] *Certain Insurers Motion for Clarification of the Bar Date Order* (the "Clarification Motion") [Docket No. 335]. The Clarification Motion was filed by Interstate Fire & Casualty Company and Certain Underwriters at Lloyd's, and London and Certain London Market Insurance Companies.

[6] *Century's Motion for Reconsideration of the Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Reconsideration Motion") [Docket No. 237].

confusion as to which protective order applies or provide an opportunity for any party to circumvent the Existing Confidentiality Agreements or the Bar Date Order.

5.      The Committee prepared comments to the form of Third-Party Protective Order to clarify the limited application of the Third-Party Protective Order.  A copy of the Committee's proposed form of Third-Party Protective Order is attached hereto as Exhibit A, and a redline comparison between the Committee's proposed form and Century's proposed form is attached hereto as Exhibit B.

6.      The Committee also has other comments to the proposed form of Third-Party Protective Order, including, the process for addressing disputes with respect to the designation of documents as "confidential" and the time period for seeking to claw-back documents inadvertently produced.

7.      The Committee submits that the form of Third-Party Protective Order attached to this Limited Objection should be the form approved by the Court.

8.      The Committee provided counsel for Century and the Diocese with its proposed comments to the Third-Party Protective Order on April 26, 2024.  Century's counsel provided comments the Committee on April 29, 2024.  The proposed form of Third-Party Protective Order attached hereto incorporates further comments from the Committee and was shared with Century's counsel shortly before the filing of this Limited Objection.  The Committee remains open to continued discussion with Century and the Diocese on the form of the Third-Party Protective Order.

**WHEREFORE**, the Committee requests that the Court enter an order granting the Motion approving the form of Third-Party Protective Order substantially in the form attached as Exhibit A hereto, and granting such other and further relief as the Court may deem just, proper and equitable.

Dated: April 30, 2024
New York, NY

PACHULSKI STANG ZIEHL & JONES LLP

By:    *Ilan Scharf*
James I. Stang
Ilan D. Scharf
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Email: jstang@pszjlaw.com
        ischarf@pszjlaw.com

*Counsel to the Official Committee of
Unsecured Creditors*

BURNS BAIR LLP

By:    *Timothy Burns*
Timothy W. Burns (admitted *pro hac vice*)
Jesse J. Bair (admitted *pro hac vice*)
10 E. Doty St., Suite 600
Madison, Wisconsin 53703
Telephone: 608-286-2808
Email: tburns@burnsbair.com
        jbair@burnsbair.com

*Special Insurance Counsel to the Official
Committee of Unsecured Creditors*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

                 Debtor.

Chapter 11

Case No. 23-60507 (PGR)

**THIRD PARTY PROTECTIVE ORDER**

This Third-Party Protective Order ("**Protective Order**") shall govern the production, review, disclosure, and handling of any Disclosure or Discovery Material (as defined herein) by any Third Party in connection with the above-captioned Chapter 11 case pending before the United States Bankruptcy Court for the Northern District of New York (the "**Bankruptcy Court**"), Case No. 23- 60507 (PGR) (the "**Chapter 11 Case**") and/or Adversary Case No. 23-80013-6 (the "**Adversary Proceeding**").

For the Avoidance of Doubt, this Order does not affect, amend or modify any existing confidentiality agreements, protective orders applicable to any Producing Person and/or Receiving Party, or any order of this Court entered in the Chapter 11 Case, including without limitation the *Order Establishing Bar Dates for Filing Proofs of Claim Bar Date Order* [Docket No. 203] in the Chapter 11 Case, the *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York and the Official Committee of Unsecured Creditors* [Docket No. 219] and the *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York And Certain Insurance Carriers* [Docket No. 244]. This Order applies to all disclosure

produced by a Third Party to a Receiving Party, formally or informally, on or after the date
hereof.

With respect to any information from proofs of claim filed in this Chapter 11 Case, in the
event of any conflict between this Protective Order and the Bar Date Order, the Bar Date Order
shall control.

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Chapter 11 Case may involve production by
third parties of confidential, proprietary, or private information for which special protection from
public disclosure may be warranted.

2.    <u>DEFINITIONS</u>

2.1    <u>Bar Date Order</u>: *Order Establishing Bar Dates for Filing Proofs of Claim Bar
Date Order* [Docket No. 203].

2.2    <u>Challenging Party</u>: a Receiving Party that challenges the designation of
information or items under this Order by a Designating Party.

