UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:**<br><br>**THE ROMAN CATHOLIC DIOCESE OF OGDENSBURG, NEW YORK,**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No: 23-60507-PGR** |

**OBJECTION TO CENTURY'S MOTION SEEKING APPROVAL
OF PROPOSED FORM OF THIRD-PARTY PROTECTIVE ORDER**

The National Catholic Risk Retention Group, Inc. ("National Catholic") hereby opposes[1] Century Indemnity Company's ("Century") *Motion for Seeking Approval of Proposed Form of Third-Party Protective Order* [ECF No. 473] (the "Protective Order Motion"). In support of its opposition, National Catholic respectfully states as follows:

**BACKGROUND**

1.      On March 3, 2024, Century filed a *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Century to Issue Subpoenas to Great American, Gallager and National Catholic* (the "2004 Motion") [ECF No. 444].

2.      Before the Court held a hearing – much less acted on – the 2004 Motion, Century filed the Protective Order Motion seeking an order that would govern all third party discovery propounded by the estate in this case.

---

[1] By interposing this opposition to the Motion, National Catholic does not waive its right to have any and all final orders in any and all noncore matters entered only after de novo review by a federal district court (or, as applicable, appellate court) and/or its right to trial by jury in any proceeding as to any and all matters so triable, whether or not the same be designated legal or private rights, or in any case or controversy or proceeding related thereto, and whether such jury trial is pursuant to statute or the United States Constitution.

3. Both the Debtor and the Committee filed oppositions to Century's 2004 Motion. Among other things, the Debtor and the Committee challenged Century's standing to file the 2004 Motion and properly asserted that Century was "an officious intermeddler into the estate's affairs." [ECF No. 479].

4. Ultimately, the Court denied the 2004 Motion and instead authorized the Committee to issue a subpoena to National Catholic and others.

5. Notably at the hearing on the 2004 Motion, the Committee acknowledged that it had possession of and reviewed the policy's that National Catholic had issued to Debtor.

## OPPOSITION

6. Century is not a creditor of the estate, and in light of the pending adversary proceeding commenced against Century, it is improper for Century to use Rule 2004 to develop coverage defenses against the estate. The Court denied the Rule 2004 Motion, instead permitting the Committee, a representative of the Bankruptcy Estate, to issue subpoenas. As a result it is unclear why Century is continuing to prosecute its motion for a universal third party protective order in this case.

7. Even if a uniform form of third-party protective order is appropriate, such an order should be proposed by the estate representatives in this case, the parties with standing to pursue Rule 2004 discovery and charged with maximizing the estate.

8. It is equally important that parties like National Catholic, who are subject to discovery requests under Rule 2004, should have a reasonable opportunity to comment any proposed protective order before it is adopted by the Court.

9. National Catholic understands that the Committee and the Debtor will be filing a limited objection to the Protective Order Motion and will be proposing their own form of third-party protective order to be used in this case.

10. Under the circumstances, National Catholic requests that the Protective Order Motion be denied and that National Catholic be afforded a reasonable opportunity to review and comment on the Committee and the Debtor's proposed form of protective order before it is adopted by the Court.

**WHEREFORE**, National Catholic requests that the Court deny the Protective Order Motion and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

The National Catholic Risk Retention Group, Inc.,
By its counsel,

s/ *Bruce F. Smith*
Bruce F. Smith
D. Ethan Jeffery
Murphy & King Professional Corporation
28 State Street, Suite 3101
Boston, Massachusetts  02109
(617) 423-0400
bsmith@murphyking.com
ejeffery@murphyking.com

and

/s/ *Francis C. Morrissey*
Francis C. Morrissey
MORRISSEY WILSON & ZAFIROPOULOS, LLP
45 Braintree Hill Office Park, Suite 304
Braintree, MA 02184
Tel: (781) 353-5500
Email:  fcm@mwzllp.com

Dated: April 30, 2024