UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) |
| Ogdensburg, New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**MOTION FOR AN ORDER AMENDING THE RETENTION TERMS OF
PINTO MUCENSKI HOOPER VANHOUSE & CO., CERTIFIED PUBLIC
ACCOUNTANTS, P.C. AS ACCOUNTANTS TO THE DIOCESE**

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), hereby files this motion (this "Motion") for an order, substantially in the form of the proposed order attached hereto as *Exhibit A*, solely for the purpose of amending the retention terms of Pinto Mucenski Hooper Vanhouse & Co., Certified Public Accountants, P.C. ("Pinto"), as appointed accountants for the Diocese. In support of this Motion, the Diocese relies on the *Amended Affidavit of Edward S. Mucenski*, dated January 14, 2025 (the "Amended Mucenski Affidavit"), attached hereto as *Exhibit B*. In further support of this Motion, the Diocese respectfully represents as follows:

**BACKGROUND**

1. On July 17, 2023 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case.

18011498.v5

2. Information regarding the Diocese's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in the *Declaration of Rev. Kevin O'Brien Regarding Structure and Pre-Filing History of The Diocese and in Support of the Chapter 11 Petition and First Day Pleadings* [Docket No. 7], and the *Declaration of Mark Mashaw Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings* [Docket No. 6], and incorporated herein by reference.

3. On August 15, 2023, the Diocese filed the *Application for Order Appointing Pinto Mucenski Hooper Vanhouse & Co., Certified Public Accountants, P.C. as Accountants to the Diocese* [Docket No. 81] (the "Pinto Retention Application").  Pursuant to the Pinto Retention Application, Pinto was retained in order to assist the Diocese in performing annual audits of the Diocese's financial statements.  Pinto normally charges its clients, including the Diocese, a fixed fee for annual financial audit services.  *See e.g. First Application for Interim Compensation by Pinto Mucenski Hooper Vanhouse & Co., Certified Public Accountants, P.C., for the Period July 17, 2023 through November 30, 2023*, Docket No. 349 (charging the Diocese a flat rate fee of $27,500.00 for the financial auditing services provided during the 2023 calendar year).

4. On September 5, 2023, the Court entered an order granting the Pinto Retention Application [Docket No. 114] (the "Pinto Retention Order").  Pursuant to paragraph 2 of the Pinto Retention Order, Pinto's compensation was to be fixed and paid upon an application based on contemporaneous time records . . . ."  *See* Pinto Retention Order, ¶ 2.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

18011498.v5

8. The statutory and rule-based predicates for the relief requested herein are sections 105, 327(a), 329, 330, 503(b), 504 and 507(a)(2) of the Bankruptcy Code, Rules 2014, 2016, 5002, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the Northern District of New York (the "Local Rules").

**RELIEF REQUESTED**

9. By this Motion, the Diocese respectfully requests entry of an order modifying the terms of Pinto's retention, to remove the obligation to file detailed billing statements with its interim fee applications related to flat rate yearly auditing services for the Diocese's financial statements. Pinto will continue to act as the Diocese's auditor for financial statements each fiscal year and will bill the Diocese a flat rate of $27,500.00 each year (the "Flat Rate Fee") for such audit services. Pinto may adjust the Flat Rate Fee annually by filing a supplemental notice of the proposed increase to the Flat Rate Fee on the docket of this Chapter 11 Case. In further support of this Motion, the Diocese submits the Supplemental Mucenski Affidavit, attached hereto as *Exhibit B*.

**BASIS FOR RELIEF REQUESTED**

10. Section 328 of the Bankruptcy Code provides that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

3

11. As was set forth above, the Diocese respectfully submits that prior to the Petition Date and continuing during the pendency of this Chapter 11 Case, the terms of Pinto's engagement for the performance of the audit of the Diocese's financial statements have been based on a yearly flat fee. However, the Pinto Retention Application and some of the supporting documents thereto, including the proposed order that was later entered as the Pinto Retention Order, inadvertently provided that Pinto would file detailed billing statements with the Court in conjunction with its periodic fee applications.

12. This inadvertent inclusion led to an objection being filed by the United States Trustee with respect to Pinto's first fee application. To avoid further objections and streamline the fee application process for this non-attorney financial auditing professional, the Diocese, in consultation with its counsel, and Pinto, filed this Motion to modify the terms of Pinto's retention.

13. While the Diocese anticipates that Pinto's services will be related solely to the annual audit of financial statements, it is possible that during the course of representing the Diocese, the services of Pinto may be necessary for other duties not enumerated or known at this time. For example, from time to time the Diocese seeks Pinto's expertise for advice specific to accounting issues. While many of the Diocese's questions would be covered under the flat fee arrangement, on rare occasions, the questions may be unusual or extraordinary. In the event that Pinto provides expertise and guidance on unusual or extraordinary matters beyond the scope or intent of the yearly audit fee, such services would be billed to the Diocese at Pinto's customary hourly rates. In the event that such fees are incurred for unusual or extraordinary services beyond the Flat Rate Fee, Pinto will make an additional fee application for such fees, with detailed invoices included.

