**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>The Roman Catholic Diocese of<br>Ogdensburg, New York,<br><br>                      Debtor. | Hearing Date: May 6, 2025<br>at 1:00 pm ET<br>Hearing Location: Alexander Pirnie<br>U.S. Courthouse and Federal Building 10<br>Broad Street, Utica, New York<br><br>Status Report Deadline for Committee:<br>April 22, 2025<br><br>Status Report Deadline for Other Parties:<br>April 24, 2025<br><br>Chapter 11<br><br>Case No. 23-60507 (PGR) |

**SUPPLEMENTAL STATUS REPORT OF**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**WITH RESPECT TO CENTURY'S MOTION FOR ENTRY OF AN ORDER**
**PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING CENTURY**
**TO ENFORCE THE SUBPOENA THE COMMITTEE ISSUED TO GALLAGHER**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor" or the "Estate") in this Chapter 11 Case (the "Bankruptcy Case"), by and through its undersigned counsel, submits this supplemental[1] status report (the "Report") as requested by the Court at the hearing in connection with the application of Century Indemnity Company as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century") for an order under Federal Rule of Bankruptcy Procedure

---

[1] The Committee filed a status report on this matter on April 22, 2025. *Further Objection to and Status Report of the Official Committee of Unsecured Creditors with Respect to Century's Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Century to Enforce the Subpoena the Committee Issued to Gallagher* [Docket No. 912] (the "Committee Status Report"). Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Committee Status Report.

2004 authorizing Century to enforce the subpoena (the "Gallagher Subpoena") that the Committee issued to Arthur J. Gallagher and Co. and Gallagher Bassett Services, Inc. (collectively "Gallagher") [Docket No. 849] (the "2004 Motion").

The Committee respectfully submits as follows:

## PRELIMINARY STATEMENT

1. Since the filing of the Committee Status Report, there has been limited communication and no meaningful progress in resolving matters relating to enforcement of the Gallagher Subpoena. Gallagher has not provided the Committee with the requested written assurance that (i) documents identified on the Inventory have not been destroyed since the Gallagher Subpoena was issued, (ii) electronic documents are currently being preserved, and (iii) all paper documents responsive to the Gallagher Subpoena have not been destroyed since the Gallagher Subpoena was issued (the "Assurance"). *See* Dine Dec. Exh. A.[2]

2. In light of Gallagher's failure to provide the requested Assurance, the Committee is preparing to move to compel Gallagher's compliance with the Gallagher Subpoena.

3. While the Committee hoped to reach resolution with Gallagher on Gallagher's search for and production of documents in response to the Gallagher Subpoena without the Assurance, the Committee believes that it needs formally to enforce the Gallagher Subpoena to limit any prejudice to the Committee and other parties from the potential destruction or loss of documents responsive to the Gallagher Subpoena.

4. Notwithstanding its intention to move to compliance with the Gallagher Subpoena, the Committee maintains that the Court should deny the 2004 Motion and enter the Proposed Order requested by the Committee in the Status Report providing that the Committee does not need to

---

[2] In support of this Supplemental Report, concurrently herewith, the Committee submitted the Declaration of Karen B. Dine dated May 5, 2025 ("Dine Dec.").

4907-9175-1742.1 18493.002       2

include Century in the Committee's efforts to enforce the Gallagher Subpoena, including any compromise that the Committee may reach with Gallagher with respect to enforcing the Gallagher Subpoena.

## **SUPPLEMENTAL STATUS REPORT**

5. On April 22, 2025, Mr. Kaufman (counsel for Gallagher) sent an email to Ms. Dine regarding identifying custodians in connection with a search of Gallagher's files and stating, with respect to the Assurance that:

> I also repeatedly asked that the highlighted items on AJG's spreadsheet be more limited; however, it appears that it is identical to the one previously sent. Therefore, as I stated during our call, it is going to take some time to go through that list. In the interim, I am reconveying that I have been told that, with a full reservation of rights, that the relevant documents are being maintained, to the extent it is reasonably able to do so."

Dine Dec. Exh. B.

6. On April 23, 2025, Ms. Dine sent an email to Mr. Kaufman providing a courtesy copy of the filed Committee Status Report and noting that "[w]e think that critical to the Court's consideration of the Motion will be Gallagher's written confirmation that (a) documents described in the spreadsheet provided by Gallagher have not been destroyed since the subpoena was issued, (b) electronic documents are currently being preserved and (c) all paper documents responsive to the subpoena have not been destroyed since the subpoena was issued." Dine Dec. Exh. C.

7. On April 24, 2025, Mr. Brendan Sheehan (counsel to the Diocese) sent an email to Mr. Kaufman regarding the identification of custodians. Dine Dec. Exh. D.

8. On April 25, 2025, Mr. Jeffrey Dine (counsel to the Committee) sent an email to Mr. Kaufman with respect to information regarding potential custodians. Dine Dec. Exh. E.

9. On April 29, 2025, Ms. Dine sent an email to Mr. Kaufman regarding the importance to the Committee of receiving the Assurance and requesting a response before the close

4907-9175-1742.1 18493.002                 3

of business on May 1, 2025 as to whether Gallagher would provide the Assurance. Dine Dec. Exh. F.

10. On April 29, 2025, Mr. Kaufman responded by email to Ms. Dine stating "I am happy to discuss; however, as I previously told you and everyone, given the large number of documents requested in the spreadsheet (despite my request to narrow that list), it will take time to confirm." Dine Dec. Exh. G.

11. On April 30, 2025, Mr. Schiavoni sent an email to Mr. Kaufman and Ms. Dine asking "[h]ow will you confirm what documents Gallagher has destroyed?" Dine Dec. Exh. H.

12. There has not been any further correspondence, and the Committee has not received the Assurance from Gallagher. As the Committee has not received the Assurance from Gallagher, it is preparing to file a motion to compel Gallagher's compliance with the Gallagher Subpoena.

13. As noted in the Committee Status Report, the Committee and Century fundamentally disagree on the enforcement of the Gallagher Subpoena making it impossible for the Committee to move forward with Gallagher to a consensual resolution.

14. The Committee respectfully requests that this Court enter an Order in the form of Exhibit A attached to the Committee Status Report excluding Century from participation in the enforcement of the Gallagher Subpoena and denying Century's 2004 Motion.

# **CONCLUSION**

**WHEREFORE**, for the reasons set forth above, the Committee requests entry of an Order (i) excluding Century from participating in the enforcement of the Gallagher Subpoena, (ii) requiring Century to pay 50% of Gallagher's reasonable fees and expenses relating to the review and production of documents in response to the Gallagher Subpoena, (iii) denying Century's 2004 Motion, and (iv) granting such other relief as is deemed just and proper.

Dated: May 5, 2025
New York, NY

PACHULSKI STANG ZIEHL & JONES LLP

By:  *Ilan D. Scharf*
James I. Stang
Ilan D. Scharf
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Email: jstang@pszjlaw.com
    ischarf@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*


BURNS BAIR LLP

By:  *Timothy Burns*
Timothy W. Burns (admitted *pro hac vice*)
Jesse J. Bair (admitted *pro hac vice*)
10 E. Doty St., Suite 600
Madison, Wisconsin 53703
Telephone: 608-286-2808
Email: tburns@burnsbair.com
    jbair@burnsbair.com

*Special Insurance Counsel to the Official Committee of Unsecured Creditors*