UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

                Debtor.

Case No. 23-60507 (PGR)

Chapter 11

# CENTURY'S MOTION TO APPOINT PAUL FINN AS AN ADDITIONAL MEDIATOR

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
ADAM P. HABERKORN
MICHAEL M. KLOTZ
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:    (212) 326-2000
Email:  tschiavoni@omm.com
       ahaberkorn@omm.com
       mklotz@omm.com

*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

Pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure ("FRBP") 1001, Century Indemnity Company as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Movants") move (the "Motion") for entry of an order (the "Proposed Order"), attached hereto as Exhibit A, that appoints Paul Finn ("Mr. Finn") as an additional mediator in the above-captioned case (this "Chapter 11 Case").

## PRELIMINARY STATEMENT

1. If the Court is to consider other or alternative mediators, Movants move for entry of an order appointing Paul Finn, individually or as co-mediator together with the other mediator this Court previously appointed, former Judge Sontchi.

2. Following his appointment by Judge Glenn in the *Rockville Centre* case, Mr. Finn was instrumental in mediating a confirmed Chapter 11 plan in that case after extensive discussion and analysis of the terms of the releases and injunctions necessary to deliver finality post-*Purdue*. The insurers and other non-debtors have a material interest in these issues. Mr. Finn also played a key role as a mediator that led to the confirmation of the *Boy Scouts* bankruptcy plan of reorganization. Mr. Finn is intimately familiar with the interests of the various plan constituents in achieving finality. Mr. Finn is up to speed and ready to go. He is a legend in this field and brings a unique, experienced skill set.

3. Mr. Finn successfully mediated a global resolution of the *Archdiocese of Boston* sexual abuse cases. Following the resolution of *Rockville Centre*, Mr. Finn was appointed a mediator by Judge Warren in the *Diocese of Rochester* bankruptcy and by Judge Kinsella in the *Diocese of Syracuse* bankruptcy. Both cases of these bankruptcy cases ultimately resolved. Mr.

Finn is also a mediator in the *Diocese of San Diego* bankruptcy.  In each of these cases, Mr. Finn proactively sought global resolution.

    4.    Since resolving the *Archdiocese of Boston*, Mr. Finn has also mediated individual abuse cases too numerous to list.

    5.    Mr. Finn brings to the table (i) his knowledge of the players and the incentives and interests of each constituency and (ii) an ability to reach beyond estate professionals.  Mr. Finn has specialized in resolving abuse claims since he successfully mediated the *Archdiocese of Boston* case in the 1990s.  For all of these reasons, and the reasons set forth below, this Court should grant this Motion.

    6.    We hold former Judge Cyganowski in high regard for her service on the bench and as a lawyer but she is twice as expensive as former Judge Sontchi and positionally if not legally conflicted by her acceptance of a position for the plaintiff bar in the *Avon* bankruptcy prosecuting claims against insurers and her firm's other plaintiffs work.

    7.    The problem in this case is not and never has been that there are not enough mediators.  If the Diocese is insistent on adding a mediator, Mr. Finn is an option.  If not, the default ought to be to allow former Judge Sontchi to continue as the sole mediator in this Chapter 11 Case.

## JURISDICTION AND VENUE

    8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

    9.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    10.    The bases for the relief requested herein are Section 105(a) of the Bankruptcy Code and FRBP 1001.

**FACTUAL BACKGROUND**

11. On October 18, 2023, this Court entered the *Order Referring Certain Matters to Mediation* [Adv. Proc. Dkt. No. 39] (the "Mediation Order"), filed in the coverage adversary proceeding, Adv. Proc. No. 23-80013, which referred all parties to global mediation to mediate any and all issues relating to the settlement of this Chapter 11 Case. Then on December 14, 2023, upon motion of the Debtor, and having considered alternate proposed mediators from the Debtor's insurers and the Committee, the Court entered the *Order Appointing Mediator* [Adv. Proc. Dkt. No. 63] appointing United States Bankruptcy Judge Gregg W. Zive. Judge Zive was unavailable to serve as mediator and was quickly replaced as mediator on January 17, 2024, pursuant to a subsequent *Order Vacating the Prior Appointment of a Mediator and Appointing a New Mediator* [Adv. Proc. Dkt. No. 69] whereby the Court appointed United States Bankruptcy Judge Christopher S. Sontchi (ret.) to mediate this Chapter 11 Case in accordance with the Mediation Order.

12. The Mediation Order instructed former Judge Sontchi to mediate "any and all issues relating to a settlement of this Chapter 11 Case." Mediation Order at ¶ 2.

