# EXHIBIT B

```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In Re:                                    1-20-10322(CLB)
                                          Chapter 11

The Diocese of Buffalo, NY,
                                          November 28, 2023
              Debtor.                     Buffalo, New York
-----------------------------------------------------x
The Diocese of Buffalo, N.Y.,    A.P. 1-20-01016(CLB)
              Plaintiff,
v.

JMH 100 Doe, et al.,
              Defendant.
-----------------------------------------------------x
```
**HEARING**


              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE CARL L. BUCKI
             UNITED STATES BANKRUPTCY JUDGE




     TRANSCRIBER:      Diane S. Martens
                       dmartensreporter@gmail.com



 (Proceedings recorded by electronic audio recording,
  transcript produced by computer.)

```
APPEARANCES

DEBTOR:                  BOND, SCHOENECK & KING, PLLC
                            BY:  STEPHEN A. DONATO, ESQ.
                            BY:  BRENDAN M. SHEEHAN, ESQ.
                            BY:  CHARLES J. SULLIVAN, ESQ.
                            BY:  GRAYSON T. WALTER, ESQ.
                         One Lincoln Center
                         Syracuse, New York 13202

SPECIAL INSURANCE        BLANK ROME LLP
COUNSEL:                    BY:  JAMES R. MURRAY, ESQ.
                         1271 Avenue of the Americas
                         New York, New York 10020
                            BY:  JAMES S. CARTER, ESQ.
                         1825 Eye Street NY
                         Washington, D.C. 20006

CREDITORS                PACHULSKI, STANG, ZIEHL & JONES LLP
COMMITTEE:                  BY:  ILAN D. SCHARF, ESQ.
                            BY:  BRITTANY MITCHELL MICHAEL, ESQ.
                         780 Third Avenue
                         34th Floor
                         New York, New York 10017-2024
                            BY:  IAIN A.W. NASATIR, ESQ.
                         10100 Santa Monica Blvd., 13th Floor
                         Los Angeles, California 90067-40030
                                 -and-
                         GLEICHENHAUS, MARCHESE & WEISHAAR, P.C.
                            BY:  SCOTT BOGUCKI, ESQ.
                         43 Court Street, Suite 930
                         Buffalo, New York 14202

TRUSTEE:                 OFFICE OF THE U.S. TRUSTEE
                         BY:  JOSEPH W. ALLEN, ESQ.
                         Olympic Towers
                         300 Pearl Street, Suite 401
                         Buffalo, New York 14202

PARISHES:                WOODS OVIATT GILMAN, LLP
                            BY:  TIMOTHY LYSTER, ESQ.
                         1900 Bausch & Lomb Place
                         Rochester, New York 14604
                                 -and-
                         ELSAESSER ANDERSON, CHTD
                            BY:  J. FORD ELSAESSER ANDERSON, ESQ.
                         320 East Neider Avenue
                         Suite 102
                         Coeur d'Alene, Idaho 83815
```

```
APPEARANCES - CONTINUED


SURVIVORS:          THE LAW OFFICES OF STEVE BOYD PC
                       BY:  STEPHEN BOYD, ESQ.
                    510 Clinton Square
                    Rochester, New York 14604

SURVIVORS:          JEFF ANDERSON & ASSOCIATES, PA
                       BY:  MIKE FINNEGAN, ESQ.
                       BY:  STACEY BENSON, ESQ.
                    366 Jackson Street
                    Suite 100
                    St. Paul, Minnesota 55101

CVA CLAIMANTS:      LIPSITZ GREEN SCIME CAMBRIA LLP
                       BY:  AMY KELLER, ESQ.
                    42 Delaware Avenue
                    Suite 120
                    Buffalo, New York 14202

CATHOLIC HEALTH     PHILLIPS LYTLE LLP
SYSTEMS:               BY:  ANGELA ZWIRECKI MILLER, ESQ.
                    One Canalside
                    125 Main Street
                    Buffalo, New York 14203-2887

WAUSAU:             GOLDBERG SEGALLA LLP
                       BY:  ADAM ROSS DURST, ESQ.
                    665 Main Street
                    Buffalo, New York 14203

SELECTIVE:          KENNEY SHELTON LIPTAK NOWAK LLP
                       BY:  JUDITH TREGER SHELTON, ESQ.
                    The Calumet Building
                    233 Franklin Street
                    Buffalo, New York 14202
                            -and-
                    COUGHLIN DUFFY LLP
                       BY:  WILLIAM CORBETT, JR., ESQ.
                    350 Mount Kemble Avenue
                    Morristown, New Jersey 07962
                            -and-
                    GIBBONS PC
                       BY:  ROBERT KEVIN MALONE, ESQ.
                    One Gateway Center
                    Newark, New Jersey 07102
```

```
APPEARANCES - CONTINUED



SURVIVORS:          CHIACCHIA & FLEMING LLP
                       BY:  DANIEL J. CHIACCHIA, ESQ.
                    5113 South Park Avenue
                    Buffalo, New York 14075

CONTINENTAL:        CROWELL & MORING LLP
                       BY:  MIRANDA TURNER, ESQ.
                    1001 Pennsylvania Avenue NW
                    Washington, D.C. 20004

THE HARTFORD:       GIMIGLIANO MAURIELLO & MALONEY, P.A.
                       BY:  JOHN MALONEY, ESQ.
                    163 Madison Avenue
                    PO Box 1449
                    Morristown, New Jersey 07962

PIC, U.S. FIRE:     O'MELVENY
                       BY: TANCRED V. SCHIAVONI, ESQ.
                    Times Square Tower
                    7 Times Square
                    New York, New York 10036
                             -and-
(Via telephone)     CLYDE & CO/NJ
                       BY:  MARIANNE MAY, ESQ.
                    340 Mt. Kemble Avenue
                    Morristown, New Jersey 07960

CATHOLIC MUTUAL:    ARENTFOX SCHIFF LLP
(Via telephone)        BY:  BRETT GOODMAN, ESQ.
                    1301 Avenue of the Americas
                    42nd Floor
                    New York, New York 10019
```

```
          APPEARANCES - CONTINUED

NATIONAL UNION:        CARLTON FIELDS
(Via telephone)          NORA VALENZA-FROST, ESQ.
                       Chrysler Building
                       405 Lexington Avenue
                       36th Floor
                       New York, New York 10174-3699

UTICA MUTUAL           RIVKIN RADLER LLP
CENTURY:                 BY:  PAUL GORFINKEL, ESQ.
(Via telephone)        926 RXR Plaza
                       Uniondale, New York 11556

FIREMAN'S FUND:        RIVKIN RADLER LLP
(Via telephone)          BY:  JAY D. KENIGSBERG, ESQ.
                       926 RXR Plaza
                       Uniondale, New York 11556
```

