UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) ) ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | ) ) ) Chapter 11 |
| Debtor. | ) ) ) |

## DECLARATION OF MELANIE L. CYGANOWSKI
## IN SUPPORT OF THE DIOCESE'S MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING THE APPOINTMENT OF AN ADDITIONAL MEDIATOR

Pursuant to 28 U.S.C. § 1746, I, Melanie L. Cyganowski, declare under penalty of perjury that the following is true and correct to the best of my information, knowledge and belief:

1.  I am a member of the law firm of Otterbourg, P.C. and I am admitted to practice law in the State of New York and before the bar of this Court, as well as numerous other courts. From March 1, 1993 through February 28, 2007, I served as a United States Bankruptcy Judge for the Eastern District of New York. I was Chief Judge in that Court from 2005 through the remainder of my term.

2.  I submit this Declaration in support of the Motion of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese") for Entry of an Order Authorizing the Appointment of an Additional Mediator [Docket No. 1065] (the "Motion").

3.  I serve as Chair of my firm's Bankruptcy and Restructuring Practice Group and have extensive experience representing a broad array of clients in bankruptcy cases and litigation matters. In addition, I have served in numerous court-appointed roles, including, for example, chapter 11 and 7 trustee, auditor, receiver, referee, chief restructuring officer, patient care

ombudsman, special master, arbitrator and mediator. Significant mediator roles in which I have served include the following:

- *In re The Diocese of Buffalo NY,* Case No. 20-10322 (Bankr. WDNY)
- *In re General Motors Corp.* (Member of Panel Mediators), Case No. 09-50026 (REG) (Bankr. SDNY)
- *In re Lehman Brothers Holding Inc. et al.* (Member of Panel Mediators), Case No. 08-13555 (Bankr. SDNY)
- *In re Intrep National Radio Sales Inc., et al.* (Member of Panel Mediators), Case No. 08-11079 (RDD) (Bankr. SDNY)
- *In re Madoff/BMLIS* (Member of Panel Mediators), Case No. 08-01789 (BRL) (Bankr. SDNY)
- *In re Metaldyne* (Member of Panel Mediators), Case No. 11-02000 (MG) (Bankr. SDNY)
- *In re Quebecor World Litigation Trust* (Member of Panel Mediators) (Bankr. SDNY)
- *Stephanie Vukosavljevic, on behalf of herself and all others similarly situated v. Century 21 Department Stores LLC,* Adv. Pro. No. 20-01344 (SCC) (Bankr. SDNY)
- *In re Servicom, LLC et al.,* Case No. 18-31722 (Bankr. D. Conn)
- *In re Doral Financial Corp.,* Case No. 15-10573 (SCC) (Bankr. SDNY)

4.  Of particular relevance is my recent experience as mediator in The Diocese of Buffalo, N.Y. case, where the circumstances are similar to those presented in the instant case. I was appointed by the court as mediator in that case on January 13, 2025. Although mediation had been ongoing for nearly three years under the supervision of two different mediators at the time of my appointment, no settlements had been announced as of the time of my appointment. Since my appointment as mediator, settlements among the Official Committee of Unsecured Creditors and numerous parties, including The Diocese of Buffalo and its parishes, as well as two of the largest insurers in that case, have been announced.

5.  In the Motion, the Diocese stated that I hold no connection with the Diocese, the committee, the parishes or the insurers.

22431565.v1

6.      On October 7, 2025, subsequent to the filing of the Motion, I was appointed Trustee of the Avon Liquidating Trust, a Delaware Statutory Trust created under the Delaware Statutory Trust Act. On that same day (October 7, 2025), the Avon Trust commenced an action against certain insurers named in such action (the "Named Insurers") seeking a declaratory judgment that the policies of insurance issued by the Named Insurers covered certain claims asserted against Avon for personal injuries alleged to have been suffered by persons who were exposed to talc in Avon products.

7.      Certain of the Named Insurers include either insurers who are defendants in the adversary proceeding in this case or are affiliates thereof, including Allianz Underwriters Insurance Company and Granite State Insurance Company. However, the claims involved in that case are distinct from those in the instant case, as are the professionals involved.

8.      I do not believe that my appointment as Trustee of the Avon Trust presents a conflict of interest that would disqualify me from serving as mediator in this case, nor would it otherwise impair my ability to serve in such role. However, in the interest of disclosing my involvement in the Avon litigation to this Court, I am submitting this Declaration for the Court's consideration.

3

22431565.v1

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 14, 2025

    /s/ Melanie L. Cyganowski
    Melanie L. Cyganowski

4

22431565.v1