**Hearing Date and Time: October 21, 2025 at 1:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>The Roman Catholic Diocese of Ogdensburg, New York,<br><br>    Debtor. | Case No. 23-60507 (PGR)<br><br>Chapter 11 |

**INTERSTATE FIRE & CASUALTY COMPANY'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE APPOINTMENT OF AN ADDITIONAL MEDIATOR**

Interstate Fire & Casualty Company ("Interstate")[1] files this limited objection ("Objection") to The Roman Catholic Diocese of Ogdensburg, New York's (the "Debtor" or the "Diocese") *Motion for Entry of an Order Authorizing the Appointment of an Additional Mediator* ("Motion")[2], respectfully showing the Court as follows:

**SUMMARY**

1.  Interstate objects to the appointment of the Honorable Melanie L. Cyganowski as an additional mediator in this bankruptcy case to mediate insurance issues. While there is no question that Judge Cyganowski is qualified to mediate this bankruptcy case, three other New York diocesan bankruptcy cases have settled over the past year, and many of the same professionals in this case were involved in some or all of those proceedings. With the benefit of those three settlement data points and settlement structures, the parties should be able to craft a resolution with the insurers without having to incur additional mediation costs, particularly when the parties' negotiations are already facilitated by a skilled mediator. Appointing a second mediator at a

---

[1] Capitalized terms not defined herein have the same meaning given to them in the Debtor's Motion.
[2] Dkt. No. 1065.

significantly higher hourly rate than Judge Sontchi's hourly rate to mediate insurance matters is unnecessary and excessive.

2.  Furthermore, it is crucial for any mediator appointed in this case to be neutral. Judge Cyganowski was recently appointed the liquidating trustee of the Avon Liquidation Trust and will be actively litigating against certain insurers in that role, including two of Interstate's affiliates. Interstate, therefore, objects to the selection of Judge Cyganowski as the second mediator in this case to mediate insurance matters, including the treatment of any insurance under a proposed plan. With respect to non-insurance matters, Interstate has no objection to Judge Cyganowski's appointment as second mediator as long as Interstate is not required to pay any of the additional costs.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

3.  The Debtor's bankruptcy case has been pending since July 17, 2023 ("Petition Date").[3] Also on Petition Date, the Debtor and its affiliated parishes initiated Adversary Proceeding Case No. 23-80013-6-pgr against Interstate and several other insurer defendants, seeking insurance coverage for claims of sexual abuse brought against the Debtor.[4]

4.  The Court ordered the Adversary Proceeding to mediation on or about December 14, 2023.[5] A month later, the Court appointed Judge Sontchi to serve as mediator in the Adversary Proceeding.[6]

5.  Judge Sontchi's hourly fee of $1,000 was approved by the Court on or about May 10, 2024.[7] Pursuant to the Court's order approving the payment of Judge Sontchi's fees, the insurer

---

[3] Dkt. No. 1.
[4] Dkt. No. 26; *see also* Adv. Dkt. No. 1.
[5] Adv. Dkt. No. 63.
[6] Adv. Dkt. No. 69 (order appointing Judge Sontchi).
[7] Dkt. No. 412 (request for court approval of Judge Sontchi's fees); *see also* Dkt. No. 544 (order

2

defendants are responsible for reimbursing the Debtor for one half of the mediation fees incurred for insurance-related matters.[8]

6. Now, more than two years after Petition Date, the Debtor requests appointment of Judge Cyganowski as a second mediator to "facilitate[e] settlement negotiations among the Diocese, the Committee, and the Insurers."[9]

7. The Debtor's Motion also requests that Judge Cyganowski's hourly rate of $1,975 (plus any hourly work completed by other attorneys at Judge Cyganowski's firm) subject to a fifteen (15) percent discount be paid in a similar manner as Judge Sontchi's fees – the insurer defendants (including Interstate) would be responsible for half of the cost.[10]

8. On or about September 24, 2025, Judge Cyganowski was appointed by the Bankruptcy Court for the District of Delaware as liquidating trustee in the Avon bankruptcy case.[11]

9. On or about October 7, 2025, the liquidating trust overseen and managed by Judge Cyganowski filed a coverage action against numerous insurance companies, including two of Interstate's affiliates, in Delaware Superior Court.[12]

**LIMITED OBJECTION**

10. Interstate objects to the appointment of Judge Cyganowski to mediate insurance-related matters, including the treatment of any insurance under a proposed plan. Appointing a second mediator for insurance issues is unnecessary. In the past year, three other diocesan

---

approving motion).
[8] Dkt. No. 544 ¶¶ 3-4.
[9] Motion ¶ 17.
[10] *Id.* ¶ 23.
[11] *Order (I) Confirming Fourth Amended Joint Chapter 11 Plan of Liquidation of AIO US, Inc. and its Debtor Affiliates and (II) Granting Related Relief*, Dkt. No. 1550 ¶ 7, *In re AIO US, Inc., et al.*, Case No. 24-11836-CTG, (Bankr. D. Del. Sept. 24, 2025).
[12] *Complaint*, Dkt. No. 1, *The Avon Liquidation Trust v. Accredited Ins. (Europe) Limited, et al.*, Case No. N25C-10-064 SKR CCLD, (Del. Supr. Oct. 7, 2025).

