**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **)** Case No. 23-60507 (PGR) |
| | **)** |
| The Roman Catholic Diocese of | **)** Chapter 11 |
| Ogdensburg, New York, | **)** |
| | **)** |
| Debtor. | **)** |
| | **)** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO CENTURY'S MOTION
TO APPOINT PAUL FINN AS AN ADDITIONAL MEDIATOR**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Roman

Catholic Diocese of Ogdensburg, New York (the "**Diocese**" or the "**Debtor**") in the above-

captioned case (the "**Case**") under chapter 11 of Title 11 of the United States Code (the

"**Bankruptcy Code**"), by and through its undersigned proposed counsel, hereby objects (the

"**Objection**") to the *Century's Motion to Appoint Paul Finn as an Additional Mediator* [Docket

No. 1070] (the "**Motion**").[1]  In support of its Objection, the Committee respectfully states as

follows:

**OBJECTION**

1.       The Committee and the Debtor agreed to seek the appointment of retired

Bankruptcy Judge Melanie Cyganowski as an additional mediator.  The Committee supports her

appointment and the Debtor's motion seeking such relief [Docket No. 1065] based on, among

other things, her recent successes in negotiating settlements in principle between the Diocese of

---

[1] The Debtor suggested at the August 5, 2023 hearing, that the Committee does not have standing to be heard on this Motion.  This is simply incorrect.  Section 1109(b) of the Bankruptcy Code confers an unconditional right of the Committee to be heard on this matter. *See* 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter.").

Buffalo, certain of its insurers and the committee in that case.  Committee counsel and state court

counsel in this case are familiar with Mr. Finn and have participated in numerous mediations

where he served as mediator.  Century did not seek the Committee or Debtor's input before

seeking Mr. Finn's appointment.  After Century filed the Motion, Mr. Finn confirmed that he has

withdrawn his name from consideration as an additional mediator.  *See* **Exhibit A** hereto.  As

such, it appears that Century agrees that an additional mediator is appropriate in this case.

However, Century's Motion, as it seeks Mr. Finn's appointment, is moot.[2]

WHEREFORE, the Committee respectfully requests that the Court enter the order

attached hereto and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        October 15, 2025

                                    PACHULSKI STANG ZIEHL & JONES LLP


                                    */s/Ilan D. Scharf*
                                    James I. Stang, Esq. (admitted *pro hac vice*)
                                    Ilan D. Scharf, Esq.
                                    Karen B. Dine, Esq.
                                    780 Third Avenue, 36th Floor
                                    New York, NY  10017-2024
                                    Telephone:  (212) 561-7700
                                    Facsimile:   (212) 561-7777
                                    Email: jstang@pszjlaw.com
                                    Email: ischarf@pszjlaw.com
                                    Email: kdine@pszjlaw.com

                                    *Counsel for the Official Committee*
                                    *of Unsecured Creditors of The Roman Catholic*
                                    *Diocese of Ogdensburg, New York*

---

[2] In a letter to the Court [Docket No. 1031], Century also asserts that "Former Judge Cyganowski has recently taken on a job working for a plaintiffs-controlled trust that raises concerns separate and apart from the paradoxical request for two mediators which further warrants this issue being addressed on notice and motion with a record of proceedings."  Century does not disclose the case, the identity of the plaintiffs (or counsel) purportedly in control of the trust, or whether there is any actual conflict to this Case.  As such, the Court should ignore this assertion.

**EXHIBIT A**

4920-1784-4083.1 18493.002
DOCS_NY:48291.1 18493/001

**Monday, October 13, 2025 at 1:47:07 PM Eastern Daylight Time**

**Subject:** Odgensberg

**Date:** Monday, October 6, 2025 at 9:09:04 AM Eastern Daylight Time

**From:** Paul Finn

**To:** Ilan D. Scharf



### This message needs your attention

- This is their first email to your company.

Report or Mark Safe

Powered by Mimecast for PSZJ

Ilan:

I told them this morning in an email to withdraw my name from consideration.

Best regards.

Paul

***Paul A. Finn, CEO***
Commonwealth Mediation & Conciliation, Inc.
73 Belmont Street
Easton, Massachusetts 02375
(508) 583-8111 (w)
(508) 208-8559 (c)