UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of | ) |
| Ogdensburg, New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**DIOCESE'S REPLY TO OBJECTIONS TO MOTION FOR ENTRY OF AN
ORDER AUTHORIZNG THE APPOINTMENT OF AN ADDITIONAL MEDIATOR**

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), by and through its undersigned counsel, hereby replies to the following objections to the Diocese's Motion for Entry of an Order Authorizing the Appointment of an Additional Mediator (the "Motion"): (i) Interstate Fire & Casualty's Limited Objection to Debtor's Motion for Entry of an Ordre Authorizing the Appointment of Additional Mediator [Docket No. 1079] (the "Interstate Objection"); (ii) Settling Insurers' Limited Opposition to the Motions to Appoint an Additional Mediator [Docket No. 1080] (the "Settling Insurers' Objection"); and (iii) Century's Objection to the Diocese of Ogdensburg's Motion for Entry of an Order Authorizing the Appointment of an Additional Mediator [Docket 1082] (the "Century Objection"), and respectfully represents as follows:

PRELIMINARY STATEMENT

1. Interstate Fire and Casualty Company ("Interstate") in the Interstate Objection observes that ". . . three other New York diocesan bankruptcy cases have settled over the past year . . . . With the benefit of these three settlement data points and settlement structures, the parties should be able to craft a resolution [in this case]."

22475037.v1

2. While the Debtor agrees with Interstate's point, the reality is that mediation has not yet yielded a sufficient number of settlements for the Diocese to move forward with a plan of reorganization.

3. Interstate fails to point out that in each of the three cases where plans have been confirmed, the courts in those cases have appointed successive or additional mediators in order to achieve that result.

4. The Diocese respectfully asserts that mediation in this case would benefit from the appointment of an additional mediator, and that the Diocese, the Committee and at least some of the insurers in this case[1], support the appointment of Judge Cyganowski to undertake that role.

5. Particularly in view of Judge Cyganowski's recent success in the Diocese of Buffalo case, where many of the same professionals in this case are also involved, the Diocese respectfully submits that she is uniquely situated to assist in this matter.

## JUDGE CYGANOWSKI IS NEUTRAL

6. Interstate and Century each suggest in their Objections that Judge Cyganowski's role as neutral may somehow be impacted by her simultaneous service as trustee in the *Avon* liquidation. Interstate makes clear, however, that it does not object to Judge Cyganowski's appointment to mediate with other parties in the case (see Interstate Objection at ¶ 15).

7. As stated by Judge Cyganowski in her Declaration in submitted in support of the Motion [Docket No. 1078], her service as trustee in unrelated litigation, merely because the targets of that litigation happen to be insurers who are alleged to have exposure as a result of personal

---

[1] At that status conference on September 9, 2025, Employers Insurance Company of Wausau voiced its support in favor of the appointment of Judge Cyganowski as an additional mediator.

22475037.v1

injury claims stemming from exposure to talc, does not present a conflict or impair her ability to serve as neutral in this case.

8.   Nonetheless, the Diocese hereby modifies the request for relief in the Motion, such that Judge Cyganowski's role would be limited to mediation among (a) the Diocese and the Committee, and (b) the Diocese, the Committee, and only those insurers who specifically consent to Judge Cyganowski's involvement as mediator.

## COST

9.   The Diocese recognizes that the appointment of an additional mediator will add to the cost of administration of this case.

10.  If additional settlements can be achieved, however, that money will have been well spent and will be significantly less than the costs of other alternatives which have been advocated by certain insurers, including proceeding with litigation of the insurance adversary proceeding.

11.  Nonetheless, in view of the limited resources of this estate and the circumstances of her appointment, the Diocese is happy to report that Judge Cyganowski has agreed to a further reduction in her fees in the event she is appointed. The revised proposed fee structure involves discounts in Otterbourg P.C.'s fees as follows: (a) a 25% reduction from the standard rates for Judge Cyganowski's time, and (b) a 15% reduction from standard rates for those other timekeepers in her firm who may perform services in connection with the engagement.

## SETTLING INSURERS

12.  The Debtor understands that the Settling Insurers' Objection was filed merely out of an abundance of caution.

13.  For clarity, the Motion does not seek to share the expense of the additional mediator with the Settling Insurers.

22475037.v1

**WHEREFORE**, the Diocese respectfully requests that the Court (i) enter an order, in the form modified in this Reply, appointing Judge Cyganowski as an additional mediator, (ii) approving the fee agreement (as modified herein) pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated:  October 20, 2025                                  BOND, SCHOENECK & KING, PLLC

By:     /s/ Charles J. Sullivan
Stephen A. Donato (Bar Roll No. 101522)
Charles J. Sullivan (Bar Roll No. 507717)
Sara C. Temes (Bar Roll No. 514148)
Grayson T. Walter (Bar Roll No. 518237)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
Emails:  sdonato@bsk.com
             csullivan@bsk.com
             stemes@bsk.com
             gwalter@bsk.com

*Attorneys for The Roman Catholic Diocese of Ogdensburg, New York*