UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

                Debtor.

Case No. 23-60507 (PGR)

Chapter 11

# CENTURY'S MOTION FOR A STAY OF ORDER AUTHORIZING CLAIMANT STATEMENT HEARING

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone:    (212) 326-2000
Email: tschiavoni@omm.com
        mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:    (973) 210-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 2

STATEMENT OF THE CASE .................................................................................................... 3

ARGUMENT ................................................................................................................................ 5

    I.     There is "More than a Mere Possibility" that an Appeal will be Successful ................. 5

    II.    All Parties Will be Irreparably Injured Absent a Stay ..................................................... 6

    III.   The Public Interest Supports the Correct Application of the Law, Protecting the Integrity of Proceedings and Avoiding the Appearance of Prejudice ....................... 8

CONCLUSION ........................................................................................................................... 10

**Cases**

*AT&T v. Winback & Conserve Program, Inc.*,
   42 F.3d 1421 (3d Cir. 1994) ................................................................................................. 9

*In re Actos Antitrust Litig.*,
   2020 WL 8996696 (S.D.N.Y. Mar. 9, 2020) .......................................................................... 6

*In re Congoleum*,
   426 F.3d 675 (3d Cir. 2005) ................................................................................................... 9

*In re Kensington Int'l Ltd.*,
   No. 03-4212 (3d Cir. 2004) .................................................................................................... 7

*In re Megan-Racine Assocs., Inc.*,
   1996 WL 167681 (N.D.N.Y. Apr. 1, 1996) ............................................................................. 8

*In re Revel AC, Inc.*,
   802 F.3d 558 (3d Cir. 2015) ................................................................................................... 8

*In re World Trade Ctr. Disaster Site Litig.*,
   503 F.3d 167 (2d Cir. 2007) ................................................................................................... 5

*Law v. Siegel*,
   571 U.S. 415 (2014) ................................................................................................................ 6

*Mohammed v. Reno*,
   309 F.3d 95 (2d Cir. 2002) ..................................................................................................... 5

*NLRB v. Gen. Motors Corp.*,
   510 F. Supp. 341 (S.D. Ohio 1980) ........................................................................................ 9

*S.S. Body Armor I, Inc. v. Carter Ledyard & Milburn LLP*,
   927 F.3d 763 (3d Cir. 2019) ................................................................................................... 6

**Other Authorities**

James J. Alfini et al., *Judicial Conduct and Ethics* § 5.03 (6th ed. 2025) ..................................... 7

*Black's Law Dictionary* ("Ex Parte") ............................................................................................. 7

Code of Conduct for U.S. Judges, Canon 3 § A(4) (2003) ............................................................. 7

Fed. R. Bankr. P. 8007 ..................................................................................................................... 5

Fed. R. Bankr. P. 9014 ..................................................................................................................... 5

Fed. R. Bankr. P. 9017 ..................................................................................................................... 5

Fed. R. Evid. 611(b) ......................................................................................................................... 5

Fed. R. Evid. 1101(a) ....................................................................................................................... 5

N.Y. Comp. Codes R. & Regs. tit. 22, § 100.3 ................................................................................ 7

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), moves for an order (the "Motion") staying the Court's order on October 27, 2025 [Dkt. No. 1102] (the "Order") granting the Official Committee of Unsecured Creditors' (the "Committee") *Motion for Entry of an Order Permitting Nontestimonial Survivor Statements* [ECF No. 1050; the "Motion"].

**PRELIMINARY STATEMENT**

1.      Century seeks a stay pending appeal of the Court's October 27, 2025 Order to permit review by the District Court. Century easily satisfies the requirements for a stay.

2.      First, where, as here, there is a split among bankruptcy courts on the propriety of holdering a "Survivor Statement" hearing and the proponent of order being appealed were unable to offer a Court of Appeals or district court decision authorizing similar relief there is, at a minimum, a possibility that the requested appeal will be successful. This is all the more the case where the movant for a stay has offered a plausble explanation for why the Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence and Local Rules of this Court govern the presentation of factual statements to bankruptcy courts. The fact that members of Congress have introduced legislation to amend the Bankrutpcy Code to allow "Survivor Statements" further indicates that various members of Congress believe that the Bankruptcy Code does not authorize the relief granted.

