UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

Debtor.

Case No. _____

Bankruptcy Case No.
23-60507 (PGR)

Chapter 11

# CENTURY'S CONDITIONAL MOTION FOR LEAVE TO APPEAL

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone:   (212) 326-2000
Email:        tschiavoni@omm.com
              mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:   (973) 210-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity
Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America*

## <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 8012 STATEMENT</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8012 and Federal Rule of Civil Procedure 7.1, the undersigned counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century") certifies that it is a wholly owned subsidiary of Brandywine Holdings Corporation, which is a wholly owned subsidiary of INA Financial Corporation. INA Financial Corporation is a wholly owned subsidiary of INA Corporation, which is a wholly owned subsidiary of Chubb INA Holdings, Inc. Chubb INA Holdings, Inc. is 80% owned by Chubb Group Holdings Inc. and 20% owned by Chubb Limited. Chubb Group Holdings, Inc. is a wholly owned subsidiary of Chubb Limited. Chubb Limited, the ultimate parent corporation, is publicly traded (NYSE: CB). No publicly held corporation owns ten percent or more of the stock of Chubb Limited.

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................1

II.   STATEMENT OF FACTS .....................................................................................4

      The Motion and October 21 hearing ...............................................................4

      The October 27 Order..........................................................................................5

      The facts concerning the claims are disputed and the subject of an
            adversary proceeding before the Bankruptcy Court ...........................6

      Motion for a stay pending appeal before the Bankruptcy Court ...................7

III.  QUESTIONS PRESENTED ON APPEAL ...................................................7

IV.   ARGUMENT..........................................................................................................8

      A.    The Order Is a Final Order Appealable as of Right .............................8

      B.    Alternatively, the Court Should Grant Leave to Appeal...................11

            1.    Controlling Question of Law ....................................................12

            2.    Substantial Ground for Difference of Opinion .......................13

            3.    Material Advancement of the Litigation..................................15

      C.    Century is a Party in Interest and is Permitted to Appeal .................16

V.    CONCLUSION.....................................................................................................18

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Adair v. Sherman*,
  230 F.3d 890 (7th Cir. 2000) ................................................................17

*Edgar v. K.L. et al.*,
  93 F.3d 256 (7th Cir. 1996) ................................................................10

*In re Black, Davis & Shue Agency, Inc.*,
  460 B.R. 407 (Bankr. M.D, Pa. 2011) ................................................17

*In re Congoleum Corp.*,
  426 F.3d 675 (3rd Cir. 2005) ..............................................................16

*In re Roman Catholic Diocese of Syracuse*,
  665 B.R. 866 (Bankr. N.D.N.Y. 2024) .......................................... 17-18

*In re Duplan Corp.*,
  591 F.2d 139 (2d Cir. 1978)................................................................12

*In re Megan-Racine Assocs., Inc.*,
  1996 WL 167681(N.D.N.Y. Apr. 1, 1996) ..........................................16

*In re Motion for Recusal*,
  2022 WL 18670259 (W.D. Wisc. Dec. 6, 2022) .................................10

*In re Pappas*,
  207 B.R. 379 (B.A.P. 2d Cir. 1997)..............................................11, 15

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
  Amministrazione Straordinaria*,
  921 F.2d 21 (2d Cir. 1990)............................................................11, 13

*N. Fork Bank v. Abelson*,
  207 B.R. 382 (E.D.N.Y. 1997) ................................................11, 12, 13

*Ritzen Group, Inc. v. Jackson Masonry, LLC*,
  589 U.S. 35 (2020) ....................................................................... 8, 10

*Truck Ins. Exch. v. Kaiser Gypsum Co.*,
  602 U.S. 268 (2024) .................................................................... 16, 17

**Statutes**

11 U.S.C. § 105 ................................................................................................10

11 U.S.C. § 1109(b) ...................................................................................... 9, 10

28 U.S.C. § 1292(b) ........................................................................................11

28 U.S.C. § 158 ............................................................................1, 2, 8, 10, 11

**Other Authorities**

Fed. R. Bankr. P. 5001(b) ............................................................................ 2, 5, 9

