**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

## COVER SHEET TO FIFTH INTERIM APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM <u>MARCH 1, 2025 THROUGH SEPTEMBER 30, 2025</u>

| | |
|---|---|
| Name of Applicant: | Berkeley Research Group, LLC ("BRG") |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors (the "Committee" or "UCC") |
| Date of Retention: | Effective as of June 13, 2023 by order signed on July 12, 2023 [Docket No. 328] |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2025 through September 30, 2025[1] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $16,453.50[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0.00 |

This is a(n):   __ Monthly   <u>x</u> Interim   __ Final Application.

---

[1] The applicant reserves the right to include any time expended and expenses incurred in the period indicated above in future application(s) if it is not included herein.

[2] Pursuant to the Retention Application (defined below), BRG's fees are based on fees for actual hours expended, charged at BRG's standard hourly rates which are in effect when the services are rendered, less a voluntary 17% rate concession. Accordingly, we have reduced our fees for the Fee Period by $3,370.00 as indicated on Attachment B and Attachment C.

## Attachment A: Prior Fee Statements and Applications Filed

| Statement/ Application | | Requested | | CNO/Order | Approved Fees | Approved Expenses | Paid | | Total Unpaid |
|---|---|---|---|---|---|---|---|---|---|
| Date Filed/ Docket No. | Period Covered | Fees | Expenses | Date Filed/ Docket No. | Fees | Expenses | Fees | Expenses | Fees and Expenses |
| 02/05/2024 Dkt No. 353 | 09/11/2023 - 11/30/2023 | $32,964.28 | $0.00 | 4/12/2024 Dkt No. 464 | $32,964.28 | $0.00 | $32,964.28 | $0.00 | $0.00 |
| 08/20/2024 Dkt No. 670 | 12/01/2023 - 05/31/2024 | $266,559.48 | $0.00 | 11/06/2024 Dkt No. 763 | $266,559.48 | $0.00 | $266,559.48 | $0.00 | $0.00 |
| 11/12/2024 Dkt No. 780 | 06/01/2023 - 09/30/2024 | $42,571.94 | $0.00 | 12/09/2024 Dkt No. 808 | $42,571.94 | $0.00 | $42,571.94 | $0.00 | $0.00 |
| 05/16/2025 Dkt No. 959 | 10/01/2024 - 02/28/2025 | $24,766.78 | $0.00 | 06/13/2025 Dkt No. 1001 | $23,532.78 | $0.00 | $24,766.78 | $0.00 | ($1,234.00) [3] |
| **Totals** | | **$366,862.48** | **$0.00** | | **$365,628.48** | **$0.00** | **$366,862.48** | **$0.00** | **($1,234.00)** |

---

[3] On June 13, 2025, the Court entered its order approving the BRG's Fourth Interim Application covering the period from June 1, 2023, through September 30, 2024. The Court reduced the BRG compensation sought by $1,234.00. The Debtor did not reduce its payment by this amount to BRG when paying the approved interim compensation. As a result, BRG will apply the amount received to the Fifth Interim Application to account for the overpayment received.

 **INTELLIGENCE THAT WORKS**

## ROMAN CATHOLIC DIOCESE OF OGDENSBURG (CASE NO. 23-60507)

### Attachment B: Summary of Fees By Professional
For the Period 03/01/25 through 09/30/25

| Professional | Title | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| R. Strong | Managing Director | $855.00 | 1.0 | $855.00 |
| M. Babcock | Managing Director | $795.00 | 8.0 | $6,360.00 |
| J. Funk | Senior Managing Consultant | $670.00 | 6.1 | $4,087.00 |
| C. Tergevorkian | Senior Managing Consultant | $535.00 | 8.5 | $4,547.50 |
| S. Chaffos | Consultant | $440.00 | 0.7 | $308.00 |
| A. Stubbs | Associate | $340.00 | 5.1 | $1,734.00 |
| A. McConkie | Case Assistant | $235.00 | 6.0 | $1,410.00 |
| M. Kuhn | Case Assistant | $180.00 | 2.9 | $522.00 |
| **TOTAL** | | | **38.3** | **$19,823.50** |
| **Agreed Upon Concession:** | **17%** | | | **($3,370.00)** |
| **TOTAL REQUESTED FEES** | | | | **$16,453.50** |
| **BLENDED RATE AFTER CONCESSION** | | | | **$429.60** |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, | ) |
| New York | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

