So Ordered.

Signed this 16 day of December, 2025.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case |
| THE ROMAN CATHOLIC DIOCESE OF OGDENSBURG, NEW YORK, | Case No. 23-60507 |
| Debtor. | |

**ORDER GRANTING FIFTH APPLICATION FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF COSTELLO,
COONEY & FEARON, PLLC, AS SPECIAL COUNSEL TO THE DIOCESE**

Upon consideration of the *Fifth Application for Interim Compensation and Reimbursement of Expenses of Costello, Cooney & Fearon, PLLC, as Special Counsel to the Diocese* [Docket No. 1155] (the "Costello Fifth Interim Fee Application")[1], and the Court being fully advised in the premises and a hearing having been held before the Court on December 16, 2025 to consider the Costello Fifth Interim Fee Application (the "Hearing"):

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Costello Fifth Interim Fee Application.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Court has jurisdiction to consider the Costello Fifth Interim Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Venue is proper pursuant to 28 U.S.C. § 1409.

D. Proper and adequate notice of the Costello Fifth Interim Fee Application and the Hearing was given and no other or further notice is required.

E. The services provided by Costello, Cooney & Fearon, PLLC ("Costello") during the period from April 1, 2025 through October 31, 2025 (the "Fifth Interim Compensation Period"), as set forth in the Costello Fifth Interim Fee Application, were reasonable, necessary and beneficial to the chapter 11 estate of The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese").

F. The compensation requested in the Costello Fifth Interim Fee Application is fair and reasonable given: (a) the complexity of this Chapter 11 Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of the services rendered; and (e) the costs of comparable services other than in a case under title 11 of the United States Code.

G. The expense reimbursement sought in the Costello Fifth Interim Fee Application represents actual and necessary expenses incurred in connection with this Chapter 11 Case.

H. The legal and factual bases set forth in the Costello Fifth Interim Fee Application and at the Hearing establish just cause for the relief granted herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Costello Fifth Interim Fee Application is granted as set forth herein.

2. Any objections to the Costello Fifth Interim Fee Application, or to the compensation and expense reimbursement sought therein, that have not been made, withdrawn, waived, or settled on the record at the Hearing, and all reservations of rights included therein, are hereby overruled and disallowed on the merits.

3. Costello's fees for professional services rendered during the Fifth Interim Compensation Period are allowed on an interim basis in the amount of $59,745.00.

4. Reimbursement of Costello's expenses incurred during the Fifth Interim Compensation Period is allowed on an interim basis in the amount of $67.28.

5. The Diocese is authorized and directed to promptly pay to Costello the fees and expenses allowed herein less any amounts previously paid to Costello pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committee*s [Docket No. 250].

6. All fees and expenses allowed herein shall remain subject to final approval by the Court upon further application pursuant to 11 U.S.C. § 330(a)(5).

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

# # #