UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

The Roman Catholic Diocese of
Ogdensburg, New York,

Debtor.

Case No. 23-60507 (PGR)

Chapter 11

### MEDIATOR'S FIRST REPORT

Pursuant to the *Order Authorizing the Appointment of an Additional Mediator*, entered November 3, 2025 [Dkt. No. 1115] (the "**Appointment Order**"), the Hon. Melanie L. Cyganowski (Ret.) (the "**Mediator**") was appointed as an additional mediator in the above-captioned Chapter 11 case.

The Mediator respectfully submits this report ("**Report**") to apprise the Court that there have been multiple mediation sessions since her appointment involving the above-captioned debtor (the "**Debtor**" or "**Diocese**") and the Official Committee of Unsecured Creditors (the "**Committee**") and, separately, involving Wausau General Insurance Company (together with its affiliates, "**Wausau**"), on the one hand, and the Debtor and the Committee, on the other hand. The Mediator is pleased to report that, as of the date of this Report, a settlement has been reached whereby Wausau has agreed to make a $17 million payment in full resolution of all claims asserted against Wausau in this Chapter 11 case, including those of the parishes, pursuant to a 11 U.S.C. § 363 sale incorporated into a confirmed plan of reorganization.

### Statement of the Mediator

1.      Since entry of the Appointment Order, the Mediator has undertaken a structured and sustained mediation process directed toward advancing resolution of the insurance and plan-related issues central to this Chapter 11 case. From the outset, the mediation proceeded on a dual-

1

track basis: first, focused engagement between the Diocese and the Committee to address foundational issues; and second, parallel negotiations with any insurer providing written consent pursuant to the Appointment Order to address insurance-related disputes necessary for confirmation.

2. Pursuant to the Appointment Order, the Mediator's authority to conduct mediation with insurers is conditioned upon an insurer's prior written consent to participate in the mediation process. To date, Wausau is the only insurer that has provided such written consent and engaged in mediation before the Mediator.

3. Following her appointment, the Mediator conducted preliminary conferences by Zoom and telephone with counsel and representatives of the Diocese and the Committee to assess the procedural posture of the case, understand the history of prior negotiations, and identify the principal issues requiring focused engagement.

4. On December 2, 2025, the Mediator convened an all-day, in-person mediation session attended by representatives of the Diocese (including clergy) and counsel for the Diocese and the Committee. That session constituted the first comprehensive, in-person engagement of the principal stakeholders following the Mediator's appointment and was directed toward clarifying core disputes, evaluating potential resolution frameworks, and establishing a constructive negotiation dynamic. The discussions were substantive and conducted in good faith.

5. On December 5, 2025, the Mediator convened a follow-up virtual mediation session with the Committee to continue advancing discussions and address issues that remained open following the in-person session. Thereafter, these formal sessions were followed by additional telephonic conferences and written exchanges with counsel and party representatives as negotiations continued to develop.

6. Consistent with the structure described above, the Mediator initiated mediation discussions with Wausau, on the one hand, and the Diocese and the Committee, on the other hand. On February 13, 2026, the Mediator conducted a virtual mediation session with the Diocese and Wausau. This was followed by a further mediation session by Zoom on February 19, 2026, where the Mediator convened a further virtual mediation session involving the Diocese, the Committee, and Wausau. These sessions were focused and intensive, involving detailed discussions concerning coverage positions, economic parameters and structural components necessary to support a potential resolution within the framework of a confirmable plan.

7. Following the February 19 mediation session, the Mediator remained actively engaged in facilitating continued dialogue among the parties. On February 23, 2026, after additional discussions with the relevant participants, the Mediator is pleased to report that Wausau and the Committee, together with the Debtor, reached a settlement.

## Terms of Settlement in Principle Involving Wausau

8. The settlement provides that Wausau will pay $17 million in full and final settlement of all claims in the Diocese's Chapter 11 case, including those arising and/or relating to the parishes, subject to confirmation of a plan of reorganization which incorporates a sale and assignment of the Wausau policies to the Diocese pursuant to 11 U.S.C. § 363 of the Bankruptcy Code. While definitive documentation remains to be finalized and the settlement will ultimately be subject to Court approval in connection with plan confirmation and related proceedings, the agreement reflects a fully negotiated resolution of Wausau's asserted coverage disputes in exchange for the agreed-upon payment.

9.      The Mediator wishes to express to the Court that none of the progress described herein would have been possible without the commitment, diligence, and good-faith participation of all parties involved.

### Current Status of Mediation

10.     The settlement with Wausau represents a meaningful step forward in the mediation process and advances resolution of the insurance-related issues central to confirmation of a plan of reorganization. It narrows the scope of remaining disputes and provides a tangible framework for continued progress in this case.

11.     The Mediator remains actively engaged with the Diocese and the Committee and will continue to conduct mediation sessions and facilitate discussions directed toward achieving a consensual plan. Consistent with the Appointment Order, the Mediator also stands prepared to conduct mediation with any additional insurers that elect to provide the requisite written consent and to assist the parties in addressing remaining insurance-related matters necessary for comprehensive resolution.

Dated: February 23, 2026
       New York, New York

/s/ *Melanie L. Cyganowski*
Hon. Melanie L. Cyganowski
Otterbourg P.C.