# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ST. LAWRENCE

[redacted],

Plaintiff,

-against-

[redacted],

Defendants.

FIRST AMENDED COMPLAINT

Index No.: [redacted]

Plaintiff, by and through Plaintiff's attorneys, states and alleges as follows:

## PARTIES

1. At all times material to this Complaint, Plaintiff resided in the State of New York.

2. Plaintiff files this Complaint under a fictitious name pursuant to Civil Rights Law § 50-b because this case involves a sexual assault.

3. This action is brought pursuant to the New York Child Victims Act, CPLR § 214-g. The conduct at issue constituted a sexual offense against a minor in violation of at least one section within Article 130 and/or § 263.05 of the New York Penal Law, or a predecessor statute that prohibited such conduct at the time of the act, and resulted in physical, psychological, and emotional injuries. As a civil cause of action was previously time-barred prior to August 14, 2019, the terms of the Child Victims Act, CPLR § 214-g, revive the claims set forth below.

4. Whenever reference is made to any Defendant entity, such reference includes that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors. In addition,

whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business or affairs.

5. Pursuant to §4 of the New York Child Victims Act, Plaintiff is entitled to a trial preference.

6. At all times material, Defendant Diocese of Ogdensburg a/k/a The Roman Catholic Diocese of Ogdensburg, New York ("Diocese") was an organization or entity which includes, but is not limited to, civil corporations, decision making entities, officials, and employees, authorized to conduct business and conducting business in the State of New York with its principal place of business at 622 Washington Street, Ogdensburg, New York 13669.

7. The Diocese of Ogdensburg was created in approximately 1872.

8. Later, the Diocese created a corporation called the Diocese of Ogdensburg to conduct some of its affairs.

9. The Diocese operates its affairs as both a corporate entity and as the organization known as Diocese of Ogdensburg.

10. At all times material, the Diocese had several programs that seek out the participation of children, including but not limited to schools and other educational programs.

11. At all times material, the Diocese, through its officials, had complete control over those activities and programs involving children.

12. At all times material, the Diocese had the power to appoint each and every person working with children within the Diocese.

13. At all times material, the Diocese had the power to train each and every person working with children within the Diocese.

14. At all times material, the Diocese had the power to supervise each and every person working with children within the Diocese.

15. At all times material, the Diocese had the power to monitor each and every person working with children within the Diocese.

16. At all times material, the Diocese had the power to remove each and every person working with children within the Diocese.

17. At all times material, the Diocese had the power to terminate each and every person working with children within the Diocese.

18. At all times material, [redacted]

[redacted]

19. [redacted]

20. [redacted]

21. [redacted]

22. [redacted]

23. [redacted]

24. [redacted]

25. [redacted]

26. [redacted]

27. [redacted]

28. [redacted]

29. Defendants Does 1 through 5 are unknown agents whose identities will be provided when they become known pursuant to C.P.L.R. § 1024.

## JURISDICTION

30. This Court has jurisdiction because the Diocese of Ogdensburg's principal place of business is in New York.

31. This Court has jurisdiction because the unlawful conduct complained of herein occurred in New York.

32. Venue is proper because St. Lawrence County is the principal place of business of Defendant Diocese.

33. Venue is proper because many of the events giving rise to this action occurred in St. Lawrence County.

## FACTS

34. [redacted]

35. [redacted].

36. [redacted]

37. [redacted]

38. [redacted]

39. [redacted]

40. Plaintiff participated in youth activities and/or church activities in the Diocese of Ogdensburg.

41. Each Defendant had custody of Plaintiff.

42. Each Defendant accepted the entrustment of Plaintiff.

43. Each Defendant had responsibility for Plaintiff.

44. Each Defendant had authority over Plaintiff.

45. [redacted]

46. Each Defendant owed a duty of care to Plaintiff not to place [redacted] in a setting that would foreseeably pose a danger to Plaintiff.

47. Defendants knew or should have known that [redacted] was a danger to children before [redacted] sexually assaulted Plaintiff.

48. Prior to the sexual abuse of Plaintiff, Defendants knew or should have known that [redacted] was not fit to work with children.

49. Defendants, by and through their agents, servants and/or employees, knew or should have known of [redacted] propensity to commit sexual abuse and of the risk to Plaintiff's safety.

