# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ST. LAWRENCE

[redacted]

Plaintiff,

~against~

[redacted],

Defendants.

**VERIFIED ANSWER TO FIRST AMENDED COMPLAINT**

[redacted]

Defendants [redacted][2], by their attorneys, Flink Maswick Law PLLC, for their Verified Answer to the First Amended Complaint, dated October 1, 2021, upon information and belief, respectfully allege as follows:

1. Admit the truth of the matters set forth in paragraphs 24 and 25 of the First Amended Complaint, with respect to answering defendants.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the First Amended Complaint.

[1] Upon information and belief, [redacted].

[2] [redacted] is not a separate legal entity.



FLINK MASWICK LAW PLLC
2577 MAIN STREET
LAKE PLACID, NY 12946

3. Deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraphs 5, 21, 22, 23, 26, 27, 28, 30, 31, 32, 35, 37, 39 and 69, referring all questions of law to the Court.

4. Deny the allegations set forth in paragraphs 3, 18, 19, 33, 34, 36, 38, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 61, 62, 63, 64, 66, 68, 71, 75, 76, 77, 80, 81, 85, 87, 88, 91, 93, 95, 96, 97, 99, 101, 104 and 106 of the First Amended Complaint.

5. Deny the allegations set forth in paragraphs 2, 29, 46, 56, 57, 58, 59, 60, 65, 67, 72, 73, 74, 78, 79, 82, 83, 84, 89, 90, 92, 94, 98, 102, 103 and 105 of the First Amended Complaint, referring all questions of law to the Court.

6. With respect to paragraphs 4 and 20 of the First Amended Complaint, answering defendants object to these allegations as potentially too broad to actually place defendants on notice of allegations and otherwise deny the allegations set forth therein.

7. Repeat and reallege each of the answers to paragraphs 70, 86 and 100 of the First Amended Complaint with the same force and effect as if set forth at length herein.

8. Deny each and every other allegation set forth in the First Amended Complaint not more fully answered above.

**AFFIRMATIVE AND OTHER DEFENSES**

9. In further response to the First Amended Complaint, answering defendants hereby assert the following affirmative defenses and other defenses, without conceding that they bear the burden of persuasion as to any of them except those deemed affirmative defenses by law, regardless of how such defenses are denominated herein, nor do answering defendants admit the plaintiff is relieved of his burden to prove each and every element of his claims and the damages,



FLINK MASWICK LAW PLLC
2577 MAIN STREET
LAKE PLACID, NY 12946

if any, to which he claims to be entitled. As for their defenses, answering defendants reassert and reincorporate as if fully set forth herein their responses above to the First Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

10. The First Amended Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against answering defendants and further fails to state facts sufficient to entitle plaintiff to the relief sought, or to any other relief whatsoever from answering defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

11. The First Amended Complaint fails to set forth facts sufficiently detailed so as to "give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." *See* CPLR 3013.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

12. Answering defendants are entitled to offsets pursuant to General Obligations Law §15-108 in the event of any settlement by any co-defendants and any other joint tortfeasor such that the claim by plaintiff shall be reduced to the extent of any amount stipulated by release, or the covenant, or in the amount of consideration paid for it, or in the amount of the tortfeasor's equitable share of the damages under CPRL Article 14 and 14A, whichever is the greatest.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

13. Plaintiff has failed to mitigate his damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

14. Upon information and belief, plaintiff's economic loss, if any, as specified in CPLR 4545 was replaced or indemnified, in whole or in part, from collateral sources, and answering



FLINK MASWICK LAW PLLC
2577 MAIN STREET
LAKE PLACID, NY 12946

defendants are entitled to have the Court consider same in determining damages as provided by CPLR 4545.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

15. Any liability of answering defendants for non-economic loss must be determined in accordance with Article 16 of the CPLR.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

16. The occurrences alleged in the First Amended Complaint herein, if proven true, were unfortunate, unforeseeable, and could not have been prevented by answering defendants.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

17. The members, agents, servants and/or employees of answering defendants did not take part in or direct the acts complained of.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

18. If plaintiff was abused in the manner alleged, such abuse was not caused or due to the acts or omissions of answering defendants, their members, agents, servants and/or employees.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

19. It is alleged in the First Amended Complaint that the damages sustained by plaintiff were the result of the acts of answering defendants. Said defendants deny such acts occurred but in the event it is determined that such acts did occur and were undertaken by a member, agent, servant and/or employee of the answering defendants, then said defendants allege that such acts were outside the scope of the authority and membership, agency and/or employment of answering defendants and performed for a purpose foreign to any membership, agency and/or employment with answering defendants and were not ratified or consented to by answering defendants.



