UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60507 (PGR) |
| The Roman Catholic Diocese of Ogdensburg, New York, | ) | Chapter 11 |
| Debtor. | ) | |

**OBJECTION OF THE ROMAN CATHOLIC DIOCESE OF OGDENSBURG, NEW YORK TO CENTURY'S MOTION TO COMPEL**

The Roman Catholic Diocese of Ogdensburg, New York (the "Diocese"), by and through its undersigned counsel, hereby submits this objection (this "Objection"), to the *Motion to Compel Production of Plan Document Containing Terms for Allowing and Valuing Claims or, In the Alternative, Adjourn the Objection Deadline for Disclosure Statement Hearing Until It Is Produced* (the "Motion to Compel") [Docket No. 1405] filed by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to Indemnity Insurance Company of North America ("Century"), in the above-captioned bankruptcy case (the "Chapter 11 Case"), and respectfully states as follows:

**OBJECTION**

1. In the Motion to Compel, Century notes that, in the Joint Chapter 11 Plan of Reorganization for the Roman Catholic Diocese of Ogdensburg, New York and Additional Debtors (the "Joint Plan"), "the terms for allowing, valuing and handling…tort claims are in a document titled 'Abuse Claims Allocation Protocol' (the 'Allocation Protocol')." [Docket No. 1405 at 1]. Century requests that this "Court enter an order directing the [Diocese] to produce the Allocation Protocol prior to the hearing on the Debtor's motion to approve the Disclosure Statement." Id. at 5.

2. Century's Motion to Compel suffers from multiple fatal threshold deficiencies.

3. Initially, Century does not have standing with respect to the Allocation Protocol. *See, e.g.*, *In re Roman Catholic Diocese of Syracuse*, 665 B.R. 866, 880 (Bankr. N.D.N.Y. 2024) (Kinsella, C.J.) (holding, *inter alia*, that "where only the third-party survivors' rights are implicated," insurance carriers "lack prudential standing as to those matters").

4. The Joint Plan repeatedly makes clear that the Allocation Protocol does not impact or alter the rights or obligations of any Non-Settling Insurer, including Century. For example, the Joint Plan expressly provides, *inter alia*, "[t]he rights and obligations (if any) of the Protected Parties and every Non-Settling Insurer under the terms of the Non-Settling Insurer Policies and at law shall not be affected by the Allocation Protocol and shall be treated as if the determination by the Abuse Claims Reviewer had never occurred." Joint Plan § 6.1.

5. Further, Century did not satisfy Local Bankruptcy Rule 7026-2 because, while Century did request the Allocation Protocol from the Diocese, Century did not meet and confer with the Diocese prior to filing the Motion to Compel.

6. Finally, Century has no legitimate basis upon which to seek discovery with respect to the forthcoming Disclosure Statement hearing generally, or the Allocation Protocol specifically.

7. These deficiencies, individually and collectively, are fatal to Century's Motion to Compel. This Court, however, need not adjudicate these deficiencies. Instead, the Diocese respectfully requests that this Court deny Century's Motion to Compel as moot.

8. On September 23, 2026, the Diocese filed *Notice of Filing of Certain Exhibits to Plan Supplement For The Joint Chapter 11 Plan of Reorganization For The Diocese of Ogdensburg, New York, Dated August 31, 2026*, along with the Allocation Protocol as Exhibit A thereto, and the Trust Agreement as Exhibit B thereto. [Docket Nos. 1431, 1431-1, 1431-2].

9. As such, the Diocese has filed the Allocation Protocol and thus satisfied the only relief Century seeks in the Motion to Compel. [*See* Docket Nos. 1405, 1405-2]. Century's Motion to Compel has therefore been rendered moot.

**WHEREFORE**, the Diocese respectfully requests that this Court enter an Order denying Century's Motion to Compel in its entirety, and granting such other and further relief as this Court may deem just and proper.

Dated: September 28, 2026

BOND, SCHOENECK & KING, PLLC

By: */s/ Charles J. Sullivan*

Stephen A. Donato (Bar Roll No. 101522)
Charles J. Sullivan (Bar Roll No. 507717)
Sara C. Temes (Bar Roll No. 514148)
Grayson T. Walter (Bar Roll No. 518237)
Brendan M. Sheehan (Bar Roll No. 517403)
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Emails: sdonato@bsk.com
csullivan@bsk.com
stemes@bsk.com
gwalter@bsk.com
bsheehan@bsk.com

*Attorneys for The Roman Catholic Diocese of Ogdensburg, New York*