So Ordered.

Signed this 4 day of November, 2026.

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re: Case No. 23-60507

The Roman Catholic Diocese of Ogdensburg New York, Chapter 11

Debtor.

---

**ORDER DENYING CENTURY'S MOTION TO ENFORCE INJUNCTION AND OBJECTION TO CLAIM**

**WHEREAS,** on October 29, 2026, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century") filed a Motion to Enforce Injunction with Respect to Proof of Claim No. CC099, Object to Claim and Motion to Clarity, Modify or Terminate Mediation Order (Docket No. 1473); and

**WHEREAS**, Century is a party defendant in an adversary proceeding pending before this Court (*The Roman Catholic Diocese of Ogdensburg, New York, et al. v. Certain Underwriters at Lloyds, London, et al.*, AP No. 23-80013); and

**WHEREAS,** on October 18, 2023, this Court entered an Order Referring Certain Matters to Mediation ("Mediation Order") (23-80013, Docket No. 39); and

**WHEREAS,** the Mediation Order referred numerous disputed issues and questions for mediation, including, in particular, "the merits and valuation of Abuse Claims, including any legal and factual defenses to liability the Diocese or the Related Parties may have"; and

**WHEREAS,** the Mediation Order stayed "all deadlines required or permitted … in connection with the Insurance Adversary" in order to "permit the Mediation Parties to concentrate their efforts on mediation;" and

**WHEREAS**, the Mediation Order provides that "[i]n the event that …[an Insurer] determine[s] that the mediation process … would benefit from judicial intervention with respect to one or more Mediation Issues, the parties shall promptly notify the Court, at which time the Court will consider whether to terminate or modify the Mediation Stay (in whole or in part)…;" and

**WHEREAS,** Century is a Mediation Party subject to the Mediation Order; and

**WHEREAS,** Mediation remains ongoing as to, *inter alia*, the merits and valuation of Abuse Claims; and

**WHEREAS**, Century did not follow the procedure for lifting the Mediation Stay prior to filing its Objection to Claim; and

**WHEREAS,** Local Rule 9013-1(e) requires any motion to be ***filed*** and served at least twenty-one (21) days before the return date of the motion; and

**WHEREAS,** Federal Rule of Bankruptcy Procedure requires that an objection to claim be ***filed*** and served at least 30 days before a scheduled hearing; and

**WHEREAS,** Century filed its Motion only 19 days prior to the scheduled hearing date of November 17, 2026; and

**WHEREAS,** the Court has already denied Century's objections to claims because Century filed them without first obtaining an Order modifying the mediation stay (Docket Nos. 1384 & 1393);

**WHEREAS,** this Court has given the matter due deliberation;

**NOW, THEREFORE,** it is hereby

**ORDERED** that Century's Motion to Enforce Injunction with Respect to Proof of Claim No. CC099, Object to Claim and Motion to Clarity, Modify or Terminate Mediation Order (Docket No. 1473) is **DENIED** without prejudice to re-filing following the entry of an Order terminating/modifying the Mediation stay; and it is further **ORDERED** that any motion to terminate/modify the mediation stay shall be made by separate, standalone motion on not less than 21 days notice, as required by the Local Rules; and it is further

**ORDERED** that failure to comply with the Local Rules may result in any improperly filed documents being stricken from the record.

###