2.3    <u>Committee Confidentiality Order</u>: the confidentiality agreement among the
Debtor and the Committee, its members, professionals and counsel to the Committee members
signatory thereto that is the subject of the *Protective Order Approving the Form of
Confidentiality Agreement Between the  Roman Catholic Diocese of Ogdensburg, New York and
the Official Committee of Unsecured Creditors* [Docket No. 219].

2.4    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how
it  is generated, stored or maintained) or tangible things that qualify for protection under Federal
Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c), including but not
limited to personally identifying information of alleged victims of sexual abuse.

2.5     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     Designating Party: a Third Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7     Diocese: the Diocese of Ogdensburg, N.Y.

2.8     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9     Expert: a person with specialized knowledge or experience in a matter pertinent to this Chapter 11 Case or Adversary Proceeding who has been retained by a party or its counsel to serve as an expert witness in this Chapter 11 Case or Adversary Proceeding.

2.10     House Counsel: attorneys who are employees of a party in this Chapter 11 Case or a Producing Party and provide legal services to their employer in the scope of their employment. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Insurer Carrier Confidentiality Agreement: the confidentiality agreement among the Debtor and the Insurers signatory that is the subject of the *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York And Certain Insurance Carriers* [Docket No. 244].

2.12     Outside Counsel of Record: attorneys who are not employees of a party but are retained to represent or advise a party in this Chapter 11 Case and have appeared in this Chapter 11 Case on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    <u>Producing Party</u>: a Third Party that produces Disclosure or Discovery Material in this Chapter 11 Case.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL,"  and is not excepted from the scope of Protected Material under Section 3 or any other applicable provision hereof.

2.16    <u>Receiving Party</u>: any of the following Parties that receives Disclosure or Discovery Material from a Producing Party:

(a)    The Diocese, its employees, its Outside Counsel of Record, and any professionals retained by the Diocese *provided* that a single natural person, as an authorized signatory on behalf of the Diocese, each Outside Counsel of Record and any professionals retained by the Diocese, has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as <u>Exhibit A</u>;

(b)    The defendant insurance companies in the Adversary Proceeding (each an "Insurer" and collectively the "<u>Insurers</u>") together with their officers, directors and employees (including House Counsel) and their respective successors, regulators, reinsurers, administrators, House Counsel and Outside Counsel, to whom it is reasonably necessary to disclose the information for this Chapter 11 Case and Adversary Proceeding, *provided* that a single natural person, as an authorized signatory on behalf of each such Insurer or Outside Counsel, has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as <u>Exhibit A</u>;

(c)     The Committee, its Outside Counsel of Record, and any professionals retained by the Committee *provided* that a single natural person, as an authorized signatory on behalf of the Committee, each Outside Counsel of Record, \any professionals retained by the Committee, and counsel for any individual Committee member has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as <u>Exhibit A</u>;

(d)     The U.S. Trustee; and

(e)     Any other Third Party, pursuant to an order of the Court;

(f)     Any other persons specified in Paragraph 7.2 below, subject to any applicable requirements set forth in Paragraph 7.2 below; and

(g)     The executed acknowledgements required by Paragraph 2.16(a), (b) and (c) shall be provided to the Diocese, Committee, Insurers and the Producing Party.

2.17    <u>Survivor Personal Information</u>:  Any documents, information or other materials containing the personal information of survivors asserting that they were sexually abused.

2.18    <u>Third Party</u>:  Great American Assurance Company, Arthur J. Gallagher and Co., Gallagher Bassett Services, Inc., National Catholic Risk Retention Group, Inc., and any other person or entity, including any and all of its officers, directors, employees, consultants, retained experts, House Counsel and Outside Counsel of Record (and their support staffs) that is not a signatory to (i) the Insurer Carrier Confidentiality Agreement and defendant in the Adversary Proceeding, or (ii) the Committee Confidentiality Agreement.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the

protections conferred by this Order do not cover, and Protected Material shall not include, the

following information: (a) any information that is in the public domain at the time of disclosure

to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving

Party as a result of publication not involving a violation of this Order, including becoming part

of the public record through trial or otherwise; (b) any information known to the Receiving Party

prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Designating

Party; (c) information that the Producing Party knows, at the time of disclosure, is in the

possession of any entity who is not subject to this Order or to any confidentiality or

nondisclosure agreement or other legal restriction on disclosure with respect to such information;

(d) information that is disclosed to a Receiving Party by, or acquired in the ordinary course of

business and in good faith from, a third party who is not, to a Receiving Party's knowledge,

information or belief, in violation of this Order or to any confidentiality or nondisclosure

agreement or other legal restriction on disclosure with respect to such information; (e)

information that is lawfully independently developed, discovered, or arrived at by a Receiving