18011498.v5

**WHEREFORE**, the Diocese respectfully requests that the Court enter an order substantially in the form of the proposed order attached hereto as ***Exhibit A***, effective as of the Petition Date, permitting and authorizing the firm of Pinto Mucenski Hooper Vanhouse & Co., Certified Public Accountants, P.C. to bill a flat-rate, yearly audit fee to the Diocese and for further relief as to this Court seems just and proper.

Dated:  April 15, 2025
        Ogdensburg, New York

                                        /s/  Mark Mashaw
                                     Mark Mashaw
                                     Diocesan Fiscal Officer

18011498.v5

# **Exhibit A**

Proposed Order

18011498.v5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | ) |
|  | ) Chapter 11 |
|  | ) |
| Debtor. | ) |
|  | ) |

**ORDER AMENDING THE TERMS OF APPOINTMENT OF
PINTO MUCENSKI HOOPER VANHOUSE & CO., CERTIFIED PUBLIC
ACCOUNTANTS, P.C. AS ACCOUNTANTS TO THE DIOCESE**

Upon the Motion[1] of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") for entry of an order amending the retention terms of Pinto Mucenski Hooper Vanhouse & Co., Certified Public Accountants, P.C. ("Pinto"), as appointed accountants for the Diocese in this case, to bill for its services based on a flat-rate, yearly audit fee while keeping intact all other provisions of the Pinto Retention Application, as approved by the Pinto Retention Order;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

18011498.v5

and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being satisfied, based on the representations made in the Motion and the Supplemental Mucenski Affidavit; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Paragraph 2 of the Pinto Retention Order is amended as follows "Pinto, with offices at 42 Market Street, Potsdam, New York 13676, is hereby appointed to act as auditors and accountants for the Diocese herein, effective as of July 17, 2023, its compensation to be paid at a fixed flat rate annual fee of $27,500.00 (the "Flat Rate Fee"), and paid upon application to the Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of this Court."

3. Pinto shall be authorized to adjust the Flat Rate Fee annually, by filing a supplemental notice of the proposed increase to the Flat Rate Fee on the docket of this Chapter 11 Case.

4. Should the Diocese request Pinto's assistance on unusual or extraordinary matters beyond the scope of the Flat Rate Fee, such services would be billed to the Diocese at Pinto's customary hourly rates. In the event that such fees are incurred for unusual or extraordinary services beyond the flat rate fee, Pinto will make an additional fee application for such fees, with detailed invoices included.

18011498.v5

5. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Motion.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

## **Exhibit B**

Amended Mucenski Affidavit

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>The Roman Catholic Diocese of<br>Ogdensburg, New York,<br><br>              Debtor. | Case No. 23-60507 (PGR)<br><br>Chapter 11 |

## SUPPLEMENTAL AFFIDAVIT OF EDWARD S. MUCENSKI IN SUPPORT OF MOTION FOR AN ORDER AMENDING THE RETENTION TERMS OF PINTO MUCENSKI HOOPER VANHOUSE & CO., CERTIFIED PUBLIC ACCOUNTANTS, P.C. AS ACCOUNTANTS TO THE DIOCESE

STATE OF NEW YORK            )
COUNTY OF ST. LAWRENCE       ) ss.:

Edward S. Mucenski, being duly sworn, deposes and states as follows:

14. I am a certified public accountant and a partner at the accounting firm of Pinto Mucenski Hooper Vanhouse & Co., Certified Public Accountants, P.C. ("Pinto"), with offices at 42 Market Street, Potsdam, New York 13676.

15. Pinto is a New York professional corporation with over thirty employees including approximately 5 certified public accountants with offices in Potsdam, Massena, and Ogdensburg, New York.

16. I submit this Supplemental Declaration in accordance with the Motion[1] filed by The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") seeking to amend the terms of Pinto's retention as its auditor and accountant in the Chapter 11 Case.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Amended Application.

18011498.v5-12/18/24

17. Pinto will continue to act as the Diocese's auditor for financial statements each fiscal year and will bill the Diocese a flat rate of $27,500.00 each year (the "Flat Rate Fee") for such audit services.

18. Pinto may adjust the Flat Rate Fee annually by filing a supplemental notice of the proposed increase to the Flat Rate Fee on the docket of this Chapter 11 Case.

19. Pinto will bill the Diocese for any additional accounting services not within the scope of its Flat Rate Fee at their customary hourly rates and submit a fee application to have any additional compensation approved by this Court.

20. All other terms of Pinto's retention shall remain unaltered.

_Edward S. Mucenski_
Edward S. Mucenski

Sworn to before me this
14th day of ~~Mar~~ 202~~4~~ 5

_Margaret A. Garrison_
Notary Public

MARGARET A. GARRISON
Notary Public, State of New York
No. 01GA4973170
Qualified in St. Lawrence County
Commission Expires November 24, 202~~~~7

2

18011498.v5-12/18/24