13. The Court held several section 105 status conferences, one on June 10, 2025, one on August 5, 2025, and one on September 9, 2025, to discuss progress of matters being addressed in mediation. On September 30, 2025, without consulting with the Insurers on a proposed co-mediator, the Diocese filed its *Motion for Entry of an Order Authorizing the Appointment of an Additional Mediator* [Dkt. No. 1065] (the "Diocese's Co-Mediator Motion") proposing the appointment of former Judge Cyganowski as a co-mediator.

14. The Diocese did not meet and confer with us about replacing former Judge Sontchi or appointing a second mediator let alone with regards to appointing former Judge Cyganowski as

an additional mediator. From the inception of the mediation through today, Mr. Donato has not shared a term sheet or a draft plan of reorganization or any proposed terms of a plan of reorganization.

## ARGUMENT

15. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**I.    Mr. Finn is Uniquely Qualified to Serve as a Mediator in this Case.**

16. Mr. Finn is uniquely qualified to serve as a mediator here. He has specialized in resolving abuse claims since he successfully mediated the *Archdiocese of Boston* case in the 1990s. He played a key role as a mediator in the *Boy Scouts* bankruptcy proceeding, which led to a successful plan confirmation. He was instrumental in mediating the confirmed chapter 11 plans in the *Diocese of Rockville Centre*,[1] the *Diocese of Rochester*,[2] and *Diocese of Syracuse* cases, the only cases that have been resolved on a global basis after the U.S. Supreme Court's *Harrington v. Purdue Pharma* ruling. And he is actively mediating the *Diocese of San Diego*[3] bankruptcy. In short, Mr. Finn has a proven track record of successfully resolving sexual-abuse bankruptcies on a global basis, and he is intimately familiar with the interests of the various plan constituents in achieving finality.

17. Movants believe that Mr. Finn's extensive experience presiding over and mediating complex diocesan and other mass tort bankruptcy cases, including in particular the *Diocese of*

---

[1] *See* Order Appointing Mediators, *In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345, Dkt. No. 3113 (Bankr. S.D.N.Y. May 28, 2024).
[2] *See* Order Appointing Mediator, *In re The Diocese of Rochester*, Case No. 19-20905, Dkt. No. 2788 (Bankr. W.D.N.Y. Oct. 7, 2024).
[3] *See* Order on Stipulation Referring Parties to Mediation, Appointing Mediators, and Granting Related Relief, *In re The Roman Catholic Bishop of San Diego*, Case No. 24-02202, Dkt. No. 135 (Bankr. S.D. Cal. Aug. 16, 2024).

*Rockville Centre* bankruptcy case—where some of the insurers were parties—renders him supremely qualified for the proposed appointment. Mr. Finn would get integrated into the mediation immediately and work with the other mediator to expedite negotiations.

**II.     Counsel for Diocese Has Touted Mr. Finn as Highly Qualified.**

18.     Counsel for the Diocese proposed the appointment of Paul Finn and former Judge Shelly Chapman in the *Diocese of Buffalo* bankruptcy case back in October 2024, praising the prowess of Finn as a mediator in the *Diocese of Rockville Centre* case; stating "[t]hat was the furthest from any chance of settlement and Finn and Chapman got it done." *In re Diocese of Buffalo, New York*, Case No. 20-10322, Oct. 10, 2024 Hearing Transcript at 58:20-22 (attached hereto as **Exhibit B**). And "it is absolutely clear if those mediators can do Rockville Center, they can get this done." *Id.* at 59:24-25.

19.     The Bond firm then filed a letter on October 16, 2024, in the Diocese of Buffalo case formalizing their recommendation of Paul Finn and former Judge Shelly Chapman as co-mediators in the Diocese of Buffalo case even if the Committee proposes a different mediator. See Letter re Appointment of Mediator, *In re Diocese of Buffalo, New York*, Case No. 20-10322, Dkt. No. 3241 (Bankr. W.D.N.Y. Oct. 10, 2024).

20.     Movants submit that appointing Mr. Finn as an additional mediator may aid vacillating engagement among all constituents where in this Chapter 11 Case to determine whether a consensual resolution can be reached.

**LACK OF CONFLICTS / AVAILABILITY**

21.     Mr. Finn has reviewed the list of the Debtor and associated non-debtor entities, the insurers and the members of the Committee and their counsel and does not feel he has a conflict. Mr. Finn also believes that he has adequate time for this matter.

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request entry of the Proposed Order attached as **Exhibit A**, granting the relief requested herein, and for such other relief as may be equitable and just.

Dated: October 2, 2025

Respectfully submitted,

By: */s/ Tancred Schiavoni*

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
ADAM P. HABERKORN
MICHAEL M. KLOTZ
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:    (212) 326-2000
Email: tschiavoni@omm.com
          ahaberkorn@omm.com
          mklotz@omm.com

*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*