1  representative group in order to provide guidance if they
2  picked all the -- what they would say is the best cases.
3  That's not representative.  That will actually retard the
4  process because when they come in with the big judgment and
5  they say all right now you're going to pay $5 billion, the
6  whole -- it was a total waste of time.
7      **THE COURT:**  But let me get back to the question I asked,
8  though.  If their group of 17 is not representative, you
9  could go through the same list of claimants and find people
10 for whom there is.  You can make a motion to dismiss -- or
11 that the likelihood of success is minimal.  If they're not
12 representative, why don't you choose some cases and also ask
13 for permission to take those over to state court.
14     **MR. DONATO:**  Because we don't want to park this case for
15 two and a half years.  What needs to happen, your Honor,
16 is -- there does need to be a change.  The change needs to be
17 that this Court, respectfully, should appoint new mediators
18 and direct the parties back to mediation.  The fact that my
19 adversary at the Creditors Committee told me they will not go
20 to mediation is unbelievable to me.  That cannot advance the
21 interest of survivors by stonewalling a process.  In every
22 Diocesan bankruptcy case, the cases have been solved through
23 mediation, every one of them.  Litigation is not the answer.
24     If we can't get it done, if we -- if your Honor would
25 consider directing the parties, stepping up, saying get back

1  in that room, cooler heads prevail, clean slate, new
2  mediators, get back to work and then we report to you, as I
3  indicated last time, on a monthly basis.  You mandate that
4  there is in-person mediation.  We suggested that your Honor
5  follow Judge SRA lens approach and appoint Paul Finn and
6  Judge Chapman.  I only mentioned Finn but Judge Chapman, as
7  well.  What they did in Rockville Center is what needs to be
8  done here.
9      If you follow Rockville Center, there was no
10 communication at all.  Way worse than this case.  I speak
11 with Mr. Scharf daily.  No communication at all.  This case
12 was going down.  There was a motion to dismiss.  They paid --
13 take a shock about legal fees -- they paid a hundred million
14 dollars of legal fees.  I mean, just crazy, okay.  So you got
15 all of that and Judge Glenn faced with a motion to dismiss
16 says I've had it with you people.  I want everybody back in
17 mediation and I am appointing Paul Finn and Judge Chap --
18 Retired Judge Chapman.  And the case settled.
19     That case, if you follow it -- I appear at all the
20 hearings, so I'm watching what's going on.  That was the
21 furthest from any chance of settlement and Finn and Chapman
22 got it done.
23     And it is extremely important that we not take the bait,
24 open up the floodgates, 17 more suits, all of that other
25 stuff.  What we need to do is direct all the parties,