3

bankruptcy cases in New York have been resolved without a contested confirmation hearing: *In re The Roman Catholic Diocese of Syracuse, New York* (the "DOS Bankruptcy Case"), *In re The Roman Catholic Diocese of Rockville Centre, New York* (the "DRVC Bankruptcy Case"), and *In re The Diocese of Rochester* (the "DOR Bankruptcy Case").[13] In each of these cases, the settling insurers have bought (or will buy) back their insurance policies, and the proceeds have funded (or will fund) a trust for payment of abuse claims.[14]

11. Notwithstanding this recent and relevant settlement data available to all of the parties, the Debtor asserts that an additional mediator "with specialized expertise in both insurance and the resolution of mass tort cases" should be appointed to help "facilitate[e] settlement negotiations among the Diocese, the Committee, and the Insurers."[15] But the Debtor has not explained what, if any, novel or thorny issues require Judge Cyganowski's appointment with respect to insurance matters. The Debtor's insurance policies with Interstate in this case are similar to the insurance policies that were at issue in the DOS Bankruptcy Case, the DRVC Bankruptcy Case, and the DOR Bankruptcy Case. The parties should be able to resolve insurance-related issues

---

[13] *Order (I) Approving the Interstate Settlement Agreement, Release and Buyback, (II) Approving the Sale of the Interstate Policies Free and Clear, (III) Enjoining Claims, and (IV) Granting Related Relief*, Dkt. No. 3067, *In re The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663-WAK, (Bankr. N.D.N.Y. Sept. 24, 2025); *Order (I) Approving the Settlement Agreements, Release and Buyback with Certain Insurers and Other Parties, (II) Approving the Sale of the Interstate Policies Free and Clear, (III) Enjoining Claims, and (IV) Granting Related Relief*, Dkt. 3414, *In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345-mg, (Bankr. S.D.N.Y. Nov. 19, 2024); *Order (I) Approving the Interstate Settlement Agreement, Release and Buyback, (II) Approving the Sale of the Interstate Policies Free and Clear, (III) Enjoining Claims, and (IV) Granting Related Relief*, Dkt. No. 3265, *In re The Diocese of Rochester*, Case No. 19-20905-PRW (Bankr. W.D.N.Y. Jul. 21, 2025).

[14] *See id.*; The insurance policy buy-back settlement structure has also been applied to resolve mass tort proceedings not involving sexual abuse claims. *See, e.g.*, *Ruling on Motion to Approve Compromise with Century Indemnity Company and Pacific Employers' Insurance Company (Doc. No. 26)*, *In re Nash Engineering Co.*, Civil Case No. 3:25-cv-00055 (JCH) (D. Conn. Sept. 25, 2025).

[15] Motion ¶ 17.

with the benefit of these past data points, particularly with Judge Sontchi's skilled facilitation.

12. Interstate also objects to appointing Judge Cyganowski as a second mediator in this case (and being required to pay for this additional cost) because of her recent appointment as the liquidating trustee in another mass tort bankruptcy case.

13. Specifically, Judge Cyganowski was recently appointed as liquidating trustee of the Avon Liquidation Trust.[16] As liquidating trustee, Judge Cyganowski will be in the position of managing and directing litigation against certain insurers, including seeking coverage for claims brought against AIO US, Inc. and its affiliates.

14. And that process has already started. On October 7, 2025, the Avon Liquidation Trust filed a coverage lawsuit in the Superior Court for the State of Delaware against numerous insurers.[17] Among the insurer defendants are two affiliates of Interstate: Allianz Underwriters Insurance Company and Fireman's Fund Insurance Company. Given her recent appointment, Interstate has concerns about Judge Cyganowski's service as a neutral to mediate insurance matters in this case.

15. Lastly, Interstate does not oppose the appointment of Judge Cyganowski as an additional mediator to mediate non-insurance matters, but objects to paying for the additional costs incurred to mediate any issues unrelated to insurance. Interstate accordingly requests that any fees that are incurred while mediating non-insurance matters should be invoiced and paid separately, in the same manner as Judge Sontchi's non-insurance related mediation fees.[18]

16. Interstate thus requests selection of a different mediator, if the Court determines that a second mediator is necessary for mediation of matters related to insurance, including the

---

[16] *See* note 11, *supra*.
[17] *See* note 12, *supra*.
[18] *See* Dkt. No. 544 ¶¶ 3-4.

5

treatment of insurance under a proposed plan.

## CONCLUSION

17.    For the foregoing reasons, Interstate objects to the selection of Judge Cyganowski as a second mediator in this bankruptcy case to mediate insurance matters and objects to paying for the additional cost of this proposed mediator.

Dated: October 14, 2025

Respectfully submitted,

PARKER, HUDSON, RAINER & DOBBS LLP

By: */s/ Harris B. Winsberg*
Harris B. Winsberg (admitted *pro hac vice*)
Matthew M. Weiss (admitted *pro hac vice*)
Matthew G. Roberts (admitted *pro hac vice*)
303 Peachtree Street, Suite 3600
Atlanta, GA 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
hwinsberg@phrd.com
mweiss@phrd.com
mroberts@phrd.com

*- and -*

PARKER, HUDSON, RAINER & DOBBS LLP

Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
Two N. Riverside Plaza, Suite 1850
Chicago, Illinois 60606
Telephone: (312) 417-3306
Facsimile: (404) 522-8409
tjacobs@phrd.com
jbucheit@phrd.com

*- and -*

WHITE AND WILLIAMS LLP

Siobhain P. Minarovich (Bar No. 704462)
7 Times Square, Suite 2900
New York, NY 10036-6524
Telephone: (212) 244-9500
Facsimile: (212) 631-1248
minarovichs@whiteandwilliams.com

*Counsel to Interstate Fire & Casualty Company*