3.      Second, while the Committee has not shown that there is any legally cognizable harm to holding the resquested presentation after a confirmation hearing, any alleged harm associated with delaying the statements until after review by the District Court is outweighed by the harm to all other parties-in-interest by the taint to the integrity of these proceedings that will

flow from allowing fact witnesses to make statements about the facts of there cases to the finder of fact without the procedural protections afforded by the Bankrutpcy Rules of Procedure.

4. Finally, the public interest is served by determining the appropriate application of the law and avoiding the appearance of impartiality or prejudice. The applicable procedural rules do not authorize the relief which has been granted, there is no binding authority where similar relief has been granted, and the appearance of a finder of fact inviting statements of fact by 20 or more fact witnesses raises serious issues under the rules of judicial conduct.

## STATEMENT OF THE CASE

### *The Motion and Order*

5. On September 26, 2025, the Committee filed the Motion seeking entry of an order allowing claimants to make statements to the Bankruptcy Judge about the facts of their cases and their views about the resolution of the Bankruptcy Case with their statements "not to be transcribed" and no one "allowed to comment or respond to the statements." Dkt. No. 1050 ¶¶ 11, 15. The Committee offered no evidence in support of the Motion. *Id*.

6. At the hearing on October 21, Committee counsel represented that up to 20 people will make statements of the facts of the cases, and counsel for claimants represented that the statements about the "survivors' factual experience" would be "more real than anything." Declaration of Michael Klotz ("Klotz Decl."), Ex. 1 (Transcript of Oct. 21, 2025, Hearing) at 53:10-16.

### *The Imminent Implementation of*
### *the Order (Dec. 1 and 2)*

7. On October 27, 2025, the Court issued its Order granting the motion and scheduling a hearing for December 1-2, 2025. The Court held that claimants have the right to "be heard on any issue" and the Court has the power to conduct conferences under Section 105(d) of the Code.

-3-

Order at 5. Under Federal Rule of Bankruptcy Procedure 5001(b), all trials and hearings must be "held in open court" but the Court reasoned that a claimant presenting the facts of his or her case off the record to the Judge without cross or comment by any party allowed is like an "in chambers" hearing. *Id*. The Court reasoned that a judge may "speak privately with the parties to a suit." *Id*. at 6-7.

8.     The Court did not hold that the integrity of the proceeding would not be impacted. Rather, the Court found that the risk to the integrity of the proceedings is "substantially outweighed by the significant benefits" of allowing claimants to describe their experiences which will "provide some measure of validation, healing and empowerment." *Id*. at 8-10.

### *The Lack of Context*

9.     Many of the proofs of claim in this proceeding are not signed by the claimants but instead by lawyers without personal knowledge of the facts. *See, e.g.,* Proof of Claim No. CC096 at Part 3 (signed by counsel); Proof of Claim No. CC065 at p. 1 (signed by counsel).[1] No claimant has a judgment or verdict in his or her favor. As a general matter, no claimant has produced any documents, been deposed or interviewed or provided anything beyond the proofs of claim and unverified complaints. As a result, the facts relevant to the proofs of claim are undeveloped in the record.

### *Stay request made on Oct. 21*

10.     Century briefed its request for a stay pending appeal together with its objection to the Motion and argued at the October 21 hearing for a stay so appellate review could be obtained before the off-the-record hearing took place. Dkt. No. 1083 (Century Objection to Committee's

---

[1] The claimants have not produced documents, agreed to be interviewed, or been deposed. For instance, Proof of Claim No. CC096 alleges abuse by a current high-ranking cleric but the claimant declined to be interviewed. *See, e.g.,* DOO_CVA00053231.

-4-

Motion for Entry of an Order Permitting Nontestimonial Survivor Statements); Klotz Decl. Ex. 1 at 46:5-6. The Bankruptcy Court asked for a separate motion and supporting brief. *Id*. at 55:1-2. Century is complying with this directive.

## ARGUMENT

11. A stay pending appeal should be granted to allow for appellate review by the District Court before the Surviver Statement hearing takes place.[2] All of the factors applicable to granting a stay are satisfied. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

**I.    There is "More than a Mere Possibility" that an Appeal will be Successful**

12. A likelihood of success on the merits does not require a party to show that there is a "probability of success," but only that success is realistically "possible." *Mohammed v. Reno*, 309 F.3d 95, 100-102 (2d Cir. 2002).