Fed. R. Bankr. P. 8004 ......................................................................................1

Fed. R. Bankr. P. 9014 .....................................................................................13

Fed. R. Bankr. P. 9017 .....................................................................................13

Fed. R. Evid. 1101(a) .......................................................................................14

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by and through its undersigned counsel, hereby moves this Court for leave to appeal ("Conditional Motion") from the *Memorandum Decision and Order Permitting Non-Testimonial Survivor Statements* (the "Order")[1] entered by the Bankruptcy Court for the Northern District of New York ("Bankruptcy Court") on October 27, 2025, denying Century's Objection to the Official Committee of Unsecured Creditors' (the "Committee") Motion for Entry of an Order Permitting Nontestimonial Survivor Statements (the "Motion") in accordance with 28 U.S.C. § 158(a)(1) and, alternatively, 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004.

## I.  PRELIMINARY STATEMENT

1.    On October 27, 2025, the Bankruptcy Court issued its Order allowing claimants who are fact witnesses to present the facts of their cases to the judge who presides as a fact finder in a bankruptcy case, off the record, with cross-examination or comment from any party prohibited and immunized from application of the Federal Rules of Evidence.

2.    The court held that claimants may "be heard on any issue" and reasoned that a judge may "speak privately with the parties to a suit."  Dkt. No. 1102, at 5-6.

---

[1] *See In re Diocese of Ogdensburg,* No. 23-60507 (Bankr. N.D.N.Y) (the "Bankruptcy Case"), Dkt. No. 1102.  All docket references herein refer to this proceeding unless otherwise indicated.

1

Under Federal Rule of Bankruptcy Procedure 5001(b), all trials and hearings must be "held in open court" but the Court reasoned that a claimant presenting the facts of his or her case off the record to the judge without cross or comment by any party is like an "in chambers" hearing.  *Id*. at 5-7.

3. The bankruptcy court recognized that the integrity of the proceeding may be impacted if the relief requested was granted but found that the risk to the integrity of the proceedings is "substantially outweighed by the significant benefits" of allowing claimants to describe their experiences which will "provide some measure of validation, healing and empowerment."  *Id*. at 10.

4. The implementation of the Order threatens to taint the integrity of the bankruptcy proceedings as the judge is charged with sitting as finder of fact on a host of issues ranging from claims objections to assessment of the multiple factors required to confirm a plan of reorganization us Section 1129 of the Bankruptcy Code.  The Rules of Judicial Conduct do not apply a balancing test.

5. Pursuant to 28 U.S.C. § 158(a)(1), the Order is final as it definitively disposes of a discrete legal issue within the overarching bankruptcy case.  However, if the Court deems the Order to be interlocutory, then leave should be granted to appeal this decision pursuant to 28 U.S.C. § 158(a)(3).

6. The Order presents a controlling question of law regarding whether it is permissible in a bankruptcy proceeding to allow claimants to make factual

statements before the factfinder with all other parties prohibited from questioning or commenting in any way, and without any other witness being permitted to make factual statements.

7.    "Survivor Statement" hearings are exclusively a creature of criminal law where they are only permitted to be given ***after*** an adjudication of guilt of the criminal defendant and when such statements are authorized by statute. While members of Congress have drafted a bill to amend the Bankruptcy Code to allow such statements[2], the fact that such a bill has been proposed demonstrates such statements are not provided for by the Bankruptcy Code.

8.    The movants in the proceedings below were unable to identify any District Court or United States Court of Appeals that has authorized claimants to present statements of fact to the judge who sits as finder of fact in a bankruptcy, off the record and without cross or comment by other parties and the statements themselves immunized from application of the Federal Rules of Evidence.

9.    Among the few bankruptcy courts to have addressed the issue there is a split with courts in the *Archdiocese of New Orleans*, *Purdue* and *Archbishop of Agaña* bankruptcies rejecting this type of hearing before confirmation of a plan of reorganization as premature, improper and prejudicial.