### FIFTH INTERIM APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MARCH 1, 2025 THROUGH SEPTEMBER 30, 2025

Berkeley Research Group, LLC ("**BRG**"), financial advisor to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned Debtor (the "**Debtor**"), hereby submits this Fifth Interim Fee Application (the "**Application**") for the period from March 1, 2025 through September 30, 2025 (the "**Fee Period**") in accordance with sections 105(a), 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "**Local Rules**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, effective January 31, 1996 (the "**U.S. Trustee Guidelines**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* dated November 9, 2023 [Docket No. 250] (the "**Interim Compensation Order**"). BRG hereby requests interim allowance of compensation in the amount of $16,453.50, and no actual and necessary expenses for the Fee Period. In support of this Application, BRG respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      During the Fee Period, BRG advised and assisted the Committee in fulfilling its statutory obligations and duties to Unsecured Creditors and rendered services to the Committee in accordance with its instructions and directions. By this Application, BRG requests that the Court authorize the interim allowance and payment of fees incurred by BRG during the Fee Period in the total amount of $16,453.50 as compensation for services rendered to the Committee. During the Fee Period, BRG expended 38.3 hours at a blended hourly rate of $429.60 after rate concession.

2.      Attached hereto as **Exhibit C** is the schedule of BRG's time records for the Fee Period. These records include daily time logs describing the time spent by each BRG professional in this Chapter 11 Case organized by task code and by date incurred.

3.      BRG also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the performance of its professional services. At this time BRG is not requesting reimbursement for any expenses incurred during the Fee Period but reserves the right to request reimbursement therefore in the future.

4.      By this Fee Application, BRG seeks interim allowance and payment of all compensation for services rendered during the Fee Period.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction to hear and determine this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      Sections 328(a), 330, and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1 are the statutory predicates for the relief sought by this Fee Application.

## **BACKGROUND**

8.      On July 17, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Northern District of New York (the "**Chapter 11 Case**"). The Debtor is operating its business and managing its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

9.      On August 11, 2023, the Office of the United States Trustee (the "**UST**") appointed the Committee pursuant to Section 1102 of the Bankruptcy Code. *See Appointment of Committee of Unsecured Creditors [Docket No. 65].*

10.      Following the Committee's appointment, the Committee determined it needed a financial advisor and, subject to Court approval, hired BRG on September 11, 2023. The Committee previously selected Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or "**Committee Counsel**") to serve as its counsel.

11.      On October 9, 2023, the Committee filed the *Application to Employ Berkeley Research Group, LLC as Financial Advisor Effective as of September 11, 2023* (the "**Retention Application**").

12.      On November 2, 2023, the Court entered the *Order Granting Application to Employ Berkeley Research Group, LLC as Financial Advisor for Official Committee of Unsecured Creditors,* effective as of September 11, 2023 (the "**Retention Order**"). The Retention Order provides that all compensation and reimbursement of costs and expenses incurred during BRG's employment be paid only after appropriate application and approval of this Court.

## PROFESSIONAL FEES AND DISBURSMENTS

13.     By this Application, BRG seeks allowance of fees in the amount of $16,453.50 for professional services rendered for and on behalf of the Committee during the Fee Period. At this time, BRG is not requesting reimbursement for any expenses incurred during the Fee Period but reserves the right to request reimbursement in the future.

14.     BRG charges for its services based on standard hourly rates established, subject to periodic adjustments to reflect economic and other conditions. For purposes of this engagement, BRG has agreed to a voluntary 17% rate concession from BRG's customary standard hourly rates in effect when services are rendered. BRG's standard hourly rates – before the agreed-upon rate concession – are competitive with other financial advisors that we consider our peers. BRG believes that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

15.     In addition, BRG bills for its actual, out-of-pocket expenses reasonably incurred in connection with this engagement including, but not limited to, travel expenses incurred in connection with the client's engagement that would not have been otherwise incurred, and industry or company-specific research as requested. BRG does not charge for telephone calls (except the cost of specifically identified conference call charges), faxes, copies, and other administrative expenses.

16.     BRG maintains contemporaneous records of the time expended and actual, necessary expenses incurred in support of its billings. Time entries are recorded in six-minute increments.