50. Defendants knew or should have known that they did not have sufficient information about whether or not their leaders and people working at Catholic institutions within the Diocese were safe.

51. Defendants knew or should have known that there was a risk of child sex abuse for children participating in Catholic programs and activities within the Diocese.

52. Defendants knew or should have known that they did not have sufficient information about whether or not there was a risk of child sex abuse for children participating in Catholic programs and activities within the Diocese.

53. Defendants knew or should have known that Defendants had numerous agents who had sexually molested children.

54. Defendants knew or should have known that child molesters have a high rate of recidivism.

55. Defendants knew or should have known that some of the leaders and people working in Catholic institutions within the Diocese were not safe and that there was a danger of child sex abuse for children participating in their youth programs.

56. Defendants negligently deemed that [redacted] was fit to work with children.

57. Defendants negligently deemed that any previous problems that [redacted] had were fixed or cured.

58. Defendants negligently deemed that [redacted] would not sexually assault children and/or that Br. Dominic would not injure children.

59. Defendants owed Plaintiff a duty of reasonable care because they had superior knowledge about the risk that [redacted] posed to Plaintiff, the risk of abuse in general in their programs and/or the risks that their facilities posed to minor children.

60. Defendants owed a duty to Plaintiff to protect Plaintiff from harm because Defendants' actions created a foreseeable risk of harm to Plaintiff.

61. As a vulnerable child participating in the programs and activities Defendants offered to minors, Plaintiff was a foreseeable victim.

62. As a vulnerable child who [redacted] had access to through Defendants' facilities and programs, Plaintiff was a foreseeable victim.

63. Defendants also breached their duty to Plaintiff by actively maintaining and employing [redacted] in a position of power and authority through which [redacted] had access to children, including Plaintiff, and power and control over children, including Plaintiff.

64. Each Defendant breached its duties to Plaintiff. Defendants failed to use ordinary care in determining whether their facilities were safe and/or determining whether they had sufficient information to represent their facilities as safe. Defendants' breach of their duties include, but are not limited to: failure to protect Plaintiff from a known danger, failure to have sufficient policies and procedures to prevent child sex abuse, failure to properly implement policies and procedures to prevent child sex abuse, failure to take reasonable measures to make sure that policies and procedures to prevent child sex abuse were working, failure to adequately inform families and children of the risks of child sex abuse, failure to investigate risks of child sex abuse, failure to properly train the employees at institutions and programs within Defendants' geographical confines, failure to train parishioners within Defendants' geographical confines about the risk of sexual abuse; failure to have any outside agency test their safety procedures, failure to protect the children in their programs from child sex abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, failure to train their

employees properly to identify signs of child sexual abuse by fellow employees, failure by relying upon mental health professionals, and/or failure by relying on people who claimed that they could treat child molesters.

65. Defendants also breached their duty to Plaintiff by failing to warn Plaintiff and Plaintiff's family of the risk that [redacted] posed and the risks of child sexual abuse in Catholic institutions.

66. Defendants also failed to warn Plaintiff or Plaintiff's family about any of the knowledge that Defendants had about child sexual abuse.

67. Defendants additionally violated a legal duty by failing to report known and/or suspected abuse of children by [redacted] and/or their other agents to the police and law enforcement.

68. As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered, and will continue to suffer, sexual and physical damage and abuse, great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, physical, personal and psychological injuries. Plaintiff was prevented, and will continue to be prevented, from performing normal daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling, and, on information and belief has and/or will incur loss of income and/or loss of earning capacity.

69. The limitations of Article 16 of the CPLR do not apply because one or more of the exceptions set forth in CPLR 1601 and/or 1602 apply.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS IN NEGLIGENCE**

70. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth at length herein.

71. Each Defendant voluntarily undertook to control, care for, and/or supervise Plaintiff.

72. Each Defendant owed Plaintiff a duty of reasonable care to protect the Plaintiff from injury.

73. Each Defendant breached its duties to Plaintiff by failing to use reasonable care. Defendants' failures include, but are not limited to, failing to properly supervise [redacted], failing to properly supervise Plaintiff, and failing to protect Plaintiff from a known danger.

74. Each Defendant owed Plaintiff a duty to protect Plaintiff from harm because Defendants invited Plaintiff onto their property.