FLINK MASWICK LAW PLLC
2577 MAIN STREET
LAKE PLACID, NY 12946

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

20. It is alleged in the Verified Complaint that the damages sustained by plaintiff was the result of the acts of the answering defendants. Said defendants deny such acts occurred but in the event it is determined that such acts did occur and were undertaken by a member, agent, servant and/or employee of the answering defendants, then said defendants allege that it did not have any notice or awareness of any propensity on the part of any member, agent, servant and/or employee to commit such acts as alleged in the First Amended Complaint.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

21. The First Amended Complaint is barred on the grounds that plaintiff failed to join indispensable parties and the First Amended Complaint is thereby defective.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

22. The causes of action in the Complaint are barred by the applicable statute of limitations.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

23. The First Amended Complaint and each claim for relief therein is barred by laches.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

24. Answering defendants had no notice, either actual or constructive, of the allegations set forth in the First Amended Complaint.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

25. Plaintiff's damages, if any, were sustained as a result of unforeseeable, intervening causes that were out of the control of answering defendants and not as a result of any conduct, acts and/or omissions of answering defendants, their members, agents, servants and/or employees. By virtue of said intervening causes, plaintiff's damages were not proximately caused by answering



FLINK MASWICK LAW PLLC
2577 MAIN STREET
LAKE PLACID, NY 12946

defendants, their members, agents, servants and/or employees, and, therefore, the claim against said defendants should be dismissed.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

26. The injuries and damages allegedly sustained by plaintiff were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of answering defendants, their members, agents, servants and/or employees, but were caused by reason of the carelessness, negligence, culpable conduct or breach of duty of third parties and their servants, agents and/or employees, over whom said defendants had neither responsibility nor control, and answering defendants expressly reserve the right to seek indemnification for any liability incurred.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

27. Answering defendant's actions were in conformity with professional best practices and with the available knowledge in the community and met applicable standards at the time.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

28. Answering defendants exercised the reasonable care necessary to otherwise prevent and limit the injury for which liability is asserted.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

29. Answering defendants had no legal duty to plaintiff.

**AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE**

30. Answering defendants did not breach any legal duty to plaintiff.

**AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE**

31. Answering defendants caused no injury to plaintiff.



FLINK MASWICK LAW PLLC
2577 MAIN STREET
LAKE PLACID, NY 12946

**AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE**

32. [redacted]

**AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE**

33. Answering defendants reserve the right to amend and supplement their affirmative and other defenses to include additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, defendants [redacted] demand judgment dismissing the Verified First Amended Complaint upon the merits, and demand judgment, together with the costs and disbursements of this action and such other, further or alternative relief as the Court deems just and proper.

Dated: January 12, 2022

FLINK MASWICK LAW PLLC

*/s/ Jill E. O'Sullivan*

Jill E. O'Sullivan, Esq., Of Counsel
*Attorneys for* [redacted]
2577 Main Street
Lake Placid, New York 12946

To: Jeffrey R. Anderson, Esq.
Taylor C. Stippel, Esq.
JEFF ANDERSON & ASSOCIATES, PA
*Attorneys for Plaintiff*
55 West 39th Street, Eleventh Floor
New York, NY 10018

Cynthia LaFave, Esq.
LAFAVE, WEIN & FRAMENT, PLLC
*Attorneys for Plaintiff*
1 Wall Street
Albany, NY 12205-3827

Robert J. Smith, Esq.
Jennifer L. Wang, Esq.
COSTELLO, COONEY & FEARON PLLC
*Attorneys for Diocese of Ogdensburg*
500 Plum Street, Suite 300
Syracuse, NY 13204

Keith B. Caughlin, Esq.
SCHWERZMANN & WISE, PC
*Attorneys for Diocese of Ogdensburg*
PO Box 704
Watertown, NY 13601

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms as true under the penalties of perjury that affirmant is the attorney of record for the defendants Friars [redacted] in the within action; that your affirmant has read the foregoing **VERIFIED ANSWER TO FIRST AMENDED COMPLAINT** and knows the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon information in my file.

The reason I make this affirmation instead of the plaintiff, is because defendants do not maintain offices in the county wherein your affirmant maintains her offices.

Dated: January 12, 2022

Jill E. O'Sullivan, Esq.



FLINK MASWICK LAW PLLC
2577 MAIN STREET
LAKE PLACID, NY 12946