Party without violating this Order; or (f) any information which the Court orders not be protected

as Confidential Information or as "trade secret or confidential research, development, or

commercial information" under section 107(b)(1) of the Bankruptcy Code. For the avoidance of

doubt, "public domain" information includes, without limitation, any information that has been

obtained through a request under the federal Freedom of Information Act, the Freedom of

Information Law ("FOIL"), Article 6 (Sections 84-90) of the NYS Public Officers Law, or and

similar freedom of information or open records law of any state, territory, or municipality, as

well as excerpts, any information lodged in the publicly searchable or reviewable records of any

court or other governmental agency. Any use of Protected Material at trial shall be governed by a separate order.

4.    <u>DURATION</u>

Even after final disposition of this Chapter 11 Case, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) conversion or dismissal of this Chapter 11 Case; and (2) the closing of this Chapter 11 Case.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Third Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

To  the extent any information or items to be produced contains Survivor Personal Information, the Third Party shall designate such material as "Confidential" and as containing "Survivor Personal Information."

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)             For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party

also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)       for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)       for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If corrected within thirty (30) days of disclosure, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Failure to correct an inadvertent failure to designate qualified information or items within thirty (30) days shall bar the Designating Party from subsequently designating such information or items confidential.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Chapter 11 Case, a Receiving Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by meeting and conferring with the Designating Party in a manner that complies with Bankruptcy Local Rule 7026-2(a). A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Designating Party and Challenging Party cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Bankruptcy Local Rules 9013-1 within 21 days of the initial notice of challenge or within 14 days of the Designating Party and Challenging Party agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Receiving Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this Chapter 11 Case solely in connection with this Chapter 11 Case, the Adversary Proceeding, or in any judicial, adversary or mediation proceeding that may result therefrom. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Chapter 11 Case has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may receive material designated as "Confidential" and may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    Another Receiving Party or person identified in this Section 7.2 (b) through (g);

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case or Adversary Proceeding, *provided* that a single

natural person, as an authorized signatory on behalf of each such Expert, has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as <u>Exhibit A</u>, who shall not be required to provide a copy thereof to the other Parties absent a written request from another Party for good cause or pursuant to an order of the Court;

(c)    Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case or Adversary Proceeding, *provided* that a single natural person, as an authorized signatory on behalf of each such Expert, has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as <u>Exhibit A</u>, and A and provide such executed <u>Exhibit A</u> to the Committee, Diocese, Insurers and the Producing Party;

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Chapter 11 Case or Adversary Proceeding; *provided* that a single natural person, as an authorized signatory on behalf of each such professional jury or trial consultant, mock juror, or Professional Vendor, has signed the "Acknowledgment and Agreement to Be Bound" attached hereto as <u>Exhibit A</u>, who shall not be required to provide a copy thereof to the other Parties absent a written request from another Party for good cause or pursuant to an order of the Court;

(g)    during their depositions, witnesses in the Chapter 11 Case to whom disclosure is reasonably necessary and who have been advised of, and provided a copy of, this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. For the avoidance of doubt, deposition witnesses may not retain any

copies of documents marked "CONFIDENTIAL" unless they sign Exhibit A and provide such

executed <u>Exhibit A</u> to the Committee, Diocese, Insurers and the Producing Party;

(h)    the author or recipient of a document containing the information or a custodian or

other person who otherwise possessed or knew the information.

(i)    any neutral mediator or arbitrator appointed by the Court or retained by agreement

of the Parties in connection with the Chapter 11 Case or Adversary Proceeding, and such neutral

mediator's or arbitrator's staff.

(j)    To the extent information or material is designated as "Confidential" and as

containing "Survivor Personal Information," then, with respect to any Receiving Party or with

respect to any party being provided that material by a Receiving Party, Exhibit A must be signed

by each natural person being provided access to such information or material who is otherwise

permitted to be a Receiving Party or to receive the information from a Receiving Party, and such

executed Exhibit A shall be provided to the Committee, Diocese, Insurers and the Producing

Party.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

<u>LITIGATION</u>

If a Receiving Party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated pursuant to this Protective Order

as "CONFIDENTIAL," such Receiving Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

       (c)         cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

       If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Chapter 11 Case as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Chapter 11 Case to disobey a lawful directive from another court.