1  including the state court counsel, get back in that room and
2  stop fooling around.  This case clearly for the lawyers is
3  about money, and I can't share, because of the mediation
4  privilege the amount of money that's on the table but it
5  would blow your socks off.  There is a ton of money on the
6  table and I am shocked that they're playing us this kind of
7  hard ball.  We have been doing everything we can to get this
8  case done.  We want recompense for the survivors.  And now we
9  have a motion that says, jeez, I got an idea, let's hang
10 around for two and a half more years.
11     What needs to be done is for your Honor to direct the
12 parties -- to defer on this motion, don't rule on it.  I have
13 a right to discovery anyway.  But let's not get mired down in
14 it.  Direct the people back to mediation.
15     So it's interesting.  Two weeks ago I stood at this
16 podium and I said your Honor I'd like you to appoint Finn and
17 Chapman.  Inside two weeks, everybody adopted our idea.
18 Judge Warren thought it was a good idea so he appointed
19 Chapman and Finn to handle the one issue we have with CNA in
20 that case.  We only have one non-settling.  Yesterday judge
21 ***Kinsella in Syracuse appointed Chapman and Finn to address
22 the non-settling insurers in the Syracuse case.  Pachulski's
23 not in that case, okay.  So we make the suggestion two weeks
24 ago because it is absolutely clear if those mediators can do
25 Rockville Center, they can get this done.  Two other judges

1  with Catholic Diocese cases on their own -- excuse me, to be
2  fair, Judge Warren on his own, the Syracuse at the request of
3  the insurers, to appoint Finn and Chapman.  They've both been
4  appointed.
5       Now I spoke to both Finn and Chapman and they have
6  confirmed they have, they have availability.  They have time.
7  We should be forced back into a room.  We should deal with
8  the realities of the situation.  We should not sit around for
9  two and a half years.
10      Now you said to me, why not let the Committee select the
11 cases?  I shared with you my response which is that would
12 inflame adversaries because they'd come in and they'd say,
13 see what I got, I got this big thing.  I'd say wait a minute,
14 that's one.  I will respectfully submit to you there's, at
15 minimum, a hundred plus and maybe a lot more claims that have
16 no merit, okay, and we're moving to that spot.  We're moving
17 to claim objections.  We've tried not to do it because we're
18 trying to resolve this thing.  Okay.  But there are a lot of
19 claims -- there's no issue on this -- there are a lot of
20 claims that don't have, don't have merit.
21      So, when -- it's kind of interesting because the
22 Creditors Committee law firm did the exact same thing before
23 Judge Glenn and came in and said we picked the cases.  And
24 Judge Glenn said -- one thing I never said was pick your 25
25 strongest cases, okay, and those are the ones that would be

1   sought to be tried.  He says there's going to be some strong
2   cases, there's weak cases, et cetera.  But here's what he
3   says, you don't make a motion to me, to Judge Glenn and then
4   negotiate how many cases move forward and what cases move
5   forward.  He actually said I haven't even heard the other
6   side.  I don't need to.  Your motion as filed is dismissed.
7   Okay, they asked for too much.  They're getting into -- they
8   want the Court to engage in all of this back and forth, well,
9   should it be 15, should it be 2, et cetera.
10       What I respectfully submit is that's all red herrings.
11  But this is amazing to me same Creditors Committee counsel
12  got blown out of the water by Judge Glenn, they said, well, I
13  got an idea, why don't we try it upstate, maybe they don't
14  know what they're doing.  And so they file the same motion
15  and -- it's amazing to me.  So, I think Judge Glenn's
16  teachings are right here and I think -- I'm, frankly, shocked
17  that they would come in (extraneous noise) and do that.
18       **THE COURT:**  Well, let me ask.  The Rockville Center case
19  had special problems, differences and, of course, I'm not
20  present there and I have not talked -- I know Judge Glenn but
21  I have not spoken with him at all about this case.  One
22  difference is that the case was on the verge of dismissal.
23  Some will argue that the only way to get a settlement is to
24  give people a trial date and people will settle the case on
25  the courthouse steps.  Now I'm not saying that that's