13. In support of its Motion, the Committee did not offer any decision by a United States District Court or Court of Appeals, allowing "victim statements" to be given to a finder of fact prior to adjudication of liability or guilt or the completion of a confirmation hearing. The Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence and the Local Rules of this Court govern the presentation of fact statements by fact witnesses in bankruptcy proceedings. *See* Fed. R. Bankr. P. 9014; Fed. R. Bankr. P. 9017; Fed. R. Evid. 611(b); Fed. R. Evid. 1101(a).

---

[2] Bankruptcy Rule 8007 provides that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). But the motion also "may be made in the court where the appeal is pending," as long as it is accompanied by a statement that a similar motion was made in the bankruptcy court and "either state[s] that the court has not yet ruled on the motion, or state[s] that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b).

14. Section 105 cannot be used to override the Rules of Bankruptcy Procedures and Evidence or to create substantive rights, *i.e.,* immunity from use of a statement or admission of fact and prohibition of cross examination or comment. *E.g. Law v. Siegel*, 571 U.S. 415, 420-21 (2014) (cleaned up) ("It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.")

15. While the Committee refers to decisions by other bankruptcy courts where nontestimonial claimant statements have been permitted, the rulings in the *Archdiocese of New Orleans, Diocese of Agana* and *Purdue* bankruptcies demonstrate that, at a minimum, there is a split of views among bankruptcy courts on the propriety of holding "survivor statement" hearings before confirmation of a plan of reorganization. *See* ECF No. 1083 ¶¶ 22-30.

16. Where no binding authority supports the relief requested, and where existing legal authority does not authorize the requested relief, there is "more than a mere possibility" that an appeal will be successful. *In re Actos Antitrust Litig.*, 2020 WL 8996696, at *2; *see also In re Diocese of Camden, New Jersey,* No. 20-21257 (Bankr. D. N.J. Mar. 28, 2024) Dkt. No. 3715 (granting extended stay of confirmation order); *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 772 (3d Cir. 2019) (the likelihood of success must be "significantly better than negligible" but need not be "more likely than not" or "greater than 50%").

**II.    All Parties Will be Irreparably Injured Absent a Stay**

17. The Bankruptcy Court has before it all the legal and factual issues associated with the formulation, solicitation and confirmation of a Chapter 11 plan of reorganization and the insurance coverage adversary proceeding.

18. The Rules of Conduct for United States Judges caution that a judge should "not initiate, permit, or consider ex parte communications."[3] Code of Conduct for U.S. Judges Canon 3 § A(4) (2019). The rule is designed to prevent all of the evils of ex parte communications: "bias, prejudice, coercion, and exploitation." James J. Alfini et al., *Judicial Conduct and Ethics* § 5.03 (6th Ed. 2025).[4]

19. Allowing claimants to present the facts of there cases off the record without comment or cross without allowing appellate review by the District Court will open the door to litigation as to whether impartiality might reasonably be questioned which benefits no one. *See, e.g., In re Kensington Int'l Ltd.*, No. 03-4212 (3d Cir. 2004) ("[A] reasonable person, knowing all of the relevant circumstances, would conclude that Judge Wolin's impartiality might reasonably be questioned in the Owens Corning, W.R. Grace & Co. and USG Corp. bankruptcies.").[5]

20. A host of factual issues can arise in these cases in addition to those that may arise in the context of a contested confirmation hearing. For example, in the *Diocese of Albany* bankrutpcy, this Court has been asked to determine the reasonableness of the settlement of an abuse claim in that case. *See In re Diocese of Albany*, No. 23-10244 (Bankr. N.D.N.Y. Oct. 20,

---

[3] The New York Code of Judicial Conduct likewise prohibits a judge from "initat[ing], permit[ting], or consider[ing] *ex parte* communications" except for in very limited circumstances. N.Y. Comp. Codes R. & Regs. tit. 22, § 100.3.

[4] An "*ex parte*" action is one that is "[d]one or made at the instance and for the **benefit of one party only,** and **without notice to, or argument by**, anyone having an adverse interest." *Black's Law Dictionary* (12th ed. 2024) ("Ex Parte") (emphasis added). The requested nontestimonial hearing is by definition *ex parte* because only the claimants are given the benefit of being able to speak, and all other parties "shall [not] be. . .allowed to comment or respond to the statements." Dkt. No. 1050 ¶ 15. In addition, the parties lack notice of who will be speaking at the hearing and the Committee submits that "[w]e inevitably have one or two people who show up who weren't on the list originally," but will then testify that day without prior notice. Dkt. No. 1083-4 at 20:12-14.