---

[2] Dkt. No. 1083-5 (*Ross, Tenney Introduce Legislation to Support Survivors of Child Sex Abuse Through Bankruptcy Reform* (Apr. 18. 2024)).

10.     There is, at a minimum, substantial ground for difference of opinion as to whether the Order is lawful.  An immediate appeal will materially advance the litigation by resolving this threshold issue which threatens to taint the integrity of the proceeding and create an appearance that the factfinder may become prejudiced.

11.     Hence, even if the Court were to find the Order to be interlocutory, it should grant the Conditional Motion and allow Century to appeal the Order.

## II.    <u>STATEMENT OF FACTS</u>

### *The Motion and October 21 hearing*

12.     On September 26, 2025, the Official Committee of Unsecured Creditors filed the Motion seeking entry of an order allowing individuals who have asserted abuse claims in the bankruptcy against the Debtor to make statements to the judge overseeing the bankruptcy about the facts of their cases and their views about the resolution of the Bankruptcy Case with their statements "not to be transcribed" and no one "allowed to comment or respond to the statements."  Dkt. No. 1050 ¶¶ 11, 15.  No evidence was offered in support of the relief requested by the Motion. *Id*.

13.     At the hearing on Motion on October 21, 2025, Committee counsel represented that up to 20 people will make statements about the facts of their cases, and counsel for claimants represented that the statements about the "survivors' factual experience" would be "more real than anything."  Dkt. No. 1120-2 (Tr. of

Oct. 21, 2025, Hearing) at 53:10-16.  The Committee requested that the bankruptcy court schedule the hearing the first week of December.

14.    A plan of reorganization has not been filed, a disclosure statement hearing has not been scheduled, and no deadline has been set for a plan to be filed.

### *The October 27 Order*

15.    On October 27, 2025, the Bankruptcy Court issued its Order granting the Motion and scheduling an off the record hearing for December 1-2, 2025.  Dkt. 1102.  The court held that claimants may "be heard on any issue" and reasoned that a judge may "speak privately with the parties to a suit."  *Id*. at 6-7.  Under Federal Rule of Bankruptcy Procedure 5001(b), all trials and hearings must be "held in open court" but the Court reasoned that a claimant presenting the facts of his or her case off the record to the judge without cross or comment by any party is like an "in chambers" hearing.  *Id*. at 5-7.

16.    The bankruptcy court did not hold that the integrity of the proceeding would be unaffected impacted if the relief requested was granted.  Rather, the court found that the risk to the integrity of the proceedings is "substantially outweighed by the significant benefits" of allowing claimants to describe their experiences which will "provide some measure of validation, healing and empowerment."  *Id*. at 10.

### *The facts concerning the claims are disputed and the subject of an adversary proceeding before the Bankruptcy Court*

17.     Many of the proofs of claim in this proceeding are not signed by the claimants but instead by lawyers or others without personal knowledge of the facts. *See, e.g.,* Proof of Claim No. CC096 at Part 3 (signed by counsel); Proof of Claim No. CC065 at p. 1 (signed by counsel).[3]  No claimant has received a judgment or verdict.  As a general matter, no claimant has produced any documents, been deposed or interviewed or provided anything beyond the unverified proofs of claim and complaints.

18.     The facts concerning the claims are disputed and the subject of mediation.[4]  An adversary proceeding initiated by the Debtor against Appellant and others is pending in the Bankruptcy Case over responsibility for the claims but it is stayed while mediation proceeds.  Dkt. No. 69, Adversary Proceeding 23-80013-6. Among other things, the adversary proceeding involves disputes over the abuse that is alleged, the identity of the perpetrator of the abuse, and whether the Debtor had

---

[3] For instance, Proof of Claim No. CC096 alleges asserts abuse by a current high-ranking cleric but the claimant declined to be interviewed.  *See, e.g.,* DOO_CVA00053231.