4

**STATEMENT REGARDING THE ESTATE'S ABILITY TO PAY CASE**

17.    To the best of BRG's knowledge, the estate is able to pay the requested fees and

expenses. According to its most recent Monthly Operating Report, as of July 31, 2025 [Docket

No. 1090], the Debtor (a) reported approximately $1.2 million in cash in its bank accounts and

(b) reported total assets of approximately $18.1 million.

**SUMMARY OF SERVICES RENDERED**

18.    BRG is a global strategic advisory and expert consulting firm that provides

independent expert testimony, litigation and regulatory support, authoritative studies, strategic

advice, advisory services relating to restructuring and turnaround situations, due diligence,

valuation, and capital markets, and document and data analytics to major law firms, businesses,

including Fortune 500 corporations, government agencies, and regulatory bodies around the world.

19.    BRG has extensive experience in the areas of reorganization, workouts, insolvency,

and accounting. The professionals engaged in this Chapter 11 Case have also worked in numerous

other Catholic diocese bankruptcy cases throughout the country.

20.    This Chapter 11 Case addresses issues that raise complex questions and require a

high level of skill and expertise to address efficiently and accurately. The professional services

described herein were performed by BRG to, among other things, analyze and evaluate the

Debtor's financial position and guide the Committee through the Debtor's Chapter 11 case.

21.    During the Fee Period, the Committee relied on the experience and expertise of

BRG when dealing with the matters described herein. As a result, BRG devoted time and effort to

properly and expeditiously perform the required professional services. BRG respectfully submits

that the professional services that it rendered on behalf of the Committee were necessary and have

directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of this Chapter 11 Case.

22.     BRG submits that the interim fees requested herein for professional services rendered in performing services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtor's organization and financial condition, the Debtor's financial accounting resources, and the results obtained.

23.     The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. The staff utilized sought to optimize efficiencies and avoid redundant efforts. BRG believes that there has been no duplication of services between BRG and any other consultants or accountants to the bankruptcy estate.

24.     No agreement or understanding exists between BRG and any other person for the sharing of compensation received or to be received for services rendered in connection with the Chapter 11 Case, except for internal agreements among employees of BRG regarding the sharing of revenue or compensation. Neither BRG nor any of its employees have entered into an agreement or understanding to share compensation with any entity as described in Bankruptcy Code Section 504 and Bankruptcy Rule 2016.

25.     The general summary of the services rendered by BRG during the Fee Period, based on tasks and the number of hours, ***before the agreed-upon rate*** concession, is set forth below.

### 220.00 – Debtors Operations / Monitoring (Monthly Operating Reports / Periodic Reporting)

26.     BRG evaluated the Debtor's operations and financial activity as reported in Monthly Operating Reports ("MOR") from November 2024 through June 2025. BRG's evaluation of the Debtor's MORs allows BRG to effectively monitor and evaluate the Debtor's ongoing asset

positions and financial performance and report its findings to Committee Counsel and the Committee.

27.     BRG expended 17.2 hours on this category for a fee of $7,231.00.

### 301.00 – Asset Analysis (General – Debtors Restricted / Identified Assets)

28.     During the Fee Period, BRG continued its analysis and investigation of the Debtor's restricted assets. This analysis included the identification and evaluation of restricted assets identified by the Debtor including the examination of additional produced documentation regarding the Debtor's alleged support of the asserted restrictions. BRG met with Committee Counsel to discuss the alleged restricted assets, available documentation, and positions relating to the assets available to pay creditors and survivors.

29.     BRG expended 17.5 hours on this category for a fee of $11,472.00.

### 1060.00 – Fee Application Preparation & Hearing

30.     BRG prepared, finalized, and sent for filing its Fourth Interim Fee Application for the period from October 2024 through February 2025. BRG also attended a hearing regarding the same.

31.     BRG expended 3.6 hours on this category for a fee of $1,120.50.

### ALLOWANCE OF COMPENSATION

32.     Section 330(a)(1)(A) of the Bankruptcy Code provides that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3)(A), in turn, provides that in determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

      i.      The time spent on such services;

      ii.     The rates charges for such services;

iii. Whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

iv. Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

v. Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

33. The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. BRG respectfully submits that the consideration of these factors should result in this Court's allowance of the full compensation sought.

## **CERTIFICATION**

34. As required by the Local Rules, a certification that the facts set forth in this Application are true and correct, and that this Application complies substantially with the Local Guidelines, is attached hereto as **Exhibit A** and made part of this Application.