75. [redacted] posed a dangerous condition on Defendants' property.

76. Each Defendant allowed [redacted] to remain on Defendants' property even though they knew or should have known of [redacted] dangerous sexual propensities.

77. [redacted] was dangerous, unsafe, and posed a risk of serious injury to any persons who were lawfully in and about said area.

78. Each Defendant knew or should have known of the danger posed by [redacted] and despite said notice, each Defendant failed, refused, and/or neglected to remove, reassign, or restrict [redacted] access to children, and were otherwise careless and negligent such that a great risk of serious injury to persons who are lawfully in and about said area was caused and/or allowed to exist.

79. Each Defendant knew or should have known that [redacted] posed an unreasonable risk of harm and a foreseeable danger to Plaintiff.

80. Defendants knew or should have known that [redacted] was a danger to children before [redacted] sexually assaulted Plaintiff.

81. Defendants knew or should have known that [redacted] was not fit to work with children and had a propensity to engage in conduct with children that was sexual in nature before [redacted] sexually assaulted Plaintiff.

82. As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

83. The negligence and conduct of each Defendant unreasonably endangered the physical safety of Plaintiff.

84. The aforementioned negligence of each Defendant was a direct and proximate cause of the extreme emotional and psychological harm and distress suffered by Plaintiff and unreasonably endangered Plaintiff's safety.

85. As a result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS IN NEGLIGENT SUPERVISION OF ITS EMPLOYEES AND ENTITIES**

86. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth at length herein.

87. At all times material, [redacted] was employed by Defendants and was under Defendants' direct supervision, employ, and control when he committed the wrongful acts alleged herein.

88. [redacted] engaged in the wrongful conduct while acting in the course and scope of his employment with Defendants and/or accomplished the sexual abuse by virtue of his job-created authority.

89. Defendants had a duty to ensure that [redacted] did not sexually molest children.

90. Defendants had a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between clerics and children.

91. The abuse complained of herein occurred on Defendants' property and/or with the use of their chattels.

92. Defendants were negligent in the training, supervision, and instruction of their employees.

93. Defendants failed to timely and properly educate, train, supervise, and/or monitor their agents or employees with regard to policies and procedures that should be followed when sexual abuse of a child is suspected or observed.

94. Defendants were additionally negligent in failing to supervise, monitor, chaperone, and/or investigate [redacted] and/or in failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent [redacted] sexual abuse of Plaintiff.

95. In failing to properly supervise [redacted], and in failing to establish such training procedures for employees and administrators, Defendants failed to exercise the care that a reasonably prudent person or entity would have exercised under similar circumstances.

96. Defendants knew or should have known that [redacted] was a danger to children before [redacted] sexually assaulted Plaintiff.

97. Defendants knew or should have known that [redacted] was not fit to work with children and had a propensity to engage in conduct with children that was sexual in nature before [redacted] sexually assaulted Plaintiff.

98. As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

99. As a result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS IN NEGLIGENT RETENTION**

100. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth at length herein.

101. Defendants knew or should have known of [redacted] propensity for child sexual abuse, and failed to take any further action to remedy the problem and failed to investigate or remove [redacted] from working with children.

102. Defendants negligently retained [redacted] with knowledge of [redacted] propensity for the type of behavior which resulted in Plaintiff's injuries in this action.

103. Defendants negligently retained [redacted] in a position where he had access to children and could foreseeably cause harm which Plaintiff would not have been subjected to had Defendants acted reasonably.

104. In failing to timely remove [redacted] from working with children, Defendants failed to exercise the degree of care that a reasonably prudent person or entity would have exercised under similar circumstances.

105. As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

106. As a result of the foregoing, Plaintiff claims to have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, on Plaintiff's First, Second, and Third Causes of Action in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with interest as allowed by statute, the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: October 1, 2021.

Jeffrey R. Anderson, Esq.
Taylor C. Stippel, Esq.
Jeff Anderson & Associates, P.A.
55 West 39th Street, Eleventh Floor
New York, New York 10018
(646) 759-2551

Cynthia S. LaFave, Esq.
LaFave, Wein & Frament, PLLC
1 Wall Street
Albany, New York 12205-3827
(518) 869-9094

*Attorneys for Plaintiff*