9.      <u>A PRODUCING PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS CHAPTER 11 CASE AND/OR THE ADVERSARY PROCEEDING</u>

       (a)         The terms of this Protective Order are applicable to information produced by a Third Party in this Chapter 11 Case and designated as "CONFIDENTIAL." Such information produced by Third Parties in connection with this Chapter 11 Case is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Third Party from seeking additional protections.

       (b)         In the event that a Receiving Party is required, by a valid discovery request, to produce a Producing Party's confidential information in its possession, then the Receiving Party shall:

          (1)           promptly notify in writing the party requesting such information (the "<u>Requesting Party</u>") and the Producing Party that some or all of the information

requested is subject to this Protective Order or other confidentiality agreement with the

Producing Party;

(2)        promptly provide the Requesting Party with a copy of the

Protective Order in this Chapter 11 Case, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

(3)        make the information requested available for inspection by

the Producing Party.

(c)        If the Producing Party fails to object or seek a protective order from this

court within 14 days of receiving the notice and accompanying information, the Receiving Party

may produce the Producing Party's confidential information responsive to the discovery request.

If the Producing Party timely seeks a protective order, the Receiving Party shall not produce any

information in its possession or control that is subject to this Protective Order or other

confidentiality agreement with the Producing Party before a determination by the court. Absent a

court order to the contrary, the Producing Party shall bear the burden and expense of seeking

protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Protective Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Producing Party must give notice of the inadvertent production of material within thirty (30) days of producing such material. Failure to correct the inadvertent production of material within thirty (30) days shall bar the Designating Party from subsequently claiming privilege or other protection of the disclosed material. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Producing Party and Receiving Party reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, such parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. Nothing in this Protective Order waives any right by a Producing Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Chapter 11 Case any Protected Material. A Receiving Party

that seeks to file under seal any Protected Material must comply with Bankruptcy Local Rule 9018-1. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Bankruptcy Local Rule 9018-1, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Bankruptcy Local Rule 9018-1 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Bankruptcy Local Rule 9018-1 unless otherwise instructed by the Court.

13.    <u>FINAL DISPOSITION</u>

Unless otherwise agreed on by a Receiving Party and Producing Party or ordered by the Court, each Receiving Party must make best efforts to return all Protected Material to the Producing Party or destroy such material (i) within 60 days after the final disposition of this Chapter 11 Case, Adversary Action or related insurance coverage proceeding, as defined in paragraph 4, or (ii) after such time as is needed by a Producing Party to meet the requirements of its auditors, accountants, regulatory agencies, or reinsurers, whichever of (i) or (ii) is longer. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether best efforts are taken to return or destroy the Protected Material, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the applicable deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has made best efforts not to retain any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding the above requirements to return or destroy Protected Material, any applicable Receiving Party or Counsel may retain (i) such Discovery Material as it reasonably believes (and at all times continues to reasonably believe) are required in order to satisfy applicable law, ethical, or professional obligations, (ii) any analyses, abstracts, studies, summaries, or reports prepared by the Receiving Party or its Counsel based on, containing, or reflecting Protected Material; (iii) any portions of the Protected Material that are publicly available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise, (iv) any Protected Material that is produced or stored in electronic format and that is not reasonably capable of being returned or destroyed, and such Protected Material shall remain confidential subject to the terms and restrictions contained in this Protective Order and shall be stored in such a fashion so as to prevent their disclosure. Nothing in this section shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Protected Material. Notwithstanding anything to the contrary, the Receiving Party or its Counsel may retain such Protected Material in accordance with this Protective Order, provided that they continue to treat all produced material in the manner provided in this Protective Order, and (iv) any portions of Protected Material that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems). Any retained Protected Material shall continue to be protected under this Protective Order.

**END OF ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Third-Party Protective Order that was issued by the United States Bankruptcy

Court for the Northern District of New York on [date] in the case of *In re The Roman Catholic*

*Diocese of Ogdensburg, New York*, Case No. 23-60507 (PGR) (the "Protective Order"). I agree

to comply with and to be bound by all the terms of this Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Protective Order to any person or entity except in strict compliance

with the provisions of this Protective Order.

I further acknowledge that I have read in its entirety and understand the Bar Date Order

that was issued by the United States Bankruptcy Court for the Northern District of New York on

[date] in the case of *In re The Roman Catholic Diocese of Ogdensburg, New York*, Case No. 23-

60507 (PGR) [Docket No. 203] (the "Bar Date Order") and will comply in all respects with the

Bar Date Order, particularly the confidentiality provisions contained therein, and understand that,

with respect to any information from proofs of claim filed in this Chapter 11 Case, in the event of

any conflict between this Protective Order and the Bar Date Order, the Bar Date Order shall

control.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the

Northern District of New York for the purpose of enforcing the terms of the Protective Order,

even if such enforcement proceedings occur after termination of this Chapter 11 Case.