[5] The Survivor Statement hearings that have been held in other cases have devolved into off the record advocacy. In the *Archdicoese of Batlimore* bankruptcy, claimants are reported in the press to have advocated how the court should rule on pendng summary judgment motions. *See* Klotz Decl. Exs. 2-4. In the *Diocese of Syracuse* bankruptcy, the Court felt the need to give a curative instruction after the hearing was used to advocate against legal positions taken by insurers.

2025) [Dkt. No. 2261] (requesting that Court review and consider the reasonableness of settlement amount for individual claim). In the *Diocese of Rockville Center* and *Diocese of Buffalo* bankrutpcies, the bankruptcy judges addressed mulitple motions to disallow claims. *See, e.g., In re Diocese of Rockville Centre,* No. 20-12345 (Bankr. S.D.N.Y. July 20, 2023) [Dkt. No. 2339) ("Memorandum Opinion and Order Sustaining the Debtor's Fifteenth Omnibus Objection to Claims"); *In re Diocese of Buffalo*, No. 20-10322 (Bankr. W.D.N.Y. Feb. 18, 2025) [Dkt. No. 3634] ("Order Disallowing and Expunging Claim Nos. 957, 959, 963, 966, 968, 970, 972, 976, 979 & 982").

21. No evidentiary showing was made why this hearing should occur now rather than at a later date. And the Committee refused proposals that addressed its stated goal while minimizing the impact on the integrity of this proceeding including the appointment of another judge or magistrate to preside over a survior statement hearing. Dkt. No. 1083 ¶ 4.

22. While the Committee has not shown that there is any legally congnizable harm to holding the survivor presentation after a confirmation hearing, any alleged harm associated with delaying the statements until after review by the District Court is outweighed by the harm to all other parties-in-interest by the taint to the integrity of these proceedings that will flow from allowing claimant statements while all other parties are muzzled. *See In re Megan-Racine Assocs., Inc.*, 1996 WL 167681 at *6 (N.D.N.Y. Apr. 1, 1996).

**III.    The Public Interest Supports the Correct Application of the Law, Protecting the Integrity of Proceedings and Avoiding the Appearance of Prejudice**

23. The public interest also weighs strongly in favor of a stay because it "strongly favors the correct application of the Bankruptcy Code, especially where property rights are at stake." *In re Revel AC, Inc.*, 802 F.3d 558, 573 (3d Cir. 2015) (reversing district court's denial of

stay). The issues on appeal present significant issues of law, which will affect bankruptcy cases involving tort claims now and in the future.

24. The Committee did not offer any authority suggesting the Second Circuit or any district court in this Circuit has authorized tort claimants in a bankruptcy proceeding to present nontestimonial statements of fact directly to the factfinder and prohibits any comment or response from another party. Century has cited to Bankruptcy Rules and Rules of Evidence that hold otherwise. *See supra* ¶ 13.

25. This threshold question should be answered. "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *See AT&T v. Winback & Conserve Program, Inc.,* 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

26. There is also a strong public interest in ensuring that litigants have an ability to pursue their appellate rights. *See NLRB v. Gen. Motors Corp.*, 510 F. Supp. 341, 343 (S.D. Ohio 1980) ("We agree that an expedient process of justice is in the public interest, but emphasize that the preservation of the . . . right to appeal is also within the public interest. If a trade-off is necessary, it must favor rights, not expediency.").

27. Insurers have standing to be heard on issues that go to the preserving the integrity of bankruptcy proceedings. *See In re Congoleum*, 426 F.3d 675, 685-687 (3d Cir. 2005) (finding that insurers have standing on "an issue based on procedural due process concerns that implicate the integrity of the bankruptcy court proceeding as a whole").

## CONCLUSION

For the reasons set forth herein, Century respectfully requests that the Court enter a stay of its decision granting the Committee's Motion for Nontestimonial Hearing to allow for Century to file an appeal of this decision.

Dated:  November 7, 2025

Respectfully submitted,

By: /s/ Tancred Schiavoni

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone:     (212) 326-2000
Email: tschiavoni@omm.com
            mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:     (973) 210-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*