[4] On July 17, 2023, the Debtor filed its bankruptcy petition, in the Bankruptcy Court for the Northern District of New York, commencing this case. Dkt. No. 1.  On October 19, 2023, the Court issued an order establishing a bar date for submitting proofs of claim.  Dkt. No. 203. Approximately 130 individuals filed proofs of claim alleging that they were sexually abused by clerics associated with the Debtor. Dkt. No. 69, Adversary Proceeding 23-80013-6.

the ability to control his conduct. The terms of a plan of reorganization and the treatment of claims are disputed.

### *Motion for a stay pending appeal*
### *before the Bankruptcy Court*

19.    A motion for a stay pending this appeal is pending before the bankruptcy court.

20.    Appellant sought a stay pending appeal at the October 21 hearing to allow appellate review of the Order.  Dkt. No. 1083 (Century Objection to Committee's Motion for Entry of an Order Permitting Nontestimonial Survivor Statements); Dkt. No. 1120-2 at 46:5-6.

21.    In the Order, the bankruptcy court denied Appellant's request for a stay pending appeal and ordered Appellant to file a standalone motion to stay if it sought that relief.  Dkt. No. 1102 at 11 n.2.  The Appellant has done so.

### III.    QUESTIONS PRESENTED ON APPEAL

22.    Whether it was error for the Bankruptcy Court to enter the Order dated October 27, 2025.

23.    Whether a claimant who is a fact witness may present the facts of his or her claim to the judge who presides as a fact finder in a bankruptcy case, off the record, immunized from cross-examination or comment from any party and subject to an order that suspends application of the Federal Rules of Evidence to admissions of fact.

24. Whether the Bankruptcy Court erred in concluding that the relief granted "falls well within the traditional authority of a judge to speak privately with the parties to a suit." Dkt. No. 1102 at 6 (internal quotation marks omitted).

## IV.   ARGUMENT

### A.   The Order Is a Final Order Appealable as of Right

25. Pursuant to 28 U.S.C. § 158(a)(1), the Order is a final order. Bankruptcy court orders are "final," for purposes of appeal, when they "definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020). In *Ritzen*, the Supreme Court emphasized "the usual judicial unit for analyzing finality in ordinary civil litigation is the case, [but] in bankruptcy[,] it is [often] the proceeding." *Id*. at 39. This reflects the distinctive character of bankruptcy litigation, which encompasses "numerous individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Id*. at 38. Accordingly, "orders in bankruptcy cases . . . [are] immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case." *Id.* at 39.

26. The Order is a final order because it authorizes a discrete proceeding which is "anterior to, and separate from, claim-resolution proceedings." *Id*. at 43. In the Order, the Bankruptcy Court incorrectly held that because a party in interest "may appear and be heard on any issue in a case" a claimant who is a fact witness

8

may present the facts of his or her case to the judge who presides as a fact finder in a bankruptcy case off the record, immunized from cross-examination or comment from any party. *Id.* (citing 11 U.S.C. § 1109 (b)).

27.   The Bankruptcy Court premised its ruling on the erroneous notion that the relief granted "falls well within the traditional authority of a judge to speak privately with the parties to a suit," *Id*. at 6 (internal quotation marks omitted), and that a Court may hold conferences "in chambers." *Id.* at 5 (citing Fed. R. Bankr. Pro. 5001(b).

28.   The implementation of the Order poses an imminent threat of tainting the bankruptcy proceedings because the bankruptcy judge is charged with sitting as finder of fact on a host of issues ranging from claims objections to assessment of the multiple factors required to confirm a plan of reorganization under Section 1129 of the Bankruptcy Code.   If permitted, the Order will allow claimants to present unsworn testimony off the record about their claims and offer views of the case without any other party in interest being permitted to elicit other facts or even comment.

29.   This type of proceeding is entirely out of the ordinary in federal courts and threatens at a minimum to give the appearance of influencing the factfinder by presenting a single vantage point for the facts.   It is well settled that "[o]ff-the-record briefings in chambers" create an appearance of prejudice because they "leave no

trace in the record" and "[w]hat information passed to the judge, and how reliable it

may have been, are . . . unknowable." *Edgar v. K.L. et al.*, 93 F.3d 256, 259 (7th

Cir. 1996) (issuing writ of mandamus requiring recusal of judge who engaged in ex

parte communications); *In re: Motion for Recusal*, 2022 WL 18670259 at *2 (W.D.