## **NOTICE**

35. Pursuant to the Interim Compensation Order, BRG has provided notice of this Fee Application to the following parties by electronic or first-class mail: (a) the Debtor; (b) counsel for the Debtor; (c) counsel for the Committee; (d) counsel for any additional committees that may be hereafter appointed; and (e) the Office of the United States Trustee. In light of the nature of the relief requested herein, BRG submits that no other or further notice need be provided.

36. This is BRG's Fifth Interim Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code for allowance of fees and reimbursement of expenses in this Chapter 11 case. Except as otherwise set forth herein, BRG has made no prior or other application to this or any other Court for the relief requested herein.

## **CONCLUSION**

37.    BRG respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (a) granting on an interim basis, allowance of (i) fees in the amount of $16,453.50 for professional services rendered to and on behalf of the Committee during the Fee Period and (ii) reimbursement of $0.00 for reasonable, actual, and necessary expenses incurred during the Fee Period, (b) authorizing and directing the Debtor to immediately pay to BRG the outstanding fees and expenses due to BRG for the Fee Period, less the Fourth Interim Application overpayment of $1,234.00 paid in error by the Debtor for a total payment of $15,219.50; and (c) granting such further relief as is just and proper.

Dated: November 12, 2025              **BERKELEY RESEARCH GROUP, LLC**

                                      */s/ D. Ray Strong*
                                      D. Ray Strong
                                      201 South Main, Suite 450
                                      Salt Lake City, UT  84111
                                      Telephone: 801-321-0068
                                      Email: rstrong@thinkbrg.com

                                      *Financial Advisor for the Official Committee*
                                      *of Unsecured Creditors*

# __EXHIBIT A__

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, | ) |
| New York | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**CERTIFICATION OF FINANCIAL ADVISOR**

I, D. Ray Strong, Managing Director of Berkeley Research Group, LLC ("**BRG**")[1], on behalf of BRG, as financial advisor to the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 Case of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), hereby certify, pursuant to 28 U.S.C. § 1746, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective January 30, 1996 (the "**Guidelines**"), as follows:

1.      I am a Managing Director of BRG and the professional designated by the applicant, BRG, with responsibility in this Chapter 11 Case, for compliance with the Local Rules and Guidelines.

2.      This certification is made in respect of the *Fifth Interim Application of Berkeley Research Group, LLC for Allowance of Compensation and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors from the Period from March 1, 2025 through September 30, 2025* (the "**Application**") which I have reviewed and further which has been prepared in accordance with the Local Rules and Guidelines.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3.      In respect of the Local Rules and Guidelines, I certify that:

    a)      I have read the Application;

    b)      To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Rules and Guidelines;

    c)      The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by BRG and generally accepted by BRG's clients; and

    d)      In providing a reimbursable service, BRG does not make a profit on that service, whether the service is performed by BRG in-house or through a third party.

    e)      I certify pursuant to LR 2016-(1)(c)(2) that all expenses for which reimbursement is sought were incurred on behalf of the Committee and no other person and that the reimbursement, if allowed in full, will not exceed the amount applicant paid for the items.

    f)      I have reviewed Local Rule 2016-1 and the Interim Compensation Order entered November 9, 2023 and believe that this Application substantially complies with such Rule and Order.

4.      I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

 

Date: November 12, 2025                     */s/ D. Ray Strong*
Salt Lake City, UT                         D. Ray Strong

# **EXHIBIT B**

**<u>EXHIBIT B</u>**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No.: 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, | ) | |
| New York | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING FIFTH INTERIM APPLICATION OF
BERKELEY RESEARCH GROUP, LLC FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FOR THE PERIOD FROM MARCH 1, 2025 THROUGH SEPTEMBER 30, 2025</u>**

Berkeley Research Group, LLC ("**<u>BRG</u>**"), financial advisor to the Official Committee of Unsecured Creditors in the above-captioned case, filed its Fifth Interim Application for Compensation for the Period from March 1, 2025 through September 30, 2025 (the "**<u>Fee Application</u>**"). In the Application, BRG requests (i) allowance on an interim basis compensation in the amount of $16,453.50 for reasonable and necessary professional services and reimbursement of the actual and necessary costs and expenses in the amount of $0.00 for the Fee Period of March 1, 2025 through September 30, 2025, and (ii) authorizing and directing the Debtor to pay the balance of such amounts to BRG, less the Fourth Interim Application overpayment of $1,234.00 paid in error by the Debtor for a total payment of $15,219.50.