4876-5975-1096.5 18493.002

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

                    Debtor.

Chapter 11

Case No. 23-60507 (PGR)

**THIRD PARTY PROTECTIVE ORDER**

This Third-Party Protective Order ("**Protective Order**") shall govern the production, review, disclosure, and handling of any Disclosure or Discovery Material (as defined herein) by any ~~person or entity~~Third Party in connection with the above-captioned Chapter 11 case pending before the United States Bankruptcy Court for the Northern District of New York (the "**Bankruptcy Court**"), Case No. 23- 60507 (PGR) (the "**Chapter 11 Case**") and/or Adversary Case No. 23-80013-6 (the "**Adversary Proceeding**").

For the Avoidance of Doubt, this Order does not affect, amend or modify any existing confidentiality agreements, protective orders applicable to any Producing Person and/or Receiving Party, or any order of this Court entered in the Chapter 11 Case, including without limitation the *Order Establishing Bar Dates for Filing Proofs of Claim Bar Date Order* [Docket No. 203] in the Chapter 11 Case, the *Protective Order Approving the Form of Confidentiality Agreement Between the  Roman Catholic Diocese of Ogdensburg, New York and the Official Committee of Unsecured Creditors* [Docket No. 219] and the *Protective Order Approving the Form of Confidentiality Agreement Between the  Roman Catholic Diocese of Ogdensburg, New York And Certain Insurance Carriers* [Docket No. 244].  This Order applies to all disclosure

produced by a Third Party to a Receiving Party, formally or informally, on or after the date hereof.

With respect to any information from proofs of claim filed in this Chapter 11 Case, in the event of any conflict between this Protective Order and the Bar Date Order, the Bar Date Order shall control.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Chapter 11 Case may involve production by third parties of confidential, proprietary, or private information for which special protection from public disclosure may be warranted.

2. DEFINITIONS

2.1     Bar Date Order: *Order Establishing Bar Dates for Filing Proofs of Claim Bar Date Order* [Docket No. 203].

2.2     ~~2.1~~ Challenging Party: a ~~Party or Non~~ Receiving Party that challenges the designation of information or items under this Order by a Designating Party.

2.3     Committee Confidentiality Order: the confidentiality agreement among the Debtor and the Committee, its members, professionals and counsel to the Committee members signatory thereto that is the subject of the *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York and the Official Committee of Unsecured Creditors* [Docket No. 219].

2.4     ~~2.2~~ "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c), including but not limited to personally identifying information of alleged victims of sexual abuse.

2.5    2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    2.4 Designating Party: a Party or Non-Third Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7    Diocese: the Diocese of Ogdensburg, N.Y.

2.8    2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9    2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to this Chapter 11 Case or Adversary Proceeding who has been retained by a Partyparty or its counsel to serve as an expert witness or as a consultant in this Chapter 11 Case or Adversary Proceeding.

2.10    2.7 House Counsel: attorneys who are employees of a Partyparty in this Chapter 11 Case or a Producing Party and provide legal services to their employer in the scope of their employment. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity that is not a Party in this Chapter 11 Case.

2.11    Insurer Carrier Confidentiality Agreement: the confidentiality agreement among the Debtor and the Insurers signatory that is the subject of the *Protective Order Approving the Form of Confidentiality Agreement Between the Roman Catholic Diocese of Ogdensburg, New York And Certain Insurance Carriers* [Docket No. 244].

2.12    2.9 Outside Counsel of Record: attorneys who are not employees of a Partyparty but are retained to represent or advise a Partyparty in this Chapter 11 Case and have appeared in this Chapter 11 Case on behalf of that Partyparty or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party: any party or party-in-interest in this Chapter 11 Case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs)party.

2.13    2.11 Producing Party: a Party or Non- Third Party that produces Disclosure or Discovery Material in this Chapter 11 Case.

2.14    2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," and is not excepted from the scope of Protected Material under Section 3 or any other applicable provision hereof.