Wisc. Dec., 6, 2022) (ordering recusal of judge who "probably acquired some non-

public knowledge of disputed facts that would be potentially material to the pending

cases").

30.    The Bankruptcy Court's determination that the off the record hearing it

has scheduled is authorized pursuant to Sections 105 and 1109(b) of the Bankruptcy

Code, and that the Court has the inherent power to speak privately to parties in  a

case, leaves nothing more for the Bankruptcy Court to adjudicate.  *See Ritzen*, 589

U.S. at 47.  This renders the Order a final order, appealable as of right pursuant to

28 U.S.C. § 158(a)(1).

31.    The Order creates immediate, concrete, negative consequences for all

other parties to protect their financial interests in this case.  Immediate appeal of the

Order prevents the inefficiencies *Ritzen* sought to avoid: it allows this Court the

opportunity to determine whether claimants have the right to present unsworn

testimony about the facts to the Bankruptcy Court without cross-examination or

comment from any other party in interest and immunized from application of the

Federal Rules of Evidence.  *Ritzen*, 589 U.S. at 46-47.  Delaying appeal until after

the claimant hearing has occurred will taint the entirety of the proceedings since the harms of allowing what is contemplated, and the potential prejudice to the Court, will have already occurred. The result can be avoided efficiently through immediate appeal. Consequently, the Order is a final order, appealable as of right.

**B.    Alternatively, the Court Should Grant Leave to Appeal**

32.    If the Court were to find the Order to be interlocutory, then this Court should grant leave to appeal.

33.    The applicable standard for appealing an interlocutory order is governed by 28 U.S.C. § 158(a)(3), which provides the Court with discretionary appellate jurisdiction over interlocutory orders issued by the Bankruptcy Court. Courts in the Second Circuit examining whether to grant leave pursuant to 28 U.S.C. § 158(a)(3) have consistently applied the analogous standard established under 28 U.S.C. § 1292(b). *See, e.g., Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23-25 (2d Cir. 1990); *N. Fork Bank v. Abelson*, 207 B.R. 382, 389 (E.D.N.Y. 1997); *In re Pappas*, 207 B.R. 379, 381 (B.A.P. 2d Cir. 1997).

34.    Under 28 U.S.C. § 1292(b), leave to appeal an interlocutory order may be granted if the following three requirements are satisfied:  (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion regarding that question; and (3) an immediate appeal may materially advance the

ultimate termination of the litigation. *Fork Bank*, 207 B.R. at 389. All three prongs
are satisfied here.

### 1.    Controlling Question of Law

35.    The question of whether the Bankruptcy Court correctly entered the
Order presents a controlling question of law regarding whether the Bankruptcy Code
and the Federal Rules of Bankruptcy Procedure authorize a hearing where fact
statements are presented by fact witnesses regarding the facts underpinning their
proofs of claim without cross-examination or comment from any party and with the
Federal Rules of Evidence suspended regarding the use of such fact statements.

36.    To establish that an order contains a controlling question of law, it must
be shown that either (1) reversal of the bankruptcy court's order would terminate the
action; or (2) determination of the issue on appeal would materially affect the
outcome of the litigation. *Fork Bank*, 207 B.R. at 389; *In re Duplan Corp.*, 591 F.2d
139, 148 (2d Cir. 1978) (stating that "(t)he courts have tended to make the
'controlling question' requirement one with the requirement that its determination
'may materially advance the ultimate termination of the litigation'" and that "(t)he
critical requirement is that it (an interlocutory appeal) have the potential for
substantially accelerating the disposition of the litigation") (citation omitted).

37.    Here, the legal issue of whether claimants are permitted to present
statements of fact regarding their claims off the record and immunized from cross or

even comment "materially affect[s] the outcome of the litigation" because if the claimant hearing occurs as scheduled the Court's impartiality will be compromised, or at a minimum there will be an appearance that it is compromised. The first prong is satisfied because the stated purpose of the claimant hearing is to "materially affect the outcome of the litigation" by pushing forward a bankruptcy plan based upon the fact statements presented. *See Fork Bank*, 207 B.R. at 389.