The Court has reviewed the Fee Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Fee Application, and having convened a hearing on December 16, 2025, were adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Fee Application. Accordingly, it is hereby

**ORDERED** that the Fee Application is GRANTED. The Debtor in the above captioned Chapter 11 Case shall pay to BRG interim fees in the total amount of $16,453.50 for services rendered and actual and necessary expenses incurred in the Chapter 11 Case during the Fee Period, less the Fourth Interim Application overpayment of $1,234.00 paid in error by the Debtor for a total payment of $15,219.50.

**ORDERED** the allowance of compensation and reimbursement of expenses pursuant to this Order is without prejudice to BRG's right to seek additional compensation for services performed and expenses incurred during the Fee Period, which were not processed at the time of the Application.

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

# __EXHIBIT C__

**BRG**                                                          **INTELLIGENCE THAT WORKS**

## ROMAN CATHOLIC DIOCESE OF OGDENSBURG (CASE NO. 23-60507)

### Exhibit C: Schedule of Time Detail
For the Period 10/01/24 through 02/28/25

| Date | Professional | Hours | Amount | Description |
|------|-------------|-------|--------|-------------|
| **200.90 - Document / Data Analysis (Production Requests)** | | | | |
| 11/11/24 | A. Stubbs | 1.7 | $544.00 | Analyzed recent document production regarding restricted asset documentation to track compliance with requests / updates to productions received. |
| *Task Code: 200.90* | | *1.7* | *$544.00* | *Totals* |
| **220.00 - Debtors Operations / Monitoring (Monthly Operating Reports / Periodic Reporting)** | | | | |
| 10/08/24 | A. Stubbs | 0.2 | $64.00 | Updated comparative MOR balance sheet analysis (August 2024) to monitor Debtor monthly post-petition activities for Committee. |
| 10/08/24 | A. Stubbs | 0.2 | $64.00 | Updated comparative MOR income statement analysis (August 2024) to monitor Debtor monthly post-petition activities for Committee. |
| 10/09/24 | A. Stubbs | 1.0 | $320.00 | Updated ending MOR cash balance comparison analysis (August 2024) to monitor Debtor monthly post-petition activities for Committee. |
| 10/09/24 | A. Stubbs | 0.8 | $256.00 | Analyzed MOR cash receipt / disbursement activity trends (August 2024) to monitor Debtor monthly post-petition activities for Committee. |
| 10/24/24 | A. Stubbs | 0.7 | $224.00 | Analyzed MOR cash receipt / disbursement activity trends in August 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 10/24/24 | A. Stubbs | 0.5 | $160.00 | Updated ending MOR cash balance comparison analysis to include data from August 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 10/24/24 | A. Stubbs | 0.2 | $64.00 | Revised comparative MOR income statement analysis to include data from August 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 10/24/24 | A. Stubbs | 0.2 | $64.00 | Updated comparative MOR balance sheet analysis to include data from August 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 01/02/25 | C. Tergevorkian | 1.3 | $695.50 | Analyzed MOR analyses to evaluate post-petition trends / identify issues for UCC Counsel. |
| 01/07/25 | A. Stubbs | 0.4 | $136.00 | Analyzed MOR cash receipt / disbursement activity trends (September 2024) to monitor Debtor post-petition monthly activities for Committee. |