2.16    2.14 Receiving Party: any of the following Parties that receives Disclosure or Discovery Material from a Producing Party:

(a)    The Debtor and its employees;Diocese, its employees, its Outside Counsel of Record, and any professionals retained by the Diocese *provided* that a single natural person, as an authorized signatory on behalf of the Diocese, each Outside Counsel of Record and any professionals retained by the Diocese, has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A;

(b)     ~~the~~The defendant insurance companies in the Adversary Proceeding (each an "Insurer" and collectively the "Insurers") together with their officers, directors and employees (including House Counsel) and their respective successors, regulators, reinsurers, administrators, House Counsel and ~~counsel~~Outside Counsel, to whom it is reasonably necessary to disclose the information for this Chapter 11 Case and Adversary Proceeding, *provided* that a single natural person, as an authorized signatory on behalf of each such Insurer or Outside Counsel, has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A;

(c)     The Committee~~'s~~, its Outside Counsel of Record, and any professionals~~, members of the Committee, including their respective counsel who are assisting with or making decisions with respect to the Adversary Proceeding or the Chapter 11 Case, as to each strictly on a need to know basis after they sign~~ retained by the Committee *provided* that a single natural person, as an authorized signatory on behalf of the Committee, each Outside Counsel of Record, \any professionals retained by the Committee, and counsel for any individual Committee member has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A ~~hereto~~;

(d)     The U.S. Trustee; and

(e)     Any other Third Party ~~with the consent~~pursuant to an order of the ~~Producing Person, who has signed Exhibit A hereto~~Court; ~~and~~

(f)     Any other persons specified in Paragraph ~~11~~7.2 below, as~~subject to ~~each strictly on a need to know basis after they sign Exhibit A hereto.~~any applicable requirements set forth in Paragraph 7.2 below; and

(g)     The executed acknowledgements required by Paragraph 2.16(a), (b) and (c) shall be provided to the Diocese, Committee, Insurers and the Producing Party.

2.17    Survivor Personal Information:  Any documents, information or other materials containing the personal information of survivors asserting that they were sexually abused.

2.18    Third Party:  Great American Assurance Company, Arthur J. Gallagher and Co., Gallagher Bassett Services, Inc., National Catholic Risk Retention Group, Inc., and any other person or entity, including any and all of its officers, directors, employees, consultants, retained experts, House Counsel and Outside Counsel of Record (and their support staffs) that is not a signatory to (i) the Insurer Carrier Confidentiality Agreement and defendant in the Adversary Proceeding, or (ii) the Committee Confidentiality Agreement.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover, and Protected Material shall not include, the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (c) information that the Producing Party knows, at the time of disclosure, is in the possession of any entity who is not subject to this Order or to any confidentiality or nondisclosure agreement or other legal restriction on disclosure with respect to such information;

(d) information that is disclosed to a Receiving Party by, or acquired in the ordinary course of business and in good faith from, a third party who is not, to a Receiving Party's knowledge, information or belief, in violation of this Order or to any confidentiality or nondisclosure agreement or other legal restriction on disclosure with respect to such information; (e) information that is lawfully independently developed, discovered, or arrived at by a Receiving Party without violating this Order; or (f) any information which the Court orders not be protected as Confidential Information or as "trade secret or confidential research, development, or commercial information" under section 107(b)(1) of the Bankruptcy Code. For the avoidance of doubt, "public domain" information includes, without limitation, any information that ~~may be~~has been obtained through a request under the federal Freedom of Information Act, the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90) of the NYS Public Officers Law, or and similar freedom of information or open records law of any state, territory, or municipality, as well as excerpts, any information lodged in the publicly searchable or reviewable records of any court or other governmental agency. Any use of Protected Material at trial shall be governed by a separate order.

4.    DURATION

Even after final disposition of this Chapter 11 Case, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) conversion or dismissal of this Chapter 11 Case; and (2) the closing of this Chapter 11 Case.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each ~~Party or Non~~ Third Party that designates information or items for protection under this Order must take

care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

To the extent any information or items to be produced contains Survivor Personal Information, the Third Party shall designate such material as "Confidential" and as containing "Survivor Personal Information."