## 2.    Substantial Ground for Difference of Opinion

38.    The second prong requires a showing that there is substantial ground for difference of opinion regarding the controlling legal question. *Klinghoffer*, 921 F.2d at 25. This may be established where there is conflicting authority on the issue or where the issue is particularly "difficult and of first impression." *Id*.

39.    Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure authorizes this type of proceeding. To the contrary, the procedures applicable to the presentation of witness testimony are set out in Rules 9014 and 9017 of the Federal Rules of Bankruptcy Procedure. Rule 9014(a) provides that any testimony offered must be in furtherance of relief requested by motion, and that the parties must be afforded reasonable notice of the relief requested and an opportunity to be heard. Rule 9014(d) states that "[a] witness's testimony on a disputed material factual issue must be taken in the same manner as testimony in an adversary proceeding." Under Rule 9017, the use of witness statements is governed by the

Federal Rules of Evidence. *See also* Fed. R. Evid. 1101(a) (providing that the Federal Rules of Evidence apply to proceedings before U.S. bankruptcy judges). None of these requirements are met here.

40. Other bankruptcy courts have rejected this type of hearing before confirmation of a plan of reorganization as premature, improper and prejudicial. In the *Archdiocese of New Orleans* bankruptcy case a motion to allow "victim statements" after briefing and argument on the issue was denied, and Judge Grabill found that it was procedurally improper to offer unsworn statements and that such testimony could taint the court as the finder of fact.[5] Judge Grabill held that she was "***concerned with . . . the intent to persuade the factfinder, to persuade me* . . .**"[6]

41. The decision by Judge Drain in *Purdue* is consistent with Judge Grabill's decision in the *Archdiocese of New Orleans.* In *Purdue,* Judge Drain conducted a claimant statement hearing only after confirming the plan of reorganization.[7] Likewise, the bankruptcy court in *Archbishop of Agaña*, heard

---

[5] Dkt. No. 1083-2 (Transcript from *Archbishop of New Orleans* hearing on May 16, 2024) at 56:25-57:4.

[6] *Id*. (emphasis added).

[7] *Compare* Dkt. No. 3787, Findings of Fact, Conclusions Of Law, And Order Confirming The Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. And Its Affiliated Debtors, Case No. 19-23649 (Bankr. S.D.N.Y. Sept. 17, 2021) (confirming Purdue Pharma L.P.'s Chapter 11 plan on September 17, 2021), *with* Dkt. No. 4430, Notice of Hearing, Case No. 19-23649 (Bankr. S.D.N.Y. Mar. 7, 2022) (noticing "Victim Statement Portion of the Settlement Hearing" for March 10, 2022).

claimants only during the Chapter 11 plan confirmation hearings and after substantially all objections were resolved.[8]

42.    As a result, given the decisions in *Archdiocese of New Orleans, Purdue,* and *Archbishop of Agaña* there is, at a minimum, a substantial ground for difference of opinion as to whether the requested relief was properly granted.

### 3.    Material Advancement of the Litigation

43.    The third prong requires that an immediate appeal would materially advance the ultimate termination of the litigation.  This means that resolving the issue on appeal would likely avoid protracted proceedings or significantly streamline the case.  *In re Pappas*, 207 B.R. at 382 ("Absent a ruling on the issue now, the parties and the Court may proceed with a potentially protracted and costly adversary proceeding only to learn on appeal from a final order that the entire proceeding was for naught because [a creditor] was barred at the outset.").