**BRG** · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · **INTELLIGENCE THAT WORKS**

## ROMAN CATHOLIC DIOCESE OF OGDENSBURG (CASE NO. 23-60507)

**Exhibit C: Schedule of Time Detail**
For the Period 10/01/24 through 02/28/25

| Date | Professional | Hours | Amount | Description |
|------|-------------|-------|--------|-------------|
| **220.00 - Debtors Operations / Monitoring (Monthly Operating Reports / Periodic Reporting)** | | | | |
| 01/07/25 | A. Stubbs | 0.4 | $136.00 | Updated ending MOR cash balance comparison analysis to include data from September 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 01/08/25 | A. Stubbs | 0.8 | $272.00 | Updated comparative MOR income statement analysis to include horizontal and vertical analysis to further to monitor Debtor monthly activities. |
| 01/08/25 | A. Stubbs | 0.4 | $136.00 | Updated comparative MOR Balance Sheet analysis to include horizontal / vertical analysis to further to monitor Debtor monthly post-petition activities for Committee. |
| 01/08/25 | A. Stubbs | 0.3 | $102.00 | Revised comparative MOR balance sheet analysis to include data from September 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 01/08/25 | A. Stubbs | 0.3 | $102.00 | Updated comparative MOR balance sheet analysis to include data from September 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 01/14/25 | J. Funk | 1.3 | $871.00 | Analyzed MOR financial statement / cash-flow trends for the period August 2023 through November 2024 to monitor post-petition activities for Committee. |
| 01/15/25 | J. Funk | 0.8 | $536.00 | Analyzed MOR financial statement / cash-flow trends for the period August 2023 through November 2024 to monitor post-petition activities for Committee. |
| 02/06/25 | A. Stubbs | 0.6 | $204.00 | Evaluated MOR cash receipt / disbursement transactions (October 2024) to monitor Debtor monthly post-petition activities for Committee. |
| 02/06/25 | A. Stubbs | 0.4 | $136.00 | Updated ending MOR cash balance comparison analysis to include data from October 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 02/06/25 | A. Stubbs | 0.2 | $68.00 | Updated comparative MOR balance sheet analysis to include data from October 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| 02/06/25 | A. Stubbs | 0.2 | $68.00 | Updated comparative MOR Income statement analysis to include data from October 2024 MOR to monitor Debtor monthly post-petition activities for Committee. |
| *Task Code:  220.00* | | *11.2* | *$4,678.50* | *Totals* |

**300.00 - Asset Analysis (General - Debtors)**

 **INTELLIGENCE THAT WORKS**

## ROMAN CATHOLIC DIOCESE OF OGDENSBURG (CASE NO. 23-60507)

**Exhibit C: Schedule of Time Detail**
For the Period 10/01/24 through 02/28/25

| Date | Professional | Hours | Amount | Description |
|------|--------------|-------|--------|-------------|
| **300.00 - Asset Analysis (General - Debtors)** | | | | |
| 12/03/24 | R. Strong | 0.1 | $81.50 | Attended call with BRG (MB) regarding ongoing case issues / assignments regarding ongoing asset analyses. |
| 12/03/24 | M. Babcock | 0.1 | $75.50 | Met with BRG (RS) to discuss ongoing case issues / assignments regarding asset analyses. |
| 02/05/25 | R. Strong | 1.2 | $1,026.00 | Analyzed general ledger transactions pursuant to UCC Counsel requests for asset analyses. |
| *Task Code:  300.00* | | *1.4* | *$1,183.00* | *Totals* |
| **301.00 - Asset Analysis (General - Debtors Restricted / Identified Assets)** | | | | |
| 11/11/24 | C. Tergevorkian | 0.5 | $240.00 | Analyzed recent document production (November 11, 2024 - alleged restricted assets). |
| 11/12/24 | R. Strong | 1.0 | $815.00 | Attended call with UCC Counsel (IS [partial], KD) and BRG (MB, CT) regarding recent document production relating to alleged restricted assets. |
| 11/12/24 | C. Tergevorkian | 1.0 | $480.00 | Met with BRG (MB, RS) and UCC Counsel (KD, IS [partial]) to discuss recent document production relating to alleged restricted assets. |
| 11/12/24 | M. Babcock | 1.0 | $755.00 | Met with UCC Counsel (IS [partial], KD) and BRG (RS, CT) to evaluate recent production of documents relating to alleged restricted assets. |
| 11/14/24 | C. Tergevorkian | 0.6 | $288.00 | Analyzed recent document production (November 14, 2024 - alleged restricted assets) for restricted asset analyses. |
| 11/15/24 | M. Babcock | 0.6 | $453.00 | Analyzed recent document production relating to DILT / DLF funds (including alleged restrictions) for updates to asset analyses. |
| 11/18/24 | C. Tergevorkian | 2.3 | $1,104.00 | Evaluated DILT deposit summary report for preparation of master deposit summary (July 2024) for restricted assets analysis. |
| 11/18/24 | C. Tergevorkian | 1.0 | $480.00 | Evaluated DLF deposit summary report for preparation of master deposit summary (July 2024) for restricted assets analysis. |
| 11/18/24 | C. Tergevorkian | 0.8 | $384.00 | Prepared master analysis DILT / DLF deposit summary reports (July 2024) for restricted assets analysis. |
| 11/19/24 | C. Tergevorkian | 2.9 | $1,392.00 | Analyzed DLF deposit summary report for preparation of master deposit summary (July 2024) for restricted assets analysis. |
| 11/19/24 | C. Tergevorkian | 2.2 | $1,056.00 | Prepared master analysis DILT / DLF deposit summary reports (July 2024) for restricted assets analysis. |