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or ~~retard~~slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A ~~Party or Non-~~<u>Producing</u> Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting <u>Receiving</u> Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the ~~inspecting~~<u>Receiving</u> Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)          for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)          for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If ~~timely~~ corrected within thirty (30) days of disclosure, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon ~~timely~~ correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Failure to correct an inadvertent failure to designate qualified information or items within thirty (30) days shall bar the Designating Party from subsequently designating such information or items confidential.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any ~~Party or Non-~~ Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Chapter 11 Case, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by ~~providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality~~

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designationmeeting and conferring with the Designating Party in a manner that complies with Bankruptcy Local Rule 7026-2(a). A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the PartiesDesignating Party and Challenging Party cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Bankruptcy Local Rules 9013-1 within 21 days of the initial notice of challenge or within 14 days of the PartiesDesignating Party and Challenging Party agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Receiving Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by ~~another Party or by a Non~~ a Producing Party in connection with this Chapter 11 Case solely in connection with this Chapter 11 Case, the Adversary Proceeding, or in any judicial, adversary or mediation proceeding that may result therefrom. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Chapter 11 Case has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may receive material designated as "Confidential" and may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    ~~the Receiving Party's Outside Counsel of Record in this Chapter 11 Case, as well as employees of said Outside Counsel of Record~~ to whom it is reasonably necessary to disclose

the information for this Chapter 11 Case, provided that a single natural person on behalf of each such Outside Counsel of Record has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;Another Receiving Party or person identified in this Section 7.2 (b) through (g);

(b)        the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case or Adversary Proceeding and who have, *provided that a single natural person, as an authorized signatory on behalf of each such Expert, has signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A, who shall not be required to provide a copy thereof to the other Parties absent a written request from another Party for good cause or pursuant to an order of the Court;*

(c)     Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case or Adversary Proceeding, *provided* that a single natural person, as an authorized signatory on behalf of each such Expert, has signed the "AcknowledgmentAcknowledgement and Agreement to Bebe Bound" (that is attached hereto as Exhibit A), and A and provide such executed Exhibit A to the Committee, Diocese, Insurers and the Producing Party;

(d)     the court and its personnel;

(e)     court reporters and their staff,;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Chapter 11 Case or Adversary Proceeding and

who have; *provided* that a single natural person, as an authorized signatory on behalf of each such professional jury or trial consultant, mock juror, or Professional Vendor, has signed the "Acknowledgment and Agreement to Be Bound" (attached hereto as Exhibit A), who shall not be required to provide a copy thereof to the other Parties absent a written request from another Party for good cause or pursuant to an order of the Court;

(g)    (f) during their depositions, witnesses in the Chapter 11 Case to whom disclosure is reasonably necessary and who have been advised of, and provided a copy of, this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. For the avoidance of doubt, deposition witnesses may not retain any copies of documents marked "CONFIDENTIAL" unless they sign Exhibit A and provide such executed Exhibit A to the Committee, Diocese, Insurers and the Producing Party;

(h)    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;.

(i)    (h) any neutral mediator or arbitrator appointed by the Court or retained by agreement of the Parties in connection with the Chapter 11 Case or Adversary Proceeding, and such neutral mediator's or arbitrator's staff.

(j)    To the extent information or material is designated as "Confidential" and as containing "Survivor Personal Information," then, with respect to any Receiving Party or with respect to any party being provided that material by a Receiving Party, Exhibit A must be signed by each natural person being provided access to such information or material who is otherwise permitted to be a Receiving Party or to receive the information from a Receiving Party, and such

executed Exhibit A shall be provided to the Committee, Diocese, Insurers and the Producing Party.

8.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated inpursuant to this Chapter 11 CaseProtective Order as "CONFIDENTIAL," thatsuch Receiving Party must:

(a)           promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)           promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)           cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Chapter 11 Case as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Chapter 11 Case to disobey a lawful directive from another court.

9.      A ~~NON~~ PRODUCING PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS CHAPTER 11 CASE AND/OR THE ADVERSARY
PROCEEDING

(a)          The terms of this Protective Order are applicable to information produced
by a ~~Non~~ Third Party in this Chapter 11 Case and designated as "CONFIDENTIAL." Such
information produced by ~~Non~~ Third Parties in connection with this Chapter 11 Case is protected
by the remedies and relief provided by this Protective Order. Nothing in these provisions should
be construed as prohibiting a ~~Non~~ Third Party from seeking additional protections.

(b)          In the event that a Receiving Party is required, by a valid discovery
request, to produce a ~~Non~~ Producing Party's confidential information in its possession, ~~and the
Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential
information,~~ then the Receiving Party shall:

(1)                    promptly notify in writing the party requesting such
information (the "Requesting Party") and the ~~Non~~ Producing Party that some or all of the
information requested is subject to a~~this~~ Protective Order or other confidentiality agreement with
~~a Non~~ the Producing Party;

(2)                    promptly provide the ~~Non~~ Requesting Party with a copy of
the Protective Order in this Chapter 11 Case, the relevant discovery request(s), and a reasonably
specific description of the information requested; and

(3)                    make the information requested available for inspection by
the ~~Non~~ Producing Party.