44.    This requirement is readily satisfied because if the contemplated claimant hearing goes forward there will at a minimum be an appearance that the Court is prejudiced regarding these claims and how they are addressed by a plan of reorganization.  Any alleged harm associated with delaying the statements until after

---

[8] *In re Archbishop of Agaña*, Case No. 19-00010 (Bankr. D. Guam Oct. 4, 2022), Dkt. No. 1092, (Transcript of Proceedings: Continued Confirmation on Fifth Amended Joint Plan of Reorganization) at 23:3-25:17.

review by the District Court is outweighed by the harm to all other parties-in-interest by the taint to the integrity of these proceedings that will flow from allowing claimant statements while all other parties are muzzled. *See In re Megan-Racine Assocs., Inc.*, 1996 WL 167681 at *6 (N.D.N.Y. Apr. 1, 1996) (an injury that "financial compensation will not rectify constitutes irreparable harm").

45.    The question presented of whether the Bankruptcy Court should address claimants privately or permit them to offer statements of fact off the record to the fact finder, bar all other parties from eliciting other facts, commenting or allowing them to later cite admissions is a purely legal question and requires no additional factual development.  The resolution of this legal question will materially advance the litigation as an answer to this question as soon as possible will avoid irreparable prejudice.

## C.    Century is a Party in Interest and is Permitted to Appeal

46.    In *Truck Ins. Exchange v. Kaiser Gypsum Co.*, the Supreme Court ruled that insurance carriers have broad standing to be heard as parties-in-interest on matters before the bankruptcy court.  602 U.S. 268, 282  (2024).  Insurers standing is particularly strong on issues that may impact the integrity of the bankruptcy proceedings.  *In re Congoleum Corp.*, 426 F.3d 675, 685-687 (3d Cir. 2005) (holding that insurers have standing to be heard on "an issue based on procedural due process

concerns that implicate the integrity of the bankruptcy court proceeding as a whole").

47.     Century has offered to defend underlying claims under a reservation of rights, is a party to the adversary proceeding filed by the Diocese against it,[9] and is a party to the Mediation Order and the monetary demands made in that proceeding.[10] As an insurer with a "***potential*** financial stake in the outcome" of the claims Century is a party in interest.  *In re Black, Davis & Shue Agency, Inc.*,460 B.R. 407, 414-15 (Bankr. M.D. Pa. 2011) (quoting *Adair v. Sherman*, 230 F.3d 890, 894 n. 3 (7th Cir. 2000)) (emphasis added).

48.     Nor is there reason to define "party in interest" standing more narrowly on this issue than on any other matter before this Court.  As Judge Kinsella found in the *Diocese of Syracuse* bankruptcy, "liability does not need to be acknowledged or adjudicated before the teachings of *Truck* apply," particularly when the diocese is "attempting to assign its interest in insurance claims and recoveries against the Certain Insurers to the Trust."  *In re Roman Catholic Diocese of Syracuse*, 665 B.R.

---

[9]  See Complaint, *The Roman Catholic Diocese of Ogdensburg, New York v. Certain Underwriters at Lloyd's, London et al*., Adv. Proc. No. 23-80013-6, Doc. No. 1, at ¶¶ 119-148 (Bankr. N.D.N.Y.) (naming Century in the coverage adversary proceeding seeking both a declaratory judgment that the Insurers are obligated to indemnify the Parishes and/or the Diocese for all sums the Parishes and/or Diocese become obligated to pay through judgment, settlement, or otherwise as well as damages for costs to pay settlements and/or judgments in the Underlying Actions and Claims).

[10]  *See* Dkt. No. 39 at ¶ 2 (mandating participation in the mediation for all insurer defendants listed in the caption including but not limited to, Century).

866, 866 and 875 (Bankr. N.D.N.Y. 2024).  That reasoning applies with equal force here.

### V.    <u>CONCLUSION</u>

For the reasons stated above, Century respectfully request that the Court grant the Conditional Motion.

Dated:  November 12, 2025

Respectfully submitted,

By:  */s/ Tancred Schiavoni*

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone:  (212) 326-2000
Email:       tschiavoni@omm.com
               mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:  (973) 210-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity
Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America*

`

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because it contains 4,551 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g), and complies with Local Rule 81.2(d) because it does not exceed twenty-five pages in length.

The motion also complies with Federal Rule of Bankruptcy Procedure 8013(f)(2) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.