 **BRG** ∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙  **INTELLIGENCE THAT WORKS**

## ROMAN CATHOLIC DIOCESE OF OGDENSBURG (CASE NO. 23-60507)

### Exhibit C: Schedule of Time Detail
For the Period 10/01/24 through 02/28/25

| Date | Professional | Hours | Amount | Description |
|------|-------------|-------|--------|-------------|
| **301.00 - Asset Analysis (General - Debtors Restricted / Identified Assets)** | | | | |
| 11/19/24 | C. Tergevorkian | 1.0 | $480.00 | Evaluated DILT deposit summary report for preparation of master deposit summary (July 2024) for restricted assets analysis. |
| 11/19/24 | M. Babcock | 0.6 | $453.00 | Analyzed alleged restricted assets (DLF / DILT) pursuant to UCC Counsel requests. |
| 11/21/24 | M. Babcock | 0.7 | $528.50 | Continued analyzing alleged restricted assets (DLF / DILT) pursuant to UCC Counsel requests. |
| 11/25/24 | C. Tergevorkian | 1.4 | $672.00 | Updated DLF / DILT alleged restricted assets analysis for UCC Counsel. |
| 11/25/24 | M. Babcock | 1.2 | $906.00 | Updated analysis of alleged restricted assets (DLF / DILT) with additional information from document productions. |
| 11/25/24 | R. Strong | 0.6 | $489.00 | Attended call with UCC Counsel (KD) and BRG (MB, CT) regarding alleged DLF & DILT restricted asset analysis. |
| 11/25/24 | C. Tergevorkian | 0.6 | $288.00 | Met with BRG (RS, MB) and UCC Counsel (KD) to discuss DLF & DILT alleged restricted assets. |
| 11/25/24 | M. Babcock | 0.6 | $453.00 | Met with UCC Counsel (KD) and BRG (RS, CT) to discuss alleged restricted assets relating to DLF & DILT. |
| 11/25/24 | R. Strong | 0.4 | $326.00 | Attended call with BRG (MB) to discussed evaluation of alleged restricted assets for asset evaluation. |
| 11/25/24 | M. Babcock | 0.4 | $302.00 | Met with BRG (RS) to discuss restricted assets alleged by Debtor for asset evaluation. |
| 02/11/25 | A. Stubbs | 0.8 | $272.00 | Analyzed restricted asset Diocesan Trust Fund data for updates to restricted asset analysis requested by UCC Counsel. |
| 02/11/25 | R. Strong | 0.5 | $427.50 | Analyzed restricted asset analyses to respond to inquires from UCC Counsel. |
| 02/11/25 | R. Strong | 0.2 | $171.00 | Attended call with BRG (MB, CT) regarding restricted asset analysis inquiries from UCC Counsel for asset investigation. |
| 02/11/25 | M. Babcock | 0.2 | $159.00 | Met with BRG (RS, CT) to discuss alleged restricted assets pursuant to inquiries from UCC Counsel for asset investigation. |
| 02/11/25 | C. Tergevorkian | 0.2 | $107.00 | Met with BRG (RS, MB) to discuss alleged restricted funds based on inquiries from UCC Counsel for asset investigation. |
| 02/12/25 | C. Tergevorkian | 1.9 | $1,016.50 | Analyzed DTF account balances as of June 30, 2024 for restricted asset analysis. |

 **BRG** ·················· **INTELLIGENCE THAT WORKS**

## ROMAN CATHOLIC DIOCESE OF OGDENSBURG (CASE NO. 23-60507)

**Exhibit C: Schedule of Time Detail**
For the Period 10/01/24 through 02/28/25

| Date | Professional | Hours | Amount | Description |
|------|-------------|-------|--------|-------------|