(c)          If the ~~Non~~ Producing Party fails to object or seek a protective order from
this court within 14 days of receiving the notice and accompanying information, the Receiving

Party may produce the ~~Non~~ Producing Party's confidential information responsive to the discovery request. If the ~~Non~~ Producing Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to ~~the~~this Protective Order or other confidentiality agreement with the ~~Non~~ Producing Party before a determination by the court. Absent a court order to the contrary, the ~~Non~~ Producing Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Producing Party must give notice of the inadvertent production of material within thirty (30) days of producing such material. Failure to correct the inadvertent production of material within thirty (30) days shall bar the Designating Party from subsequently claiming privilege or other protection of the disclosed material. This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the ~~Parties~~Producing Party and Receiving Party reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, ~~the Parties~~such parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. Nothing in this Protective Order waives any right by a Producing Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Chapter 11 Case any Protected Material. A Receiving Party that seeks to file under seal any Protected Material must comply with Bankruptcy Local Rule 9018-1. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Bankruptcy Local Rule 9018-1, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Bankruptcy Local Rule

9018-1 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Bankruptcy Local Rule 9018-1 unless otherwise instructed by the Court.

13.    <u>FINAL DISPOSITION</u>

~~Each~~<u>Unless otherwise agreed on by a Receiving Party and Producing Party or ordered by the Court, each</u> Receiving Party must make best efforts to return all Protected Material to the Producing Party or destroy such material <u>(i)</u> within 60 days after the final disposition of this Chapter 11 Case<u>, Adversary Action or related insurance coverage proceeding</u>, as defined in paragraph 4, or <u>(ii)</u> after such time <u>as</u> is needed by a <u>Producing</u> Party to meet the requirements of its auditors, accountants, regulatory agencies, or reinsurers, whichever <u>of (i) or (ii)</u> is longer. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether best efforts are taken to return or destroy the Protected Material, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the applicable deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has made best efforts not to retain any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding the above requirements to return or destroy Protected Material, any applicable Receiving Party or Counsel may retain (i) such Discovery Material as it reasonably believes (and at all times continues to reasonably believe) are required in order to satisfy applicable law, ethical, or professional obligations, (ii) any analyses, abstracts, studies, summaries, or reports prepared by the Receiving Party or its Counsel based on, containing, or reflecting Protected Material; (iii) any portions of the Protected Material that are publicly

available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise, (iv) any Protected Material that is produced or stored in electronic format and that is not reasonably capable of being returned or destroyed, and such Protected Material shall remain confidential subject to the terms and restrictions contained in this Protective Order and shall be stored in such a fashion so as to prevent their disclosure. Nothing in this section shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Protected Material. Notwithstanding anything to the contrary, the Receiving Party or its Counsel may retain such Protected Material in accordance with this Protective Order, provided that they continue to treat all produced material in the manner provided in this Protective Order, and (iv) any portions of Protected Material that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems). Any retained Protected Material shall continue to be protected under this Protective Order.

**END OF ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Third-Party Protective Order that was issued by the United States Bankruptcy

Court for the Northern District of New York on [date] in the case of *In re The Roman Catholic

Diocese of Ogdensburg, New York*, Case No. 23-60507 (PGR) (the "Protective Order"). I agree

to comply with and to be bound by all the terms of this Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Protective Order to any person or entity except in strict compliance

with the provisions of this Protective Order.

I further acknowledge that I have read in its entirety and understand the Bar Date Order

that was issued by the United States Bankruptcy Court for the Northern District of New York on

[date] in the case of *In re The Roman Catholic Diocese of Ogdensburg, New York*, Case No.

23-60507 (PGR) [Docket No. 203] (the "Bar Date Order") and will comply in all respects with

the Bar Date Order, particularly the confidentiality provisions contained therein, and understand

that, with respect to any information from proofs of claim filed in this Chapter 11 Case, in the

event of any conflict between this Protective Order and the Bar Date Order, the Bar Date Order

shall control.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the

Northern District of New York for the purpose of enforcing the terms of the Protective Order,

even if such enforcement proceedings occur after termination of this Chapter 11 Case.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Document comparison by Workshare Compare on Tuesday, April 30, 2024
1:10:12 PM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4876-5975-1096/1 |
| Description | Century Proposed Third Party Protective Order |
| Document 2 ID | netdocuments://4876-5975-1096/5 |
| Description | Century Proposed Third Party Protective Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 149 |
| Deletions | 97 |
| Moved from | 4 |
| Moved to | 4 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 254 |