**301.00 - Asset Analysis (General - Debtors Restricted / Identified Assets)**

| Date | Professional | Hours | Amount | Description |
|------|-------------|-------|--------|-------------|
| 02/12/25 | M. Babcock | 1.2 | $954.00 | Updated restricted asset analysis pursuant in preparation for call with UCC Counsel. |
| 02/12/25 | M. Babcock | 0.5 | $397.50 | Met with BRG (CT) to discuss updates to restricted asset analysis pursuant to UCC Counsel requests. |
| 02/12/25 | C. Tergevorkian | 0.5 | $267.50 | Met with BRG (MB) to discuss updates to restricted funds analysis pursuant to UCC Counsel requests. |
| 02/12/25 | C. Tergevorkian | 0.4 | $214.00 | Analyzed DLF / DILT alleged restricted assets schedule as of July 31, 2024 for restricted asset analysis. |
| 02/12/25 | C. Tergevorkian | 0.4 | $214.00 | Met with BRG (MB [partial]) and UCC Counsel (KD) to discuss restricted funds analysis. |
| 02/12/25 | M. Babcock | 0.2 | $159.00 | Met with UCC Counsel (KD) and BRG (CT) to discuss restricted asset analysis [partial]. |
| 02/13/25 | M. Babcock | 1.3 | $1,033.50 | Continued to update restricted asset analysis in preparation for call with UCC Counsel. |
| 02/14/25 | C. Tergevorkian | 0.7 | $374.50 | Updated DTF restricted funds analysis to send to UCC Counsel pursuant to call. |
| 02/14/25 | M. Babcock | 0.6 | $477.00 | Met with BRG (CT) and UCC Counsel (KD [partial]) to discuss updates to restricted asset analysis. |
| 02/14/25 | C. Tergevorkian | 0.6 | $321.00 | Met with BRG (MB) and UCC Counsel (KD [partial]) to discuss updates to restricted funds analysis. |
| 02/25/25 | R. Strong | 0.7 | $598.50 | Attended call with UCC Counsel (KD, IS) and BRG (MB) regarding updates to restricted asset analysis. |
| 02/25/25 | M. Babcock | 0.7 | $556.50 | Met with UCC Counsel (IS, KD) and BRG (RS) to discuss analysis of assets alleged by Debtor to be restricted. |
| 02/25/25 | M. Babcock | 0.4 | $318.00 | Analyzed assets alleged by Debtor to be restricted for UCC Counsel. |
| ***Task Code: 301.00*** | | ***33.4*** | ***$20,382.50*** | ***Totals*** |

**600.00 - Claims / Liability Analysis (General)**

| Date | Professional | Hours | Amount | Description |
|------|-------------|-------|--------|-------------|
| 01/21/25 | M. Kuhn | 0.5 | $90.00 | Analyzed professional fees filed in case to monitor pursuant to UCC Committee request. |
| 01/23/25 | R. Strong | 0.5 | $427.50 | Analyzed professional fees at request of UCC Counsel for case monitoring. |

**BRG** · · · · · · · · · · · · · · · · · · · · · · · · · · · · · **INTELLIGENCE THAT WORKS**

## ROMAN CATHOLIC DIOCESE OF OGDENSBURG (CASE NO. 23-60507)

### Exhibit C: Schedule of Time Detail
For the Period 10/01/24 through 02/28/25

| Date | Professional | Hours | Amount | Description |
|------|------|------|------|------|
| **600.00 - Claims / Liability Analysis (General)** | | | | |
| *Task Code:* | *600.00* | *1.0* | *$517.50* | *Totals* |
| **1060.00 - Fee Application Preparation & Hearing** | | | | |
| 11/06/24 | M. Kuhn | 1.2 | $204.00 | Updated draft Third Interim Fee Application. |
| 11/06/24 | M. Kuhn | 0.3 | $51.00 | Prepared draft Third Interim Fee Application. |
| 11/11/24 | M. Kuhn | 1.5 | $255.00 | Updated exhibits for Third Interim Fee Application. |
| 11/11/24 | R. Strong | 0.9 | $733.50 | Updated narrative for Third Interim Fee Application to be filed with the Court. |
| 11/11/24 | R. Strong | 0.7 | $570.50 | Reviewed updated exhibits for Third Interim Fee Application to be filed with the Court. |
| 11/12/24 | R. Strong | 0.5 | $407.50 | Finalized Third Interim Fee Application for filing with Court. |
| 11/12/24 | M. Kuhn | 0.4 | $68.00 | Continued to update Third Interim Fee Application for filing with the Court. |
| 12/03/24 | R. Strong | 0.3 | $244.50 | Attended fee application hearing regarding BRG Third Interim Fee Application. |
| *Task Code:* | *1060.00* | *5.8* | *$2,534.00* | *Totals* |
| **TOTALS** | | **54.5** | **$29,839.50** | |